No. 23-20451

# In the United States Court of Appeals for the Fifth Circuit

No. 23-20363

IN THE MATTER OF SERTA SIMMONS BEDDING, L.L.C., DEBTOR

CITADEL EQUITY FUND, LIMITED, APPELLANT

*v.*

SERTA SIMMONS BEDDING, L.L.C.; SSB MANUFACTURING COMPANY;
DAWN INTERMEDIATE, L.L.C.; SERTA INTERNATIONAL HOLDCO, L.L.C.;
NATIONAL BEDDING COMPANY, L.L.C.; THE SIMMONS MANUFACTURING
COMPANY, L.L.C.; DREAMWELL, LIMITED; SSB HOSPITALITY, L.L.C.;
SSB LOGISTICS, L.L.C.; SIMMONS BEDDING COMPANY, L.L.C.;
TUFT & NEEDLE L.L.C.; TOMORROW SLEEP, L.L.C.; SSB RETAIL, L.L.C.;
WORLD OF SLEEP OUTLETS, APPELLEES

CONSOLIDATED WITH

No. 23-20451

EXCLUDED LENDERS, APPELLANTS

*v.*

SERTA SIMMONS BEDDING, L.L.C., APPELLEE

*ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS (NO. 23-90020)
(THE HONORABLE DAVID R. JONES, J.)*

**RECORD EXCERPTS OF APPELLANTS EXCLUDED LENDERS**

KENNETH S. ZIMAN
BRIAN S. HERMANN
LEWIS R. CLAYTON
ANDREW J. EHRLICH
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
*1285 Avenue of the Americas
New York, NY 10019*

KANNON K. SHANMUGAM
WILLIAM T. MARKS
MATTEO GODI
JAKE L. KRAMER
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
*2001 K Street, N.W.
Washington, DC 20006
(202) 223-7300*

*(additional counsel listed on inside cover)*

JOHN F. HIGGINS
ERIC D. WADE
M. SHANE JOHNSON
PORTER HEDGES LLP
  1000 Main Street, 36th Floor
  Houston, TX 77002

LAWRENCE S. ROBBINS
ERIC SEILER
ANNE E. BEAUMONT
FRIEDMAN KAPLAN SEILER
  ADELMAN & ROBBINS LLP
  7 Times Square
  New York, NY 10036

## TABLE OF CONTENTS

ROA Pages (No. 23-20451)

1. Bankruptcy court docket sheet ..................................................... 4123-4233

2. Notice of appeal ......................................................... 22230-22236

3. Confirmation order ................................................................ 98-153

4. Bankruptcy court memorandum opinion
   on confirmation ...................................................................... 80-96

5. Excerpts of transcript of
   confirmation hearing ......................................................... 2736, 2911-2912

6. Excerpts of joint Chapter 11 plan,
   dated January 23, 2023 ....................................................... 1225, 1248, 1266

7. Excerpts of confirmed Chapter 11 plan,
   dated May 23, 2023 ..................................................... 235, 262-263, 285-286

8. Excerpts of modification to New Term
   Loan Credit Facility Agreement ...................... 19773, 19776, 19927-19929

# Tab 1

Case 23-90020   Document 8-110   Filed 05/18/2023   Page 5 of 799

COMPLX, COMPLX, LEAD, APPEAL, APPEAL_NAT, CLMAGT

# U.S. Bankruptcy Court
## Southern District of Texas (Houston)
## Bankruptcy Petition #: 23-90020

*Date filed:* 01/23/2023

*Assigned to:* Bankruptcy Judge David R Jones
Chapter 11
Voluntary
No asset

| | |
|---|---|
| ***Debtor*** | represented by **Gabriel Adam Morgan** |
| **Serta Simmons Bedding, LLC** | Weil, Gotshal & Manges |
| 2451 Industry Avenue | 700 Louisiana, Suite 1700 |
| Doraville, GA 30360 | Houston, TX 77002 |
| DE KALB-GA | 713-546-5000 |
| | Email: gabriel.morgan@weil.com |
| | |
| ***Debtor*** | represented by **Gabriel Adam Morgan** |
| **SSB Manufacturing Company** | (See above for address) |
| 2451 Industry Avenue | |
| Doraville, GA 30360 | **Howard C Rubin** |
| DE KALB-GA | Kessler & Collins |
| | 500 N. Akard Street |
| | Suite 3700 |
| | Dallas, TX 75201 |
| | 214-379-0722 |
| | Email: hrubin@kesslercollins.com |
| | |
| ***Debtor*** | represented by **Gabriel Adam Morgan** |
| **Dawn Intermediate, LLC** | (See above for address) |
| 2451 Industry Avenue | |
| Doraville, GA 30360 | |
| DE KALB-GA | |
| | |
| ***Debtor*** | represented by **Gabriel Adam Morgan** |
| **Serta International Holdco, LLC** | (See above for address) |

2451 Industry Avenue
Doraville, GA 30360
DE KALB-GA

*Debtor*
**National Bedding Company L.L.C.**
2451 Industry Avenue
Doraville, GA 30360
DE KALB-GA

represented by **Gabriel Adam Morgan**
(See above for address)

*Debtor*
**The Simmons Manufacturing Co., LLC**
2451 Industry Avenue
Doraville, GA 30360
DE KALB-GA

represented by **Gabriel Adam Morgan**
(See above for address)

*Debtor*
**Dreamwell, Ltd.**
2451 Industry Avenue
Doraville, GA 30360
DE KALB-GA

represented by **Gabriel Adam Morgan**
(See above for address)

*Debtor*
**SSB Hospitality, LLC**
2451 Industry Avenue
Doraville, GA 30360
DE KALB-GA

represented by **Gabriel Adam Morgan**
(See above for address)

*Debtor*
**SSB Logistics, LLC**
2451 Industry Avenue
Doraville, GA 30360
DE KALB-GA

represented by **Gabriel Adam Morgan**
(See above for address)

*Debtor*
**Simmons Bedding Company, LLC**
2451 Industry Avenue
Doraville, GA 30360
DE KALB-GA

represented by **Gabriel Adam Morgan**
(See above for address)

*Debtor*
**Tuft & Needle, LLC**
735 Grand Avenue
Phoenix, AZ 85007
MARICOPA-AZ

represented by **Gabriel Adam Morgan**
(See above for address)

*Debtor*
**Tomorrow Sleep LLC**
2451 Industry Avenue
Doraville, GA 30360
DE KALB-GA

represented by **Gabriel Adam Morgan**
(See above for address)

*Debtor*
**SSB Retail, LLC**
2451 Industry Avenue
Doraville, GA 30360
DE KALB-GA

represented by **Gabriel Adam Morgan**
(See above for address)

*Debtor*
**World of Sleep Outlets, LLC**
2451 Industry Avenue
Doraville, GA 30360
DE KALB-GA

represented by **Gabriel Adam Morgan**
(See above for address)

*U.S. Trustee*
**US Trustee**
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002

represented by **Alicia Lenae Barcomb**
DOJ - U.S. Trustee
515 Rusk Ave.
Suite 3516
Houston, TX 77002
713-718-4661
Email: alicia.barcomb@usdoj.gov

**Hector Duran, Jr**
U.S. Trustee
515 Rusk
Ste 3516
Houston, Tx 77002
7137184650
Email: Hector.Duran.Jr@usdoj.gov

**Jana Smith Whitworth**
Office of United States Trustee

Case 23-90020 Document 1-1 Filed in TXSB on 01/18/23 Page 8 of 799

515 Rusk Street, Suite 3516
Houston, TX 77002
(713) 718-4650
Fax : (713) 718-4670
Email: jana.whitworth@usdoj.gov

**Creditor Committee**                    represented by **Sean Thomas Wilson**
**Official Committee Of Unsecured**                 515 Post Oak Blvd
**Creditors**                                      Ste 900
                                                   Houston, TX 77027
                                                   212-808-7612
                                                   Fax : 713-355-5001
                                                   Email: swilson@kelleydrye.com

| Filing Date | # | Docket Text |
|---|---|---|
| 01/23/2023 | ●1 (29 pgs) | Chapter 11 Voluntary Petition Non-Individual Fee Amount $1738 Filed by Serta Simmons Bedding, LLC. (Morgan, Gabriel) (Entered: 01/23/2023) |
| 01/23/2023 | | Receipt of Voluntary Petition (Chapter 11)( 23-90020) [misc,volp11] (1738.00) Filing Fee. Receipt number A24158056. Fee amount $1738.00. (U.S. Treasury) (Entered: 01/23/2023) |
| 01/23/2023 | ●2 (20 pgs; 2 docs) | Emergency Motion *of Debtors Pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1 for Order Directing Joint Administration of Chapter 11 Cases* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 01/23/2023) |
| 01/23/2023 | ● | Judge David R Jones added to case (RobbieWestmoreland) (Entered: 01/24/2023) |
| 01/24/2023 | ●3 (6 pgs) | Notice of Appearance and Request for Notice Filed by Bruce J Ruzinsky Filed by on behalf of Ad Hoc Priority Lender Group (Ruzinsky, Bruce) (Entered: 01/24/2023) |
| 01/24/2023 | ●4 (5 pgs; 2 docs) | Designation of Complex Chapter 11 Bankruptcy Case (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | ●5 (1 pg) | Motion to Appear pro hac vice *Michael J. Cohen*. Filed by Creditor Ad Hoc Priority Lender Group (Stull, John) (Entered: 01/24/2023) |
| 01/24/2023 | ●6 (1 pg) | Motion to Appear pro hac vice *Jason Goldstein*. Filed by Creditor Ad Hoc Priority Lender Group (Stull, John) (Entered: 01/24/2023) |
| 01/24/2023 | ●7 (1 pg) | Motion to Appear pro hac vice *Scott J. Greenberg*. Filed by Creditor Ad Hoc Priority Lender Group (Stull, John) (Entered: 01/24/2023) |

| | | |
|---|---|---|
| 01/24/2023 | �“8 (1 pg) | Motion to Appear pro hac vice *Christina M. Brown*. Filed by Creditor Ad Hoc Priority Lender Group (Argeroplos, Victoria) (Entered: 01/24/2023) |
| 01/24/2023 | �“9 (1 pg) | Motion to Appear pro hac vice *Orin Snyder*. Filed by Creditor Ad Hoc Priority Lender Group (Argeroplos, Victoria) (Entered: 01/24/2023) |
| 01/24/2023 | �“10 (1 pg) | Motion to Appear pro hac vice *Jennifer L. Conn*. Filed by Creditor Ad Hoc Priority Lender Group (Argeroplos, Victoria) (Entered: 01/24/2023) |
| 01/24/2023 | �“11 (255 pgs; 3 docs) | Emergency Motion *of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Claims With Superpriority Administrative Expense Status and (B) Adequate Protection to Certain Prepetition Lenders, (III) Modifying Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | �“12 (54 pgs; 5 docs) | Emergency Motion *of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Continue Their Existing Cash Management System, (B) Maintain Existing Business Forms and Intercompany Arrangements, (C) Continue Intercompany Transactions, and (D) Continue Utilizing Employee Credit Card and P-Card Programs; and (II) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order # 3 Exhibit C # 4 Exhibit D) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | �“13 (49 pgs; 2 docs) | Emergency Motion *of Debtors for an Order (I) Authorizing Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits, and Other Compensation, (B) Maintain Employee Benefits Programs and Pay Related Obligations, and (C) Pay Prepetition Employment Expenses; and (II) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | �“14 (50 pgs; 4 docs) | Emergency Motion *of Debtors for Interim and Final Orders (I) Authorizing Debtors to Pay (A) Critical Vendor Claims, (B) Lien Claims, (C) 503(b)(9) Claims, and (D) Certain Royalties; and (II) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order # 3 Exhibit C) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | �“15 (31 pgs; 3 docs) | Emergency Motion *of Debtors for Interim and Final Orders (I) Authorizing Debtors to Continue and Honor Customer Programs and Otherwise Continue Their Customer Related Programs in the Ordinary Course of Business and (II) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | �“16 (43 pgs; 4 docs) | Emergency Motion *of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Continue Insurance Programs and Surety* |

| | | |
|---|---|---|
| | | *Bond Program, (B) Pay All Obligations With Respect Thereto, and (C) Modify Automatic Stay to Permit Employees to Proceed With Workers' Compensation Claims; and (II) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A # 2 Exhibit B - Proposed Interim Order # 3 Exhibit C - Proposed Final Order) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 17 (49 pgs; 2 docs) | Emergency Motion *of Debtors for an Order (I) Authorizing Debtors to Pay Certain Prepetition Taxes and (II) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 18 (29 pgs; 2 docs) | Emergency Motion *of Debtors for an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies; (II) Establishing Procedures for Resolving Objections by Utility Companies; (III) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service; and (IV) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 19 (14 pgs; 2 docs) | Emergency Motion *of Debtors for an Order Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Current Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Reports* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 20 (19 pgs; 2 docs) | Emergency Motion *of Debtors for Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix and a Consolidated List of 30 Largest Unsecured Creditors and (B) Redact Certain Personal Identification Information and (II) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases and Other Information* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 21 (83 pgs; 3 docs) | Emergency Motion *of the Debtors Pursuant to Sections 362 and 105(a) of the Bankruptcy Code for Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors, and (B) Claiming of Certain Worthless Stock Deductions* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Interim Order # 2 Exhibit B - Proposed Final Order) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 22 (45 pgs; 2 docs) | Emergency Motion *of Debtors for Entry of Order (I) Establishing Deadlines and Procedures for Filing Proofs of Claim, (II) Approving Form and Manner of Notice Thereof and (III) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 23 (30 pgs; 4 docs) | Emergency Motion / *Emergency Ex Parte Application for Entry of an Order Authorizing Employment and Retention of Epiq Corporate Restructuring, LLC as Claims, Noticing, and Solicitation Agent* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C - Proposed Order) (Morgan, Gabriel) (Entered: 01/24/2023) |

| 01/24/2023 | 🔵 24<br>(22 pgs; 2 docs) | Emergency Motion *for Entry of Order (I) Scheduling Certain Hearing Dates and Deadlines, (II) Establishing Certain Protocols in Connection With Such Hearings, and (III) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 01/24/2023) |
|---|---|---|
| 01/24/2023 | 🔵 25<br>(5 pgs) | Statement */ Request for Emergency Consideration of Certain "First Day" Matters* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):2 Emergency Motion, 4 Designation of Complex Chapter 11 Bankruptcy Case, 11 Emergency Motion, 12 Emergency Motion, 13 Emergency Motion, 14 Emergency Motion, 15 Emergency Motion, 16 Emergency Motion, 17 Emergency Motion, 18 Emergency Motion, 19 Emergency Motion, 20 Emergency Motion, 21 Emergency Motion, 22 Emergency Motion, 23 Emergency Motion, 24 Emergency Motion) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 26<br>(130 pgs; 3 docs) | Declaration re: */ Declaration of John Linker in Support of Debtors' Chapter 11 Petitions and First Day Relief* (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Exhibit A # 2 Exhibit B) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 27<br>(12 pgs) | Declaration re: */ Declaration of Brent T. Banks in Support of Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Claims With Superpriority Administrative Expense Status and (B) Adequate Protection to Certain Prepetition Lenders, (III) Modifying Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):11 Emergency Motion) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 28<br>(61 pgs) | Chapter 11 Plan of Reorganization Filed by Serta Simmons Bedding, LLC. (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 29<br>(201 pgs) | Disclosure Statement Filed by Serta Simmons Bedding, LLC. (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 30<br>(1157 pgs; 5 docs) | Adversary case 23-09001. Nature of Suit: (91 (Declaratory judgment)) Complaint by Serta Simmons Bedding LLC et al. against AG Centre Street Partnership et al.. Fee Amount $350 (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Adversary Proceeding Coversheet) (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 31<br>(511 pgs; 29 docs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Debtors' Exhibit No. 1 # 2 Debtors' Exhibit No. 2 # 3 Debtors' Exhibit No. 3 # 4 Debtors' Exhibit No. 4 # 5 Debtors' Exhibit No. 5 # 6 Debtors' Exhibit No. 6 # 7 Debtors' Exhibit No. 7 # 8 Debtors' Exhibit No. 8 # 9 Debtors' Exhibit No. 9 # 10 Debtors' Exhibit No. 10 # 11 Debtors' Exhibit No. 11 # 12 Debtors' Exhibit No. 12 # 13 Debtors' Exhibit No. 13 # 14 Debtors' Exhibit No. 14 # 15 Debtors' Exhibit No. 15 # 16 Debtors' Exhibit No. 16 # 17 Debtors' Exhibit No. 17 # 18 Debtors' Exhibit No. 18 # 19 Debtors' Exhibit No. 19 # 20 Debtors' Exhibit No. 20 # 21 Debtors' Exhibit No. 21 # 22 Debtors' Exhibit No. 22 # 23 Debtors' Exhibit No. 23 # 24 Debtors' Exhibit No. 24 # 25 Debtors' Exhibit No. 25 # 26 Debtors' Exhibit No. 26 # 27 Debtors' Exhibit No. 27 # 28 Debtors' Exhibit No. 28) (Morgan, Gabriel) (Entered: 01/24/2023) |

| 01/24/2023 | ● | Notice of Appearance and Request for Notice Filed by Hector Duran Jr (Duran, Hector) (Entered: 01/24/2023) |
|---|---|---|
| 01/24/2023 | ● | Notice of Appearance and Request for Notice Filed by Jana Smith Whitworth (Whitworth, Jana) (Entered: 01/24/2023) |
| 01/24/2023 | ● 32 (9 pgs) | Agenda for Hearing on 1/24/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | ● 33 (1 pg) | Motion to Appear pro hac vice *of Ray C. Schrock*. Filed by Debtor Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | ● 34 (1 pg) | Motion to Appear pro hac vice *of Alexander W. Welch*. Filed by Debtor Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | ● 35 (1 pg) | Motion to Appear pro hac vice *of Stuart J. Goldring*. Filed by Debtor Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | ● 36 (1 pg) | Motion to Appear pro hac vice *of Eric D. Behl-Remijan*. Filed by Debtor Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | ● 37 (1 pg) | Motion to Appear pro hac vice *of Luna Ngan Barrington*. Filed by Debtor Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | ● 38 (1 pg) | Motion to Appear pro hac vice *of Richard Gage*. Filed by Debtor Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | ● 39 (1 pg) | Motion to Appear pro hac vice *of David J. Lender*. Filed by Debtor Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | ● | Notice of Appearance and Request for Notice Filed by Alicia Lenae Barcomb (Barcomb, Alicia) (Entered: 01/24/2023) |
| 01/24/2023 | ● 40 (5 pgs) | Notice of Appearance and Request for Notice Filed by Sean B Davis Filed by on behalf of Eclipse Business Capital LLC (Davis, Sean) (Entered: 01/24/2023) |
| 01/24/2023 | ● 41 (1 pg) | Motion to Appear pro hac vice *Kevin J. Simard*. Filed by Interested Party Eclipse Business Capital LLC (Davis, Sean) (Entered: 01/24/2023) |
| 01/24/2023 | ● 42 (1 pg) | Motion to Appear pro hac vice *Jonathan D. Marshall*. Filed by Interested Party Eclipse Business Capital LLC (Sowell, Steffen) (Entered: 01/24/2023) |
| 01/24/2023 | ● 43 (3 pgs) | Order Authorizing Employment and Retention of Epiq Corporate Restructuring, LLC as Claims, Noticing, and Solicitation Agent (Related Doc # 23) Signed on 1/24/2023. (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | ● 44 (1 pg) | Order Granting Motion To Appear pro hac vice - Michael J. Cohen (Related Doc # 5) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |

| | | |
|---|---|---|
| 01/24/2023 | ○45<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Jason Goldstein (Related Doc # 6) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ○46<br>(8 pgs) | Order for Joint Administration Signed on 1/24/2023 (Related Doc # 2). (AlbertAlonzo) (Entered: 01/24/2023) |
| 01/24/2023 | ○47<br>(2 pgs) | Order Granting Complex Case Treatment Signed on 1/24/2023 (Related document(s):4 Designation of Complex Chapter 11 Bankruptcy Case) (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | ○48<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Scott J. Greenberg (Related Doc # 7) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ○49<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Christina M. Brown (Related Doc # 8) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ○50<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Orin Snyder (Related Doc # 9) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ○51<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Jennifer L. Conn (Related Doc # 10) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ○52<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Ray C. Schrock (Related Doc # 33) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ○53<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Alexander W. Welch (Related Doc # 34) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ○54<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Stuart J. Goldring (Related Doc # 35) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ○55<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Eric D. Behl-Remijan (Related Doc # 36) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ○56<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Luna Ngan Barrington (Related Doc # 37) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ○57<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Richard Gage (Related Doc # 38) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ○58<br>(1 pg) | Order Granting Motion To Appear pro hac vice - David J. Lender (Related Doc # 39) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |

| 01/24/2023 | 🔘 59<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Kevin J. Simard (Related Doc # 41) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
|---|---|---|
| 01/24/2023 | 🔘 60<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Jonathan D. Marshall (Related Doc # 42) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 61<br>(25 pgs) | Notice *of Filing First Day Hearing Demonstrative*. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 62<br>(1 pg) | Motion to Appear pro hac vice *of Jonathan Goltser*. Filed by Debtor Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 63<br>(1 pg) | Motion to Appear pro hac vice *of Sean Feener*. Filed by Debtor Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 64<br>(28 pgs) | Affidavit Re: *Affidavit of Service of Panagiota Manatakis of Epiq Corporate Restructuring, LLC (Related Document(s): 2 Emergency Motion* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):4 Designation of Complex Chapter 11 Bankruptcy Case, 11 Emergency Motion, 12 Emergency Motion, 13 Emergency Motion, 14 Emergency Motion, 15 Emergency Motion, 16 Emergency Motion, 17 Emergency Motion, 18 Emergency Motion, 19 Emergency Motion, 20 Emergency Motion, 21 Emergency Motion, 22 Emergency Motion, 24 Emergency Motion, 25 Statement, 26 Declaration, 27 Declaration, 28 Chapter 11 Plan, 29 Disclosure Statement, 30 Complaint, 31 Exhibit List, Witness List, 32 Agenda) (Garabato, Sid) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 65<br>(14 pgs) | Notice *of Filing of Amended Utility Services List*. (Related document(s):18 Emergency Motion) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 66<br>(5 pgs) | Notice of Appearance and Request for Notice Filed by John F Higgins IV Filed by on behalf of Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 67<br>(1 pg) | Motion to Appear pro hac vice *of Lewis R. Clayton*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 68<br>(1 pg) | Motion to Appear pro hac vice *of Michael J. Colarossi*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 69<br>(8 pgs) | Statement *Verified Statement of the Ad Hoc Priority Lender Group Pursuant to the Bankruptcy Rule 2019* (Filed By Ad Hoc Priority Lender Group ). (Ruzinsky, Bruce) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 70<br>(1 pg) | Motion to Appear pro hac vice *of Andrew J. Ehrlich*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 71<br>(10 pgs) | Amended Agenda for Hearing on 1/24/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 01/24/2023) |

| | | |
|---|---|---|
| 01/24/2023 | 🔘 72<br>(1 pg) | Motion to Appear pro hac vice *of Brian S. Hermann*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 73<br>(1 pg) | Motion to Appear pro hac vice *of Kenneth S. Ziman*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 74<br>(24 pgs; 3 docs) | Notice *of the Ad Hoc Group of First Lien Lenders' Statement and Reservation of Rights with Respect to the Debtors' Requested First Day Relief*. Filed by Ad Hoc Group of First Lien Lenders (Attachments: # 1 Exhibit A # 2 Exhibit B) (Higgins, John) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 75<br>(7 pgs; 2 docs) | Statement - *Verified Statement Pursuant to Bankruptcy Rule 2019 of Ad Hoc Group of First Lien Lenders* (Filed By Ad Hoc Group of First Lien Lenders ). (Attachments: # 1 Exhibit A) (Higgins, John) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 76<br>(1 pg) | Motion to Appear pro hac vice *of Michael S. Shuster*. Filed by Creditors LCM 28 LTD., LCM 27 LTD., LCM 26 LTD., LXM XXV LTD., LCM XXIV LTD., LCM XXIII LTD., LCM XXII LTD. (Shuster, Michael) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 77<br>(1 pg) | Motion to Appear pro hac vice *of Neil R. Lieberman*. Filed by Creditors LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LXM XXV LTD. (Lieberman, Neil) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 78<br>(1 pg) | Motion to Appear pro hac vice *of Vincent Levy*. Filed by Creditors LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LXM XXV LTD. (Levy, Vincent) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 79<br>(1 pg) | Motion to Appear pro hac vice *of George Klidonas*. Filed by Interested Party UBS AG, Stamford Branch (Reckler, Caroline) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 80<br>(1 pg) | Motion to Appear pro hac vice *of Brian T. Goldman*. Filed by Creditors LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LXM XXV LTD. (Goldman, Brian) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 81<br>(1 pg) | Motion to Appear pro hac vice *of Christopher James Kochman*. Filed by Interested Party UBS AG, Stamford Branch (Reckler, Caroline) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 82<br>(1 pg) | Motion to Appear pro hac vice *of Patrick J. Woods*. Filed by Creditors LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LXM XXV LTD. (Woods, Patrick) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 83<br>(207 pgs) | Interim Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use of Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Certain Prepetition Lenders, and (III) Modifying Automatic Stay, (IV) Scheduling a Final Hearing and (V) Granting |

| | | |
|---|---|---|
| | | Related Relief Signed on 1/24/2023 (Related document(s):11 Emergency Motion) **Hearing scheduled for 2/23/2023 at 12:00 PM by telephone and video conference.** (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 84<br>(9 pgs) | Interim Order (I) Authorizing Debtors to (A) Continue their Existing Cash Management System, (B) Maintain Existing Business Forms and Intercompany Arrangements, (C) Continue Intercompany Transactions, and (D) Continue Utilizing Employee Credit Card and P-Card Programs; and (II) Granting Related Relief Hearing Signed on 1/24/2023 (Related document(s):12 Emergency Motion) **Hearing scheduled for 5/8/2023 at 09:00 AM by telephone and video conference.** (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 85<br>(6 pgs) | Order (I) Authorizing Debtors to (A) Pay Prepetition Wages, Salaries, Employee Benefits, and Other Compensation, (B) Maintain Employee Benefits Programs and Pay Related Obligations, and (C) Pay Prepetition Employment Expenses, and (II) Granting Related Relief (Related Doc # 13) Signed on 1/24/2023. (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 86<br>(26 pgs) | Order (I) Authorizing Debtors to Pay Certain Prepetition Taxes Owed to Taxing and (II) Granting Related Relief (Related Doc # 17) Signed on 1/24/2023. (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 87<br>(3 pgs) | Order Extending Time for Debtors to File Schedules of Assets and Liabilities, Schedules of Current Income and Current Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Reports (Related Doc # 19) Signed on 1/24/2023. (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 88<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Jonathan Goltser (Related Doc # 62) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 89<br>(8 pgs) | Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix and Consolidated List of 30 Largest Unsecured Creditors and (B) Redact Certain Personal Identification Information and (II) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases and Other Information (Related Doc # 20) Signed on 1/24/2023. (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 90<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Sean Feener (Related Doc # 63) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 91<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Lewis R. Clayton (Related Doc # 67) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 92<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Michael J. Colarossi (Related Doc # 68) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | 🔵 93<br>(6 pgs) | Final Order (I) Authorizing Debtors to (A) Continue Insurance Programs and Surety Bond Program, and Other Insurance Programs, (B) Pay all Obligations in Respect thereof, and (C) Modify Automatic Stay to Permit Employees to Proceed with Workers' Compensation Claims; |

| | | and (II) Granting Related Relief (Related Doc # 16) Signed on 1/24/2023. (VrianaPortillo) (Entered: 01/24/2023) |
|---|---|---|
| 01/24/2023 | ● 94 (1 pg) | Order Granting Motion To Appear pro hac vice - Andrew J. Ehrlich (Related Doc # 70) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ● 95 (1 pg) | Order Granting Motion To Appear pro hac vice - Brian S. Hermann (Related Doc # 72) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ● 96 (1 pg) | Order Granting Motion To Appear pro hac vice - Kenneth S. Ziman (Related Doc # 73) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ● 97 (1 pg) | Order Granting Motion To Appear pro hac vice - Michael S. Shuster (Related Doc # 76) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ● 98 (1 pg) | Order Granting Motion To Appear pro hac vice - Neil R. Lieberman (Related Doc # 77) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ● 99 (1 pg) | Order Granting Motion To Appear pro hac vice - Vincent Levy (Related Doc # 78) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ● 100 (1 pg) | Order Granting Motion To Appear pro hac vice - George Klidonas (Related Doc # 79) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ● 101 (1 pg) | Order Granting Motion To Appear pro hac vice - Brian T. Goldman (Related Doc # 80) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ● 102 (1 pg) | Order Granting Motion To Appear pro hac vice - Christopher James Kochman (Related Doc # 81) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ● 103 (1 pg) | Order Granting Motion To Appear pro hac vice - Patrick J. Woods (Related Doc # 82) Signed on 1/24/2023. (ElizabethMiller) (Entered: 01/24/2023) |
| 01/24/2023 | ● 104 (24 pgs) | Order (I) Establishing Deadlines and Procedures for Filing of Claim, (II) Approving Form and Manner of Notice thereof, and (III) Granting Related Relief (Related Doc # 22) Signed on 1/24/2023. (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | ● 105 (5 pgs) | Final Order (I) Authorizing the Debtors to Honor Prepetition Obligations Under Customer Related Programs and Otherwise Continue their Customer Related Programs in the Ordinary Course of Business and (II) Granting Related Relief (Related Doc # 15) Signed on 1/24/2023. (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | ● 106 (8 pgs) | Interim Order (I) Authorizing Debtors to Pay (A) Critical Vendor Claims, (B) Lien Claims, (C) 503(b)(9) Claims, and (D) Certain Royalties; and (II) Granting Related Relief Signed on 1/24/2023 (Related document(s):14 |

| | | |
|---|---|---|
| | | Emergency Motion) **Hearing scheduled for 2/21/2023 by 12:00 PM at telephone and video conference.** (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 107<br>(13 pgs) | Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies; (II) Establishing Procedures for Resolving Objections by Utility Companies; (III) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service; and (IV) Granting Related Relief Signed on 1/24/2023 (Related document(s):18 Emergency Motion) **Hearing scheduled for 2/21/2023 at 12:00 PM by telephone and video conference.** (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 108<br>(31 pgs) | Interim Order Establishing Notification Procedures and Approving Restrictions in (A) Certain Transfers of Interests in the Debtors and (B) Claiming of Certain Worthless Stock Deductions Pursuant to Section 362 and 105(a) of Bankruptcy Code Signed on 1/24/2023 (Related document(s):21 Emergency Motion) **Hearing scheduled for 2/21/2023 at 12:00 PM by telephone and video conference.** (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 109<br>(207 pgs) | Amended Interim Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Certain Prepetition Lenders, (III) Modifying Automatic Stay, (IV) Scheduling a Final Hearing and (V) Granting Related Relief Signed on 1/24/2023 (Related document(s):11 Emergency Motion) **Hearing scheduled for 2/21/2023 at 12:00 PM by telephone and video conference.** (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 110<br>(3 pgs) | Courtroom Minutes. Time Hearing Held: 1:00 PM. Appearances: SEE ATTACHED. The Declarations of John Linker and Brent T. Banks submitted at docket nos. 26 and 27 were admitted. The Court approved the DIP Motion 11, the Critical Vendors Motion 14, the Utilities Motion 18 and the Procedures Motion 21 on an interim basis. **A continued hearing on the Motions is scheduled for 02/21/2023 at 12:00 PM by telephone and video conference.** The Court approved the Cash Management Motion 12 on an interim basis. **A continued hearing on the Motion is scheduled for 05/08/2023 at 9:00 AM by telephone and video conference.** The Court approved the Wages Motion 13, the Bar Date Motion 22, the Taxes Motion 17, the Customer Programs Motion 15, the Insurance Motion 16, the Motion to Extend Time 19, and the Creditor Matrix Motion 20. Orders to be entered. **A Scheduling Conference is scheduled for 01/27/2023 at 3:30 PM by telephone and video conference.** Disclosure Statement hearing is scheduled for 03/23/23 at 9:00 AM. Confirmation has been reserved for 05/08/2023 and 05/09/2023 at 9:00 AM. (VrianaPortillo) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 111<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 1/24/2023 1:00:21 PM ]. File Size [ 84427 KB ]. Run Time [ 02:55:53 ]. (admin). (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 112<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Michelle E Shriro Filed by on behalf of IIT Inland Empire Logistics Center LP (Shriro, Michelle) (Entered: 01/24/2023) |
| 01/24/2023 | 🔘 113<br>(29 pgs; 2 docs) | Adversary case 23-03007. Nature of Suit: (71 (Injunctive relief - reinstatement of stay)),(91 (Declaratory judgment)) Complaint by Serta Simmons Bedding LLC et al. against AG Centre Street Partnership et al.. |

| | | Fee Amount $350 (Attachments: # 1 Adversary Proceeding Coversheet) (Morgan, Gabriel) (Entered: 01/24/2023) |
|---|---|---|
| 01/24/2023 | ⬤ 114 (5 pgs) | Notice of Scheduling Conference Scheduled for January 27, 2023 at 3:30 P.M. (Central Time). Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/24/2023) |
| 01/25/2023 | ⬤ 115 (1 pg) | Notice and Order regarding exchanging of exhibits and witness lists in all contested matters and adversary proceedings. (Entered: 01/25/2023) |
| 01/25/2023 | ⬤ 116 (1 pg) | Motion to Appear pro hac vice by Wendy Brewer of Fultz Maddox Dickens, PLC. Filed by Creditor Louisville Bedding Company (Brewer, Wendy) (Entered: 01/25/2023) |
| 01/25/2023 | ⬤ 117 (1 pg) | Motion to Appear pro hac vice of Phillip A. Martin of Fultz Maddox Dickens PLC. Filed by Creditor Louisville Bedding Company (Brewer, Wendy) (Entered: 01/25/2023) |
| 01/25/2023 | ⬤ 118 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Bruce J. Ruzinsky. This is to order a transcript of 01/24/2023 before Judge David R. Jones. Court Reporter/Transcriber: Access Transcripts (Filed By Ad Hoc Priority Lender Group ). (Ruzinsky, Bruce) Electronically forwarded to Access Transcripts on 01/25/2023. Estimated date of completion 01/26/2023. Modified on 1/25/2023 (DMcKinnieRichardson). (Entered: 01/25/2023) |
| 01/25/2023 | ⬤ 119 (1 pg) | Notice of Appearance and Request for Notice Filed by John Kendrick Turner Filed by on behalf of Dallas County (Turner, John) (Entered: 01/25/2023) |
| 01/25/2023 | ⬤ 120 (1 pg) | Notice of Appearance and Request for Notice Filed by Tara L Grundemeier Filed by on behalf of Cypress-Fairbanks ISD, Harris County (Grundemeier, Tara) (Entered: 01/25/2023) |
| 01/26/2023 | ⬤ 121 (1 pg) | Motion to Appear pro hac vice Scott E. Blakeley. Filed by Creditor Resolute Forest Products (Blakeley, Scott) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 122 (1 pg) | Motion to Appear pro hac vice of Joseph Trad. Filed by Creditor Leggett & Platt, Incorporated (Judd, T.) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 123 (1 pg) | Motion to Appear pro hac vice of Larry Parres. Filed by Creditor Leggett & Platt, Incorporated (Judd, T.) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 124 (3 pgs) | Notice of Appearance and Request for Notice Filed by T. Josh Judd Filed by on behalf of Leggett & Platt, Incorporated (Judd, T.) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 125 (6 pgs) | Notice of Appearance and Request for Notice Filed by John F Higgins IV Filed by on behalf of Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 126 (1 pg) | Motion to Appear pro hac vice of Blair R. Albom. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 01/26/2023) |

| | | |
|---|---|---|
| 01/26/2023 | ⬤ 127 (1 pg) | Motion to Appear pro hac vice *of Anne E. Beaumont*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 128 (1 pg) | Motion to Appear pro hac vice *of Jamuna D. Kelley*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 129 (1 pg) | Motion to Appear pro hac vice *of Lawrence S. Robbins*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 130 (1 pg) | Motion to Appear pro hac vice *of Eric J. Seiler*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 131 (1 pg) | Motion to Appear pro hac vice . Filed by Creditor KKGF, LLC d/b/a United Textiles and Components (Callahan, William) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 132 (22 pgs) | Affidavit Re: *Affidavit of Diane Streany of Epiq Corporate Restructuring, LLC* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):65 Notice, 71 Agenda) (Garabato, Sid) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 133 (33 pgs) | Affidavit Re: *Affidavit of Diane Streany of Epiq Corporate Restructuring, LLC* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):4 Designation of Complex Chapter 11 Bankruptcy Case, 11 Emergency Motion, 12 Emergency Motion, 14 Emergency Motion, 18 Emergency Motion, 21 Emergency Motion, 24 Emergency Motion, 25 Statement, 26 Declaration, 27 Declaration, 28 Chapter 11 Plan, 29 Disclosure Statement, 31 Exhibit List, Witness List, 32 Agenda, 65 Notice, 114 Notice) (Garabato, Sid) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 134 (1 pg) | Motion to Appear pro hac vice *Michael Galen*. Filed by Interested Party Delta Enterprise Corporation and Children's Products LLC Hearing scheduled for 1/23/2023 at 03:30 PM at Houston, Courtroom 400 (DRJ). (Acosta, H) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 135 (1 pg) | Motion to Appear pro hac vice . Filed by Interested Party Delta Enterprise Corporation and Children's Products LLC Hearing scheduled for 1/27/2023 at 03:30 PM at Houston, Courtroom 400 (DRJ). (Acosta, H) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 136 (1 pg) | Notice of Appearance and Request for Notice Filed by H Joseph Acosta Filed by on behalf of Delta Enterprise Corporation and Children's Products LLC (Acosta, H) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 137 (11 pgs) | Statement / *Supplement in Support of Debtors' Emergency Motion for Entry of Order (I) Scheduling Certain Hearing Dates and Deadlines, (II) Establishing Certain Protocols in Connection With Such Hearings, and (III) Granting Related Relief* (Filed By Serta Simmons Bedding, LLC ). (Related document(s):24 Emergency Motion) (Morgan, Gabriel) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 138 | Response (Filed By Ad Hoc Priority Lender Group ).(Related |

| | (16 pgs) | document(s):74 Notice) (Ruzinsky, Bruce) (Entered: 01/26/2023) |
|---|---|---|
| 01/26/2023 | ● 139 (10 pgs) | BNC Certificate of Mailing. (Related document(s):46 Order for Joint Administration) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 140 (5 pgs) | BNC Certificate of Mailing. (Related document(s):43 Order on Emergency Motion) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 141 (3 pgs) | BNC Certificate of Mailing. (Related document(s):44 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 142 (3 pgs) | BNC Certificate of Mailing. (Related document(s):45 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 143 (4 pgs) | BNC Certificate of Mailing. (Related document(s):47 Generic Order) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 144 (3 pgs) | BNC Certificate of Mailing. (Related document(s):48 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 145 (3 pgs) | BNC Certificate of Mailing. (Related document(s):49 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 146 (3 pgs) | BNC Certificate of Mailing. (Related document(s):50 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 147 (3 pgs) | BNC Certificate of Mailing. (Related document(s):51 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 148 (3 pgs) | BNC Certificate of Mailing. (Related document(s):52 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 149 (3 pgs) | BNC Certificate of Mailing. (Related document(s):53 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 150 (4 pgs) | BNC Certificate of Mailing. (Related document(s):54 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 151 (4 pgs) | BNC Certificate of Mailing. (Related document(s):55 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 152 (4 pgs) | BNC Certificate of Mailing. (Related document(s):56 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) |

| | | (Entered: 01/26/2023) |
|---|---|---|
| 01/26/2023 | ● 153 (4 pgs) | BNC Certificate of Mailing. (Related document(s):57 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 154 (4 pgs) | BNC Certificate of Mailing. (Related document(s):58 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 155 (4 pgs) | BNC Certificate of Mailing. (Related document(s):59 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 156 (4 pgs) | BNC Certificate of Mailing. (Related document(s):60 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 157 (211 pgs) | BNC Certificate of Mailing. (Related document(s):83 Order Setting Hearing) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 158 (13 pgs) | BNC Certificate of Mailing. (Related document(s):84 Order Setting Hearing) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 159 (10 pgs) | BNC Certificate of Mailing. (Related document(s):85 Order on Emergency Motion) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 160 (30 pgs) | BNC Certificate of Mailing. (Related document(s):86 Order on Emergency Motion) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 161 (7 pgs) | BNC Certificate of Mailing. (Related document(s):87 Order on Emergency Motion) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 162 (5 pgs) | BNC Certificate of Mailing. (Related document(s):88 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 163 (12 pgs) | BNC Certificate of Mailing. (Related document(s):89 Order on Emergency Motion) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 164 (5 pgs) | BNC Certificate of Mailing. (Related document(s):90 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 165 (5 pgs) | BNC Certificate of Mailing. (Related document(s):91 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 166 (5 pgs) | BNC Certificate of Mailing. (Related document(s):92 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) |

| | | |
|---|---|---|
| | | (Entered: 01/26/2023) |
| 01/26/2023 | ● 167 (10 pgs) | BNC Certificate of Mailing. (Related document(s):93 Order on Emergency Motion) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 168 (5 pgs) | BNC Certificate of Mailing. (Related document(s):94 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 169 (5 pgs) | BNC Certificate of Mailing. (Related document(s):95 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 170 (5 pgs) | BNC Certificate of Mailing. (Related document(s):96 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 171 (5 pgs) | BNC Certificate of Mailing. (Related document(s):97 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 172 (5 pgs) | BNC Certificate of Mailing. (Related document(s):98 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 173 (5 pgs) | BNC Certificate of Mailing. (Related document(s):99 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 174 (5 pgs) | BNC Certificate of Mailing. (Related document(s):100 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 175 (5 pgs) | BNC Certificate of Mailing. (Related document(s):101 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 176 (5 pgs) | BNC Certificate of Mailing. (Related document(s):102 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 177 (5 pgs) | BNC Certificate of Mailing. (Related document(s):103 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 178 (28 pgs) | BNC Certificate of Mailing. (Related document(s):104 Order on Emergency Motion) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 179 (9 pgs) | BNC Certificate of Mailing. (Related document(s):105 Order on Emergency Motion) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ● 180 (12 pgs) | BNC Certificate of Mailing. (Related document(s):106 Order Setting Hearing) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: |

| | | |
|---|---|---|
| | _____ | 01/26/2023) |
| 01/26/2023 | ⬤ 181 (17 pgs) | BNC Certificate of Mailing. (Related document(s):107 Order Setting Hearing) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 182 (35 pgs) | BNC Certificate of Mailing. (Related document(s):108 Order Setting Hearing) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/26/2023 | ⬤ 183 (211 pgs) | BNC Certificate of Mailing. (Related document(s):109 Order Setting Hearing) No. of Notices: 1. Notice Date 01/26/2023. (Admin.) (Entered: 01/26/2023) |
| 01/27/2023 | ⬤ 184 (22 pgs; 3 docs) | Notice *of Filing of Revised Proposed Order (I) Scheduling Certain Hearing Dates and Deadlines, (II) Establishing Certain Protocols in Connection With Such Hearings, and (III) Granting Related Relief.* (Related document(s):24 Emergency Motion, 114 Notice, 137 Statement) Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Revised Proposed Order # 2 Exhibit B) (Morgan, Gabriel) (Entered: 01/27/2023) |
| 01/27/2023 | ⬤ 185 (3 pgs) | Notice of Appearance and Request for Notice Filed by RS Industrial, Inc. (Pugh, Michael) (Entered: 01/27/2023) |
| 01/27/2023 | ⬤ 186 (3 pgs) | Notice of Appearance and Request for Notice Filed by H Joseph Acosta Filed by on behalf of Delta Enterprise Corporation and Children's Products LLC (Acosta, H) (Entered: 01/27/2023) |
| 01/27/2023 | ⬤ 187 (3 pgs) | Notice *of Chapter 11 Bankruptcy Case*. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/27/2023) |
| 01/27/2023 | ⬤ 188 (5 pgs) | Notice of Appearance and Request for Notice Filed by John James Sparacino Filed by on behalf of LCM XXI Limited Partnership, LCM XX Limited Partnership, LCM XIX Limited Partnership, LCM XVIII Limited Partnership, LCM XVII Limited Partnership, LCM XVI Limited Partnership, LCM XV Limited Partnership, LCM XIV Limited Partnership, LCM XIII Limited Partnership, LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LXM XXV LTD. (Sparacino, John) (Entered: 01/27/2023) |
| 01/27/2023 | ⬤ 189 (8 pgs) | Debtors Master Service List (Filed By Epiq Corporate Restructuring, LLC ). (Garabato, Sid) (Entered: 01/27/2023) |
| 01/27/2023 | ⬤ 190 (8 pgs) | Statement *of the LCM Lenders Joining the Ad Hoc Group of First Lien Lenders' Statement and Reservation of Rights* (Filed By LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XIII Limited Partnership, LCM XIV Limited Partnership, LCM XIX Limited Partnership, LCM XV Limited Partnership, LCM XVI Limited Partnership, LCM XVII Limited Partnership, LCM XVIII Limited Partnership, LCM XX Limited Partnership, LCM XXI Limited Partnership, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LXM XXV LTD. ). (Sparacino, John) (Entered: 01/27/2023) |
| 01/27/2023 | ⬤ 191 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Debtors' Counsel/Gabriel A. Morgan. This is to order a transcript of Bankruptcy Proceeding on January 27, 2023 before Judge David R. Jones. Court |

| | | |
|---|---|---|
| | | Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 01/27/2023) |
| 01/27/2023 | 🔘 192 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by LCM Lenders/John J. Sparacino. This is to order a transcript of Bankruptcy Proceeding on January 27, 2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XIII Limited Partnership, LCM XIV Limited Partnership, LCM XIX Limited Partnership, LCM XV Limited Partnership, LCM XVI Limited Partnership, LCM XVII Limited Partnership, LCM XVIII Limited Partnership, LCM XX Limited Partnership, LCM XXI Limited Partnership, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LXM XXV LTD. ). (Sparacino, John) (Entered: 01/27/2023) |
| 01/27/2023 | 🔘 193 (125 pgs) | Transcript RE: First-Day Motions Hearing held on 1/24/23 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 04/27/2023. (AccessTranscripts) (Entered: 01/27/2023) |
| 01/27/2023 | 🔘 194 (1 pg) | Order Granting Motion To Appear pro hac vice - Wendy Brewer (Related Doc # 116) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |
| 01/27/2023 | 🔘 195 (1 pg) | Order Granting Motion To Appear pro hac vice - Phillip A. Martin (Related Doc # 117) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |
| 01/27/2023 | 🔘 196 (30 pgs; 2 docs) | Motion *of Debtors for Order Authorizing Debtors to Employ Professionals Used in Ordinary Course of Business Effective as of Petition Date* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 01/27/2023) |
| 01/27/2023 | 🔘 197 (1 pg) | Order Granting Motion To Appear pro hac vice - Scott E. Blakeley (Related Doc # 121) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |
| 01/27/2023 | 🔘 198 (1 pg) | Order Granting Motion To Appear pro hac vice - Joseph Trad (Related Doc # 122) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |
| 01/27/2023 | 🔘 199 (1 pg) | Order Granting Motion To Appear pro hac vice - Larry Parres (Related Doc # 123) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |
| 01/27/2023 | 🔘 200 (1 pg) | Order Granting Motion To Appear pro hac vice - Blair R. Albom (Related Doc # 126) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |
| 01/27/2023 | 🔘 201 (1 pg) | Order Granting Motion To Appear pro hac vice - Anne E. Beaumont (Related Doc # 127) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |
| 01/27/2023 | 🔘 202 (1 pg) | Order Granting Motion To Appear pro hac vice - Jamuna D. Kelley (Related Doc # 128) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |

| 01/27/2023 | ⬤ 203<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Lawrence S. Robbins (Related Doc # 129) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |
|---|---|---|
| 01/27/2023 | ⬤ 204<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Eric J. Seiler (Related Doc # 130) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |
| 01/27/2023 | ⬤ 205<br>(1 pg) | Order Granting Motion To Appear pro hac vice - William E. Callahan, Jr. (Related Doc # 131) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |
| 01/27/2023 | ⬤ 206<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Michael Galen (Related Doc # 134) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |
| 01/27/2023 | ⬤ 207<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Samuel S. Kohn (Related Doc # 135) Signed on 1/27/2023. (ElizabethMiller) (Entered: 01/27/2023) |
| 01/27/2023 | ⬤ 208<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Ropes & Gray LLP. This is to order a transcript of a Bankruptcy Proceeding on January 27, 2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Ropes & Gray LLP ). (Galardi, Gregg) (Entered: 01/27/2023) |
| 01/27/2023 | ⬤ 209<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):115 Order Regarding the Exchange of Exhibits and Witness lists in all contested matters and adversary proceedings) No. of Notices: 1. Notice Date 01/27/2023. (Admin.) (Entered: 01/27/2023) |
| 01/28/2023 | ⬤ 210<br>(5 pgs) | Notice *of Continued Scheduling Conference on February 1, 2023 at 12:00 p.m. (Central Time)*. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/28/2023) |
| 01/28/2023 | ⬤ 211<br>(4 pgs) | Notice *of Rescheduling of Hearing Date to February 28, 2023 at 2:00 p.m. (Central Time)*. (Related document(s):11 Emergency Motion, 14 Emergency Motion, 21 Emergency Motion) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 01/28/2023) |
| 01/30/2023 | ⬤ 212<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Wendy Brewer Filed by on behalf of Louisville Bedding Company (Brewer, Wendy) (Entered: 01/30/2023) |
| 01/30/2023 | ⬤ 213<br>(1 pg) | Notice of Filing of Official Transcript as to 193 Transcript. Parties notified (Related document(s):193 Transcript) (ShannonHolden) (Entered: 01/30/2023) |
| 01/30/2023 | ⬤ 214<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Patrick Michael Flynn Filed by on behalf of United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers Int'l Union (Flynn, Patrick) (Entered: 01/30/2023) |
| 01/30/2023 | ⬤ 215<br>(1 pg) | Motion to Appear pro hac vice *of Robert E. Neis*. Filed by Creditor FabricTech 2000, LLC d/b/a PureCare (Rios, Randall) (Entered: 01/30/2023) |

| | | |
|---|---|---|
| | | 01/30/2023 |
| 01/30/2023 | 216<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Mark H Ralston Filed by on behalf of AW Industries, Inc., Salt Lake Mattress & Mfg. Co., Palu Bedding Co., Inc., Serta Restokraft Mattress Company Inc., Dormae Products, Inc. (Ralston, Mark) (Entered: 01/30/2023) |
| 01/31/2023 | 217<br>(1 pg) | Motion to Appear pro hac vice *Neil J. Gregorio*. Filed by Creditor Steelworkers Pension Trust (Gregorio, Neil) (Entered: 01/31/2023) |
| 01/31/2023 | 218<br>(48 pgs) | Affidavit Re: *Affidavit of Diane Streany of Epiq Corporate Restructuring, LLC* (Filed By Epiq Corporate Restructuring, LLC ). (Related document(s):43 Order on Emergency Motion, 46 Order for Joint Administration, 47 Generic Order, 83 Order Setting Hearing, 84 Order Setting Hearing, 85 Order on Emergency Motion, 86 Order on Emergency Motion, 87 Order on Emergency Motion, 89 Order on Emergency Motion, 93 Order on Emergency Motion, 104 Order on Emergency Motion, 105 Order on Emergency Motion, 106 Order Setting Hearing, 107 Order Setting Hearing, 108 Order Setting Hearing, 109 Order Setting Hearing) (Garabato, Sid) (Entered: 01/31/2023) |
| 01/31/2023 | 219<br>(1 pg) | Motion to Appear pro hac vice *Maribeth Thomas*. Filed by Creditor Steelworkers Pension Trust (Thomas, Maribeth) (Entered: 01/31/2023) |
| 01/31/2023 | 220<br>(27 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):108 Order Setting Hearing, 137 Statement) (Garabato, Sid) (Entered: 01/31/2023) |
| 01/31/2023 | 221<br>(8 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):196 Generic Motion) (Garabato, Sid) (Entered: 01/31/2023) |
| 01/31/2023 | 222<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Robert E. Neis (Related Doc # 215) Signed on 1/31/2023. (ElizabethMiller) (Entered: 01/31/2023) |
| 01/31/2023 | 223<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Neil J. Gregorio (Related Doc # 217) Signed on 1/31/2023. (ElizabethMiller) (Entered: 01/31/2023) |
| 01/31/2023 | 224<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Maribeth Thomas (Related Doc # 219) Signed on 1/31/2023. (ElizabethMiller) (Entered: 01/31/2023) |
| 02/01/2023 | 225<br>(39 pgs; 4 docs) | Notice *of Filing of Further Revised Proposed Order (I) Scheduling Certain Hearing Dates and Deadlines, (II) Establishing Certain Protocols In Connection With Such Hearings, and (III) Granting Related Relief*. (Related document(s):24 Emergency Motion, 137 Statement, 184 Notice) Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Revised Proposed Order # 2 Exhibit B - Cumulative Redline # 3 Exhibit C - Incremental Redline) (Morgan, Gabriel) (Entered: 02/01/2023) |
| 02/01/2023 | 226<br>(9 pgs) | Affidavit Re: *by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):210 Notice) (Garabato, Sid) (Entered: 02/01/2023) |

| 02/01/2023 | ⬤ 227 (8 pgs) | Affidavit Re: *by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):211 Notice) (Garabato, Sid) (Entered: 02/01/2023) |
| --- | --- | --- |
| 02/01/2023 | ⬤ 228 (21 pgs; 3 docs) | Notice *of Filing of Further Revised Proposed Order (I) Scheduling Certain Hearing Dates and Deadlines, (II) Establishing Certain Protocols in Connection With Such Hearings, and (III) Granting Related Relief.* (Related document(s):24 Emergency Motion, 137 Statement, 184 Notice, 225 Notice) Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Redline) (Morgan, Gabriel) (Entered: 02/01/2023) |
| 02/01/2023 | ⬤ 229 (7 pgs) | BNC Certificate of Mailing. (Related document(s):213 Notice of Filing of Official Transcript (Form)) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
| 02/01/2023 | ⬤ 230 (7 pgs) | BNC Certificate of Mailing. (Related document(s):194 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
| 02/01/2023 | ⬤ 231 (7 pgs) | BNC Certificate of Mailing. (Related document(s):195 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
| 02/01/2023 | ⬤ 232 (7 pgs) | BNC Certificate of Mailing. (Related document(s):197 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
| 02/01/2023 | ⬤ 233 (7 pgs) | BNC Certificate of Mailing. (Related document(s):198 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
| 02/01/2023 | ⬤ 234 (7 pgs) | BNC Certificate of Mailing. (Related document(s):199 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
| 02/01/2023 | ⬤ 235 (7 pgs) | BNC Certificate of Mailing. (Related document(s):200 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
| 02/01/2023 | ⬤ 236 (7 pgs) | BNC Certificate of Mailing. (Related document(s):201 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
| 02/01/2023 | ⬤ 237 (7 pgs) | BNC Certificate of Mailing. (Related document(s):202 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
| 02/01/2023 | ⬤ 238 (7 pgs) | BNC Certificate of Mailing. (Related document(s):203 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
| 02/01/2023 | ⬤ 239 (7 pgs) | BNC Certificate of Mailing. (Related document(s):204 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |

200434.4146

| 02/01/2023 | 240 (7 pgs) | BNC Certificate of Mailing. (Related document(s):205 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
|---|---|---|
| 02/01/2023 | 241 (7 pgs) | BNC Certificate of Mailing. (Related document(s):206 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
| 02/01/2023 | 242 (7 pgs) | BNC Certificate of Mailing. (Related document(s):207 Order on Motion to Appear pro hac vice) No. of Notices: 14. Notice Date 02/01/2023. (Admin.) (Entered: 02/01/2023) |
| 02/02/2023 | 243 (3 pgs) | Notice *of Change of Firm Name*. Filed by Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 02/02/2023) |
| 02/02/2023 | 244 (1 pg) | Motion to Appear pro hac vice *of Alison B. Miller*. Filed by Creditors LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LXM XXV LTD. (Miller, Alison) (Entered: 02/02/2023) |
| 02/02/2023 | 245 (7 pgs) | BNC Certificate of Mailing. (Related document(s):222 Order on Motion to Appear pro hac vice) No. of Notices: 18. Notice Date 02/02/2023. (Admin.) (Entered: 02/02/2023) |
| 02/02/2023 | 246 (7 pgs) | BNC Certificate of Mailing. (Related document(s):223 Order on Motion to Appear pro hac vice) No. of Notices: 18. Notice Date 02/02/2023. (Admin.) (Entered: 02/02/2023) |
| 02/02/2023 | 247 (7 pgs) | BNC Certificate of Mailing. (Related document(s):224 Order on Motion to Appear pro hac vice) No. of Notices: 18. Notice Date 02/02/2023. (Admin.) (Entered: 02/02/2023) |
| 02/02/2023 | 267 (7 pgs) | Order (I) Scheduling Certain Hearing Dates and Deadlines, (II) Establishing Certain Protocols in Connection With Such Hearings, and (III) Granting Related Relief Signed on 2/2/2023 (AlbertAlonzo) (Entered: 02/08/2023) |
| 02/03/2023 | 248 (9 pgs) | Debtors Master Service List (Filed By Epiq Corporate Restructuring, LLC ). (Garabato, Sid) (Entered: 02/03/2023) |
| 02/03/2023 | 249 (52 pgs; 4 docs) | Application *of Debtors For Authority to Retain and Employ Weil, Gotshal & Manges LLP as Attorneys For Debtors Effective as of Petition Date* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Shrock Declaration # 2 Exhibit B - Linker Declaration # 3 Exhibit C - Proposed Order) (Morgan, Gabriel) (Entered: 02/03/2023) |
| 02/03/2023 | 250 (81 pgs; 3 docs) | Application *of Debtors For Authority to Retain and Employ Evercore Group L.L.C. as Investment Banker Effective as of The Petition Date* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Shah Declaration # 2 Exhibit B - Proposed Order) (Morgan, Gabriel) (Entered: 02/03/2023) |
| 02/03/2023 | 251 (92 pgs; 4 docs) | Application *of Debtors For Entry of Order (I) Authorizing Retention and Employment of FTI Consulting, Inc. as Financial Advisor Effective as of The Petition Date and (II) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Engagement* |

| | | |
|---|---|---|
| | | Letter # 2 Exhibit B - Emrikian Declaration # 3 Exhibit C - Proposed Order) (Morgan, Gabriel) (Entered: 02/03/2023) |
| 02/03/2023 | ● 252 (17 pgs; 2 docs) | Motion *of Debtors to Establish Procedures For Interim Compensation and Reimbursement of Expenses For Professionals* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 02/03/2023) |
| 02/03/2023 | ● 253 (115 pgs; 6 docs) | Application *for an Order Authorizing the Retention and Employment of PricewaterhouseCoopers LLP as Audit and Tax Consulting Services Provider to the Debtors, Effective as of the Petition Date* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Morgan, Gabriel) (Entered: 02/03/2023) |
| 02/06/2023 | ● 254 (4 pgs) | Notice of Appearance and Request for Notice Filed by Christopher Dylla Filed by on behalf of Texas Comptroller of Public Accounts, Revenue Accounting Division (Dylla, Christopher) (Entered: 02/06/2023) |
| 02/06/2023 | ● 255 (16 pgs) | Objection (related document(s):18 Emergency Motion). Filed by Symmetry Energy Solutions, LLC, Salt River Project, Georgia Power Company, Yankee Gas Services Company, The Connecticut Light & Power Company, AEP Energy, Inc. (Moore, Weldon) (Entered: 02/06/2023) |
| 02/06/2023 | ● 256 (1 pg) | Motion to Appear pro hac vice *of Andrew N. Goldman*. Filed by Interested Party Wilmington Savings Fund Society, FSB (Goldman, Andrew) (Entered: 02/06/2023) |
| 02/06/2023 | ● 257 (1 pg) | Motion to Appear pro hac vice *of Benjamin W. Loveland*. Filed by Interested Party Wilmington Savings Fund Society, FSB (Loveland, Benjamin) (Entered: 02/06/2023) |
| 02/06/2023 | ● 258 (3 pgs) | Notice of Appearance and Request for Notice Filed by Wilmington Savings Fund Society, FSB (Goldman, Andrew) (Entered: 02/06/2023) |
| 02/06/2023 | ● 259 (2 pgs) | Affidavit Re: *Verification of Publication of USA Today* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):104 Order on Emergency Motion) (Garabato, Sid) (Entered: 02/06/2023) |
| 02/06/2023 | ● 260 (2 pgs) | Affidavit Re: *Verification of Publication of USA Today* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):187 Notice) (Garabato, Sid) (Entered: 02/06/2023) |
| 02/06/2023 | ● 261 (2 pgs) | Affidavit Re: *Verification of Publication of USA Today* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):108 Order Setting Hearing) (Garabato, Sid) (Entered: 02/06/2023) |
| 02/07/2023 | ● 262 (3 pgs) | Notice of Appearance and Request for Notice Filed by Kyle S. Hirsch Filed by on behalf of XTRA Lease LLC (Hirsch, Kyle) (Entered: 02/07/2023) |
| 02/07/2023 | ● 263 (1 pg) | Motion to Appear pro hac vice . Filed by Creditor Maricopa County Treasurer (Muthig, Klaus) (Entered: 02/07/2023) |

| 02/07/2023 | ● 264<br>(1 pg) | Notice of Appearance and Request for Notice Filed by Steven A Ginther Filed by on behalf of Missouri Department of Revenue (Ginther, Steven) (Entered: 02/07/2023) |
|---|---|---|
| 02/07/2023 | ● 265<br>(3 pgs) | Objection *To Interim Order (I) Authorizing Debtors To (A) Obtain Postpetition Financing And (B) Use Cash Collateral, (II) Granting (A) Liens And Providing Superpriority Administrative Expense Status And (B) Adequate Protection To Certain Prepetition Lenders, (III) Modifying Automatic Stay, (IV) Scheduling A Final Hearing And (V) Granting Related Relief.* Filed by Maricopa County Treasurer (Muthig, Klaus) (Entered: 02/07/2023) |
| 02/07/2023 | ● 266<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Mark Alan Platt Filed by on behalf of Premier Trailers, LLC d/b/a Premier Trailer Leasing (Platt, Mark) (Entered: 02/07/2023) |
| 02/08/2023 | ● 268<br>(5 pgs) | Notice *of Hearing to Consider Approval of Disclosure Statement for Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors.* Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 02/08/2023) |
| 02/08/2023 | ● 269<br>(11 pgs) | Affidavit Re: *by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):249 Generic Application, 250 Generic Application, 251 Generic Application, 252 Generic Motion, 253 Generic Application) (Garabato, Sid) (Entered: 02/08/2023) |
| 02/09/2023 | ● 270<br>(5 pgs; 2 docs) | Notice *of Reclamation Demand.* Filed by KKGF, LLC d/b/a United Textiles and Components (Attachments: # 1 Exhibit 1) (Callahan, William) (Entered: 02/09/2023) |
| 02/09/2023 | ● 271<br>(840 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):47 Generic Order, 104 Order on Emergency Motion, 187 Notice) (Garabato, Sid) (Entered: 02/09/2023) |
| 02/09/2023 | ● 272<br>(1 pg) | Motion to Appear pro hac vice *William E. Callahan, Jr..* Filed by Creditor Carpenter Company (Callahan, William) (Entered: 02/09/2023) |
| 02/09/2023 | ● 273<br>(3 pgs) | Statement *Pursuant to Rule 2019 F.R.B.P.* (Filed By AEP Energy, Inc., Georgia Power Company, Salt River Project, Symmetry Energy Solutions, LLC, The Connecticut Light & Power Company ). (Moore, Weldon) (Entered: 02/09/2023) |
| 02/09/2023 | ● 274<br>(3 pgs) | Notice of Appointment of Creditors' Committee (Whitworth, Jana) (Entered: 02/09/2023) |
| 02/09/2023 | ● 275<br>(2 pgs) | Notice *The United States Trustee's Notice of Organizational Meeting of the Official Unsecured Creditors' Committee - to be conducted via telephone on Monday, February 13, 2023 at 11:00 a.m. (Central Standard Time).* Filed by US Trustee (Whitworth, Jana) (Entered: 02/09/2023) |
| 02/09/2023 | ● 276<br>(8 pgs) | Affidavit Re: *by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):267 Generic Order) (Garabato, Sid) (Entered: 02/09/2023) |

| 02/10/2023 | ● 277 (1 pg) | Motion to Appear pro hac vice *of Gregg M. Galardi*. Filed by Interested Party Advent International Corporation, on behalf of itself and funds managed by it (Galardi, Gregg) (Entered: 02/10/2023) |
|---|---|---|
| 02/10/2023 | ● 278 (1 pg) | Motion to Appear pro hac vice *of Jeramy D. Webb*. Filed by Interested Party Advent International Corporation, on behalf of itself and funds managed by it (Galardi, Gregg) (Entered: 02/10/2023) |
| 02/10/2023 | ● 279 (1 pg) | Motion to Appear pro hac vice *of Amanda C. Glaubach*. Filed by Interested Party Advent International Corporation, on behalf of itself and funds managed by it (Galardi, Gregg) (Entered: 02/10/2023) |
| 02/10/2023 | ● 280 (10 pgs) | Debtors Master Service List (Filed By Epiq Corporate Restructuring, LLC ). (Garabato, Sid) (Entered: 02/10/2023) |
| 02/10/2023 | ● 281 (1 pg) | Motion to Appear pro hac vice *Adam B. Nach*. Filed by Creditor Shippers Preferred Express, Inc. (Nach, Adam) (Entered: 02/10/2023) |
| 02/10/2023 | ● 282 (1 pg) | Motion to Appear pro hac vice *Kristofer R. McDonald*. Filed by Creditor Shippers Preferred Express, Inc. (McDonald, Kristofer) (Entered: 02/10/2023) |
| 02/10/2023 | ● 283 (1 pg) | Order Granting Motion To Appear pro hac vice - Alison B. Miller (Related Doc # 244) Signed on 2/10/2023. (ElizabethMiller) (Entered: 02/10/2023) |
| 02/10/2023 | ● 284 (1 pg) | Order Granting Motion To Appear pro hac vice - Peter Muthig (Related Doc # 263) Signed on 2/10/2023. (ElizabethMiller) (Entered: 02/10/2023) |
| 02/10/2023 | ● 285 (1 pg) | Order Granting Motion To Appear pro hac vice - Andrew N. Goldman (Related Doc # 256) Signed on 2/10/2023. (ElizabethMiller) (Entered: 02/10/2023) |
| 02/10/2023 | ● 286 (1 pg) | Order Granting Motion To Appear pro hac vice - Benjamin W. Loveland (Related Doc # 257) Signed on 2/10/2023. (ElizabethMiller) (Entered: 02/10/2023) |
| 02/10/2023 | ● 287 (1 pg) | Motion to Appear pro hac vice . Filed by Interested Party Ad Hoc Equity Group (Simpson, Christopher) (Entered: 02/10/2023) |
| 02/10/2023 | ● 288 (3 pgs) | Notice of Appearance and Request for Notice Filed by Christopher C Simpson Filed by on behalf of Ad Hoc Equity Group (Simpson, Christopher) (Entered: 02/10/2023) |
| 02/10/2023 | ● 289 (6 pgs) | Statement *Verified Statement of the Ad Hoc Equity Group Pursuant to Bankruptcy Rule 2019* (Filed By Ad Hoc Equity Group ). (Simpson, Christopher) (Entered: 02/10/2023) |
| 02/10/2023 | ● 290 (6 pgs; 2 docs) | Notice *Notice of Compliance with Procedures for Notice of Substantial Stock Ownership*. (Related document(s):108 Order Setting Hearing) Filed by Ad Hoc Equity Group (Attachments: # 1 Exhibit A) (Simpson, Christopher) (Entered: 02/10/2023) |

| 02/10/2023 | ● 291<br>(6 pgs; 2 docs) | Notice *Notice of Compliance with Procedures for Notice of Substantial Stock Ownership*. (Related document(s):108 Order Setting Hearing) Filed by Ad Hoc Equity Group (Attachments: # 1 Exhibit A) (Simpson, Christopher) (Entered: 02/10/2023) |
|---|---|---|
| 02/10/2023 | ● 292<br>(16 pgs) | BNC Certificate of Mailing. (Related document(s):267 Generic Order) No. of Notices: 26. Notice Date 02/10/2023. (Admin.) (Entered: 02/10/2023) |
| 02/11/2023 | ● 293<br>(43 pgs; 3 docs) | Notice *of Reclamation Demand by Elite Comfort Solutions, LLC*. Filed by Elite Comfort Solutions, LLC (Attachments: # 1 Exhibit A # 2 Exhibit B) (Judd, T.) (Entered: 02/11/2023) |
| 02/11/2023 | ● 294<br>(16 pgs; 4 docs) | Notice *of Reclamation Demand by Hanes Companies, Inc.*. Filed by Hanes Companies, Inc. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Judd, T.) (Entered: 02/11/2023) |
| 02/11/2023 | ● 295<br>(19 pgs; 3 docs) | Notice *of Reclamation Demand by Leggett & Platt, Incorporated*. Filed by Leggett & Platt, Incorporated (Attachments: # 1 Exhibit A # 2 Exhibit B) (Judd, T.) (Entered: 02/11/2023) |
| 02/11/2023 | ● 296<br>(1 pg) | Order Granting Motion To Appear pro hac vice - William E. Callahan, Jr. (Related Doc # 272) Signed on 2/11/2023. (ElizabethMiller) (Entered: 02/11/2023) |
| 02/11/2023 | ● 297<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Gregg M. Galardi (Related Doc # 277) Signed on 2/11/2023. (ElizabethMiller) (Entered: 02/11/2023) |
| 02/11/2023 | ● 298<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Jeramy D. Webb (Related Doc # 278) Signed on 2/11/2023. (ElizabethMiller) (Entered: 02/11/2023) |
| 02/11/2023 | ● 299<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Amanda C. Glaubach (Related Doc # 279) Signed on 2/11/2023. (ElizabethMiller) (Entered: 02/11/2023) |
| 02/11/2023 | ● 300<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Adam B. Nach (Related Doc # 281) Signed on 2/11/2023. (ElizabethMiller) (Entered: 02/11/2023) |
| 02/11/2023 | ● 301<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Kristofer R. McDonald (Related Doc # 282) Signed on 2/11/2023. (ElizabethMiller) (Entered: 02/11/2023) |
| 02/11/2023 | ● 302<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Christopher C. Simpson (Related Doc # 287) Signed on 2/11/2023. (ElizabethMiller) (Entered: 02/11/2023) |
| 02/12/2023 | ● 303<br>(10 pgs) | BNC Certificate of Mailing. (Related document(s):283 Order on Motion to Appear pro hac vice) No. of Notices: 27. Notice Date 02/12/2023. (Admin.) (Entered: 02/12/2023) |
| 02/12/2023 | ● 304<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):284 Order on Motion to Appear pro hac vice) No. of Notices: 27. Notice Date 02/12/2023. |

| | | |
|---|---|---|
| | | (Admin.) (Entered: 02/12/2023) |
| 02/12/2023 | ⬤305<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):285 Order on Motion to Appear pro hac vice) No. of Notices: 27. Notice Date 02/12/2023. (Admin.) (Entered: 02/12/2023) |
| 02/12/2023 | ⬤306<br>(10 pgs) | BNC Certificate of Mailing. (Related document(s):286 Order on Motion to Appear pro hac vice) No. of Notices: 27. Notice Date 02/12/2023. (Admin.) (Entered: 02/12/2023) |
| 02/13/2023 | ⬤307<br>(2 pgs) | Notice *of Substantial Stock Ownership of Advent International GPE VI-A Limited Partnership.* (Related document(s):21 Emergency Motion, 108 Order Setting Hearing) Filed by Advent International Corporation, on behalf of itself and funds managed by it (Galardi, Gregg) (Entered: 02/13/2023) |
| 02/13/2023 | ⬤308<br>(2 pgs) | Notice *of Substantial Stock Ownership of Advent International GPE VI Limited Partnership.* (Related document(s):21 Emergency Motion, 108 Order Setting Hearing) Filed by Advent International Corporation, on behalf of itself and funds managed by it (Galardi, Gregg) (Entered: 02/13/2023) |
| 02/13/2023 | ⬤309<br>(2 pgs) | Notice *of Substantial Stock Ownership of Advent International GPE VII-B Limited Partnership.* (Related document(s):21 Emergency Motion, 108 Order Setting Hearing) Filed by Advent International Corporation, on behalf of itself and funds managed by it (Galardi, Gregg) (Entered: 02/13/2023) |
| 02/13/2023 | ⬤310<br>(2 pgs) | Notice *of Substantial Stock Ownership of Advent International GPE VII-E Limited Partnership.* (Related document(s):21 Emergency Motion, 108 Order Setting Hearing) Filed by Advent International Corporation, on behalf of itself and funds managed by it (Galardi, Gregg) (Entered: 02/13/2023) |
| 02/13/2023 | ⬤311<br>(3 pgs) | Statement *Pursuant to Rule 2019 of F.R.B.P.* (Filed By AEP Energy, Inc., Georgia Power Company, Salt River Project, Symmetry Energy Solutions, LLC, The Connecticut Light & Power Company, Yankee Gas Services Company ). (Moore, Weldon) (Entered: 02/13/2023) |
| 02/13/2023 | ⬤312<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Donald K Ludman Filed by on behalf of SAP America, Inc. (Ludman, Donald) (Entered: 02/13/2023) |
| 02/13/2023 | ⬤313<br>(1 pg) | Motion to Appear pro hac vice *for Donald K. Ludman, Esquire.* Filed by Creditor SAP America, Inc. (Ludman, Donald) (Entered: 02/13/2023) |
| 02/13/2023 | ⬤314<br>(1 pg) | Motion to Appear pro hac vice *for Julie F. Montgomery, Esquire.* Filed by Creditor SAP America, Inc. (Montgomery, Julia) (Entered: 02/13/2023) |
| 02/13/2023 | ⬤315<br>(4 pgs) | Notice of Appearance and Request for Notice Filed by Autumn D Highsmith Filed by on behalf of Texas Comptroller of Public Accounts, Unclaimed Property Division (Highsmith, Autumn) (Entered: 02/13/2023) |

| | | |
|---|---|---|
| 02/13/2023 | 316 (2 pgs) | Notice of Appearance and Request for Notice Filed by Adam B Nach Filed by on behalf of Shippers Preferred Express, Inc. (Nach, Adam) (Entered: 02/13/2023) |
| 02/14/2023 | 317 (4 pgs) | Objection *(Joinder)* (related document(s):18 Emergency Motion). Filed by Florida Power & Light Company (Moore, Weldon) (Entered: 02/14/2023) |
| 02/14/2023 | 318 (1 pg) | Order Granting Motion To Appear pro hac vice - Donald K. Ludman (Related Doc # 313) Signed on 2/14/2023. (ElizabethMiller) (Entered: 02/14/2023) |
| 02/14/2023 | 319 (1 pg) | Order Granting Motion To Appear pro hac vice - Julie F. Montgomery (Related Doc # 314) Signed on 2/14/2023. (ElizabethMiller) (Entered: 02/14/2023) |
| 02/14/2023 | 320 (1 pg) | Motion to Appear pro hac vice *C. Lee Wilson*. Filed by Creditor Ad Hoc Priority Lender Group (Ruzinsky, Bruce) (Entered: 02/14/2023) |
| 02/14/2023 | 321 (3 pgs) | Notice *of United States Trustee of Reconstituted Committee of Unsecured Creditors*. Filed by US Trustee (Whitworth, Jana) (Entered: 02/14/2023) |
| 02/15/2023 | 322 (4 pgs) | Notice of Appearance and Request for Notice Filed by Sean Thomas Wilson Filed by on behalf of Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 02/15/2023) |
| 02/15/2023 | 323 (1 pg) | Motion to Appear pro hac vice *Eric R. Wilson of Kelley Drye & Warren LLP*. Filed by Creditor Committee Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 02/15/2023) |
| 02/15/2023 | 324 (1 pg) | Motion to Appear pro hac vice *Jason R. Adams of Kelley Drye & Warren LLP*. Filed by Creditor Committee Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 02/15/2023) |
| 02/15/2023 | 325 (1 pg) | Motion to Appear pro hac vice *Lauren S. Schlussel of Kelley Drye & Warren LLP*. Filed by Creditor Committee Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 02/15/2023) |
| 02/15/2023 | 326 (1 pg) | Order Granting Motion To Appear pro hac vice - C. Lee Wilson (Related Doc # 320) Signed on 2/15/2023. (ElizabethMiller) (Entered: 02/15/2023) |
| 02/15/2023 | 327 (1 pg) | Order Granting Motion To Appear pro hac vice - Eric R. Wilson (Related Doc # 323) Signed on 2/15/2023. (ElizabethMiller) (Entered: 02/15/2023) |
| 02/15/2023 | 328 (1 pg) | Order Granting Motion To Appear pro hac vice - Jason R. Adams (Related Doc # 324) Signed on 2/15/2023. (ElizabethMiller) (Entered: 02/15/2023) |
| 02/15/2023 | 329 (1 pg) | Order Granting Motion To Appear pro hac vice - Lauren S. Schlussel (Related Doc # 325) Signed on 2/15/2023. (ElizabethMiller) (Entered: 02/15/2023) |

| | | |
|---|---|---|
| 02/15/2023 | ● 330<br>(10 pgs) | BNC Certificate of Mailing. (Related document(s):296 Order on Motion to Appear pro hac vice) No. of Notices: 28. Notice Date 02/15/2023. (Admin.) (Entered: 02/15/2023) |
| 02/15/2023 | ● 331<br>(10 pgs) | BNC Certificate of Mailing. (Related document(s):297 Order on Motion to Appear pro hac vice) No. of Notices: 28. Notice Date 02/15/2023. (Admin.) (Entered: 02/15/2023) |
| 02/15/2023 | ● 332<br>(10 pgs) | BNC Certificate of Mailing. (Related document(s):298 Order on Motion to Appear pro hac vice) No. of Notices: 28. Notice Date 02/15/2023. (Admin.) (Entered: 02/15/2023) |
| 02/15/2023 | ● 333<br>(10 pgs) | BNC Certificate of Mailing. (Related document(s):299 Order on Motion to Appear pro hac vice) No. of Notices: 28. Notice Date 02/15/2023. (Admin.) (Entered: 02/15/2023) |
| 02/15/2023 | ● 334<br>(10 pgs) | BNC Certificate of Mailing. (Related document(s):300 Order on Motion to Appear pro hac vice) No. of Notices: 28. Notice Date 02/15/2023. (Admin.) (Entered: 02/15/2023) |
| 02/15/2023 | ● 335<br>(10 pgs) | BNC Certificate of Mailing. (Related document(s):301 Order on Motion to Appear pro hac vice) No. of Notices: 28. Notice Date 02/15/2023. (Admin.) (Entered: 02/15/2023) |
| 02/15/2023 | ● 336<br>(10 pgs) | BNC Certificate of Mailing. (Related document(s):302 Order on Motion to Appear pro hac vice) No. of Notices: 28. Notice Date 02/15/2023. (Admin.) (Entered: 02/15/2023) |
| 02/16/2023 | ● 337<br>(13 pgs) | Objection *Objection of the Ad Hoc Equity Group to Debtors' Emergency Motion Pursuant to Sections 362 and 105(a) of the Bankruptcy Code for Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors, and (B) Claiming of Certain Worthless Stock Deductions* (related document(s):21 Emergency Motion). Filed by Ad Hoc Equity Group (Simpson, Christopher) (Entered: 02/16/2023) |
| 02/16/2023 | ● 338<br>(8 pgs; 2 docs) | Notice *of Reclamation Demand*. Filed by Carpenter Company (Attachments: # 1 Exhibit 1) (Callahan, William) (Entered: 02/16/2023) |
| 02/16/2023 | ● 339<br>(3 pgs) | Affidavit Re: *Service of Notices of Substantial Ownership* (Filed By Advent International Corporation, on behalf of itself and funds managed by it ).(Related document(s):308 Notice, 309 Notice, 310 Notice, 311 Statement) (Galardi, Gregg) (Entered: 02/16/2023) |
| 02/16/2023 | ● 340<br>(10 pgs) | BNC Certificate of Mailing. (Related document(s):318 Order on Motion to Appear pro hac vice) No. of Notices: 29. Notice Date 02/16/2023. (Admin.) (Entered: 02/16/2023) |
| 02/16/2023 | ● 341<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):319 Order on Motion to Appear pro hac vice) No. of Notices: 29. Notice Date 02/16/2023. (Admin.) (Entered: 02/16/2023) |
| 02/17/2023 | ● 342<br>(1 pg) | Notice of Appearance and Request for Notice Filed by Stephen R. Butler Filed by on behalf of TN Dept of Revenue (Butler, Stephen) (Entered: 02/17/2023) |

| | | |
|---|---|---|
| 02/17/2023 | ⬤343<br>(134 pgs; 2 docs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Debtors' Exhibit No. 1) (Morgan, Gabriel) (Entered: 02/17/2023) |
| 02/17/2023 | ⬤344<br>(807 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):268 Notice) (Garabato, Sid) (Entered: 02/17/2023) |
| 02/17/2023 | ⬤345<br>(10 pgs) | Debtors Master Service List (Filed By Epiq Corporate Restructuring, LLC ). (Garabato, Sid) (Entered: 02/17/2023) |
| 02/17/2023 | ⬤346<br>(2 pgs) | Notice *of Withdrawal of Objection*. (Related document(s):255 Objection, 317 Objection) Filed by AEP Energy, Inc., Florida Power & Light Company, Georgia Power Company, Salt River Project, Symmetry Energy Solutions, LLC, The Connecticut Light & Power Company, Yankee Gas Services Company (Moore, Weldon) (Entered: 02/17/2023) |
| 02/17/2023 | ⬤347<br>(12 pgs; 2 docs) | Objection *The Ad Hoc Group of First Lien Lenders' Limited Objection to Debtors' Motion for a Final Order Authorizing the Debtors to Obtain Post-Petition Financing* (related document(s):11 Emergency Motion). Filed by Ad Hoc Group of First Lien Lenders (Attachments: # 1 Exhibit A) (Higgins, John) (Entered: 02/17/2023) |
| 02/17/2023 | ⬤348<br>(8 pgs) | Objection *of LCM Lenders to Debtors' Motion for a Final Order Authorizing the Debtors to Obtain Post-Petition Financing* (related document(s):11 Emergency Motion). Filed by LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XIII Limited Partnership, LCM XIV Limited Partnership, LCM XIX Limited Partnership, LCM XV Limited Partnership, LCM XVI Limited Partnership, LCM XVII Limited Partnership, LCM XVIII Limited Partnership, LCM XX Limited Partnership, LCM XXI Limited Partnership, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LXM XXV LTD. (Sparacino, John) (Entered: 02/17/2023) |
| 02/17/2023 | ⬤349<br>(182 pgs; 2 docs) | Motion *of Debtors for Entry of Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures; (III) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan; (IV) Approving Notice Procedures for the Assumption or Rejection of Executory Contracts and Unexpired Leases; and (V) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 02/17/2023) |
| 02/17/2023 | ⬤350<br>(13 pgs) | BNC Certificate of Mailing. (Related document(s):326 Order on Motion to Appear pro hac vice) No. of Notices: 29. Notice Date 02/17/2023. (Admin.) (Entered: 02/17/2023) |
| 02/17/2023 | ⬤351<br>(13 pgs) | BNC Certificate of Mailing. (Related document(s):327 Order on Motion to Appear pro hac vice) No. of Notices: 29. Notice Date 02/17/2023. (Admin.) (Entered: 02/17/2023) |
| 02/17/2023 | ⬤352<br>(13 pgs) | BNC Certificate of Mailing. (Related document(s):328 Order on Motion to Appear pro hac vice) No. of Notices: 29. Notice Date 02/17/2023. (Admin.) (Entered: 02/17/2023) |

| | | |
|---|---|---|
| 02/17/2023 | ⬤ 353<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):329 Order on Motion to Appear pro hac vice) No. of Notices. 29. Notice Date 02/17/2023. (Admin.) (Entered: 02/17/2023) |
| 02/20/2023 | ⬤ 354<br>(3 pgs) | Notice *of Cancellation of Hearing Scheduled for February 21, 2023 at 12:00 P.M. (Central Time)*. (Related document(s):18 Emergency Motion, 107 Order Setting Hearing) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 02/20/2023) |
| 02/21/2023 | ⬤ 355<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by AmTrust North America, Inc. on behalf of Wesco Insurance Company (Hochheiser, Alan) (Entered: 02/21/2023) |
| 02/21/2023 | ⬤ 356<br>(4 pgs) | Notice *of Rescheduling of Hearing Date to March 1, 2023 at 1:00 p.m. (Central Time)*. (Related document(s):211 Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 02/21/2023) |
| 02/21/2023 | ⬤ | Certificate of Email Notice. Contacted Gabe Morgan. Movant to notice all interested parties and file a certificate of service with the court (Related document(s):11 Emergency Motion, 14 Emergency Motion, 21 Emergency Motion) **Hybrid Hearing rescheduled for 3/1/2023 at 01:00 PM**(DRJ). (AlbertAlonzo) (Entered: 02/21/2023) |
| 02/21/2023 | ⬤ 357<br>(20 pgs; 3 docs) | Certificate of No Objection *of Revised Proposed Final Order (I) Authorizing Debtors to Pay (A) Critical Vendor Claims, (B) Lien Claims, (C) 503(b)(9) Claims, and (D) Certain Royalties; and (II) Granting Related Relief* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):14 Emergency Motion, 106 Order Setting Hearing) (Attachments: # 1 Exhibit A - Revised Proposed Final Order # 2 Exhibit B) (Morgan, Gabriel) (Entered: 02/21/2023) |
| 02/21/2023 | ⬤ 363<br>(4 pgs) | Notice of Appearance and Request for Notice Filed by Cameron M. Thierry (SierraThomasAnderson) (Entered: 02/23/2023) |
| 02/21/2023 | ⬤ 364<br>(288 pgs) | Notice *of Motion for Relief from Stay and Opportunity for Hearing or to Object.* Filed by Cameron Thierry (DarleneHansen) (Entered: 02/23/2023) |
| 02/22/2023 | ⬤ 358<br>(15 pgs) | Objection *Official Committe of Unsecured Creditors Limited Objection to Debtors' Motion for Entry of a Final Order Authorizing the Debtors to Obtain Postpetition Financing, Use of Cash Collateral and Granting Related Relief* (related document(s):11 Emergency Motion). Filed by Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 02/22/2023) |
| 02/22/2023 | ⬤ 359<br>(2 pgs) | Creditor Request for Notices (Filed By Oracle America, Inc. ). (Christianson, Shawn) (Entered: 02/22/2023) |
| 02/22/2023 | ⬤ 360<br>(21 pgs) | Affidavit Re: *by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):356 Notice) (Garabato, Sid) (Entered: 02/22/2023) |
| 02/22/2023 | ⬤ 361<br>(16 pgs) | Affidavit Re: *Supplemental Affidavit by Diane Streany* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):47 Generic Order, |

| | | |
|---|---|---|
| | | 104 Order on Emergency Motion, 187 Notice) (Garabato, Sid) (Entered: 02/22/2023) |
| 02/22/2023 | 362 (30 pgs; 3 docs) | Certificate of No Objection *of Revised Proposed Order Authorizing Debtors to Employ Professionals Used in Ordinary Course of Business Effective as of Petition Date* (Filed By Serta Simmons Bedding, LLC ). (Related document(s):196 Generic Motion) (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Redline) (Morgan, Gabriel) (Entered: 02/22/2023) |
| 02/23/2023 | 365 (3 pgs) | Notice of Appearance and Request for Notice Filed by Chante Westmoreland Filed by on behalf of HP Assembly I, LLC (Westmoreland, Chante) (Entered: 02/23/2023) |
| 02/24/2023 | 366 (7 pgs) | Affidavit Re: *by Angela Chachoff* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):349 Generic Motion) (Garabato, Sid) (Entered: 02/24/2023) |
| 02/24/2023 | 367 (11 pgs) | Debtors Master Service List (Filed By Epiq Corporate Restructuring, LLC ). (Garabato, Sid) (Entered: 02/24/2023) |
| 02/26/2023 | 368 (17 pgs) | Order Signed on 2/26/2023 (Related document(s):196 Generic Motion, 362 Certificate of No Objection) (AlbertAlonzo) (Entered: 02/26/2023) |
| 02/26/2023 | 369 (7 pgs) | Order (Related Doc # 14) Signed on 2/26/2023. (AlbertAlonzo) (Entered: 02/26/2023) |
| 02/27/2023 | 370 (3 pgs) | Witness List, Exhibit List (Filed By LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XIII Limited Partnership, LCM XIV Limited Partnership, LCM XIX Limited Partnership, LCM XV Limited Partnership, LCM XVI Limited Partnership, LCM XVII Limited Partnership, LCM XVIII Limited Partnership, LCM XX Limited Partnership, LCM XXI Limited Partnership, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LXM XXV LTD. ).(Related document(s):11 Emergency Motion, 356 Notice) (Sparacino, John) (Entered: 02/27/2023) |
| 02/27/2023 | 371 (396 pgs; 8 docs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Debtors' Exhibit No. 1 # 2 Debtors' Exhibit No. 2 # 3 Debtors' Exhibit No. 3 # 4 Debtors' Exhibit No. 4 # 5 Debtors' Exhibit No. 5 # 6 Debtors' Exhibit No. 6 # 7 Debtors' Exhibit No. 7) (Morgan, Gabriel) (Entered: 02/27/2023) |
| 02/27/2023 | 372 (907 pgs) | Witness List (Filed By Official Committee Of Unsecured Creditors ). (Related document(s):358 Objection) (Wilson, Sean) (Entered: 02/27/2023) |
| 02/27/2023 | 373 (4 pgs) | Witness List, Exhibit List (Filed By Ad Hoc Priority Lender Group ). (Ruzinsky, Bruce) (Entered: 02/27/2023) |
| 02/27/2023 | 374 (3 pgs) | Witness List, Exhibit List (Filed By Ad Hoc Group of First Lien Lenders ). (Higgins, John) (Entered: 02/27/2023) |
| 02/27/2023 | 375 (164 pgs; 4 docs) | Reply */Debtor's Omnibus Reply to Objections to DIP Motion (Related Documents 11, 109, 265, 347, 348, 358).* Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Redline # 3 Exhibit C) (Morgan, Gabriel) (Entered: 02/27/2023) |

| 02/27/2023 | ⬤376<br>(15 pgs) | Reply *Ad Hoc Priority Lender Group's Reply in Support of Debtors' Motion for a Final Order Authorizing the Debtors to Obtain Postpetition Financing* (related document(s):11 Emergency Motion). Filed by Ad Hoc Priority Lender Group (Ruzinsky, Bruce) (Entered: 02/27/2023) |
|---|---|---|
| 02/27/2023 | ⬤378<br>(1 pg) | Letter from Ike McLarin requesting to be put on a payment plan. (DarleneHansen) (Entered: 02/28/2023) |
| 02/28/2023 | ⬤377<br>(2 pgs) | Notice *Notice of Withdrawal of Objection of the Ad Hoc Equity Group to Debtors' Emergency Motion Pursuant to Sections 362 and 105(a) of the Bankruptcy Code for Interim and Final Orders Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors, and (B) Claiming of Certain Worthless Stock Deductions.* (Related document(s):337 Objection) Filed by Ad Hoc Equity Group (Simpson, Christopher) (Entered: 02/28/2023) |
| 02/28/2023 | ⬤379<br>(42 pgs; 3 docs) | Agreed Order and Certificate of Counsel (Filed By Serta Simmons Bedding, LLC ).(Related document(s):21 Emergency Motion, 108 Order Setting Hearing, 337 Objection) (Attachments: # 1 Exhibit A - Revised Proposed Final Order # 2 Exhibit B) (Morgan, Gabriel) (Entered: 02/28/2023) |
| 02/28/2023 | ⬤380<br>(2 pgs) | Notice *Of Withdrawal Of Maricopa County Treasurers Objection To Interim Order (I) Authorizing Debtors To (A) Obtain Postpetition Financing And (B) Use Cash Collateral, (II) Granting (A) Liens And Providing Superpriority Administrative Expense Status And (B) Adequate Protection To Certain Prepetition Lenders, (III) Modifying Automatic Stay, (IV) Scheduling A Final Hearing And (V) Granting Related Relief.* (Related document(s):265 Objection) Filed by Maricopa County Treasurer (Muthig, Klaus) (Entered: 02/28/2023) |
| 02/28/2023 | ⬤381<br>(6 pgs) | Agenda for Hearing on 3/1/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 02/28/2023) |
| 02/28/2023 | ⬤382<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Steven W Soule Filed by on behalf of Kodiak Transportation, LLC (Soule, Steven) (Entered: 02/28/2023) |
| 02/28/2023 | ⬤383<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Howard C Rubin Filed by on behalf of LIT Gateway Portfolio, Fallbrook Pines Phase I, LLC (Rubin, Howard) (Entered: 02/28/2023) |
| 02/28/2023 | ⬤384<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Daniel P Callahan Filed by on behalf of Fallbrook Pines Phase I, LLC, LIT Gateway Portfolio (Callahan, Daniel) (Entered: 02/28/2023) |
| 02/28/2023 | ⬤385<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Anthony J. Barbieri Filed by on behalf of Fallbrook Pines Phase I, LLC, LIT Gateway Portfolio (Barbieri, Anthony) (Entered: 02/28/2023) |
| 02/28/2023 | ⬤386<br>(160 pgs; 4 docs) | Notice *of Filing of Revised Proposed Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Certain Prepetition Lenders, (III) Modifying Automatic Stay, and (IV) Granting Related Relief.* (Related document(s):11 Emergency Motion, 109 Order |

| | | |
|---|---|---|
| | | Setting Hearing, 375 Reply) Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Final Order # 2 Exhibit B - Incremental Redline # 3 Exhibit C - Cumulative Redline) (Morgan, Gabriel) (Entered: 02/28/2023) |
| 02/28/2023 | 387<br>(23 pgs; 3 docs) | Motion *of Debtors for Entry of Order Authorizing Rejection of Certain Unexpired Leases* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B) (Morgan, Gabriel) (Entered: 02/28/2023) |
| 02/28/2023 | 388<br>(16 pgs) | Amended Notice . (Related document(s):364 Notice) Filed by Cameron Thierry (DarleneHansen) (Entered: 03/01/2023) |
| 03/01/2023 | 389<br>(10 pgs) | Statement *Amended Verified Statement of the Ad Hoc Priority Lender Group Pursuant to Bankruptcy Rule 2019* (Filed By Ad Hoc Priority Lender Group ).(Related document(s):69 Statement) (Ruzinsky, Bruce) (Entered: 03/01/2023) |
| 03/01/2023 | 390<br>(7 pgs) | Amended Agenda for Hearing on 3/1/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 03/01/2023) |
| 03/01/2023 | 391<br>(31 pgs) | Final Order Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in the Debtors, and (B) Claiming of Certain Worthless Stock Deductions, Pursuant to Sections 362 and 105(a) of Bankruptcy Code (Related Doc # 21) Signed on 3/1/2023. (VrianaPortillo) (Entered: 03/01/2023) |
| 03/01/2023 | 392<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Victoria Argeroplos. This is to order a transcript of 3/1/2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Ad Hoc Priority Lender Group ). (Argeroplos, Victoria) (Entered: 03/01/2023) |
| 03/01/2023 | 393<br>(2 pgs) | Courtroom Minutes. Time Hearing Held: 1:00 PM. Appearances: SEE ATTACHED. (Related document(s):11 Emergency Motion) For the reasons stated on the record, the Court approved the DIP Motion 11 on a final basis. The Court signed the proposed order submitted at docket no. 386. Order to be entered. (VrianaPortillo) (Entered: 03/01/2023) |
| 03/01/2023 | 394<br>(72 pgs) | Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Certain Prepetition Lenders, (III) Modifying Automatic Stay, (IV) Granting Related Relief (Related Doc # 11) Signed on 3/1/2023. (VrianaPortillo) (Entered: 03/01/2023) |
| 03/01/2023 | 395<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by S. Margie Venus. This is to order a transcript of hearing held 3/1/2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XIII Limited Partnership, LCM XIV Limited Partnership, LCM XIX Limited Partnership, LCM XV Limited Partnership, LCM XVI Limited Partnership, LCM XVII Limited Partnership, LCM XVIII Limited Partnership, LCM XX Limited Partnership, LCM XXI Limited Partnership, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD. ). (Venus, S.) Electronically forwarded to JTT on 3/2/2023. Estimated date |

| | | |
|---|---|---|
| | | of completion 03/3/2023. Modified on 3/2/2023 (BrandisIsom). (Entered: 03/01/2023) |
| 03/01/2023 | ⚫396 (16 pgs) | Affidavit Re: *Supplemental Affidavit by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):47 Generic Order, 104 Order on Emergency Motion, 187 Notice, 268 Notice) (Garabato, Sid) (Entered: 03/01/2023) |
| 03/01/2023 | ⚫397 (78 pgs; 3 docs) | Notice *of Filing of Further Revised Proposed Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Certain Prepetition Lenders, (III) Modifying Automatic Stay, and (IV) Granting Related Relief*. (Related document(s):109 Order Setting Hearing, 375 Reply, 386 Notice) Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Final Order # 2 Exhibit B - Incremental Redline) (Morgan, Gabriel) (Entered: 03/01/2023) |
| 03/01/2023 | ⚫398 (29 pgs) | BNC Certificate of Mailing. (Related document(s):368 Generic Order) No. of Notices: 31. Notice Date 03/01/2023. (Admin.) (Entered: 03/01/2023) |
| 03/01/2023 | ⚫399 (10 pgs) | BNC Certificate of Mailing. (Related document(s):369 Order on Emergency Motion) No. of Notices: 31. Notice Date 03/01/2023. (Admin.) (Entered: 03/01/2023) |
| 03/02/2023 | ⚫400 (2 pgs) | Declaration re: */ Declaration and Disclosure Statement of Michael Novak on Behalf of Keller and Heckman LLP* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/02/2023) |
| 03/02/2023 | ⚫401 (3 pgs) | Declaration re: */ Declaration and Disclosure Statement of Juan Pablo Triana Soto on Behalf of Triana, Uribe & Michelsen Ltda* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/02/2023) |
| 03/02/2023 | ⚫402 (3 pgs) | Declaration re: */ Declaration and Disclosure Statement of Andromeda on Behalf of AMR Partnership* (Filed By Serta Simmons Bedding, LLC ). (Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/02/2023) |
| 03/03/2023 | ⚫403 (22 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):391 Order on Emergency Motion) (Garabato, Sid) (Entered: 03/03/2023) |
| 03/03/2023 | ⚫404 (4 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):400 Declaration, 401 Declaration, 402 Declaration) (Garabato, Sid) (Entered: 03/03/2023) |
| 03/03/2023 | ⚫405 (24 pgs; 2 docs) | Motion for Relief from Stay . Fee Amount $188. Filed by Creditors AW Industries, Inc., Dormae Products, Inc., Palu Bedding Co., Inc., Salt Lake Mattress & Mfg. Co., Serta Restokraft Mattress Company Inc. Hearing scheduled for 3/29/2023 at 10:00 AM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Proposed Order) (Ralston, Mark) (Entered: 03/03/2023) |
| 03/03/2023 | | Receipt of Motion for Relief From Stay( 23-90020) [motion,mrlfsty] ( 188.00) Filing Fee. Receipt number A24237433. Fee amount $ 188.00. |

| | | |
|---|---|---|
| | | (U.S. Treasury) (Entered: 03/03/2023) |
| 03/03/2023 | 🔘 406<br>(71 pgs) | Amended Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting (A) Liens and Providing Superpriority Administrative Expense Status and (B) Adequate Protection to Certain Prepetition Lenders, (III) Modifying Automatic Stay, and (IV) Granting Related Relief. Signed on 3/3/2023 (Related document(s):11 Emergency Motion) (AlbertAlonzo) (Entered: 03/03/2023) |
| 03/03/2023 | 🔘 407<br>(1 pg) | Motion to Appear pro hac vice of Nicholas S. Allen. Filed by Creditor National Labor Relations Board - Region 4 (Allen, Nicholas) (Entered: 03/03/2023) |
| 03/03/2023 | 🔘 408<br>(16 pgs) | Refiling of Missing Pages by Cameron Thierry (Related document(s):364 Notice) (DarleneHansen) (Entered: 03/03/2023) |
| 03/03/2023 | 🔘 409<br>(15 pgs; 3 docs) | Certificate of No Objection of Revised Proposed Order Authorizing Retention and Employment of Weil, Gotshal and Manges LLP as Attorneys for Debtors Effective as of Petition Date (Filed By Serta Simmons Bedding, LLC ).(Related document(s):249 Generic Application) (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Redline) (Morgan, Gabriel) (Entered: 03/03/2023) |
| 03/03/2023 | 🔘 410<br>(42 pgs; 3 docs) | Certificate of No Objection of Revised Proposed Order Authorizing Employment and Retention of Evercore Group L.L.C. as Investment Banker Effective as of the Petition Date (Filed By Serta Simmons Bedding, LLC ).(Related document(s):250 Generic Application) (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Redline) (Morgan, Gabriel) (Entered: 03/03/2023) |
| 03/03/2023 | 🔘 411<br>(18 pgs; 3 docs) | Certificate of No Objection of Revised Proposed Order (I) Authorizing Retention and Employment of FTI Consulting, Inc. as Financial Advisor Effective as of the Petition Date and (II) Granting Related Relief (Filed By Serta Simmons Bedding, LLC ).(Related document(s):251 Generic Application) (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Redline) (Morgan, Gabriel) (Entered: 03/03/2023) |
| 03/03/2023 | 🔘 412<br>(17 pgs; 3 docs) | Certificate of No Objection of Revised Proposed Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (Filed By Serta Simmons Bedding, LLC ).(Related document(s):252 Generic Motion) (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Redline) (Morgan, Gabriel) (Entered: 03/03/2023) |
| 03/03/2023 | 🔘 413<br>(43 pgs) | BNC Certificate of Mailing. (Related document(s):391 Order on Emergency Motion) No. of Notices: 34. Notice Date 03/03/2023. (Admin.) (Entered: 03/03/2023) |
| 03/03/2023 | 🔘 414<br>(75 pgs) | BNC Certificate of Mailing. (Related document(s):394 Order on Emergency Motion) No. of Notices: 34. Notice Date 03/03/2023. (Admin.) (Entered: 03/03/2023) |
| 03/05/2023 | 🔘 415<br>(44 pgs) | Transcript RE: Status Conference (Via Zoom) held on March 1, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 06/5/2023. (mhen) (Entered: 03/05/2023) |

| 03/05/2023 | 416<br>(84 pgs) | BNC Certificate of Mailing. (Related document(s):406 Generic Order) No. of Notices: 34. Notice Date 03/05/2023. (Admin.) (Entered: 03/05/2023) |
| 03/06/2023 | 417<br>(1 pg) | Notice of Filing of Official Transcript as to 415 Transcript. Parties notified (Related document(s):415 Transcript) (DarleneHansen) (Entered: 03/06/2023) |
| 03/06/2023 | 418<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Joseph G Epstein Filed by on behalf of RLIF Riviera Beach SPE, LLC (Epstein, Joseph) (Entered: 03/06/2023) |
| 03/06/2023 | 419<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Nicholas S. Allen (Related Doc # 407) Signed on 3/6/2023. (ElizabethMiller) (Entered: 03/06/2023) |
| 03/06/2023 | 420<br>(23 pgs; 2 docs) | Motion for Relief from Stay . Receipt Number o, Fee Amount $188. Filed by Creditor Cameron Thierry (ShannonHolden) (Entered: 03/06/2023) |
| 03/06/2023 | 421<br>(6 pgs) | Order (I) Authorizing Retention and Employment of FTI Consulting, INC. as Financial Advisor Effective as of the Petition Date and (II) Granting Related Relief (Related Doc # 251) Signed on 3/6/2023. (VrianaPortillo) (Entered: 03/06/2023) |
| 03/06/2023 | 422<br>(6 pgs) | Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (Related Doc # 252) Signed on 3/6/2023. (VrianaPortillo) (Entered: 03/06/2023) |
| 03/06/2023 | 423<br>(5 pgs) | Order Authorizing Retention and Employment of Weil, Gotshal and Manges LLP as Attorneys for Debtors Effective as of Petition Date (Related Doc # 249) Signed on 3/6/2023. (VrianaPortillo) (Entered: 03/06/2023) |
| 03/06/2023 | | Confirmation of receipt of payment from Cameron Thierry in the amount of $188.00 Receipt date: 03/06/2023 Receipt number: 191359 Purpose Description: Motion to Stay (Related document(s):420 Motion for Relief From Stay) (ClaudiaGutierrez) (Entered: 03/06/2023) |
| 03/06/2023 | 424<br>(29 pgs) | Order Authorizing Employment and Retention of Evercore Group LLC as Investment Banker Effective as of the Petition Date (Related Doc # 250) Signed on 3/6/2023. (VrianaPortillo) (Entered: 03/06/2023) |
| 03/07/2023 | 425<br>(63 pgs) | Chapter 11 Plan of Reorganization Filed by Serta Simmons Bedding, LLC. (Morgan, Gabriel) (Entered: 03/07/2023) |
| 03/07/2023 | 426<br>(37 pgs) | Notice *of Filing of Revised Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors*. (Related document(s):28 Chapter 11 Plan) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 03/07/2023) |
| 03/07/2023 | 427<br>(245 pgs) | Disclosure Statement Filed by Serta Simmons Bedding, LLC. (Morgan, Gabriel) (Entered: 03/07/2023) |
| 03/07/2023 | 428<br>(122 pgs) | Notice *of Filing of Revised Disclosure Statement for Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors*. (Related |

| | | document(s):29 Disclosure Statement) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 03/07/2023) |
|---|---|---|
| 03/08/2023 | 🔵 429 (17 pgs; 3 docs) | Certificate of No Objection *of Revised Proposed Order Authorizing the Retention and Employment of PricewaterhouseCoopers LLP as Audit and Tax Consulting Services Provider to the Debtors, Effective as of the Petition Date* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):253 Generic Application) (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Redline) (Morgan, Gabriel) (Entered: 03/08/2023) |
| 03/08/2023 | 🔵 430 (9 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):406 Generic Order) (Garabato, Sid) (Entered: 03/08/2023) |
| 03/08/2023 | 🔵 431 (9 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):387 Generic Motion) (Garabato, Sid) (Entered: 03/08/2023) |
| 03/08/2023 | 🔵 432 (11 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):368 Generic Order, 369 Order on Emergency Motion, 371 Exhibit List, Witness List, 375 Reply, 381 Agenda) (Garabato, Sid) (Entered: 03/08/2023) |
| 03/08/2023 | 🔵 433 (2 pgs) | Affidavit Re: *Supplemental by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):387 Generic Motion) (Garabato, Sid) (Entered: 03/08/2023) |
| 03/08/2023 | 🔵 434 (4 pgs) | BNC Certificate of Mailing. (Related document(s):417 Notice of Filing of Official Transcript (Form)) No. of Notices: 35. Notice Date 03/08/2023. (Admin.) (Entered: 03/08/2023) |
| 03/08/2023 | 🔵 435 (14 pgs) | BNC Certificate of Mailing. (Related document(s):419 Order on Motion to Appear pro hac vice) No. of Notices: 36. Notice Date 03/08/2023. (Admin.) (Entered: 03/08/2023) |
| 03/08/2023 | 🔵 436 (9 pgs) | BNC Certificate of Mailing. (Related document(s):421 Order on Generic Application) No. of Notices: 36. Notice Date 03/08/2023. (Admin.) (Entered: 03/08/2023) |
| 03/08/2023 | 🔵 437 (19 pgs) | BNC Certificate of Mailing. (Related document(s):422 Generic Order) No. of Notices: 36. Notice Date 03/08/2023. (Admin.) (Entered: 03/08/2023) |
| 03/08/2023 | 🔵 438 (8 pgs) | BNC Certificate of Mailing. (Related document(s):423 Order on Generic Application) No. of Notices: 36. Notice Date 03/08/2023. (Admin.) (Entered: 03/08/2023) |
| 03/08/2023 | 🔵 439 (32 pgs) | BNC Certificate of Mailing. (Related document(s):424 Order on Generic Application) No. of Notices: 36. Notice Date 03/08/2023. (Admin.) (Entered: 03/08/2023) |
| 03/09/2023 | 🔵 440 (2 pgs) | Affidavit Re: *Verification of Publication of USA Today* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):391 Order on Emergency Motion) (Garabato, Sid) (Entered: 03/09/2023) |

| 03/09/2023 | 441 (1 pg) | Motion to Appear pro hac vice *Janel M. Glynn*. Filed by Creditor Karen Mancuso (Glynn, Janel) (Entered: 03/09/2023) |
| 03/09/2023 | 442 (6 pgs) | Certificate *of Service* (Filed By Cameron M. Thierry ).(Related document(s):420 Motion for Relief From Stay) (DorinaReyna) (Entered: 03/09/2023) |
| 03/09/2023 | 443 (141 pgs) | Schedule A/B: Property for Non-Individual *SSB Manufacturing Company (Case No. 23-90018)* (Filed By SSB Manufacturing Company ). (Morgan, Gabriel) (Entered: 03/09/2023) |
| 03/09/2023 | 444 (79 pgs) | Schedule A/B: Property for Non-Individual *Dawn Intermediate, LLC (Case No. 23-90019)* (Filed By Dawn Intermediate, LLC ). (Morgan, Gabriel) (Entered: 03/09/2023) |
| 03/09/2023 | 445 (299 pgs) | Schedule A/B: Property for Non-Individual *Serta Simmons Bedding, LLC (Case No. 23-90020)* (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 03/09/2023) |
| 03/09/2023 | 446 (80 pgs) | Schedule A/B: Property for Non-Individual *Serta International Holdco, LLC (Case No. 23-90021)* (Filed By Serta International Holdco, LLC ). (Morgan, Gabriel) (Entered: 03/09/2023) |
| 03/09/2023 | 447 (119 pgs) | Schedule A/B: Property for Non-Individual *National Bedding Company L.L.C. (Case No. 23-90022)* (Filed By National Bedding Company L.L.C. ). (Morgan, Gabriel) (Entered: 03/09/2023) |
| 03/09/2023 | 448 (119 pgs) | Schedule A/B: Property for Non-Individual *The Simmons Manufacturing Co., LLC (Case No. 23-90023)* (Filed By The Simmons Manufacturing Co., LLC ). (Morgan, Gabriel) (Entered: 03/09/2023) |
| 03/09/2023 | 449 (178 pgs) | Schedule A/B: Property for Non-Individual *Dreamwell, Ltd. (Case No. 23-90024)* (Filed By Dreamwell, Ltd. ). (Morgan, Gabriel) (Entered: 03/09/2023) |
| 03/09/2023 | 450 (93 pgs) | Schedule A/B: Property for Non-Individual *SSB Hospitality, LLC (Case No. 23-90025)* (Filed By SSB Hospitality, LLC ). (Morgan, Gabriel) (Entered: 03/09/2023) |
| 03/09/2023 | 451 (82 pgs) | Schedule A/B: Property for Non-Individual *SSB Logistics, LLC (Case No. 23-90026)* (Filed By SSB Logistics, LLC ). (Morgan, Gabriel) (Entered: 03/09/2023) |
| 03/09/2023 | 452 (103 pgs) | Schedule A/B: Property for Non-Individual *Simmons Bedding Company, LLC (Case No. 23-90027)* (Filed By Simmons Bedding Company, LLC ). (Morgan, Gabriel) (Entered: 03/09/2023) |
| 03/09/2023 | 453 (107 pgs) | Schedule A/B: Property for Non-Individual *Tuft & Needle, LLC (Case No. 23-90028)* (Filed By Tuft & Needle, LLC ). (Morgan, Gabriel) (Entered: 03/09/2023) |
| 03/09/2023 | 454 (84 pgs) | Schedule A/B: Property for Non-Individual *Tomorrow Sleep LLC (Case No. 23-90029)* (Filed By Tomorrow Sleep LLC ). (Morgan, Gabriel) (Entered: 03/09/2023) |

| 03/09/2023 | ●455<br>(79 pgs) | Schedule A/B: Property for Non-Individual *SSB Retail, LLC (Case No. 23-90030)* (Filed By SSB Retail, LLC ). (Morgan, Gabriel) (Entered: 03/09/2023) |
|---|---|---|
| 03/09/2023 | ●456<br>(80 pgs) | Schedule A/B: Property for Non-Individual *World of Sleep Outlets, LLC (Case No. 23-90031)* (Filed By World of Sleep Outlets, LLC ). (Morgan, Gabriel) (Entered: 03/09/2023) |
| 03/09/2023 | ●457<br>(241 pgs) | Statement of Financial Affairs for Non-Individual *SSB Manufacturing Company (Case No. 23-90018)* (Filed By SSB Manufacturing Company ). (Morgan, Gabriel) (Entered: 03/10/2023) |
| 03/10/2023 | ●458<br>(35 pgs) | Statement of Financial Affairs for Non-Individual *Dawn Intermediate, LLC (Case No. 23-90019)* (Filed By Dawn Intermediate, LLC ). (Morgan, Gabriel) (Entered: 03/10/2023) |
| 03/10/2023 | ●459<br>(39 pgs) | Statement of Financial Affairs for Non-Individual *Serta Simmons Bedding, LLC (Case No. 22-90020)* (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 03/10/2023) |
| 03/10/2023 | ●460<br>(34 pgs) | Statement of Financial Affairs for Non-Individual *Serta International Holdco, LLC (Case No. 23-90021)* (Filed By Serta International Holdco, LLC ). (Morgan, Gabriel) (Entered: 03/10/2023) |
| 03/10/2023 | ●461<br>(35 pgs) | Statement of Financial Affairs for Non-Individual *National Bedding Company L.L.C. (Case No. 23-90022)* (Filed By National Bedding Company L.L.C. ). (Morgan, Gabriel) (Entered: 03/10/2023) |
| 03/10/2023 | ●462<br>(34 pgs) | Statement of Financial Affairs for Non-Individual *The Simmons Manufacturing Co., LLC (Case No. 23-90023)* (Filed By The Simmons Manufacturing Co., LLC ). (Morgan, Gabriel) (Entered: 03/10/2023) |
| 03/10/2023 | ●463<br>(35 pgs) | Statement of Financial Affairs for Non-Individual *Dreamwell, Ltd. (Case No. 23-90024)* (Filed By Dreamwell, Ltd. ). (Morgan, Gabriel) (Entered: 03/10/2023) |
| 03/10/2023 | ●464<br>(34 pgs) | Statement of Financial Affairs for Non-Individual *SSB Hospitality, LLC (Case No. 23-90025)* (Filed By SSB Hospitality, LLC ). (Morgan, Gabriel) (Entered: 03/10/2023) |
| 03/10/2023 | ●465<br>(35 pgs) | Statement of Financial Affairs for Non-Individual *SSB Logistics, LLC (Case No. 23-90026)* (Filed By SSB Logistics, LLC ). (Morgan, Gabriel) (Entered: 03/10/2023) |
| 03/10/2023 | ●466<br>(35 pgs) | Statement of Financial Affairs for Non-Individual *Simmons Bedding Company, LLC (Case No. 23-90027)* (Filed By Simmons Bedding Company, LLC ). (Morgan, Gabriel) (Entered: 03/10/2023) |
| 03/10/2023 | ●467<br>(38 pgs) | Statement of Financial Affairs for Non-Individual *Tuft & Needle, LLC (Case No. 23-90028)* (Filed By Tuft & Needle, LLC ). (Morgan, Gabriel) (Entered: 03/10/2023) |
| 03/10/2023 | ●468<br>(35 pgs) | Statement of Financial Affairs for Non-Individual *Tomorrow Sleep LLC (Case No. 23-90029)* (Filed By Tomorrow Sleep LLC ). (Morgan, Gabriel) (Entered: 03/10/2023) |

| 03/10/2023 | ◉ 469 (34 pgs) | Statement of Financial Affairs for Non-Individual *SSB Retail, LLC (Case No. 23-90030)* (Filed By SSB Retail, LLC ). (Morgan, Gabriel) (Entered: 03/10/2023) |
|---|---|---|
| 03/10/2023 | ◉ 470 (34 pgs) | Statement of Financial Affairs for Non-Individual *World of Sleep Outlets, LLC (Case No. 23-90031)* (Filed By World of Sleep Outlets, LLC ). (Morgan, Gabriel) (Entered: 03/10/2023) |
| 03/10/2023 | ◉ 471 (6 pgs) | Order Authorizing the Retention and Employment of Pricewaterhousecoopers LLP as Audit and Tax Consulting Services Provider to the Debtors, Effective as of the Petition Date (Related Doc # 253) Signed on 3/10/2023. (VrianaPortillo) (Entered: 03/10/2023) |
| 03/10/2023 | ◉ 472 (1 pg) | Motion to Appear pro hac vice of *Philip D. Robben of Kelley Drye & Warren LLP*. Filed by Creditor Committee Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 03/10/2023) |
| 03/10/2023 | ◉ 473 (11 pgs) | Debtors Master Service List (Filed By Epiq Corporate Restructuring, LLC ). (Garabato, Sid) (Entered: 03/10/2023) |
| 03/10/2023 | ◉ 474 (1 pg) | Order Granting Motion To Appear pro hac vice - Janel M. Glynn (Related Doc # 441) Signed on 3/10/2023. (ElizabethMiller) (Entered: 03/10/2023) |
| 03/10/2023 | ◉ 475 (8 pgs) | Affidavit Re: *by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):425 Chapter 11 Plan, 426 Notice, 427 Disclosure Statement) (Garabato, Sid) (Entered: 03/10/2023) |
| 03/12/2023 | ◉ 476 (19 pgs) | BNC Certificate of Mailing. (Related document(s):471 Order on Generic Application) No. of Notices: 50. Notice Date 03/12/2023. (Admin.) (Entered: 03/13/2023) |
| 03/12/2023 | ◉ 477 (14 pgs) | BNC Certificate of Mailing. (Related document(s):474 Order on Motion to Appear pro hac vice) No. of Notices: 50. Notice Date 03/12/2023. (Admin.) (Entered: 03/13/2023) |
| 03/13/2023 | ◉ 478 (74 pgs) | Application *of the Official Committee of Unsecured Creditors of Serta Simmons Bedding, LLC, et al, For Entry of an Order Authorizing the Employment and Retention of Kelley Drye & Warren LLP as Counsel Effective February 14, 2023* Filed by Creditor Committee Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 03/13/2023) |
| 03/13/2023 | ◉ 479 (58 pgs) | Application *of the Official Committee of Unsecured Creditors of Serta Simmons Beddings, LLC, et al, for Entry for an Order Authorizing and Approving the Employment of Force Ten Partners, LLC as Financial Advisor Effective February 15, 2023* Filed by Creditor Committee Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 03/13/2023) |
| 03/13/2023 | ◉ 480 (16 pgs) | Statement *of Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the Debtor's Estate Holds a Substantial or Controlling Interest* (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 03/13/2023) |
| 03/14/2023 | ◉ 481 (3 pgs) | Declaration re: / *Declaration and Disclosure Statement of Andrew C. Ryan on Behalf of Cantor Colburn LLP* (Filed By Simmons Bedding Company, |

| | | |
|---|---|---|
| | | LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/14/2023) |
| 03/14/2023 | ● 482 (3 pgs) | Declaration re: / *Declaration and Disclosure Statement of Fumihiko Katsumata on Behalf of KISA Patent & Trademark Firm* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/14/2023) |
| 03/14/2023 | ● 483 (3 pgs) | Declaration re: / *Declaration and Disclosure Statement of Evelyn Marlene Bonilla on Behalf of Ricardo Romero-Guzman* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/14/2023) |
| 03/14/2023 | ● 484 (3 pgs) | Declaration re: / *Declaration and Disclosure Statement of Pham Hong Nhung on Behalf of Banca Co., Ltd.* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/14/2023) |
| 03/14/2023 | ● 485 (3 pgs) | Declaration re: / *Declaration and Disclosure Statement of Ernesto Jose Viteri Arriola on Behalf of Viteri, Viteri y Asociados, Sociedad Civil* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/14/2023) |
| 03/14/2023 | ● 486 (2 pgs) | Certificate *of Service* (Filed By Official Committee Of Unsecured Creditors ).(Related document(s):478 Generic Application, 479 Generic Application) (Wilson, Sean) (Entered: 03/14/2023) |
| 03/14/2023 | ● | Meeting of Creditors Held. Debtor appeared. Hearing concluded on 3/14/2023. (Duran, Hector) (Entered: 03/14/2023) |
| 03/15/2023 | ● 487 (1 pg) | Motion to Appear pro hac vice *of Elizabeth Bierut*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 03/15/2023) |
| 03/15/2023 | ● 488 (3 pgs) | Notice of Appearance and Request for Notice Filed by Janel Marie Glynn Filed by on behalf of Karen Mancuso (Glynn, Janel) (Entered: 03/15/2023) |
| 03/15/2023 | ● 489 (5 pgs) | Response/Objection Filed by Life Insurance Company of North America. (Related document(s):425 Chapter 11 Plan, 427 Disclosure Statement) (Guffy, Philip) (Entered: 03/15/2023) |
| 03/15/2023 | ● 490 (1 pg) | Motion to Appear pro hac vice *Jeffrey C. Wisler*. Filed by Creditor Life Insurance Company of North America (Guffy, Philip) (Entered: 03/15/2023) |
| 03/15/2023 | ● 491 (1 pg) | Motion to Appear pro hac vice . Filed by Creditor Hermes Landscaping, Inc. (Brack, Kurt) (Entered: 03/15/2023) |
| 03/15/2023 | ● 492 (2 pgs) | Notice of Appearance and Request for Notice Filed by Kurt S. Brack Filed by on behalf of Hermes Landscaping, Inc. (Brack, Kurt) (Entered: 03/15/2023) |
| 03/16/2023 | ● 493 (8 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):421 Order on Generic |

| | | Application, 422 Generic Order, 423 Order on Generic Application, 424 Order on Generic Application) (Garabato, Sid) (Entered: 03/16/2023) |
|---|---|---|
| 03/16/2023 | 494 (7 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):471 Order on Generic Application) (Garabato, Sid) (Entered: 03/16/2023) |
| 03/16/2023 | 495 (7 pgs; 3 docs) | Application for Administrative Expenses *of $188,599.41*. Objections/Request for Hearing Due in 21 days. Filed by Creditor KKGF, LLC d/b/a United Textiles and Components (Attachments: # 1 Exhibit A to Motion # 2 proposed Order) (Haliburton, Kerry) (Entered: 03/16/2023) |
| 03/16/2023 | 496 (3 pgs) | Declaration re: */ Declaration and Disclosure Statement of Dirk Pauli on Behalf of Insquare Rechtsanwalte Partnerschaft Jonescheit Kritter Pauli Wintterle mbB* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/16/2023) |
| 03/16/2023 | 497 (7 pgs) | Affidavit Re: *by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):480 Statement) (Garabato, Sid) (Entered: 03/16/2023) |
| 03/16/2023 | 498 (33 pgs) | Affidavit Re: *Affidavit of Diane Streany of Epiq Corporate Restructuring, LLC* (Filed By Epiq Corporate Restructuring, LLC ). (Related document(s):47 Generic Order, 104 Order on Emergency Motion, 187 Notice, 268 Notice) (Garabato, Sid) (Entered: 03/16/2023) |
| 03/17/2023 | 499 (5 pgs) | Statement - *The Ad Hoc Group of First Lien Lenders' Statement and Reservation of Rights with Respect to the Motion of Debtors for Entry of Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures; (III) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan; (IV) Approving Notice Procedures for the Assumption or Rejection of Executory Contracts and Unexpired Leases; and (V) Granting Related Relief* (Filed By Ad Hoc Group of First Lien Lenders ).(Related document(s):349 Generic Motion) (Higgins, John) (Entered: 03/17/2023) |
| 03/17/2023 | 500 (15 pgs) | Response/Objection Filed by Official Committee Of Unsecured Creditors. (Related document(s):349 Generic Motion) (Wilson, Sean) (Entered: 03/17/2023) |
| 03/17/2023 | 501 (4 pgs) | Statement *Joinder of LCM Lenders to the Ad Hoc Group of First Lien Lenders' Statement and Reservation of Rights with Respect to the Motion of Debtors for Entry of Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures; (III) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan; (IV) Approving Notice Procedures for the Assumption and Rejection of Executory Contracts and Unexpired Leases; and (V) Granting Related Relief* (Filed By LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XIII Limited Partnership, LCM XIV Limited Partnership, LCM XIX Limited Partnership, LCM XV Limited Partnership, LCM XVI Limited Partnership, LCM XVII Limited Partnership, LCM XVIII Limited Partnership, LCM XX Limited Partnership, LCM XXI Limited Partnership, LCM XXII LTD., LCM |

| | | XXIII LTD., LCM XXIV LTD. ). (Sparacino, John) (Entered: 03/17/2023) |
|---|---|---|
| 03/17/2023 | 🔵 502 (3 pgs) | Declaration re: / *Declaration and Disclosure Statement of Glenn L. Briggs on Behalf of Kading Briggs, LLP* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/17/2023) |
| 03/17/2023 | 🔵 503 (2 pgs) | Certificate *of Service* (Filed By Official Committee Of Unsecured Creditors ).(Related document(s):500 Response/Objection) (Wilson, Sean) (Entered: 03/17/2023) |
| 03/17/2023 | 🔵 504 (2 pgs) | Withdrawal of Claim: *No. 20043 Jowat Corporation* (Garabato, Sid) (Entered: 03/17/2023) |
| 03/17/2023 | 🔵 505 (1 pg) | Motion to Appear pro hac vice *by Heidi M. Hockberger*. Filed by Creditor Ratzon Realty (Interstate Park Logistics Center Florida) Limited Partnership (Wallander, William) (Entered: 03/17/2023) |
| 03/17/2023 | 🔵 506 (1 pg) | Motion to Appear pro hac vice *by Harold D. Israel*. Filed by Creditor Ratzon Realty (Interstate Park Logistics Center Florida) Limited Partnership (Wallander, William) (Entered: 03/17/2023) |
| 03/20/2023 | 🔵 507 (2 pgs) | Withdraw Document (Filed By Life Insurance Company of North America ).(Related document(s):489 Response/Objection) (Guffy, Philip) (Entered: 03/20/2023) |
| 03/20/2023 | 🔵 508 (4 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):481 Declaration, 482 Declaration, 483 Declaration, 484 Declaration, 485 Declaration) (Garabato, Sid) (Entered: 03/20/2023) |
| 03/20/2023 | 🔵 509 (3 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):496 Declaration) (Garabato, Sid) (Entered: 03/20/2023) |
| 03/20/2023 | 🔵 510 (1 pg) | Order Granting Motion To Appear pro hac vice - Philip D. Robben (Related Doc # 472) Signed on 3/20/2023. (ElizabethMiller) (Entered: 03/20/2023) |
| 03/20/2023 | 🔵 511 (16 pgs) | Affidavit Re: *Supplemental Affidavit of Diane Streany of Epiq Corporate Restructuring, LLC* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):47 Generic Order, 104 Order on Emergency Motion, 187 Notice, 268 Notice) (Garabato, Sid) (Entered: 03/20/2023) |
| 03/20/2023 | 🔵 512 (1 pg) | Motion to Appear pro hac vice *Steven E Lewis*. Filed by Creditor Leo Burnett USA (DarleneHansen) (Entered: 03/21/2023) |
| 03/20/2023 | 🔵 514 (4 pgs) | Certificate *of Service* (Filed By Cameron M. Thierry ).(Related document(s):420 Motion for Relief From Stay) (DarleneHansen) (Entered: 03/21/2023) |
| 03/21/2023 | 🔵 513 (3 pgs) | Exhibit List, Witness List (Filed By Ad Hoc Priority Lender Group ). (Ruzinsky, Bruce) (Entered: 03/21/2023) |

| | | |
|---|---|---|
| 03/21/2023 | ⬤ 515<br>(250 pgs; 11 docs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Debtors' Exhibit No. 1 # 2 Debtors' Exhibit No. 2 # 3 Debtors' Exhibit No. 3 # 4 Debtors' Exhibit No. 4 # 5 Debtors' Exhibit No. 5 # 6 Debtors' Exhibit No. 6 # 7 Debtors' Exhibit No. 7 # 8 Debtors' Exhibit No. 8 # 9 Debtors' Exhibit No. 9 # 10 Debtors' Exhibit No. 10) (Morgan, Gabriel) (Entered: 03/21/2023) |
| 03/21/2023 | ⬤ 516<br>(4 pgs) | Witness List (Filed By Official Committee Of Unsecured Creditors ). (Related document(s):500 Response/Objection) (Wilson, Sean) (Entered: 03/21/2023) |
| 03/21/2023 | ⬤ 517<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Heidi M. Hockberger (Related Doc # 505) Signed on 3/21/2023. (ElizabethMiller) (Entered: 03/21/2023) |
| 03/21/2023 | ⬤ 518<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Harold D. Israel (Related Doc # 506) Signed on 3/21/2023. (ElizabethMiller) (Entered: 03/21/2023) |
| 03/21/2023 | ⬤ 519<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Elizabeth Bierut (Related Doc # 487) Signed on 3/21/2023. (ElizabethMiller) (Entered: 03/21/2023) |
| 03/21/2023 | ⬤ 520<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Jeffrey C. Wisler (Related Doc # 490) Signed on 3/21/2023. (ElizabethMiller) (Entered: 03/21/2023) |
| 03/21/2023 | ⬤ 521<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Kurt S. Brack (Related Doc # 491) Signed on 3/21/2023. (ElizabethMiller) (Entered: 03/21/2023) |
| 03/21/2023 | ⬤ 522<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Steven E. Lewis (Related Doc # 512) Signed on 3/21/2023. (ElizabethMiller) (Entered: 03/21/2023) |
| 03/21/2023 | ⬤ 523<br>(1 pg) | Motion to Appear pro hac vice *of Christopher J. Hopkins*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 03/21/2023) |
| 03/21/2023 | ⬤ 524<br>(23 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period ending 2/28/2023, $125779226 disbursed (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 03/21/2023) |
| 03/22/2023 | ⬤ 525<br>(6 pgs) | Agenda for Hearing on 3/23/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 03/22/2023) |
| 03/22/2023 | ⬤ 526<br>(64 pgs) | Chapter 11 Plan of Reorganization Filed by Serta Simmons Bedding, LLC. (Morgan, Gabriel) (Entered: 03/22/2023) |
| 03/22/2023 | ⬤ 527<br>(1 pg) | Motion to Appear pro hac vice *Philip A. Weintraub of Kelley Drye & Warren LLP*. Filed by Creditor Committee Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 03/22/2023) |
| 03/22/2023 | ⬤ 528<br>(70 pgs) | Notice *of Filing of Further Revised Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*. (Related |

23-20363.4170

| | | |
|---|---|---|
| | | document(s):28 Chapter 11 Plan, 425 Chapter 11 Plan, 526 Chapter 11 Plan) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 03/22/2023) |
| 03/22/2023 | 529 (252 pgs) | Disclosure Statement Filed by Serta Simmons Bedding, LLC. (Morgan, Gabriel) (Entered: 03/22/2023) |
| 03/22/2023 | 530 (109 pgs) | Notice *of Filing of Further Revised Disclosure Statement for Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*. (Related document(s):29 Disclosure Statement, 427 Disclosure Statement, 529 Disclosure Statement) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 03/22/2023) |
| 03/22/2023 | 531 (317 pgs; 3 docs) | Notice *of Filing of Revised Proposed Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures; (III) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan; (IV) Approving Notice Procedures for the Assumption or Rejection of Executory Contracts and Unexpired Leases; and (V) Granting Related Relief*. (Related document(s):349 Generic Motion) Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B) (Morgan, Gabriel) (Entered: 03/22/2023) |
| 03/22/2023 | 532 (10 pgs) | Reply */ Debtors' Omnibus Reply to Objections to Disclosure Statement*. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 03/22/2023) |
| 03/22/2023 | 533 (257 pgs; 12 docs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Related document(s):515 Exhibit List, Witness List) (Attachments: # 1 Debtors' Exhibit No. 1 # 2 Debtors' Exhibit No. 2 # 3 Debtors' Exhibit No. 3 # 4 Debtors' Exhibit No. 4 # 5 Debtors' Exhibit No. 5 # 6 Debtors' Exhibit No. 6 # 7 Debtors' Exhibit No. 7 # 8 Debtors' Exhibit No. 8 # 9 Debtors' Exhibit No. 9 # 10 Debtors' Exhibit No. 10 # 11 Debtors' Exhibit No. 11) (Morgan, Gabriel) (Entered: 03/22/2023) |
| 03/22/2023 | 534 (21 pgs) | Objection *Debtors Objection to Minority Licensee's Motion for Relief From the Automatic Stay to Allow Arbitration to Proceed* (related document(s):405 Motion for Relief From Stay). Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 03/22/2023) |
| 03/22/2023 | 535 (6 pgs) | Amended Agenda for Hearing on 3/23/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 03/22/2023) |
| 03/22/2023 | 536 (15 pgs) | Objection */ Debtors' Objection to Cameron M. Thierry's Motion for Relief From the Automatic Stay* (related document(s):420 Motion for Relief From Stay). Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 03/22/2023) |
| 03/22/2023 | 537 (14 pgs) | BNC Certificate of Mailing. (Related document(s):510 Order on Motion to Appear pro hac vice) No. of Notices: 50. Notice Date 03/22/2023. (Admin.) (Entered: 03/22/2023) |
| 03/23/2023 | 538 (1 pg) | PDF with attached Audio File. Court Date & Time [ 3/23/2023 9:00:24 AM ]. File Size [ 12023 KB ]. Run Time [ 00:25:03 ]. (admin). (Entered: 03/23/2023) |

| | | |
|---|---|---|
| 03/23/2023 | 🌐 539<br>(2 pgs) | Courtroom Minutes. Time Hearing Held: 9:00 AM. Appearances: SEE ATTACHED. (Related document(s):110 Courtroom Minutes) Debtors exhibits 533-1 through 533-11 admitted. Witness: John Linker. For the reasons stated on the record, the Court approved the Disclosure statement. Order to be entered. **Confirmation hearing to be held 05/08/2023 at 9:00 AM by telephone and video conference.** (VrianaPortillo) (Entered: 03/23/2023) |
| 03/23/2023 | 🌐 540<br>(152 pgs) | Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures; (III) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan; (IV) Approving Notice Procedures for the Assumption or Rejection of Executory Contracts and Unexpired Leases; and (V) Granting Related Relief Signed on 3/23/2023 (Related document(s):529 Disclosure Statement) **Confirmation hearing to be held on 5/8/2023 at 09:00 AM by telephone and video conference.** (VrianaPortillo) (Entered: 03/23/2023) |
| 03/23/2023 | 🌐 541<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Debtors' Counsel / Gabriel A. Morgan. This is to order a transcript of Bankruptcy Proceeding on March 23, 2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) Electronically forwarded to Judicial Transcribers of Texas on 03/24/2023. Estimated date of completion: 03/25/2023. Modified on 3/24/2023 (DMcKinnieRichardson). (Entered: 03/23/2023) |
| 03/23/2023 | 🌐 542<br>(1 pg) | Motion to Appear pro hac vice . Filed by DEBRA CAMPBELL, RANDY SUNOSKIE, CRAIG LAW OFFICE OF JEFF SUNOSKIE, RICHARD SUNOSKIE, Wendy Kershaw (Grotke, Jeff) (Entered: 03/23/2023) |
| 03/23/2023 | 🌐 543<br>(8 pgs; 2 docs) | Certificate of No Objection *Regarding Motion of Debtors for Entry of Order Authorizing Rejection of Certain Unexpired Leases* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):387 Generic Motion) (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 03/23/2023) |
| 03/23/2023 | 🌐 544<br>(64 pgs) | Chapter 11 Plan of Reorganization Filed by Serta Simmons Bedding, LLC. (Morgan, Gabriel) (Entered: 03/23/2023) |
| 03/23/2023 | 🌐 545<br>(253 pgs) | Disclosure Statement Filed by Serta Simmons Bedding, LLC. (Morgan, Gabriel) (Entered: 03/23/2023) |
| 03/23/2023 | 🌐 546<br>(3 pgs) | Notice *of Filing of Solicitation Versions of Plan and Disclosure Statement*. (Related document(s):28 Chapter 11 Plan, 29 Disclosure Statement, 425 Chapter 11 Plan, 427 Disclosure Statement, 526 Chapter 11 Plan, 529 Disclosure Statement, 544 Chapter 11 Plan, 545 Disclosure Statement) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 03/23/2023) |
| 03/23/2023 | 🌐 547<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):517 Order on Motion to Appear pro hac vice) No. of Notices: 50. Notice Date 03/23/2023. (Admin.) (Entered: 03/23/2023) |

| 03/23/2023 | ⬤ 548<br>(14 pgs) | BNC Certificate of Mailing. (Related document(s):518 Order on Motion to Appear pro hac vice) No. of Notices: 50. Notice Date 03/23/2023. (Admin.) (Entered: 03/23/2023) |
|---|---|---|
| 03/23/2023 | ⬤ 549<br>(14 pgs) | BNC Certificate of Mailing. (Related document(s):519 Order on Motion to Appear pro hac vice) No. of Notices: 50. Notice Date 03/23/2023. (Admin.) (Entered: 03/23/2023) |
| 03/23/2023 | ⬤ 550<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):520 Order on Motion to Appear pro hac vice) No. of Notices: 50. Notice Date 03/23/2023. (Admin.) (Entered: 03/23/2023) |
| 03/23/2023 | ⬤ 551<br>(14 pgs) | BNC Certificate of Mailing. (Related document(s):521 Order on Motion to Appear pro hac vice) No. of Notices: 50. Notice Date 03/23/2023. (Admin.) (Entered: 03/23/2023) |
| 03/23/2023 | ⬤ 552<br>(14 pgs) | BNC Certificate of Mailing. (Related document(s):522 Order on Motion to Appear pro hac vice) No. of Notices: 50. Notice Date 03/23/2023. (Admin.) (Entered: 03/23/2023) |
| 03/24/2023 | ⬤ 553<br>(3 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):502 Declaration) (Garabato, Sid) (Entered: 03/24/2023) |
| 03/24/2023 | ⬤ 554<br>(11 pgs) | Debtors Master Service List (Filed By Epiq Corporate Restructuring, LLC ). (Garabato, Sid) (Entered: 03/24/2023) |
| 03/24/2023 | ⬤ 555<br>(13 pgs) | Notice *of (I) Approval of (A) Disclosure Statement, (B) Solicitation and Voting Procedures, (C) Notice Procedures for the Assumption or Rejection of Executory Contracts and Unexpired Leases; (II) Notice of Confirmation Hearing; and (III) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan*. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 03/24/2023) |
| 03/24/2023 | ⬤ 556<br>(4 pgs) | Notice of Appearance and Request for Notice Filed by Charles Koster Filed by on behalf of Mattress Firm, Inc. (Koster, Charles) (Entered: 03/24/2023) |
| 03/24/2023 | ⬤ 557<br>(1 pg) | Motion to Appear pro hac vice *of Bojan Guzina*. Filed by Interested Party Mattress Firm, Inc. (Koster, Charles) (Entered: 03/24/2023) |
| 03/24/2023 | ⬤ 558<br>(1 pg) | Motion to Appear pro hac vice *of Jasmine Armand*. Filed by Interested Party Mattress Firm, Inc. (Koster, Charles) (Entered: 03/24/2023) |
| 03/25/2023 | ⬤ 559<br>(25 pgs) | Transcript RE: Disclosure Statement Hearing (Via Zoom) held on March 23, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 06/23/2023. (mhen) (Entered: 03/25/2023) |
| 03/25/2023 | ⬤ 560<br>(167 pgs) | BNC Certificate of Mailing. (Related document(s):540 Order Approving Disclosure Statement) No. of Notices: 76. Notice Date 03/25/2023. (Admin.) (Entered: 03/25/2023) |
| 03/27/2023 | ⬤ 561<br>(1 pg) | Notice of Filing of Official Transcript as to 559 Transcript. Parties notified (Related document(s):559 Transcript) (ShannonHolden) |

(Entered: 03/27/2023)

| 03/27/2023 | ⬤ 562 (5 pgs) | Order Authorizing Rejection of Certain Unexpired Leases (Related Doc # 387) Signed on 3/27/2023. (VrianaPortillo) (Entered: 03/27/2023) |
| 03/27/2023 | ⬤ 563 (4 pgs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Related document(s):420 Motion for Relief From Stay, 536 Objection) (Morgan, Gabriel) (Entered: 03/27/2023) |
| 03/27/2023 | ⬤ 564 (3 pgs) | Exhibit List (Filed By AW Industries, Inc. ).(Related document(s):405 Motion for Relief From Stay) (Ralston, Mark) (Entered: 03/27/2023) |
| 03/27/2023 | ⬤ 565 (4 pgs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Related document(s):405 Motion for Relief From Stay, 534 Objection) (Morgan, Gabriel) (Entered: 03/27/2023) |
| 03/27/2023 | ⬤ 566 | Sealed Document *Exhibits Filed Under Seal in Connection with Debtors' Witness and Exhibit List for Hearing on March 29, 2023* (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Debtors' Exhibit No. 2 # 2 Debtors' Exhibit No. 3 # 3 Debtors' Exhibit No. 4) (Morgan, Gabriel) (Entered: 03/27/2023) |
| 03/27/2023 | ⬤ 567 (1 pg) | Notice *Notice of Withdrawal of Counsel for Ad Hoc Equity Group*. Filed by Ad Hoc Equity Group (Simpson, Christopher) (Entered: 03/27/2023) |
| 03/28/2023 | ⬤ 568 (4 pgs) | Agenda for Hearing on 3/29/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ 569 (3 pgs) | Declaration re: / *Declaration and Disclosure Statement of Phibe Wong Chi Wan on Behalf of Baker & McKenzie* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ 570 (3 pgs) | Declaration re: / *Declaration and Disclosure Statement of Daniela Espino on Behalf of Espino Nieto & Asociados* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ 571 (2 pgs) | Declaration re: / *Declaration and Disclosure Statement of Eugenio Torres-Oyola on Behalf of Ferraiuoli LLC* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ 572 (3 pgs) | Declaration re: / *Declaration and Disclosure Statement of Ruey-Sen Tsai on Behalf of Lee and Li, Attorneys-at-Law* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ 573 (3 pgs) | Declaration re: / *Declaration and Disclosure Statement of Lo Shuk Man Mena on Behalf of Wilkinson & Grist* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ | Certificate of Email Notice. By agreement of the parties, the hearing on the motion for relief from stay has been adjourned. Movant to notice all interested parties and file a certificate of service with the court (Related |

| | | |
|---|---|---|
| | | document(s):<u>405</u> Motion for Relief From Stay) **Hybrid Hearing rescheduled for 4/27/2023 at 02:00 PM at Houston, Courtroom 400 (DRJ).** (AlbertAlonzo) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ <u>574</u><br>(1 pg) | Order Granting Motion To Appear pro hac vice - Christopher J. Hopkins (Related Doc # <u>523</u>) Signed on 3/28/2023. (ElizabethMiller) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ <u>575</u><br>(1 pg) | Order Granting Motion To Appear pro hac vice - Jeff Grotke (Related Doc # <u>542</u>) Signed on 3/28/2023. (ElizabethMiller) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ <u>576</u><br>(1 pg) | Order Granting Motion To Appear pro hac vice - Philip A. Weintraub (Related Doc # <u>527</u>) Signed on 3/28/2023. (ElizabethMiller) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ <u>577</u><br>(1 pg) | Order Granting Motion To Appear pro hac vice - Bojan Guzina (Related Doc # <u>557</u>) Signed on 3/28/2023. (ElizabethMiller) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ <u>578</u><br>(1 pg) | Order Granting Motion To Appear pro hac vice - Jasmine Armand (Related Doc # <u>558</u>) Signed on 3/28/2023. (ElizabethMiller) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ <u>579</u><br>(12 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):<u>524</u> Debtor-in-Possession Monthly Operating Report, <u>525</u> Agenda, <u>526</u> Chapter 11 Plan, <u>528</u> Notice, <u>529</u> Disclosure Statement, <u>530</u> Notice, <u>531</u> Notice, <u>532</u> Reply, <u>533</u> Exhibit List, Witness List, <u>534</u> Objection, <u>535</u> Agenda, <u>536</u> Objection) (Garabato, Sid) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ <u>580</u><br>(7 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):<u>515</u> Exhibit List, Witness List) (Garabato, Sid) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ <u>581</u><br>(9 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):<u>540</u> Order Approving Disclosure Statement) (Garabato, Sid) (Entered: 03/28/2023) |
| 03/28/2023 | ⬤ <u>582</u><br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Jarrod B. Martin Filed by on behalf of MM McCormick, Cornelius McCormick, Lashan McCormick (Martin, Jarrod) (Entered: 03/28/2023) |
| 03/29/2023 | ⬤ | Certificate of Email Notice. Contacted Cameron Thierry. Movant to notice all interested parties and file a certificate of service with the court (Related document(s):<u>420</u> Motion for Relief From Stay) **Hybrid Hearing rescheduled for 4/5/2023 at 01:45 PM** (DRJ). (AlbertAlonzo) (Entered: 03/29/2023) |
| 03/29/2023 | ⬤ <u>583</u><br>(1 pg) | Motion to Appear pro hac vice . Filed by Creditor Tolleson Logistics TIC Owner I LLC (Rafatjoo, Hamid) (Entered: 03/29/2023) |
| 03/29/2023 | ⬤ <u>584</u><br>(1 pg) | Notice of Appearance and Request for Notice Filed by Hamid R Rafatjoo Filed by on behalf of Tolleson Logistics TIC Owner I LLC (Rafatjoo, Hamid) (Entered: 03/29/2023) |

| | | |
|---|---|---|
| 03/29/2023 | ⬤585<br>(31 pgs; 3 docs) | Motion *of Debtors for Entry of Order (I) Authorizing Serta Simmons Bedding, LLC's (A) Amendment of Existing Supply Agreement and (B) Assumption of Existing Supply Agreement, as Amended; and (II) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibits B-D) (Morgan, Gabriel) (Entered: 03/29/2023) |
| 03/29/2023 | ⬤586 | Sealed Document / *Motion of Debtors for Entry of Order (I) Authorizing Serta Simmons Bedding, LLC's (A) Amendment of Existing Supply Agreement and (B) Assumption of Existing Supply Agreement, as Amended; and (II) Granting Related Relief (Unredacted)* Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (Morgan, Gabriel) (Entered: 03/29/2023) |
| 03/29/2023 | ⬤587<br>(13 pgs; 2 docs) | Motion *of Debtors for Entry of Order Authorizing Debtors to File Under Seal (1) Motion of Debtors For Entry of Order (I) Authorizing Serta Simmons Bedding, LLC's (A) Amendment of Existing Supply Agreement and (B) Assumption of Existing Supply Agreement, as Amended; And (II) Granting Related Relief, (2) Existing Supply Agreement, and (3) Supply Agreement Amendment* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 03/29/2023) |
| 03/29/2023 | ⬤588<br>(90 pgs) | Notice *of Filing of Plan Supplement in Connection with Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors.* Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 03/29/2023) |
| 03/29/2023 | ⬤589<br>(15 pgs) | BNC Certificate of Mailing. (Related document(s):561 Notice of Filing of Official Transcript (Form)) No. of Notices: 53. Notice Date 03/29/2023. (Admin.) (Entered: 03/29/2023) |
| 03/29/2023 | ⬤590<br>(19 pgs) | BNC Certificate of Mailing. (Related document(s):562 Generic Order) No. of Notices: 53. Notice Date 03/29/2023. (Admin.) (Entered: 03/29/2023) |
| 03/30/2023 | ⬤591<br>(1 pg) | Motion to Appear pro hac vice *of Jackson C. Yates.* Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 03/30/2023) |
| 03/30/2023 | ⬤592<br>(1 pg) | Motion to Appear pro hac vice *of Sarah J. Prostko.* Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 03/30/2023) |
| 03/30/2023 | ⬤593<br>(1 pg) | Motion to Appear pro hac vice *of Robert J. O'Loughlin.* Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 03/30/2023) |
| 03/30/2023 | ⬤594<br>(15 pgs) | BNC Certificate of Mailing. (Related document(s):574 Order on Motion to Appear pro hac vice) No. of Notices: 53. Notice Date 03/30/2023. (Admin.) (Entered: 03/30/2023) |
| 03/30/2023 | ⬤595<br>(15 pgs) | BNC Certificate of Mailing. (Related document(s):575 Order on Motion to Appear pro hac vice) No. of Notices: 53. Notice Date 03/30/2023. (Admin.) (Entered: 03/30/2023) |

| 03/30/2023 | ● 596 (15 pgs) | BNC Certificate of Mailing. (Related document(s):576 Order on Motion to Appear pro hac vice) No. of Notices: 53. Notice Date 03/30/2023. (Admin.) (Entered: 03/30/2023) |
|---|---|---|
| 03/30/2023 | ● 597 (15 pgs) | BNC Certificate of Mailing. (Related document(s):577 Order on Motion to Appear pro hac vice) No. of Notices: 53. Notice Date 03/30/2023. (Admin.) (Entered: 03/30/2023) |
| 03/30/2023 | ● 598 (15 pgs) | BNC Certificate of Mailing. (Related document(s):578 Order on Motion to Appear pro hac vice) No. of Notices: 53. Notice Date 03/30/2023. (Admin.) (Entered: 03/30/2023) |
| 03/31/2023 | ● 599 (4 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):569 Declaration, 570 Declaration, 571 Declaration, 572 Declaration, 573 Declaration) (Garabato, Sid) (Entered: 03/31/2023) |
| 03/31/2023 | ● 600 (7 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):568 Agenda) (Garabato, Sid) (Entered: 03/31/2023) |
| 03/31/2023 | ● 601 (1 pg) | Motion to Appear pro hac vice . Filed by Creditor Sally A Erickson (Barrett, Benjamin) (Entered: 03/31/2023) |
| 04/03/2023 | ● 602 (19 pgs) | Motion for Relief from Stay *to Pursue Tort Claim*. Fee Amount $188. Filed by Plaintiff DEBRA CAMPBELL Hearing scheduled for 5/10/2023 at 01:30 PM at Houston, Courtroom 400 (DRJ). (Grotke, Jeff) (Entered: 04/03/2023) |
| 04/03/2023 | | Receipt of Motion for Relief From Stay( 23-90020) [motion,mrlfsty] ( 188.00) Filing Fee. Receipt number A24315528. Fee amount $ 188.00. (U.S. Treasury) (Entered: 04/03/2023) |
| 04/03/2023 | ● 603 (2 pgs) | Affidavit Re: *Verification of Publication of USA Today* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):555 Notice) (Garabato, Sid) (Entered: 04/03/2023) |
| 04/03/2023 | ● 604 (1 pg) | Order Granting Motion To Appear pro hac vice - Benjamin F. Barrett, Jr. (Related Doc # 601) Signed on 4/3/2023. (ElizabethMiller) (Entered: 04/04/2023) |
| 04/03/2023 | ● 605 (5 pgs) | Exhibit List (Filed By Cameron M. Thierry ).(Related document(s):420 Motion for Relief From Stay) (DarleneHansen) (Entered: 04/04/2023) |
| 04/03/2023 | ● 606 (8 pgs) | Notice *of Hearing Reset to April 5, 2023 re DE 420*. Filed by Cameron M. Thierry (DarleneHansen) (Entered: 04/04/2023) |
| 04/03/2023 | ● 607 (14 pgs) | Exhibit List (Filed By Cameron M. Thierry ).(Related document(s):420 Motion for Relief From Stay) (DarleneHansen) (Entered: 04/04/2023) |
| 04/04/2023 | ● 608 (1 pg) | Notice of Appearance and Request for Notice Filed by Canon Financial Services, Inc. (Canon Financial Services, Inc.) (Entered: 04/04/2023) |
| 04/04/2023 | ● 609 (1 pg) | Order Granting Motion To Appear pro hac vice - Jackson C. Yates (Related Doc # 591) Signed on 4/4/2023. (ElizabethMiller) (Entered: |

| 04/04/2023 | ◉ 610<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Sarah J. Prostko (Related Doc # 592) Signed on 4/4/2023. (ElizabethMiller) (Entered: 04/04/2023) |
| --- | --- | --- |
| 04/04/2023 | ◉ 611<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Robert J. O'Loughlin (Related Doc # 593) Signed on 4/4/2023. (ElizabethMiller) (Entered: 04/04/2023) |
| 04/04/2023 | ◉ 612<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Hamid R. Rafatjoo (Related Doc # 583) Signed on 4/4/2023. (ElizabethMiller) (Entered: 04/04/2023) |
| 04/04/2023 | ◉ 613<br>(1 pg) | Withdrawal of Claim: *No. 20031* (Garabato, Sid) (Entered: 04/04/2023) |
| 04/04/2023 | ◉ 614<br>(9 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):555 Notice, 562 Generic Order, 563 Exhibit List, Witness List, 565 Exhibit List, Witness List) (Garabato, Sid) (Entered: 04/04/2023) |
| 04/04/2023 | ◉ 615<br>(25 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):585 Generic Motion, 587 Generic Motion, 588 Notice) (Garabato, Sid) (Entered: 04/04/2023) |
| 04/04/2023 | ◉ 616<br>(25 pgs) | Affidavit Re: *Corrected by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):585 Generic Motion, 587 Generic Motion, 588 Notice) (Garabato, Sid) (Entered: 04/04/2023) |
| 04/04/2023 | ◉ 617<br>(4 pgs) | Response/Objection Filed by Maricopa County Treasurer. (Related document(s):544 Chapter 11 Plan) (Muthig, Klaus) (Entered: 04/04/2023) |
| 04/04/2023 | ◉ 618<br>(4 pgs) | Agenda for Hearing on 4/5/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 04/04/2023) |
| 04/04/2023 | ◉ 619<br>(1 pg) | Motion to Appear pro hac vice *of Jack M. D'Andrea*. Filed by Creditor Risk International Benefits Advisors, LLC (D'Andrea, Jonathan) (Entered: 04/04/2023) |
| 04/04/2023 | ◉ 620<br>(15 pgs) | Agreed Order and Certificate of Counsel (Filed By Official Committee Of Unsecured Creditors ).(Related document(s):478 Generic Application) (Wilson, Sean) (Entered: 04/04/2023) |
| 04/04/2023 | ◉ 621<br>(15 pgs) | Agreed Order and Certificate of Counsel (Filed By Official Committee Of Unsecured Creditors ).(Related document(s):479 Generic Application) (Wilson, Sean) (Entered: 04/04/2023) |
| 04/04/2023 | ◉ 622<br>(14 pgs) | Notice *of Filing First Amendment to Restructuring Support Agreement and Amended Takeback Debt Terms*. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 04/04/2023) |
| 04/05/2023 | ◉ 623<br>(1 pg) | Motion to Appear pro hac vice . Filed by Creditor New York State Department of Taxation and Finance (Cook, Robert) (Entered: 04/05/2023) |

| | | |
|---|---|---|
| 04/05/2023 | 624<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Sabrina L Streusand Filed by on behalf of NTT DATA Americas, Inc. (Streusand, Sabrina) (Entered: 04/05/2023) |
| 04/05/2023 | 625<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Jack M. D'Andrea (Related Doc # 619) Signed on 4/5/2023. (ElizabethMiller) (Entered: 04/05/2023) |
| 04/05/2023 | 626<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Robert L. Cook (Related Doc # 623) Signed on 4/5/2023. (ElizabethMiller) (Entered: 04/05/2023) |
| 04/05/2023 | 627<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Bruce J Ruzinsky. This is to order a transcript of 4/5/2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Ad Hoc Priority Lender Group ). (Ruzinsky, Bruce) Electronically forwarded to Judicial Transcribers of Texas 04/06/2023. Estimated completion date: 04/07/2023. Modified on 4/6/2023 (ShannonHolden). (Entered: 04/05/2023) |
| 04/05/2023 | 628<br>(1 pg) | Courtroom Minutes. Time Hearing Held: 1:48 PM. Appearances: SEE ATTACHED. (Related document(s):420 Motion for Relief From Stay) The Court heard from interested parties. For the reasons stated on the record, the Court denied the Motion for Relief from Stay. Order to be entered. (VrianaPortillo) (Entered: 04/05/2023) |
| 04/05/2023 | 629<br>(1 pg) | Order Denying Motion For Relief (Related Doc # 420) Signed on 4/5/2023. (VrianaPortillo) (Entered: 04/05/2023) |
| 04/05/2023 | 630<br>(4 pgs) | Order Authorizing and Approving the Employment and Retention of Force Ten Partners, LLC as Financial Advisor to the Official Committee of Unsecured Creditors Effective February 15, 2023 (Related Doc # 479) Signed on 4/5/2023. (VrianaPortillo) (Entered: 04/05/2023) |
| 04/05/2023 | 631<br>(4 pgs) | Order Authorizing the Employment and Retention of Kelley Drye & Warren LLP as Counsel to the Official Committee of Unsecured Creditors Effective February 14, 2023 (Related Doc # 478) Signed on 4/5/2023. (VrianaPortillo) (Entered: 04/05/2023) |
| 04/05/2023 | 632<br>(1 pg) | PDF with attached Audio File. Court Date & Time [ 4/5/2023 1:48:21 PM ]. File Size [ 24175 KB ]. Run Time [ 00:50:22 ]. (admin). (Entered: 04/05/2023) |
| 04/05/2023 | 633<br>(7 pgs) | Certificate of Service (Filed By Epiq Corporate Restructuring, LLC ). (Related document(s):618 Agenda) (Garabato, Sid) (Entered: 04/05/2023) |
| 04/06/2023 | 634<br>(43 pgs) | Affidavit Re: Class 6A Trade Agreement by Panagiota Manatakis (Filed By Epiq Corporate Restructuring, LLC ). (Garabato, Sid) (Entered: 04/06/2023) |
| 04/06/2023 | 635<br>(3 pgs) | Declaration re: / Declaration and Disclosure Statement of Mr. Arun Goel on Behalf of Remfry & Sagar (Filed By Serta Simmons Bedding, LLC ). (Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 04/06/2023) |

| | | |
|---|---|---|
| 04/06/2023 | ⬤ 636<br>(3 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):586 Sealed Document) (Garabato, Sid) (Entered: 04/06/2023) |
| 04/06/2023 | ⬤ 637<br>(3 pgs) | Declaration re: */ Declaration and Disclosure Statement of D. Edward Harvey on Behalf of Farris Bobango PLC* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 04/06/2023) |
| 04/06/2023 | ⬤ 638<br>(8 pgs) | Certificate *of Service* (Filed By Epiq Corporate Restructuring, LLC ). (Related document(s):622 Notice, 629 Order on Motion For Relief From Stay) (Garabato, Sid) (Entered: 04/06/2023) |
| 04/06/2023 | ⬤ 639<br>(7 pgs) | Stipulation By Serta Simmons Bedding, LLC and Wilmington Savings Fund Society, FSB, and the Official Committee of Unsecured Creditors. Does this document include an agreed order or otherwise request that the judge sign a document? No. (Filed By Serta Simmons Bedding, LLC ). (Related document(s):406 Generic Order) (Morgan, Gabriel) (Entered: 04/06/2023) |
| 04/06/2023 | ⬤ 640<br>(15 pgs) | BNC Certificate of Mailing. (Related document(s):604 Order on Motion to Appear pro hac vice) No. of Notices: 57. Notice Date 04/06/2023. (Admin.) (Entered: 04/06/2023) |
| 04/06/2023 | ⬤ 641<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):609 Order on Motion to Appear pro hac vice) No. of Notices: 58. Notice Date 04/06/2023. (Admin.) (Entered: 04/06/2023) |
| 04/06/2023 | ⬤ 642<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):610 Order on Motion to Appear pro hac vice) No. of Notices: 58. Notice Date 04/06/2023. (Admin.) (Entered: 04/06/2023) |
| 04/06/2023 | ⬤ 643<br>(15 pgs) | BNC Certificate of Mailing. (Related document(s):611 Order on Motion to Appear pro hac vice) No. of Notices: 58. Notice Date 04/06/2023. (Admin.) (Entered: 04/06/2023) |
| 04/06/2023 | ⬤ 644<br>(15 pgs) | BNC Certificate of Mailing. (Related document(s):612 Order on Motion to Appear pro hac vice) No. of Notices: 58. Notice Date 04/06/2023. (Admin.) (Entered: 04/06/2023) |
| 04/07/2023 | ⬤ 645<br>(3 pgs) | Declaration re: */ Declaration and Disclosure Statement of David E. Bond, on Behalf of White & Case LLP* (Filed By Serta Simmons Bedding, LLC ). (Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 04/07/2023) |
| 04/07/2023 | ⬤ 646<br>(3 pgs) | Declaration re: */ Declaration and Disclosure Statement of Sheri Gates McGaughy, on Behalf of McGaughy Law, LLC* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 04/07/2023) |
| 04/07/2023 | ⬤ 647<br>(3 pgs) | Declaration re: */ Declaration and Disclosure Statement of Badaruddin Fatehali Vellani on Behalf of Vellani & Vellani* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 04/07/2023) |

| | | |
|---|---|---|
| 04/07/2023 | ⚫ 648<br>(9 pgs) | Debtors Master Service List (Filed By Epiq Corporate Restructuring, LLC ). (Garabato, Sid) (Entered: 04/07/2023) |
| 04/07/2023 | ⚫ 649<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):625 Order on Motion to Appear pro hac vice) No. of Notices: 59. Notice Date 04/07/2023. (Admin.) (Entered: 04/07/2023) |
| 04/07/2023 | ⚫ 650<br>(15 pgs) | BNC Certificate of Mailing. (Related document(s):626 Order on Motion to Appear pro hac vice) No. of Notices: 59. Notice Date 04/07/2023. (Admin.) (Entered: 04/07/2023) |
| 04/07/2023 | ⚫ 651<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):629 Order on Motion For Relief From Stay) No. of Notices: 59. Notice Date 04/07/2023. (Admin.) (Entered: 04/07/2023) |
| 04/07/2023 | ⚫ 652<br>(8 pgs) | BNC Certificate of Mailing. (Related document(s):630 Order on Generic Application) No. of Notices: 59. Notice Date 04/07/2023. (Admin.) (Entered: 04/07/2023) |
| 04/07/2023 | ⚫ 653<br>(18 pgs) | BNC Certificate of Mailing. (Related document(s):631 Order on Generic Application) No. of Notices: 59. Notice Date 04/07/2023. (Admin.) (Entered: 04/07/2023) |
| 04/10/2023 | ⚫ 654<br>(5 pgs; 2 docs) | Certificate of No Objection *to Motion by KKGF, LLC for Entry of an Order Granting an Administrative Expense Claim* (Filed By KKGF, LLC d/b/a United Textiles and Components ).(Related document(s):495 Application for Administrative Expenses) (Attachments: # 1 proposed Order Granting KKGF, LLC's Motion for an Administrative Expense Claim) (Haliburton, Kerry) (Entered: 04/10/2023) |
| 04/10/2023 | ⚫ 655<br>(4 pgs) | Declaration re: *Supplemental Declaration of Eric R. Wilson in Support of the Application of the Official Committee of Unsecured Creditors of Serta Simmons Bedding, LLC, et al. for Entry of an Order Authorizing the Employment of Kelley Drye & Warren LLP as Counsel Effective February 14, 2023* (Filed By Official Committee Of Unsecured Creditors ). (Wilson, Sean) (Entered: 04/10/2023) |
| 04/10/2023 | ⚫ 656<br>(17 pgs) | Statement *The Ad Hoc Group of First Lien Lenders' (I) Statement and Reservation of Rights with Respect to the Challenge Deadline and (II) Objection to Favored Lenders' Indemnity Claims* (Filed By Ad Hoc Group of First Lien Lenders ).(Related document(s):406 Generic Order) (Higgins, John) (Entered: 04/10/2023) |
| 04/10/2023 | ⚫ 657<br>(4 pgs) | Statement *LCM Lenders' Joinder in The Ad Hoc Group of First Lien Lenders' (I) Statement and Reservation of Rights with Respect to the Challenge Deadline and (II) Objection to Favored Lenders' Indemnity Claims* (Filed By LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XIII Limited Partnership, LCM XIV Limited Partnership, LCM XIX Limited Partnership, LCM XV Limited Partnership, LCM XVI Limited Partnership, LCM XVII Limited Partnership, LCM XVIII Limited Partnership, LCM XX Limited Partnership, LCM XXI Limited Partnership, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD. ). (Sparacino, John) (Entered: 04/10/2023) |
| 04/10/2023 | ⚫ 658<br>(3 pgs) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):635 Declaration, 637 |

| | | Declaration) (Garabato, Sid) (Entered: 04/10/2023) |
|---|---|---|
| 04/10/2023 | ⬤ 659<br>(8 pgs) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):639 Stipulation) (Garabato, Sid) (Entered: 04/10/2023) |
| 04/10/2023 | ⬤ 660<br>(3 pgs) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):645 Declaration, 646 Declaration, 647 Declaration) (Garabato, Sid) (Entered: 04/10/2023) |
| 04/10/2023 | ⬤ 661<br>(4 pgs) | Notice *of Citadel's limited Joinder to The Ad Hoc Group of First Lien Lenders (I) Statement and Reservation of Rights with Respect to the Challenge Deadline and (II) Objection to Favored Lenders Indemnity Claims.* (Related document(s):656 Statement) Filed by c/o Citadel Limited Citadel Equity Fund Ltd. (Perry, Kristen) (Entered: 04/10/2023) |
| 04/11/2023 | ⬤ 662<br>(2 pgs) | Order Granting KKGF, LLC's Motion for an Administrative Expense Claim Pursuant to Bankruptcy Code Section 503(b)(9) (Related Doc # 495) Signed on 4/11/2023. (VrianaPortillo) (Entered: 04/11/2023) |
| 04/13/2023 | ⬤ 663<br>(23 pgs; 3 docs) | Emergency Motion *of Debtors for Entry of Order Increasing the Cap on Payments of Prepetition Obligations Permitted Pursuant to the Customer Order* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B) (Morgan, Gabriel) (Entered: 04/13/2023) |
| 04/13/2023 | ⬤ 664<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):662 Order on Application for Administrative Expenses) No. of Notices: 60. Notice Date 04/13/2023. (Admin.) (Entered: 04/13/2023) |
| 04/13/2023 | ⬤ 665<br>(47 pgs; 4 docs) | Motion to Reconsider (related document(s):629 Order on Motion For Relief From Stay). Filed by Creditor Cameron Thierry (Attachments: # 1 Proposed Order) (DarleneHansen) Additional attachment(s) added on 4/14/2023 (DarleneHansen). (Entered: 04/14/2023) |
| 04/14/2023 | ⬤ 666<br>(13 pgs) | Objection */ Debtors First Omnibus Objection for Temporary Disallowance, Reduction, or Recharacterization of Certain Claims Solely for Voting Purposes.* Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 04/14/2023) |
| 04/14/2023 | ⬤ 667<br>(352 pgs) | Notice *of Filing of Amended Plan Supplement in Connection With Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors.* Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 04/14/2023) |
| 04/14/2023 | ⬤ 668<br>(226 pgs) | Notice *of (I) Assumption of Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto in Connection With Confirmation of Plan.* Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 04/14/2023) |
| 04/16/2023 | ⬤ 669<br>(40 pgs) | Transcript RE: Motion Hearing held on April 5, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 07/17/2023. (mhen) (Entered: 04/16/2023) |

| | | |
|---|---|---|
| 04/17/2023 | ● 670<br>(1 pg) | Notice of Filing of Official Transcript as to 669 Transcript. Parties notified (Related document(s):669 Transcript) (HeatherCarr) (Entered: 04/17/2023) |
| 04/18/2023 | ● 671<br>(3 pgs) | Order Approving the CAP Increase for Payments of Prepetition Obligations Under the Debtors' Customer Related Programs (Related Doc # 663) Signed on 4/18/2023. (VrianaPortillo) (Entered: 04/18/2023) |
| 04/18/2023 | ● 672<br>(21 pgs; 4 docs) | Emergency Motion *for Entry of an Order (I) Approving Plaintiffs' Proposed Discovery Schedule, and (II) Limiting Depositions, Or In the Alternative, to Schedule a Status Conference* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Scheduling Order) (Morgan, Gabriel) (Entered: 04/18/2023) |
| 04/18/2023 | ● 673<br>(37 pgs; 4 docs) | Amended Motion to Reconsider (related document(s):665 Motion to Reconsider). Filed by Creditor Cameron Thierry (Attachments: # 1 Memorandum of Law # 2 Proposed Order # 3 Proposed Order) (DarleneHansen) (Entered: 04/18/2023) |
| 04/19/2023 | ● 674<br>(3 pgs) | Withdrawal of Claim: *No. 20053* (Garabato, Sid) (Entered: 04/19/2023) |
| 04/19/2023 | ● 675<br>(74 pgs; 3 docs) | Notice of Appeal filed. (related document(s):629 Order on Motion For Relief From Stay). Receipt Number 00,Fee Amount $298. Appellant Designation due by 5/3/2023. (Attachments: # 1 Attachment # 2 Proposed Order)(ShannonHolden) (Entered: 04/19/2023) |
| 04/19/2023 | ● 676<br>(4 pgs) | Response (Filed By Microsoft Corporation ).(Related document(s):668 Notice) (Monsour, Trey) (Entered: 04/19/2023) |
| 04/19/2023 | ● | Receipt Number 191429, Fee Amount $298.00. (Related document(s):675 Notice of Appeal) (KimberlyPicota) (Entered: 04/19/2023) |
| 04/19/2023 | ● 677<br>(13 pgs) | Response - *First Lien Lender Defendants' Response to Plaintiffs' "Emergency" Motion (I) Approving Plaintiffs' Proposed Discovery Schedule, and (II) Limiting Depositions, Or In the Alternative, to Schedule a Status Conference* (related document(s):672 Emergency Motion). Filed by Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 04/19/2023) |
| 04/19/2023 | ● 678<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):670 Notice of Filing of Official Transcript (Form)) No. of Notices: 60. Notice Date 04/19/2023. (Admin.) (Entered: 04/19/2023) |
| 04/19/2023 | ● 679<br>(76 pgs; 6 docs) | Motion to Set Hearing. Filed by Creditor Cameron M. Thierry (Attachments: # 1 Memorandum of Law # 2 Attachments # 3 Proposed Order) (ShannonHolden) Additional attachment(s) added on 4/20/2023 (ShannonHolden). (Entered: 04/20/2023) |
| 04/19/2023 | ● 684<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Cameron M. Thierry. This is to order a transcript of Hearing, 04/05/2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas. (BrendaLacy) Copy request electronically forwarded to Judicial Transcribers of Texas on 04/24/2023. Estimated date of completion: |

| | | |
|---|---|---|
| | | 04/25/2023. Modified on 4/24/2023 (DMcKinnieRichardson). (Entered: 04/20/2023) |
| 04/20/2023 | ⏺ 680<br>(1 pg) | Motion to Appear pro hac vice *of Theodore E. Tsekerides*. Filed by Debtor Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 04/20/2023) |
| 04/20/2023 | ⏺ 681<br>(5 pgs) | Notice *of Hearing on April 24, 2023 at 2:00 P.M. (Central Time) Regarding Debtors' Emergency Motion for Entry of an Order (I) Approving Plaintiffs' Proposed Discovery Schedule, and (II) Limiting Depositions, or In The Alternative, to Schedule a Status Conference*. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 04/20/2023) |
| 04/20/2023 | ⏺ 682<br>(4 pgs) | Statement *LCM Lenders' Joinder in The Ad Hoc Group of First Lien Lenders' Response to Plaintiffs' "Emergency" Motion (I) Approving Plaintiffs' Proposed Discovery Schedule, and (II) Limiting Depositions, or In The Alternative, to Schedule a Status Conference* (Filed By LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD. ). (Sparacino, John) (Entered: 04/20/2023) |
| 04/20/2023 | ⏺ 683<br>(6 pgs; 2 docs) | Certificate of No Objection *to Motion of Debtors for Entry of an Order (I) Authorizing Serta Simmons Bedding, LLC's (A) Amendment of Existing Supply Agreement and (B) Assumption of Existing Supply Agreement, as Amended; and (II) Granting Related Relief* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):585 Generic Motion, 586 Sealed Document) (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 04/20/2023) |
| 04/20/2023 | ⏺ 685<br>(18 pgs) | BNC Certificate of Mailing. (Related document(s):671 Order on Emergency Motion) No. of Notices: 60. Notice Date 04/20/2023. (Admin.) (Entered: 04/20/2023) |
| 04/21/2023 | ⏺ 686<br>(1 pg) | Clerk's Notice of Filing of an Appeal. On 04/19/2023, Cameron Thierry filed a notice of appeal. The appeal has been assigned to U.S. District Judge Andrew S. Hanen, Civil Action 4:23-cv-01482. Parties notified (Related document(s):675 Notice of Appeal) (SierraThomasAnderson) (Entered: 04/21/2023) |
| 04/21/2023 | ⏺ 687 | Election to Appeal to District Court . (SierraThomasAnderson) (Entered: 04/21/2023) |
| 04/21/2023 | ⏺ 688<br>(1 pg) | Withdrawal of Claim: *No. 260* (Garabato, Sid) (Entered: 04/21/2023) |
| 04/21/2023 | ⏺ 689<br>(4 pgs) | Agenda for Hearing on 4/24/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 04/21/2023) |
| 04/21/2023 | ⏺ 690<br>(9 pgs) | Debtors Master Service List (Filed By Epiq Corporate Restructuring, LLC ). (Garabato, Sid) (Entered: 04/21/2023) |
| 04/21/2023 | ⏺ 691<br>(8 pgs) | Stipulation By Serta Simmons Bedding, LLC and the Prepetition PTL Agent and the Official Committee of Unsecured Creditors. Does this document include an agreed order or otherwise request that the judge sign a document? No. (Filed By Serta Simmons Bedding, LLC ).(Related document(s):406 Generic Order, 639 Stipulation) (Morgan, Gabriel) (Entered: 04/21/2023) |

| | | |
|---|---|---|
| 04/21/2023 | 🔵 692 (803 pgs) | Notice *of Filing of Second Amended Plan Supplement in Connection With Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*. (Related document(s):588 Notice, 667 Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 04/21/2023) |
| 04/21/2023 | 🔵 693 (24 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period ending 3/31/2023, $139528293 disbursed (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 04/21/2023) |
| 04/21/2023 | 🔵 694 (105 pgs) | Notice *of Filing of Redlines of Second Amended Plan Supplement Exhibits*. (Related document(s):588 Notice, 667 Notice, 692 Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 04/21/2023) |
| 04/23/2023 | 🔵 695 (12 pgs; 2 docs) | Motion */ Debtors' Motion for an Order (I) Extending the Deadline By Which the Debtors May Remove Civil Actions and (II) Granting Related Relief* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 04/23/2023) |
| 04/23/2023 | 🔵 696 (5 pgs) | BNC Certificate of Mailing. (Related document(s):686 Clerk's Notice of Filing of an Appeal) No. of Notices: 61. Notice Date 04/23/2023. (Admin.) (Entered: 04/23/2023) |
| 04/24/2023 | 🔵 697 (1 pg) | Order Granting Motion To Appear pro hac vice - Theodore E. Tsekerides (Related Doc # 680) Signed on 4/24/2023. (ElizabethMiller) (Entered: 04/24/2023) |
| 04/24/2023 | 🔵 698 (3 pgs) | Order (Related Doc # 585) Signed on 4/24/2023. (AlbertAlonzo) (Entered: 04/24/2023) |
| 04/24/2023 | 🔵 699 (3 pgs) | Certificate *of Service* (Filed By Cameron Thierry ).(Related document(s):673 Motion to Reconsider, 675 Notice of Appeal) (FrancesCarbia) (Entered: 04/25/2023) |
| 04/25/2023 | 🔵 700 | Courtroom Minutes. Time Hearing Held: 2:00 PM. Appearances: TO BE ATTACHED. (Related document(s):164 Emergency Motion) Status conference held. The following deadlines have been updated: Objection deadline set for 05/11/2023 at 12:00 PM, replies due by 05/14/2023 at 12:00 PM. The Court will handle any discovery issue on an emergency basis. **Confirmation set for 5/15/2023 at 09:30 AM** (AlbertAlonzo) (Entered: 04/25/2023) |
| 04/25/2023 | 🔵 701 (61 pgs; 3 docs) | Response (Filed By RLIF Riviera Beach SPE, LLC ).(Related document(s):667 Notice) (Attachments: # 1 Exhibit # 2 Exhibit) (Epstein, Joseph) (Entered: 04/25/2023) |
| 04/25/2023 | 🔵 | Certificate of Email Notice. Contacted Mark Ralston. Movant to notice all interested parties and file a certificate of service with the court (Related document(s):405 Motion for Relief From Stay) Hearing rescheduled for 5/24/2023 at 10:00 AM DRJ). (AlbertAlonzo) (Entered: 04/25/2023) |
| 04/25/2023 | 🔵 702 (12 pgs; 2 docs) | Per Filer, this document is FILED IN ERROR. See Corrected entry at docket no. 703. Notice *of Hearing*. (Related document(s):405 Motion for Relief From Stay) Filed by AW Industries, Inc., Dormae Products, Inc., |

| | | |
|---|---|---|
| | | Palu Bedding Co., Inc., Serta Restokraft Mattress Company Inc. (Attachments: # 1 Service List) (Ralston, Mark) Modified on 4/25/2023 (jdav). (Entered: 04/25/2023) |
| 04/25/2023 | 703 (5 pgs) | Notice *of Adjournment of Hearing on Debtors' Request for Confirmation of Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors*. (Related document(s):267 Generic Order, 540 Order Approving Disclosure Statement, 544 Chapter 11 Plan, 672 Emergency Motion, 700 Courtroom Minutes) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 04/25/2023) |
| 04/25/2023 | 704 (11 pgs; 2 docs) | Notice *of Rescheduled Hearing*. (Related document(s):405 Motion for Relief from Stay) Filed by AW Industries, Inc., Dormae Products, Inc., Palu Bedding Co., Inc., Salt Lake Mattress & Mfg. Co., Serta Restokraft Mattress Company Inc. (Attachments: # 1 Service List) (Ralston, Mark) (Entered: 04/25/2023) |
| 04/25/2023 | 705 (1 pg) | Motion to Appear pro hac vice *of Lance C. Bowman*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 04/25/2023) |
| 04/25/2023 | 706 (1 pg) | Motion to Appear pro hac vice *of Matthew A. Tharp*. Filed by Interested Party Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 04/25/2023) |
| 04/26/2023 | 707 (44 pgs) | Certificate *of Service of Elli Petris (Ref. Docket Nos. 663, 667, & 668)* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):667 Notice, 668 Notice) (Garabato, Sid) (Entered: 04/26/2023) |
| 04/26/2023 | 708 (1 pg) | Order Granting Motion To Appear pro hac vice - Lance C. Bowman (Related Doc # 705) Signed on 4/26/2023. (ElizabethMiller) (Entered: 04/26/2023) |
| 04/26/2023 | 709 (1 pg) | Order Granting Motion To Appear pro hac vice - Matthew A. Tharp (Related Doc # 706) Signed on 4/26/2023. (ElizabethMiller) (Entered: 04/26/2023) |
| 04/26/2023 | 710 (1 pg) | Motion to Appear pro hac vice *for Sandra Musumeci*. Filed by Creditor Committee Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 04/26/2023) |
| 04/26/2023 | 711 (6 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):671 Order on Emergency Motion) (Garabato, Sid) (Entered: 04/26/2023) |
| 04/26/2023 | 712 (6 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):672 Emergency Motion) (Garabato, Sid) (Entered: 04/26/2023) |
| 04/26/2023 | 713 (8 pgs) | Certificate *of Service Corrected by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):672 Emergency Motion) (Garabato, Sid) (Entered: 04/26/2023) |
| 04/26/2023 | 714 (18 pgs) | Certificate *of Service Supplemental by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):104 Order on Motion |

| | | |
|---|---|---|
| | | Emergency Motion, 667 Notice, 668 Notice) (Garabato, Sid) (Entered: 04/26/2023) |
| 04/26/2023 | ⬤ 715 (8 pgs) | Certificate of Service by Panagiota Manatakis (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):689 Agenda) (Garabato, Sid) (Entered: 04/26/2023) |
| 04/26/2023 | ⬤ 716 (5 pgs) | BNC Certificate of Mailing. (Related document(s):697 Order on Motion to Appear pro hac vice) No. of Notices: 61. Notice Date 04/26/2023. (Admin.) (Entered: 04/26/2023) |
| 04/26/2023 | ⬤ 717 (7 pgs) | BNC Certificate of Mailing. (Related document(s):698 Generic Order) No. of Notices: 61. Notice Date 04/26/2023. (Admin.) (Entered: 04/26/2023) |
| 04/27/2023 | ⬤ 718 (42 pgs; 5 docs) | Response (Filed By LIT Gateway Portfolio ).(Related document(s):668 Notice) (Attachments: # 1 Exhibit A-Excerpt of Building 2 Lease # 2 Exhibit B-Excerpt of Building 10 Lease and Sixth Amendment # 3 Exhibit c_GW2-SSB-2022 CAM Letter # 4 Exhibit D-GW10-SSB-2022 CAM Letter) (Rubin, Howard) (Entered: 04/27/2023) |
| 04/27/2023 | ⬤ 719 (3 pgs) | Withdraw Document (Filed By Microsoft Corporation ).(Related document(s):676 Response) (Monsour, Trey) (Entered: 04/27/2023) |
| 04/27/2023 | ⬤ 720 (322 pgs) | Amended Notice of (I) Assumption of Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto in Connection with Confirmation of Plan. (Related document(s):540 Order Approving Disclosure Statement, 544 Chapter 11 Plan, 668 Notice, 692 Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 04/27/2023) |
| 04/28/2023 | ⬤ 721 (9 pgs) | Objection to the Notice of (I) Assumption of Executory Contracts and Unexpired Leases of Debtors and (II) Cure Amounts Related Thereto in Connection with Confirmation of the Plan [Docket No. 668]. Filed by WPG Legacy, LLC (Gold, Ronald) (Entered: 04/28/2023) |
| 04/28/2023 | ⬤ 722 (3 pgs) | Declaration re: / Declaration and Disclosure Statement of Nicole Murray on Behalf of Quarles & Brady LLP (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 04/28/2023) |
| 04/28/2023 | ⬤ 723 (1 pg) | Motion to Appear pro hac vice by Amy E. Vulpio, Esq.. Filed by Creditor Google LLC (Vulpio, Amy) (Entered: 04/28/2023) |
| 04/28/2023 | ⬤ 724 (1 pg) | Motion to Appear pro hac vice Levi Downing of Kelley Drye & Warren LLP. Filed by Creditor Committee Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 04/28/2023) |
| 04/28/2023 | ⬤ 725 (8 pgs) | Response / Debtors' Response to (1) the Ad Hoc Group of First Lien Lenders' (I) Statement and Reservation of Rights With Respect to the Challenge Deadline and (II) Objection to the Favored Lenders' Indemnity Claims and (2) Joinders Thereto. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 04/28/2023) |
| 04/28/2023 | ⬤ 726 (8 pgs) | Objection to Notice of (I) Assumption of Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto in Connection |

| | | |
|---|---|---|
| | | *with Confirmation of Plan*. Filed by Safety National Casualty Corporation (Fly, Amber) (Entered: 04/28/2023) |
| 04/28/2023 | 🔘 727 (16 pgs) | BNC Certificate of Mailing. (Related document(s):708 Order on Motion to Appear pro hac vice) No. of Notices: 61. Notice Date 04/28/2023. (Admin.) (Entered: 04/28/2023) |
| 04/28/2023 | 🔘 728 (16 pgs) | BNC Certificate of Mailing. (Related document(s):709 Order on Motion to Appear pro hac vice) No. of Notices: 61. Notice Date 04/28/2023. (Admin.) (Entered: 04/28/2023) |
| 04/28/2023 | 🔘 729 (1 pg) | Order Granting Motion To Appear pro hac vice - Sandra Musumeci (Related Doc # 710) Signed on 4/28/2023. (ElizabethMiller) (Entered: 04/30/2023) |
| 04/28/2023 | 🔘 745 (608 pgs; 4 docs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):675 Notice of Appeal). (Attachments: # 1 Exhibit A # 2 Exhibit B-E # 3 Exhibit F-J)(DarleneHansen) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 730 (8 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):681 Notice) (Garabato, Sid) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 731 (6 pgs) | Certificate *of Service Supplemental by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):555 Notice, 668 Notice, 692 Notice) (Garabato, Sid) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 732 (7 pgs) | Certificate *of Service by David Rodriguez* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):692 Notice) (Garabato, Sid) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 733 (1 pg) | Order Granting Motion To Appear pro hac vice - Amy E. Vulpio (Related Doc # 723) Signed on 5/1/2023. (ElizabethMiller) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 734 (1 pg) | Order Granting Motion To Appear pro hac vice - Levi Downing (Related Doc # 724) Signed on 5/1/2023. (ElizabethMiller) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 735 (1 pg) | Motion to Appear pro hac vice *Bryce Brenda of Kelley Drye & Warren LLP*. Filed by Creditor Committee Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 736 (1 pg) | Motion to Appear pro hac vice *Cameron Argetsinger of Kelley Drye & Warren LLP*. Filed by Creditor Committee Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 737 (4 pgs) | Notice of Appearance and Request for Notice Filed by Jeffrey Philipp Prostok Filed by on behalf of Salesforce, Inc. (Prostok, Jeffrey) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 738 (8 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):703 Notice) (Garabato, Sid) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 739 (18 pgs) | *Objection to the Proposed Assumption of Certain Executory Contracts and Cure Costs and Plan of Reorganization, and Reservation of Rights.* |

| | | |
|---|---|---|
| | | Re: 668 Filed by Salesforce, Inc. (Prostok, Jeffrey) Modified on 5/1/2023 (SierraThomasAnderson). (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 740 (9 pgs) | Declaration re: *Declaration of Kevin Ramirez in Support of the Limited Objection of Salesforce, Inc to the Proposed Assumption of Certain Executory Contracts and Cure Costs and Plan of Reorganization, and Reservation of Rights* (Filed By Salesforce, Inc. ).(Related document(s):739 Objection) (Prostok, Jeffrey) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 741 (4 pgs) | Notice of Appearance and Request for Notice Filed by Jeffrey Philipp Prostok Filed by on behalf of Cisco Systems Capital Corporation (Prostok, Jeffrey) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 742 (18 pgs) | Objection *of Cisco Systems Capital Corporation to the Proposed Assumption of Certain Executory Contracts and Cure Costs and Plan of Reorganization, and Reservation of Rights*. Re: 668 Filed by Cisco Systems Capital Corporation (Prostok, Jeffrey) Modified on 5/1/2023 (SierraThomasAnderson). (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 743 (5 pgs) | Response (Filed By Six Continents Hotels, Inc. ).(Related document(s):668 Notice) (Nowell, Meaghan) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 744 (30 pgs) | Declaration re: *Declaration of Tammy Smith in Support of the Limited Objection of Cisco Systems Capital Corporation to the Proposed Assumption of Certain Executory Contracts and Cure Costs and Plan of Reorganization, and Reservation of Rights* (Filed By Cisco Systems Capital Corporation ).(Related document(s):742 Objection) (Prostok, Jeffrey) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 746 (9 pgs; 3 docs) | Response/Objection Filed by XTRA Lease LLC. (Related document(s):540 Order Approving Disclosure Statement, 544 Chapter 11 Plan, 668 Notice, 692 Notice, 720 Notice) (Attachments: # 1 Exhibit # 2 Proposed Order)(Hirsch, Kyle) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 747 (3 pgs) | Certificate of Notice (Filed By Serta International Holdco, LLC ). (Related document(s):679 Motion to Set Hearing) (KimberlyPicota) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 748 (3 pgs) | Certificate of Notice (Filed By Serta International Holdco, LLC ). (Related document(s):686 Clerk's Notice of Filing of an Appeal) (KimberlyPicota) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 749 (1 pg) | Motion to Appear pro hac vice *of Sharon Grysman*. Filed by Creditor Ad Hoc Priority Lender Group (Grysman, Sharon) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 750 (1 pg) | Motion to Appear pro hac vice *of Christian Dibblee*. Filed by Creditor Ad Hoc Priority Lender Group (Dibblee, Christian) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 751 (7 pgs) | Objection */Limited Objection of Mattress Firm, Inc. to the Notice of (I) Assumption of Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto in Connection with Confirmation of Plan*. Filed by Mattress Firm, Inc. (Koster, Charles) (Entered: 05/01/2023) |
| 05/01/2023 | 🔘 752 (4 pgs) | Response/Objection Filed by Ratzon Realty (Interstate Park Logistics Center Florida) Limited Partnership. (Related document(s):544 Chapter |

| | | 11 Plan) (Medina, Elias) (Entered: 05/01/2023) |
|---|---|---|
| 05/01/2023 | ● 753<br>(7 pgs; 2 docs) | Objection *(Limited) to Assumption of Lease in accordance with the Plan (Docket No. 544) and Cure Notice (Docket No. 668)*. Filed by HP Assembly I, LLC (Attachments: # 1 Exhibit A) (Westmoreland, Chante) (Entered: 05/01/2023) |
| 05/01/2023 | ● 754<br>(9 pgs; 2 docs) | Objection *(Limited) to Notice of (I) Assumption of Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto in Connection with Confirmation of Plan*. Filed by Continuum Marketing Services LLC (Attachments: # 1 Exhibit) (Fishel, Michael) (Entered: 05/01/2023) |
| 05/01/2023 | ● 755<br>(5 pgs) | Notice *of Payments to Ordinary Course Professionals (Related Documents 196 and 368)*. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/01/2023) |
| 05/01/2023 | ● 756<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Anabel King Filed by on behalf of Alan Humphries, Ruth Humphries (King, Anabel) (Entered: 05/01/2023) |
| 05/02/2023 | ● 757<br>(2 pgs) | Notice *of Withdrawal of Objection to Cure Amount*. Filed by RLIF Riviera Beach SPE, LLC (Epstein, Joseph) (Entered: 05/02/2023) |
| 05/02/2023 | ● 758<br>(996 pgs) | Certificate *of Service by Emily Young (Solicitation Materials)* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):540 Order Approving Disclosure Statement, 544 Chapter 11 Plan, 545 Disclosure Statement, 555 Notice) (Garabato, Sid) (Entered: 05/02/2023) |
| 05/02/2023 | ● 759<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Leanne O'Donnell Filed by on behalf of Safety National Casualty Corporation (O'Donnell, Leanne) (Entered: 05/02/2023) |
| 05/02/2023 | ● 760<br>(7 pgs) | Certificate *of Service by Diane Streany* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):666 Objection) (Garabato, Sid) (Entered: 05/02/2023) |
| 05/02/2023 | ● 761<br>(3 pgs) | Declaration re: */ Declaration and Disclosure Statement of Eyal Aharoni on Behalf of Seligsohn Gabrieli & Co.* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 05/02/2023) |
| 05/02/2023 | ● 762<br>(13 pgs) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):720 Notice) (Garabato, Sid) (Entered: 05/02/2023) |
| 05/02/2023 | ● 763<br>(1 pg) | Withdrawal of Claim: *No. 20093 by Berry Global Films LLC* (Garabato, Sid) (Entered: 05/02/2023) |
| 05/02/2023 | ● 764<br>(1 pg) | Withdrawal of Claim: *No. 20412 by Hanson, Lori* (Garabato, Sid) (Entered: 05/02/2023) |
| 05/02/2023 | ● 765<br>(1 pg) | Withdrawal of Claim: *No. 20413 by Berry Global Films LLC* (Garabato, Sid) (Entered: 05/02/2023) |

| 05/02/2023 | ◯ 766 (1 pg) | Withdrawal of Claim: *No. 20414 by Berry Global Films LLC* (Garabato, Sid) (Entered: 05/02/2023) |
|---|---|---|
| 05/03/2023 | ◯ 767 (4 pgs) | Agenda for Hearing on 5/4/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/03/2023) |
| 05/03/2023 | ◯ 768 (1 pg) | Motion to Appear pro hac vice *of Brooke L. Bean*. Filed by Creditor Continuum Marketing Services LLC (Fishel, Michael) (Entered: 05/03/2023) |
| 05/03/2023 | ◯ 769 (1 pg) | Motion to Appear pro hac vice *of Thaddeus D. Wilson*. Filed by Creditor Continuum Marketing Services LLC (Fishel, Michael) (Entered: 05/03/2023) |
| 05/03/2023 | ◯ 770 (10 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):695 Generic Motion, 698 Generic Order) (Garabato, Sid) (Entered: 05/03/2023) |
| 05/03/2023 | ◯ 771 (3 pgs) | Certificate *of Service by David Rodriguez* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):722 Declaration) (Garabato, Sid) (Entered: 05/03/2023) |
| 05/03/2023 | ◯ 772 (8 pgs; 2 docs) | Objection */ Debtors' Limited Objection and Reservation of Rights to Joint Motion for Relief From Stay* (related document(s):602 Motion for Relief From Stay). Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 05/03/2023) |
| 05/03/2023 | ◯ 773 (22 pgs; 3 docs) | Certificate of No Objection *of Revised Proposed Final Order (I) Authorizing Debtors to (A) Continue Their Existing Cash Management System, (B) Maintain Existing Business Forms and Intercompany Arrangements, (C) Continue Intercompany Transactions, and (D) Continue Utilizing Employee Credit Card and P-Card Programs; and (II) Granting Related Relief* (Filed By Serta Simmons Bedding, LLC ). (Related document(s):12 Emergency Motion, 84 Order Setting Hearing) (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B - Redline) (Morgan, Gabriel) (Entered: 05/03/2023) |
| 05/03/2023 | ◯ 774 (16 pgs) | BNC Certificate of Mailing. (Related document(s):729 Order on Motion to Appear pro hac vice) No. of Notices: 63. Notice Date 05/03/2023. (Admin.) (Entered: 05/03/2023) |
| 05/03/2023 | ◯ 775 (5 pgs) | BNC Certificate of Mailing. (Related document(s):733 Order on Motion to Appear pro hac vice) No. of Notices: 63. Notice Date 05/03/2023. (Admin.) (Entered: 05/03/2023) |
| 05/03/2023 | ◯ 776 (5 pgs) | BNC Certificate of Mailing. (Related document(s):734 Order on Motion to Appear pro hac vice) No. of Notices: 63. Notice Date 05/03/2023. (Admin.) (Entered: 05/03/2023) |
| 05/04/2023 | ◯ 777 (4 pgs) | Amended Agenda for Hearing on 5/4/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/04/2023) |
| 05/04/2023 | ◯ 778 (8 pgs) | Final Order (I) Authorizing Debtors to (A) Continue Their Existing Cash management System, (B) Maintain Existing Business Forms and Intercompany Arrangements, (C) Continue Intercompany Transactions, and (D) Continue Utilizing Employee Credit Card and P-Card Programs; |

| | | and (II) Granting Related Relief Signed on 5/4/2023 (Related document(s):12 Emergency Motion, 84 Order Setting Hearing) (VrianaPortillo) (Entered: 05/04/2023) |
|---|---|---|
| 05/04/2023 | 779 (12 pgs) | Declaration re: / *Declaration of Emily Young of Epiq Corporate Restructuring, LLC Regarding Voting and Tabulation of Ballots Cast on Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/04/2023) |
| 05/04/2023 | 780 (8 pgs) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):767 Agenda) (Garabato, Sid) (Entered: 05/04/2023) |
| 05/04/2023 | 781 (10 pgs) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):772 Objection, 773 Certificate of No Objection) (Garabato, Sid) (Entered: 05/04/2023) |
| 05/04/2023 | 782 (4 pgs) | Notice *of Cancellation of Hearing Scheduled for May 8, 2023 at 9:00 A.M. (Central Time) (Related Documents 12, 84, 773, 778)*. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/04/2023) |
| 05/05/2023 | 783 (2 pgs) | Withdraw Document (Filed By Elite Comfort Solutions, LLC ).(Related document(s):293 Notice) (Parres, Lawrence) (Entered: 05/05/2023) |
| 05/05/2023 | 784 (2 pgs) | Withdraw Document (Filed By Hanes Companies, Inc. ).(Related document(s):294 Notice) (Parres, Lawrence) (Entered: 05/05/2023) |
| 05/05/2023 | 785 (2 pgs) | Withdraw Document (Filed By Leggett & Platt, Incorporated ).(Related document(s):295 Notice) (Parres, Lawrence) (Entered: 05/05/2023) |
| 05/05/2023 | 786 (9 pgs; 2 docs) | Objection / *Debtors' Opposition to Motion for Reconsideration of Order Denying Motion for Relief From Automatic Stay (Related Documents 629, 665, 673)*. Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Proposed Order) (Morgan, Gabriel) (Entered: 05/05/2023) |
| 05/05/2023 | 787 (4 pgs) | Notice / *Debtors' Notice Regarding Appellant's Designation of the Record and Statement of Issues on Appeal*. (Related document(s):673 Motion to Reconsider, 675 Notice of Appeal, 745 Appellant Designation) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/05/2023) |
| 05/05/2023 | 788 (325 pgs) | Notice / *Second Amended Notice of (I) Assumption of Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto in Connection With Confirmation of Plan*. (Related document(s):540 Order Approving Disclosure Statement, 544 Chapter 11 Plan, 668 Notice, 692 Notice, 720 Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/05/2023) |
| 05/05/2023 | 789 (8 pgs) | Response (Filed By Ad Hoc Priority Lender Group ).(Related document(s):406 Generic Order, 656 Statement, 657 Statement, 661 Notice) (Ruzinsky, Bruce) (Entered: 05/05/2023) |
| 05/06/2023 | 790 (12 pgs) | BNC Certificate of Mailing. (Related document(s):778 Generic Order) No. of Notices: 66. Notice Date 05/06/2023. (Admin.) (Entered: |

| | | |
|---|---|---|
| | | 05/06/2023) |
| 05/08/2023 | ⊙ <u>791</u><br>(11 pgs) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):<u>778</u> Generic Order, <u>779</u> Declaration) (Garabato, Sid) (Entered: 05/08/2023) |
| 05/08/2023 | ⊙ <u>792</u><br>(8 pgs) | Agreed Motion for Entry of Agreed Order (Automatic Stay) Filed by Plaintiff DEBRA CAMPBELL Hearing scheduled for 5/10/2023 at 01:30 PM at Houston, 515 Rusk Suite 3401. (Grotke, Jeff) (Entered: 05/08/2023) |
| 05/08/2023 | ⊙ <u>793</u><br>(16 pgs) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):<u>782</u> Notice, <u>786</u> Objection, <u>787</u> Notice, <u>788</u> Notice) (Garabato, Sid) (Entered: 05/08/2023) |
| 05/09/2023 | ⊙ <u>794</u><br>(2 pgs) | Notice *of Withdrawal of Limited Objection*. (Related document(s):<u>753</u> Objection) Filed by HP Assembly I, LLC (Westmoreland, Chante) (Entered: 05/09/2023) |
| 05/09/2023 | ⊙ <u>795</u><br>(3 pgs) | Declaration re: */ Declaration and Disclosure Statement of Lani Billi on Behalf of Spruson & Ferguson Pty Limited* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):<u>368</u> Generic Order) (Morgan, Gabriel) (Entered: 05/09/2023) |
| 05/09/2023 | ⊙ <u>796</u><br>(72 pgs) | First Amended Chapter 11 Plan Filed by Serta Simmons Bedding, LLC. (Morgan, Gabriel) (Entered: 05/09/2023) |
| 05/09/2023 | ⊙ <u>797</u><br>(81 pgs) | Notice *of (I) Global Settlement With Official Committee of Unsecured Creditors and (II) Filing of First Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*. (Related document(s):<u>28</u> Chapter 11 Plan, <u>544</u> Chapter 11 Plan, <u>796</u> Amended Chapter 11 Plan) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/09/2023) |
| 05/09/2023 | ⊙ <u>798</u><br>(3 pgs) | Declaration re: */ Declaration and Disclosure Statement of Sanford A. Posner on Behalf of FisherBroyles, LLP* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):<u>368</u> Generic Order) (Morgan, Gabriel) (Entered: 05/09/2023) |
| 05/09/2023 | ⊙ <u>799</u><br>(3 pgs) | Affidavit Re: *by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):<u>761</u> Declaration) (Garabato, Sid) (Entered: 05/09/2023) |
| 05/09/2023 | ⊙ <u>800</u><br>(9 pgs) | Motion for Relief from Stay . Fee Amount $188. Filed by Creditor Sally A Erickson Hearing scheduled for 6/6/2023 at 02:30 PM at Houston, Courtroom 400 (DRJ). (Barrett, Benjamin) (Entered: 05/09/2023) |
| 05/09/2023 | | Receipt of Motion for Relief From Stay( 23-90020) [motion,mrlfsty] ( 188.00) Filing Fee. Receipt number A24398578. Fee amount $ 188.00. (U.S. Treasury) (Entered: 05/09/2023) |
| 05/09/2023 | ⊙ | Certificate of Telephone Notice. At the request of the Debtor, the Court will hold a Status Hearing on Wednesday, May 10, 2023 at 10:30 AM. Movant to notice all interested parties and file a certificate of service with the court (Related document(s):<u>1</u> Voluntary Petition (Chapter 11)) |

| | | **Status Hearing scheduled for 5/10/2023 at 10:30 AM** (DRJ). (AlbertAlonzo) (Entered: 05/09/2023) |
|---|---|---|
| 05/09/2023 | ● 801<br>(3 pgs) | Order Granting Limited Relief from Automatic Stay Regarding Wendy Kershaw, Richard Sunoskie, Debra Campbell, Randy Sunoskie and Craig Sunoskie Litigation (Related Doc # 602), (Related Doc # 792) Signed on 5/9/2023. (VrianaPortillo) (Entered: 05/09/2023) |
| 05/09/2023 | ● 802<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Brooke L. Bean (Related Doc # 768) Signed on 5/9/2023. (ElizabethMiller) (Entered: 05/09/2023) |
| 05/09/2023 | ● 803<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Thaddeus D. Wilson (Related Doc # 769) Signed on 5/9/2023. (ElizabethMiller) (Entered: 05/09/2023) |
| 05/09/2023 | ● 804<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Bryce Brenda (Related Doc # 735) Signed on 5/9/2023. (ElizabethMiller) (Entered: 05/09/2023) |
| 05/09/2023 | ● 805<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Cameron Argetsinger (Related Doc # 736) Signed on 5/9/2023. (ElizabethMiller) (Entered: 05/09/2023) |
| 05/09/2023 | ● 806<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Sharon Grysman (Related Doc # 749) Signed on 5/9/2023. (ElizabethMiller) (Entered: 05/09/2023) |
| 05/09/2023 | ● 807<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Christian Dibblee (Related Doc # 750) Signed on 5/9/2023. (ElizabethMiller) (Entered: 05/09/2023) |
| 05/09/2023 | ● 808<br>(4 pgs) | Notice *of Status Hearing Scheduled for May 10, 2023 at 10:30 A.M. (Central Time)*. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/09/2023) |
| 05/09/2023 | ● 809<br>(1 pg) | Motion to Appear pro hac vice *of James H. Millar*. Filed by Creditor c/o Citadel Limited Citadel Equity Fund Ltd. (Perry, Kristen) (Entered: 05/09/2023) |
| 05/09/2023 | ● 810<br>(28 pgs) | Supplemental Brief (Filed By c/o Citadel Limited Citadel Equity Fund Ltd. ).(Related document(s):661 Notice) (Perry, Kristen) (Entered: 05/09/2023) |
| 05/10/2023 | ● 811<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Michael Kevin Riordan Filed by on behalf of Cornelius McCormick, Lashan McCormick, MM McCormick (Riordan, Michael) (Entered: 05/10/2023) |
| 05/10/2023 | ● 812<br>(3 pgs) | Declaration re: */ Declaration and Disclosure Statement of Beth E. Rogers on Behalf of Rogers Law Offices* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 05/10/2023) |
| 05/10/2023 | ● 813<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Debtors' Counsel / Gabriel A. Morgan. This is to order a transcript of |

| | | |
|---|---|---|
| | | Bankruptcy Proceeding on May 10, 2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) Electronically forwarded to JTT on 05/10/2023. Estimated date of completion 05/11/2023. (RebeccaBecknal). (Entered: 05/10/2023) |
| 05/10/2023 | 814 (2 pgs) | Withdraw Document (Filed By Six Continents Hotels, Inc. ).(Related document(s):743 Response) (Nowell, Meaghan) (Entered: 05/10/2023) |
| 05/10/2023 | 815 (2 pgs) | Notice *of Withdrawal of Limited Objection to Notice of (I) Assumption of Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto in Connection with Confirmation of Plan*. (Related document(s):668 Notice) Filed by LIT Gateway Portfolio, SSB Manufacturing Company (Rubin, Howard) (Entered: 05/10/2023) |
| 05/10/2023 | 816 (1 pg) | Motion to Appear pro hac vice *Irve J. Goldman*. Filed by Creditor State of Connecticut Department of Economic Community and Development (Goldman, Irve) (Entered: 05/10/2023) |
| 05/10/2023 | 817 (2 pgs) | Notice *Of Withdrawal Of Maricopa County Treasurers Objection To Joint Chapter 11 Plan Of Serta Simmons Bedding, LLC, And Its Affiliated Debtors*. (Related document(s):617 Response/Objection) Filed by Maricopa County Treasurer (Muthig, Klaus) (Entered: 05/10/2023) |
| 05/10/2023 | 818 (2 pgs; 2 docs) | Ex Parte Motion to Appear pro hac vice *Florence Bonaccorso-Saenz to appear for the Louisiana Department of Revenue*. Filed by Creditor Louisiana Department of Revenue (Attachments: # 1 Proposed Order) (Bonaccorso-Saenz, Florence) (Entered: 05/10/2023) |
| 05/11/2023 | 819 (6 pgs; 2 docs) | Motion to Extend Time *to File Objections to Confirmation of Debtors' First Amended Joint Chapter 11 Plan* Filed by Creditor State of Connecticut Department of Economic Community and Development (Attachments: # 1 Proposed Order) (Goldman, Irve) (Entered: 05/11/2023) |
| 05/11/2023 | 820 (7 pgs; 2 docs) | Objection to Confirmation of Plan Filed by US Trustee. (Related document(s):796 Amended Chapter 11 Plan) (Attachments: # 1 Proposed Order)(Duran, Hector) (Entered: 05/11/2023) |
| 05/11/2023 | 821 (11 pgs) | Objection to Confirmation of Plan Filed by Texas Comptroller of Public Accounts, Unclaimed Property Division. (Related document(s):796 Amended Chapter 11 Plan) (Highsmith, Autumn) (Entered: 05/11/2023) |
| 05/11/2023 | 822 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/10/2023 11:09:37 AM ]. File Size [ 18071 KB ]. Run Time [ 00:37:39 ]. (admin). (Entered: 05/11/2023) |
| 05/11/2023 | 823 (5 pgs) | Objection to Confirmation of Plan Filed by Cypress-Fairbanks ISD, Dallas County, Harris County. (Related document(s):796 Amended Chapter 11 Plan) (Grundemeier, Tara) (Entered: 05/11/2023) |
| 05/11/2023 | 824 (24 pgs) | Objection to Confirmation of Plan Filed by Ad Hoc Group of First Lien Lenders. (Related document(s):796 Amended Chapter 11 Plan) |

| | | (Higgins, John) (Entered: 05/11/2023) |
|---|---|---|
| 05/11/2023 | 🔵 825 (3 pgs) | Statement *LCM Lenders' Joinder in Objection of The Ad Hoc Group of First Lien Lenders to the Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Filed By LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XXII LTD., LCM XXIII LTD. ). (Sparacino, John) (Entered: 05/11/2023) |
| 05/11/2023 | 🔵 826 (12 pgs; 2 docs) | Opposition Response (related document(s):796 Amended Chapter 11 Plan). (Attachments: # 1 Objection to Confirmation of the Plan) (Thierry, Cameron) (Entered: 05/11/2023) |
| 05/11/2023 | 🔵 827 (15 pgs) | Response/Objection Filed by AW Industries, Inc., Dormae Products, Inc., Palu Bedding Co., Inc., Salt Lake Mattress & Mfg. Co., Serta Restokraft Mattress Company Inc.. (Related document(s):796 Amended Chapter 11 Plan) (Ralston, Mark) (Entered: 05/11/2023) |
| 05/11/2023 | 🔵 828 (8 pgs) | Witness List (Filed By c/o Citadel Limited Citadel Equity Fund Ltd. ). (Perry, Kristen) (Entered: 05/11/2023) |
| 05/11/2023 | 🔵 829 (20 pgs; 4 docs) | Objection *to Plan Confirmation Regarding SSB Logistics, LLC and Its Treatment of Their Personal Injury Claims Involving Insurance Policy*. Filed by Alan Humphries, Ruth Humphries (Attachments: # 1 Exhibit # 2 Exhibit # 3 Proposed Order) (King, Anabel) (Entered: 05/11/2023) |
| 05/11/2023 | 🔵 830 (13 pgs) | Response/Objection Filed by Louisiana Department of Revenue. (Related document(s):796 Amended Chapter 11 Plan) (Bonaccorso-Saenz, Florence) (Entered: 05/11/2023) |
| 05/11/2023 | 🔵 831 (1 pg) | Certificate *of Service* (Filed By Louisiana Department of Revenue ). (Related document(s):830 Response/Objection) (Bonaccorso-Saenz, Florence) (Entered: 05/11/2023) |
| 05/11/2023 | 🔵 832 (6 pgs) | Statement *of the Official Committee of Unsecured Creditors in Support of Confirmation of the First Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors* (Filed By Official Committee Of Unsecured Creditors ).(Related document(s):796 Amended Chapter 11 Plan) (Wilson, Sean) (Entered: 05/11/2023) |
| 05/11/2023 | 🔵 833 (3 pgs) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):812 Declaration) (Garabato, Sid) (Entered: 05/11/2023) |
| 05/11/2023 | 🔵 834 (6 pgs) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):796 Amended Chapter 11 Plan, 797 Notice) (Garabato, Sid) (Entered: 05/11/2023) |
| 05/11/2023 | 🔵 835 (1 pg) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):694 Notice) (Garabato, Sid) (Entered: 05/11/2023) |
| 05/11/2023 | 🔵 836 (1 pg) | Withdrawal of Claim: *No. 20258 by 3900 WA Associates LLC* (Garabato, Sid) (Entered: 05/11/2023) |
| 05/11/2023 | 🔵 837 | Withdrawal of Claim: *No. 20290 by 3900 WA Associates LLC* |

| 05/11/2023 | ● 838<br>(1 pg) | Withdrawal of Claim: *No. 20296 by 3900 WA Associates LLC* (Garabato, Sid) (Entered: 05/11/2023) |
|---|---|---|
| 05/11/2023 | ● 839<br>(7 pgs) | BNC Certificate of Mailing. (Related document(s):801 Order on Motion For Relief From Stay) No. of Notices: 66. Notice Date 05/11/2023. (Admin.) (Entered: 05/11/2023) |
| 05/11/2023 | ● 840<br>(17 pgs) | BNC Certificate of Mailing. (Related document(s):802 Order on Motion to Appear pro hac vice) No. of Notices: 66. Notice Date 05/11/2023. (Admin.) (Entered: 05/11/2023) |
| 05/11/2023 | ● 841<br>(17 pgs) | BNC Certificate of Mailing. (Related document(s):803 Order on Motion to Appear pro hac vice) No. of Notices: 66. Notice Date 05/11/2023. (Admin.) (Entered: 05/11/2023) |
| 05/11/2023 | ● 842<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):804 Order on Motion to Appear pro hac vice) No. of Notices: 66. Notice Date 05/11/2023. (Admin.) (Entered: 05/11/2023) |
| 05/11/2023 | ● 843<br>(17 pgs) | BNC Certificate of Mailing. (Related document(s):805 Order on Motion to Appear pro hac vice) No. of Notices: 66. Notice Date 05/11/2023. (Admin.) (Entered: 05/11/2023) |
| 05/11/2023 | ● 844<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):806 Order on Motion to Appear pro hac vice) No. of Notices: 66. Notice Date 05/11/2023. (Admin.) (Entered: 05/11/2023) |
| 05/11/2023 | ● 845<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):807 Order on Motion to Appear pro hac vice) No. of Notices: 66. Notice Date 05/11/2023. (Admin.) (Entered: 05/11/2023) |
| 05/12/2023 | ● 846<br>(4 pgs) | Witness List (Filed By Official Committee Of Unsecured Creditors ). (Wilson, Sean) (Entered: 05/12/2023) |
| 05/12/2023 | ● 847<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Megan F. Clontz Filed by on behalf of Joshua Brooks (Clontz, Megan) (Entered: 05/12/2023) |
| 05/12/2023 | ● 848<br>(12 pgs) | Agenda for Hearing on 5/15/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/12/2023) |
| 05/12/2023 | ● 849<br>(697 pgs; 6 docs) | Supporting Response (related document(s):703 Notice). (Attachments: # 1 Exhibit Ex. A. Appellant Designation of Record On Appeal # 2 Exhibit Ex. B. Plan # 3 Exhibit Ex. C. US EEOC Notice of Right to Sue # 4 Exhibit Ex. D. Court Notice # 5 Exhibit Objection to the Plan) (Thierry, Cameron) (Entered: 05/12/2023) |
| 05/12/2023 | ● 850<br>(93 pgs; 12 docs) | Exhibit List (Filed By AW Industries, Inc., Dormae Products, Inc., Palu Bedding Co., Inc., Salt Lake Mattress & Mfg. Co., Serta Restokraft Mattress Company Inc. ).(Related document(s):796 Amended Chapter 11 Plan) (Attachments: # 1 Exhibit EX A - Restructering Agreement # 2 Exhibit EX B - Claim 20356 # 3 Exhibit EX 6 - Claim 20357 # 4 Exhibit Ex D - Claim 20365 # 5 Exhibit EX E - Claim 20366 # 6 Exhibit Ex F - Claim 20360 # 7 Exhibit EX G - |

|  |  |  |
|---|---|---|
|  |  | Claim 20361 # 8 Exhibit EX H - Claim 20347 # 9 Exhibit EX I - Claim 20350 # 10 Exhibit Ex. J - Claim 20320 # 11 Exhibit Ex K - Claim 20328) (Ralston, Mark) (Entered: 05/12/2023) |
| 05/12/2023 | 🌐 851 (363 pgs; 9 docs) | Witness List, Exhibit List (Filed By Alan Humphries, Ruth Humphries ).(Related document(s):425 Chapter 11 Plan, 529 Disclosure Statement, 829 Objection) (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit) (King, Anabel) (Entered: 05/12/2023) |
| 05/12/2023 | 🌐 852 (5 pgs) | Witness List, Exhibit List (Filed By LCM XXV Ltd., LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XIII Limited Partnership, LCM XIV Limited Partnership, LCM XIX Limited Partnership, LCM XV Limited Partnership, LCM XVI Limited Partnership, LCM XVII Limited Partnership, LCM XVIII Limited Partnership, LCM XX Limited Partnership, LCM XXI Limited Partnership, LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD. ). (Sparacino, John) (Entered: 05/12/2023) |
| 05/12/2023 | 🌐 853 (1634 pgs; 21 docs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Debtors' Exhibit No. 1 # 2 Debtors' Exhibit No. 2 # 3 Debtors' Exhibit No. 3 # 4 Debtors' Exhibit No. 4 # 5 Debtors' Exhibit No. 5 # 6 Debtors' Exhibit No. 6 # 7 Debtors' Exhibit No. 7 # 8 Debtors' Exhibit No. 8 # 9 Debtors' Exhibit No. 9 # 10 Debtors' Exhibit No. 10 # 11 Debtors' Exhibit No. 11 # 12 Debtors' Exhibit No. 12 # 13 Debtors' Exhibit No. 13 # 14 Debtors' Exhibit No. 14 # 15 Debtors' Exhibit No. 15 # 16 Debtors' Exhibit No. 16 # 17 Debtors' Exhibit No. 17 # 18 Debtors' Exhibit No. 18 # 19 Debtors' Exhibit No. 19 # 20 Debtors' Exhibit No. 20) (Morgan, Gabriel) (Entered: 05/12/2023) |
| 05/12/2023 | 🌐 854 (2 pgs) | Exhibit List, Witness List (Filed By US Trustee ).(Related document(s):796 Amended Chapter 11 Plan, 820 Objection to Confirmation of the Plan) (Duran, Hector) (Entered: 05/12/2023) |
| 05/12/2023 | 🌐 855 (60 pgs; 60 docs) | Additional Attachments Re: *Debtors' Witness List and Joint Exhibit List for Hearing Beginning on May 15, 2023 (Exhibit 21 - Exhibit 80)* (related document(s):853 Exhibit List, Witness List) (Filed By Serta Simmons Bedding, LLC ).(Related document(s):853 Exhibit List, Witness List) (Attachments: # 1 Debtors' Exhibit No. 22 # 2 Debtors' Exhibit No. 23 # 3 Debtors' Exhibit No. 24 # 4 Debtors' Exhibit No. 25 # 5 Debtors' Exhibit No. 26 # 6 Debtors' Exhibit No. 27 # 7 Debtors' Exhibit No. 28 # 8 Debtors' Exhibit No. 29 # 9 Debtors' Exhibit No. 30 # 10 Debtors' Exhibit No. 31 # 11 Debtors' Exhibit No. 32 # 12 Debtors' Exhibit No. 33 # 13 Debtors' Exhibit No. 34 # 14 Debtors' Exhibit No. 35 # 15 Debtors' Exhibit No. 36 # 16 Debtors' Exhibit No. 37 # 17 Debtors' Exhibit No. 38 # 18 Debtors' Exhibit No. 39 # 19 Debtors' Exhibit No. 40 # 20 Debtors' Exhibit No. 41 # 21 Debtors' Exhibit No. 42 # 22 Debtors' Exhibit No. 43 # 23 Debtors' Exhibit No. 44 # 24 Debtors' Exhibit No. 45 # 25 Debtors' Exhibit No. 46 # 26 Debtors' Exhibit No. 47 # 27 Debtors' Exhibit No. 48 # 28 Debtors' Exhibit No. 49 # 29 Debtors' Exhibit No. 50 # 30 Debtors' Exhibit No. 51 # 31 Debtors' Exhibit No. 52 # 32 Debtors' Exhibit No. 53 # 33 Debtors' Exhibit No. 54 # 34 Debtors' Exhibit No. 55 # 35 Debtors' Exhibit No. 56 # 36 Debtors' Exhibit No. 57 # 37 Debtors' Exhibit No. 58 # 38 Debtors' Exhibit No. 59 # 39 Debtors' Exhibit No. 60 # 40 Debtors' Exhibit No. 61 # 41 Debtors' Exhibit No. 62 # 42 Debtors' Exhibit No. 63 # 43 Debtors' Exhibit No. 64 # 44 Debtors' Exhibit No. 65 # 45 Debtors' Exhibit No. 66 # 46 Debtors' Exhibit No. 67 # 47 |

| | | |
|---|---|---|
| | | Debtors' Exhibit No. 68 # <u>48</u> Debtors' Exhibit No. 69 # <u>49</u> Debtors' Exhibit No. 70 # <u>50</u> Debtors' Exhibit No. 71 # <u>51</u> Debtors' Exhibit No. 72 # <u>52</u> Debtors' Exhibit No. 73 # <u>53</u> Debtors' Exhibit No. 74 # <u>54</u> Debtors' Exhibit No. 75 # <u>55</u> Debtors' Exhibit No. 76 # <u>56</u> Debtors' Exhibit No. 77 # <u>57</u> Debtors' Exhibit No. 78 # <u>58</u> Debtors' Exhibit No. 79 # <u>59</u> Debtors' Exhibit No. 80) (Morgan, Gabriel) (Entered: 05/12/2023) |
| 05/12/2023 | 🔵 <u>856</u><br>(214 pgs; 70 docs) | Additional Attachments Re: / *Debtors' Witness List and Joint Exhibit List for Hearing Beginning on May 15, 2023 (Exhibit 81 - Exhibit 150)* (related document(s):<u>853</u> Exhibit List, Witness List, <u>855</u> Additional Attachments) (Filed By Serta Simmons Bedding, LLC ).(Related document(s):<u>853</u> Exhibit List, Witness List, <u>855</u> Additional Attachments) (Attachments: # <u>1</u> Debtors' Exhibit No. 82 # <u>2</u> Debtors' Exhibit No.83 # <u>3</u> Debtors' Exhibit No.84 # <u>4</u> Debtors' Exhibit No.85 # <u>5</u> Debtors' Exhibit No.8 # <u>6</u> Debtors' Exhibit No.87 # <u>7</u> Debtors' Exhibit No.88 # <u>8</u> Debtors' Exhibit No.89 # <u>9</u> Debtors' Exhibit No.90 # <u>10</u> Debtors' Exhibit No.91 # <u>11</u> Debtors' Exhibit No.92 # <u>12</u> Debtors' Exhibit No.93 # <u>13</u> Debtors' Exhibit No.94 # <u>14</u> Debtors' Exhibit No.95 # <u>15</u> Debtors' Exhibit No.96 # <u>16</u> Debtors' Exhibit No.97 # <u>17</u> Debtors' Exhibit No.98 # <u>18</u> Debtors' Exhibit No.99 # <u>19</u> Debtors' Exhibit No.100 # <u>20</u> Debtors' Exhibit No.101 # <u>21</u> Debtors' Exhibit No.102 # <u>22</u> Debtors' Exhibit No.103 # <u>23</u> Debtors' Exhibit No.104 # <u>24</u> Debtors' Exhibit No.105 # <u>25</u> Debtors' Exhibit No.106 # <u>26</u> Debtors' Exhibit No.107 # <u>27</u> Debtors' Exhibit No.108 # <u>28</u> Debtors' Exhibit No.109 # <u>29</u> Debtors' Exhibit No.110 # <u>30</u> Debtors' Exhibit No.111 # <u>31</u> Debtors' Exhibit No.112 # <u>32</u> Debtors' Exhibit No.113 # <u>33</u> Debtors' Exhibit No.114 # <u>34</u> Debtors' Exhibit No.115 # <u>35</u> Debtors' Exhibit No.116 # <u>36</u> Debtors' Exhibit No.117 # <u>37</u> Debtors' Exhibit No.118 # <u>38</u> Debtors' Exhibit No.119 # <u>39</u> Debtors Exhibit No.120 # <u>40</u> Debtors' Exhibit No.121 # <u>41</u> Debtors' Exhibit No.122 # <u>42</u> Debtors' Exhibit No.123 # <u>43</u> Debtors' Exhibit No.124 # <u>44</u> Debtors' Exhibit No.125 # <u>45</u> Debtors' Exhibit No.126 # <u>46</u> Debtors' Exhibit No.127 # <u>47</u> Debtors' Exhibit No.128 # <u>48</u> Debtors' Exhibit No.129 # <u>49</u> Debtors' Exhibit No.130 # <u>50</u> Debtors' Exhibit No.131 # <u>51</u> Debtors Exhibit No.132 # <u>52</u> Debtors' Exhibit No.133 # <u>53</u> Debtors' Exhibit No.134 # <u>54</u> Debtors' Exhibit No.135 # <u>55</u> Debtors' Exhibit No.136 # <u>56</u> Debtors' Exhibit No.137 # <u>57</u> Debtors' Exhibit No.138 # <u>58</u> Debtors' Exhibit No.139 # <u>59</u> Debtors' Exhibit No.140 # <u>60</u> Debtors' Exhibit No.141 # <u>61</u> Debtors' Exhibit No.142 # <u>62</u> Debtors' Exhibit No.143 # <u>63</u> Debtors' Exhibit No.144 # <u>64</u> Debtors' Exhibit No.145 # <u>65</u> Debtors' Exhibit No.146 # <u>66</u> Debtors' Exhibit No.147 # <u>67</u> Debtors' Exhibit No.148 # <u>68</u> Debtors' Exhibit No.149 # <u>69</u> Debtors' Exhibit No.150) (Morgan, Gabriel) (Entered: 05/12/2023) |
| 05/12/2023 | 🔵 <u>857</u><br>(437 pgs; 100 docs) | Additional Attachments Re: *Debtors' Witness List and Joint Exhibit List for Hearing Beginning on May 15, 2023 (Exhibit 151 - Exhibit 250))* (related document(s):<u>853</u> Exhibit List, Witness List, <u>855</u> Additional Attachments, <u>856</u> Additional Attachments) (Filed By Serta Simmons Bedding, LLC ).(Related document(s):<u>853</u> Exhibit List, Witness List, <u>855</u> Additional Attachments, <u>856</u> Additional Attachments) (Attachments: # <u>1</u> Debtors' Exhibit No. 152 # <u>2</u> Debtors' Exhibit No. 153 # <u>3</u> Debtors' Exhibit No. 154 # <u>4</u> Debtors' Exhibit No. 155 # <u>5</u> Debtors' Exhibit No. 156 # <u>6</u> Debtors' Exhibit No. 157 # <u>7</u> Debtors' Exhibit No. 158 # <u>8</u> Debtors' Exhibit No. 159 # <u>9</u> Debtors' Exhibit No. 160 # <u>10</u> Debtors' Exhibit No. 161 # <u>11</u> Debtors' Exhibit No. 162 # <u>12</u> Debtors' Exhibit No. 163 # <u>13</u> Debtors' Exhibit No. 164 # <u>14</u> Debtors' Exhibit No. 165 # <u>15</u> Debtors' Exhibit No. 166 # <u>16</u> Debtors' Exhibit No. 167 # <u>17</u> Debtors' Exhibit No. 168 # <u>18</u> Debtors' Exhibit No. 169 # <u>19</u> Debtors' Exhibit No. 170 # <u>20</u> Debtors' Exhibit |

No. 171 # 21 Debtors' Exhibit No. 172 # 22 Debtors' Exhibit No. 173 # 23 Debtors' Exhibit No. 174 # 24 Debtors' Exhibit No. 175 # 25 Debtors' Exhibit No. 176 # 26 Debtors' Exhibit No. 177 # 27 Debtors' Exhibit No. 178 # 28 Debtors' Exhibit No. 179 # 29 Debtors' Exhibit No. 180 # 30 Debtors' Exhibit No. 181 # 31 Debtors' Exhibit No. 182 # 32 Debtors' Exhibit No. 183 # 33 Debtors' Exhibit No. 184 # 34 Debtors' Exhibit No. 185 # 35 Debtors' Exhibit No. 186 # 36 Debtors' Exhibit No. 187 # 37 188 # 38 Debtors' Exhibit No. 189 # 39 Debtors' Exhibit No. 190 # 40 Debtors' Exhibit No. 191 # 41 Debtors' Exhibit No. 192 # 42 Debtors' Exhibit No. 193 # 43 Debtors' Exhibit No. 194 # 44 Debtors' Exhibit No. 195 # 45 Debtors' Exhibit No. 196 # 46 Debtors' Exhibit No. 197 # 47 Debtors' Exhibit No. 198 # 48 Debtors' Exhibit No. 199 # 49 Debtors' Exhibit No. 200 # 50 Debtors' Exhibit No. 201 # 51 Debtors' Exhibit No. 202 # 52 Debtors' Exhibit No. 203 # 53 Debtors' Exhibit No. 204 # 54 Debtors' Exhibit No. 205 # 55 Debtors' Exhibit No. 206 # 56 Debtors' Exhibit No. 207 # 57 Debtors' Exhibit No. 208 # 58 Debtors' Exhibit No. 209 # 59 Debtors' Exhibit No. 210 # 60 Debtors' Exhibit No. 211 # 61 Debtors' Exhibit No. 212 # 62 Debtors' Exhibit No. 213 # 63 Debtors' Exhibit No. 214 # 64 Debtors' Exhibit No. 215 # 65 Debtors' Exhibit No. 216 # 66 Debtors' Exhibit No. 217 # 67 Debtors' Exhibit No. 218 # 68 Debtors' Exhibit No. 219 # 69 Debtors' Exhibit No. 220 # 70 Debtors' Exhibit No. 221 # 71 Debtors' Exhibit No. 222 # 72 Debtors' Exhibit No. 223 # 73 Debtors' Exhibit No. 224 # 74 Debtors' Exhibit No. 225 # 75 Debtors' Exhibit No. 226 # 76 Debtors' Exhibit No. 227 # 77 Debtors' Exhibit No. 228 # 78 Debtors' Exhibit No. 229 # 79 Debtors' Exhibit No. 230 # 80 Debtors' Exhibit No. 231 # 81 Debtors' Exhibit No. 232 # 82 Debtors' Exhibit No. 233 # 83 Debtors' Exhibit No. 234 # 84 Debtors' Exhibit No. 235 # 85 Debtors' Exhibit No. 236 # 86 Debtors' Exhibit No. 237 # 87 Debtors' Exhibit No. 238 # 88 Debtors' Exhibit No. 239 # 89 Debtors' Exhibit No. 240 # 90 Debtors' Exhibit No. 241 # 91 Debtors' Exhibit No. 242 # 92 Debtors' Exhibit No. 243 # 93 Debtors' Exhibit No. 244 # 94 Debtors' Exhibit No. 245 # 95 Debtors' Exhibit No. 246 # 96 Debtors' Exhibit No. 247 # 97 Debtors' Exhibit No. 248 # 98 Debtors' Exhibit No. 249 # 99 Debtors' Exhibit No. 250) (Morgan, Gabriel) (Entered: 05/12/2023)

| 05/12/2023 | 🔵 858 (455 pgs; 50 docs) | Additional Attachments Re: *Debtors' Witness List and Joint Exhibit List for Hearing Beginning on May 15, 2023 (Exhibit 251 - Exhibit 300)* (related document(s):853 Exhibit List, Witness List, 855 Additional Attachments, 856 Additional Attachments, 857 Additional Attachments) (Filed By Serta Simmons Bedding, LLC ).(Related document(s):853 Exhibit List, Witness List, 855 Additional Attachments, 856 Additional Attachments, 857 Additional Attachments) (Attachments: # 1 Debtors' Exhibit No. 252 # 2 Debtors' Exhibit No. 253 # 3 Debtors' Exhibit No. 254 # 4 Debtors' Exhibit No. 255 # 5 Debtors' Exhibit No. 256 # 6 Debtors' Exhibit No. 257 # 7 Debtors' Exhibit No. 258 # 8 Debtors' Exhibit No. 259 # 9 Debtors' Exhibit No. 260 # 10 Debtors' Exhibit No. 261 # 11 Debtors' Exhibit No. 262 # 12 Debtors' Exhibit No. 263 # 13 Debtors' Exhibit No. 264 # 14 Debtors' Exhibit No. 265 # 15 Debtors' Exhibit No. 266 # 16 Debtors' Exhibit No. 267 # 17 Debtors' Exhibit No. 268 # 18 Debtors' Exhibit No. 269 # 19 Debtors' Exhibit No. 270 # 20 Debtors' Exhibit No. 271 # 21 Debtors' Exhibit No. 272 # 22 Debtors' Exhibit No. 273 # 23 Debtors' Exhibit No. 274 # 24 Debtors' Exhibit No. 275 # 25 Debtors' Exhibit No. 276 # 26 Debtors' Exhibit No. 277 # 27 Debtors' Exhibit No. 278 # 28 Debtors' Exhibit No. 279 # 29 Debtors' Exhibit No. 280 # 30 Debtors' Exhibit No. 281 # 31 Debtors' Exhibit No. 282 # 32 Debtors' Exhibit No. 283 # 33 Debtors' Exhibit No. 284 # 34 Debtors' Exhibit No. 285 # 35 Debtors' Exhibit No. 286 # 36 Debtors' |

| | | |
|---|---|---|
| | | Exhibit No. 287 # <u>37</u> Debtors' Exhibit No. 288 # <u>38</u> Debtors' Exhibit No. 289 # <u>39</u> Debtors' Exhibit No. 290 # <u>40</u> Debtors' Exhibit No. 291 # <u>41</u> Debtors' Exhibit No. 292 # <u>42</u> Debtors' Exhibit No. 293 # <u>43</u> Debtors' Exhibit No. 294 # <u>44</u> Debtors' Exhibit No. 295 # <u>45</u> Debtors' Exhibit No. 296 # <u>46</u> Debtors' Exhibit No. 297 # <u>47</u> Debtors' Exhibit No. 298 # <u>48</u> Debtors' Exhibit No. 299 # <u>49</u> Debtors' Exhibit No. 300) (Morgan, Gabriel) (Entered: 05/12/2023) |
| 05/12/2023 | ⬤ <u>859</u><br>(4621 pgs; 52 docs) | Additional Attachments Re: / *Debtors' Witness List and Joint Exhibit List for Hearing Beginning on May 15, 2023 (Exhibit 301 - Exhibit 353)* (related document(s):<u>853</u> Exhibit List, Witness List, <u>855</u> Additional Attachments, <u>856</u> Additional Attachments, <u>857</u> Additional Attachments, <u>858</u> Additional Attachments) (Filed By Serta Simmons Bedding, LLC ).(Related document(s):<u>853</u> Exhibit List, Witness List, <u>855</u> Additional Attachments, <u>856</u> Additional Attachments, <u>857</u> Additional Attachments, <u>858</u> Additional Attachments) (Attachments: # <u>1</u> Debtors' Exhibit No. 302 # <u>2</u> Debtors' Exhibit No. 303 # <u>3</u> Debtors' Exhibit No. 304 # <u>4</u> Debtors' Exhibit No. 305 # <u>5</u> Debtors' Exhibit No. 306 # <u>6</u> Debtors' Exhibit No. 307 # <u>7</u> Debtors' Exhibit No. 308 # <u>8</u> Debtors' Exhibit No. 309 # <u>9</u> Debtors' Exhibit No. 310 # <u>10</u> Debtors' Exhibit No. 311 # <u>11</u> Debtors' Exhibit No. 312 # <u>12</u> Debtors' Exhibit No. 313 # <u>13</u> Debtors' Exhibit No. 314 # <u>14</u> Debtors' Exhibit No. 316 # <u>15</u> Debtors' Exhibit No. 317 # <u>16</u> Debtors' Exhibit No. 318 # <u>17</u> Debtors' Exhibit No. 319 # <u>18</u> Debtors' Exhibit No. 320 # <u>19</u> Debtors' Exhibit No. 321 # <u>20</u> Debtors' Exhibit No. 322 # <u>21</u> Debtors' Exhibit No. 323 # <u>22</u> Debtors' Exhibit No. 324 # <u>23</u> Debtors' Exhibit No. 325 # <u>24</u> Debtors' Exhibit No. 326 # <u>25</u> Debtors' Exhibit No. 327 # <u>26</u> Debtors' Exhibit No. 328 # <u>27</u> Debtors' Exhibit No. 329 # <u>28</u> Debtors' Exhibit No. 330 # <u>29</u> Debtors' Exhibit No. 331 # <u>30</u> Debtors' Exhibit No. 332 # <u>31</u> Debtors' Exhibit No. 333 # <u>32</u> Debtors' Exhibit No. 334 # <u>33</u> Debtors' Exhibit No. 335 # <u>34</u> Debtors' Exhibit No. 336 # <u>35</u> Debtors' Exhibit No. 337 # <u>36</u> Debtors' Exhibit No. 338 # <u>37</u> Debtors' Exhibit No. 339 # <u>38</u> Debtors' Exhibit No. 340 # <u>39</u> Debtors' Exhibit No. 341 # <u>40</u> Debtors' Exhibit No. 342 # <u>41</u> Debtors' Exhibit No. 343 # <u>42</u> Debtors' Exhibit No. 344 # <u>43</u> Debtors' Exhibit No. 345 # <u>44</u> Debtors' Exhibit No. 346 # <u>45</u> Debtors' Exhibit No. 347 # <u>46</u> Debtors' Exhibit No. 348 # <u>47</u> Debtors' Exhibit No. 349 # <u>48</u> Debtors' Exhibit No. 350 # <u>49</u> Debtors' Exhibit No. 351 # <u>50</u> Debtors' Exhibit No. 352 # <u>51</u> Debtors' Exhibit No. 353) (Morgan, Gabriel) (Entered: 05/12/2023) |
| 05/12/2023 | ⬤ <u>860</u><br>(2 pgs) | Declaration re: / *Declaration and Disclosure Statement of Justin B. Connell on Behalf of Elarbee, Thompson, Sapp & Wilson, LLP* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):<u>368</u> Generic Order) (Morgan, Gabriel) (Entered: 05/12/2023) |
| 05/12/2023 | ⬤ 861 | Sealed Document / *Exhibits Filed Under Seal In Connection With Debtors' Witness List and Joint Exhibit List for Hearing Beginning on May 15, 2023 (Exhibit 1 - Exhibit 55)* (Filed By Serta Simmons Bedding, LLC ). (Attachments: # <u>1</u> Debtors' Exhibit No. 2 # <u>2</u> Debtors' Exhibit No. 4 # <u>3</u> Debtors' Exhibit No. 8 # <u>4</u> Debtors' Exhibit No. 9 # <u>5</u> Debtors' Exhibit No. 11 # <u>6</u> Debtors' Exhibit No. 12 # <u>7</u> Debtors' Exhibit No. 13 # <u>8</u> Debtors' Exhibit No. 14 # <u>9</u> Debtors' Exhibit No. 15 # <u>10</u> Debtors' Exhibit No. 16 # <u>11</u> Debtors' Exhibit No. 17 # <u>12</u> Debtors' Exhibit No. 18 # <u>13</u> Debtors' Exhibit No. 19 # <u>14</u> Debtors' Exhibit No. 20 # <u>15</u> Debtors' Exhibit No. 21 # <u>16</u> Debtors' Exhibit No. 22 # <u>17</u> Debtors' Exhibit No. 23 # <u>18</u> Debtors' Exhibit No. 24 # <u>19</u> Debtors' Exhibit No. 25 # <u>20</u> Debtors' Exhibit No. 26 # <u>21</u> Debtors' Exhibit No. 27 # <u>22</u> Debtors' Exhibit No. 28 # <u>23</u> Debtors' Exhibit No. 29 # <u>24</u> Debtors' Exhibit No. 30 # <u>25</u> Debtors' Exhibit No. 31 # <u>26</u> Debtors' Exhibit No. 32 # <u>27</u> Debtors' Exhibit No. 33 # <u>28</u> Debtors' |

Exhibit No. 34 # <u>29</u> Debtors' Exhibit No. 35 # <u>30</u> Debtors' Exhibit No. 36 # <u>31</u> Debtors' Exhibit No. 37 # <u>32</u> Debtors' Exhibit No. 38 # <u>33</u> Debtors' Exhibit No. 39 # <u>34</u> Debtors' Exhibit No. 40 # <u>35</u> Debtors' Exhibit No. 41 # <u>36</u> Debtors' Exhibit No. 42 # <u>37</u> Debtors' Exhibit No. 43 # <u>38</u> Debtors' Exhibit No. 44 # <u>39</u> Debtors' Exhibit No. 45 # <u>40</u> Debtors' Exhibit No. 46 # <u>41</u> Debtors' Exhibit No. 47 # <u>42</u> Debtors' Exhibit No. 48 # <u>43</u> Debtors' Exhibit No. 49 # <u>44</u> Debtors' Exhibit No. 50 # <u>45</u> Debtors' Exhibit No. 51 # <u>46</u> Debtors' Exhibit No. 52 # <u>47</u> Debtors' Exhibit No. 53 # <u>48</u> Debtors' Exhibit No. 54 # <u>49</u> Debtors' Exhibit No. 55) (Morgan, Gabriel) (Entered: 05/12/2023)

| | 🔵 862 | Sealed Document / *Exhibits Filed Under Seal In Connection With Debtors' Witness List and Joint Exhibit List for Hearing on May 15, 2023 (Exhibit 56 - Exhibit 105)* (Filed By Serta Simmons Bedding, LLC ). (Attachments: # <u>1</u> Debtors' Exhibit No. 57 # <u>2</u> Debtors' Exhibit No. 58 # <u>3</u> Debtors' Exhibit No. 59 # <u>4</u> Debtors' Exhibit No. 60 # <u>5</u> Debtors' Exhibit No. 61 # <u>6</u> Debtors' Exhibit No. 62 # <u>7</u> Debtors' Exhibit No. 63 # <u>8</u> Debtors' Exhibit No. 64 # <u>9</u> Debtors' Exhibit No. 65 # <u>10</u> Debtors' Exhibit No. 66 # <u>11</u> Debtors' Exhibit No. 67 # <u>12</u> Debtors' Exhibit No. 68 # <u>13</u> Debtors' Exhibit No. 69 # <u>14</u> Debtors' Exhibit No. 70 # <u>15</u> Debtors' Exhibit No. 71 # <u>16</u> Debtors' Exhibit No. 72 # <u>17</u> Debtors' Exhibit No. 73 # <u>18</u> Debtors' Exhibit No. 74 # <u>19</u> Debtors' Exhibit No. 75 # <u>20</u> Debtors' Exhibit No. 76 # <u>21</u> Debtors' Exhibit No. 77 # <u>22</u> Debtors' Exhibit No. 78 # <u>23</u> Debtors' Exhibit No. 79 # <u>24</u> Debtors' Exhibit No. 80 # <u>25</u> Debtors' Exhibit No. 81 # <u>26</u> Debtors' Exhibit No. 82 # <u>27</u> Debtors' Exhibit No. 83 # <u>28</u> Debtors' Exhibit No. 84 # <u>29</u> Debtors' Exhibit No. 85 # <u>30</u> Debtors' Exhibit No. 86 # <u>31</u> Debtors' Exhibit No. 87 # <u>32</u> Debtors' Exhibit No. 88 # <u>33</u> Debtors' Exhibit No. 89 # <u>34</u> Debtors' Exhibit No. 90 # <u>35</u> Debtors' Exhibit No. 91 # <u>36</u> Debtors' Exhibit No. 92 # <u>37</u> Debtors' Exhibit No. 93 # <u>38</u> Debtors' Exhibit No. 94 # <u>39</u> Debtors' Exhibit No. 95 # <u>40</u> Debtors' Exhibit No. 96 # <u>41</u> Debtors' Exhibit No. 97 # <u>42</u> Debtors' Exhibit No. 98 # <u>43</u> Debtors' Exhibit No. 99 # <u>44</u> Debtors' Exhibit No. 100 # <u>45</u> Debtors' Exhibit No. 101 # <u>46</u> Debtors' Exhibit No. 102 # <u>47</u> Debtors' Exhibit No. 103 # <u>48</u> Debtors' Exhibit No. 104 # <u>49</u> Debtors' Exhibit No. 105) (Morgan, Gabriel) (Entered: 05/12/2023) |
| 05/12/2023 | | |
| 05/12/2023 | 🔵 863 | Sealed Document / *Exhibits Filed Under Seal In Connection With Debtors' Witness List and Joint Exhibit List for Hearing Beginning on May 15, 2023 (Exhibit 107 - Exhibit 156)* (Filed By Serta Simmons Bedding, LLC ). (Attachments: # <u>1</u> Debtors' Exhibit No. 108 # <u>2</u> Debtors' Exhibit No. 109 # <u>3</u> Debtors' Exhibit No. 110 # <u>4</u> Debtors' Exhibit No. 111 # <u>5</u> Debtors' Exhibit No. 112 # <u>6</u> Debtors' Exhibit No. 113 # <u>7</u> Debtors' Exhibit No. 114 # <u>8</u> Debtors' Exhibit No. 115 # <u>9</u> Debtors' Exhibit No. 116 # <u>10</u> Debtors' Exhibit No. 117 # <u>11</u> Debtors' Exhibit No. 118 # <u>12</u> Debtors' Exhibit No. 119 # <u>13</u> Debtors' Exhibit No. 120 # <u>14</u> Debtors' Exhibit No. 121 # <u>15</u> Debtors' Exhibit No. 122 # <u>16</u> Debtors' Exhibit No. 123 # <u>17</u> Debtors' Exhibit No. 124 # <u>18</u> Debtors' Exhibit No. 125 # <u>19</u> Debtors' Exhibit No. 126 # <u>20</u> Debtors' Exhibit No. 127 # <u>21</u> Debtors' Exhibit No. 128 # <u>22</u> Debtors' Exhibit No. 129 # <u>23</u> Debtors' Exhibit No. 130 # <u>24</u> Debtors' Exhibit No. 131 # <u>25</u> Debtors' Exhibit No. 132 # <u>26</u> Debtors' Exhibit No. 133 # <u>27</u> Debtors' Exhibit No. 134 # <u>28</u> Debtors' Exhibit No. 135 # <u>29</u> Debtors' Exhibit No. 136 # <u>30</u> Debtors' Exhibit No. 137 # <u>31</u> Debtors' Exhibit No. 138 # <u>32</u> Debtors' Exhibit No. 139 # <u>33</u> Debtors' Exhibit No. 140 # <u>34</u> Debtors' Exhibit No. 141 # <u>35</u> Debtors' Exhibit No. 142 # <u>36</u> Debtors' Exhibit No. 143 # <u>37</u> Debtors' Exhibit No. 144 # <u>38</u> Debtors' Exhibit No. 145 # <u>39</u> Debtors' Exhibit No. 146 # <u>40</u> Debtors' Exhibit No. 147 # <u>41</u> Debtors' Exhibit No. 148 # <u>42</u> Debtors' Exhibit No. 149 # <u>43</u> Debtors' Exhibit No. 150 # <u>44</u> Debtors' Exhibit No. 151 # <u>45</u> |

Debtors' Exhibit No. 152 # <u>46</u> Debtors' Exhibit No. 153 # <u>47</u> Debtors' Exhibit No. 154 # <u>48</u> Debtors' Exhibit No. 155 # <u>49</u> Debtors' Exhibit No. 156) (Morgan, Gabriel) (Entered: 05/12/2023)

| 05/12/2023 | ● 864 | Sealed Document / *Exhibits Filed Under Seal In Connection With Debtors' Witness List and Joint Exhibit List for Hearing Beginning on May 15, 2023 (Exhibit 157 - Exhibit 206)* (Filed By Serta Simmons Bedding, LLC ). (Attachments: # <u>1</u> Debtors' Exhibit No. 158 # <u>2</u> Debtors' Exhibit No. 159 # <u>3</u> Debtors' Exhibit No. 160 # <u>4</u> Debtors' Exhibit No. 161 # <u>5</u> Debtors' Exhibit No. 162 # <u>6</u> Debtors' Exhibit No. 163 # <u>7</u> Debtors' Exhibit No. 164 # <u>8</u> Debtors' Exhibit No. 165 # <u>9</u> Debtors' Exhibit No. 166 # <u>10</u> Debtors' Exhibit No. 167 # <u>11</u> Debtors' Exhibit No. 168 # <u>12</u> Debtors' Exhibit No. 169 # <u>13</u> Debtors' Exhibit No. 170 # <u>14</u> Debtors' Exhibit No. 171 # <u>15</u> Debtors' Exhibit No. 172 # <u>16</u> Debtors' Exhibit No. 173 # <u>17</u> Debtors' Exhibit No. 174 # <u>18</u> Debtors' Exhibit No. 175 # <u>19</u> Debtors' Exhibit No. 176 # <u>20</u> Debtors' Exhibit No. 177 # <u>21</u> Debtors' Exhibit No. 178 # <u>22</u> Debtors' Exhibit No. 179 # <u>23</u> Debtors' Exhibit No. 180 # <u>24</u> Debtors' Exhibit No. 181 # <u>25</u> Debtors' Exhibit No. 182 # <u>26</u> Debtors' Exhibit No. 183 # <u>27</u> Debtors' Exhibit No. 184 # <u>28</u> Debtors' Exhibit No. 185 # <u>29</u> Debtors' Exhibit No. 186 # <u>30</u> Debtors' Exhibit No. 187 # <u>31</u> Debtors' Exhibit No. 188 # <u>32</u> Debtors' Exhibit No. 189 # <u>33</u> Debtors' Exhibit No. 190 # <u>34</u> Debtors' Exhibit No. 191 # <u>35</u> Debtors' Exhibit No. 192 # <u>36</u> Debtors' Exhibit No. 193 # <u>37</u> Debtors' Exhibit No. 194 # <u>38</u> Debtors' Exhibit No. 195 # <u>39</u> Debtors' Exhibit No. 196 # <u>40</u> Debtors' Exhibit No. 197 # <u>41</u> Debtors' Exhibit No. 198 # <u>42</u> Debtors' Exhibit No. 199 # <u>43</u> Debtors' Exhibit No. 200 # <u>44</u> Debtors' Exhibit No. 201 # <u>45</u> Debtors' Exhibit No. 202 # <u>46</u> Debtors' Exhibit No. 203 # <u>47</u> Debtors' Exhibit No. 204 # <u>48</u> Debtors' Exhibit No. 205 # <u>49</u> Debtors' Exhibit No. 206) (Morgan, Gabriel) (Entered: 05/12/2023) |
| 05/12/2023 | ● 865 | Sealed Document / *Exhibits Filed Under Seal In Connection With Debtors' Witness List and Joint Exhibit List for Hearing Beginning on May 15, 2023 (Exhibit 207 - Exhibit 260)* (Filed By Serta Simmons Bedding, LLC ). (Attachments: # <u>1</u> Debtors' Exhibit No. 208 # <u>2</u> Debtors' Exhibit No. 209 # <u>3</u> Debtors' Exhibit No. 210 # <u>4</u> Debtors' Exhibit No. 211 # <u>5</u> Debtors' Exhibit No. 212 # <u>6</u> Debtors' Exhibit No. 213 # <u>7</u> Debtors' Exhibit No. 214 # <u>8</u> Debtors' Exhibit No. 215 # <u>9</u> Debtors' Exhibit No. 216 # <u>10</u> Debtors' Exhibit No. 217 # <u>11</u> Debtors' Exhibit No. 219 # <u>12</u> Debtors' Exhibit No. 220 # <u>13</u> Debtors' Exhibit No. 221 # <u>14</u> Debtors' Exhibit No. 222 # <u>15</u> Debtors' Exhibit No. 223 # <u>16</u> Debtors' Exhibit No. 224 # <u>17</u> Debtors' Exhibit No. 225 # <u>18</u> Debtors' Exhibit No. 226 # <u>19</u> Debtors' Exhibit No. 227 # <u>20</u> Debtors' Exhibit No. 228 # <u>21</u> Debtors' Exhibit No. 229 # <u>22</u> Debtors' Exhibit No. 230 # <u>23</u> Debtors' Exhibit No. 231 # <u>24</u> Debtors' Exhibit No. 232 # <u>25</u> Debtors' Exhibit No. 233 # <u>26</u> Debtors' Exhibit No. 234 # <u>27</u> Debtors' Exhibit No. 235 # <u>28</u> Debtors' Exhibit No. 236 # <u>29</u> Debtors' Exhibit No. 237 # <u>30</u> Debtors' Exhibit No. 238 # <u>31</u> Debtors' Exhibit No. 240 # <u>32</u> Debtors' Exhibit No. 241 # <u>33</u> Debtors' Exhibit No. 242 # <u>34</u> Debtors' Exhibit No. 243 # <u>35</u> Debtors' Exhibit No. 244 # <u>36</u> Debtors' Exhibit No. 245 # <u>37</u> Debtors' Exhibit No. 246 # <u>38</u> Debtors' Exhibit No. 247 # <u>39</u> Debtors' Exhibit No. 248 # <u>40</u> Debtors' Exhibit No. 249 # <u>41</u> Debtors' Exhibit No. 251 # <u>42</u> Debtors' Exhibit No. 252 # <u>43</u> Debtors' Exhibit No. 253 # <u>44</u> Debtors' Exhibit No. 254 # <u>45</u> Debtors' Exhibit No. 255 # <u>46</u> Debtors' Exhibit No. 256 # <u>47</u> Debtors' Exhibit No. 257 # <u>48</u> Debtors' Exhibit No. 259 # <u>49</u> Debtors' Exhibit No. 260) (Morgan, Gabriel) (Entered: 05/12/2023) |
| 05/12/2023 | ● 866 | Sealed Document / *Exhibits Filed Under Seal In Connection With Debtors' Witness List and Joint Exhibit List for Hearing Beginning on* |

| | | |
|---|---|---|
| | | *May 15, 2023 (Exhibit 261 - Exhibit 353)* (Filed By Serta Simmons Bedding, LLC ). (Attachments: # <u>1</u> Debtors' Exhibit No. 263 # <u>2</u> Debtors' Exhibit No. 264 # <u>3</u> Debtors' Exhibit No. 266 # <u>4</u> Debtors' Exhibit No. 268 # <u>5</u> Debtors' Exhibit No. 269 # <u>6</u> Debtors' Exhibit No. 270 # <u>7</u> Debtors' Exhibit No. 271 # <u>8</u> Debtors' Exhibit No. 272 # <u>9</u> Debtors' Exhibit No. 273 # <u>10</u> Debtors' Exhibit No. 274 # <u>11</u> Debtors' Exhibit No. 275 # <u>12</u> Debtors' Exhibit No. 276 # <u>13</u> Debtors' Exhibit No. 277 # <u>14</u> Debtors' Exhibit No. 278 # <u>15</u> Debtors' Exhibit No. 279 # <u>16</u> Debtors' Exhibit No. 280 # <u>17</u> Debtors' Exhibit No. 281 # <u>18</u> Debtors' Exhibit No. 282 # <u>19</u> Debtors' Exhibit No. 283 # <u>20</u> Debtors' Exhibit No. 284 # <u>21</u> Debtors' Exhibit No. 285 # <u>22</u> Debtors' Exhibit No. 286 # <u>23</u> Debtors' Exhibit No. 287 # <u>24</u> Debtors' Exhibit No. 288 # <u>25</u> Debtors' Exhibit No. 289 # <u>26</u> Debtors' Exhibit No. 290 # <u>27</u> Debtors' Exhibit No. 291 # <u>28</u> Debtors' Exhibit No. 292 # <u>29</u> Debtors' Exhibit No. 293 # <u>30</u> Debtors' Exhibit No. 294 # <u>31</u> Debtors' Exhibit No. 295 # <u>32</u> Debtors' Exhibit No. 296 # <u>33</u> Debtors' Exhibit No. 297 # <u>34</u> Debtors' Exhibit No. 298 # <u>35</u> Debtors' Exhibit No. 299 # <u>36</u> Debtors' Exhibit No. 303 # <u>37</u> Debtors' Exhibit No. 304 # <u>38</u> Debtors' Exhibit No. 305 # <u>39</u> Debtors' Exhibit No. 312 # <u>40</u> Debtors' Exhibit No. 323 # <u>41</u> Debtors' Exhibit No. 341 # <u>42</u> Debtors' Exhibit No. 342 # <u>43</u> Debtors' Exhibit No. 343 # <u>44</u> Debtors' Exhibit No. 344 # <u>45</u> Debtors' Exhibit No. 345 # <u>46</u> Debtors' Exhibit No. 346 # <u>47</u> Debtors' Exhibit No. 350 # <u>48</u> Debtors' Exhibit No. 352 # <u>49</u> Debtors' Exhibit No. 353) (Morgan, Gabriel) (Entered: 05/12/2023) |
| 05/12/2023 | 🌐 <u>867</u><br>(10 pgs; 2 docs) | Motion to Seal */ Motion for Entry of an Order Authorizing Debtors to File Confidential Documents Under Seal* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # <u>1</u> Proposed Order) (Morgan, Gabriel) (Entered: 05/12/2023) |
| 05/12/2023 | 🌐 <u>868</u><br>(15 pgs; 3 docs) | Motion for Relief from Stay *To Proceed with Personal Injury State Court Litigation Involving Insurance*. Fee Amount $188. Filed by Interested Parties Alan Humphries, Ruth Humphries Hearing scheduled for 6/6/2023 at 02:30 PM at Houston, Courtroom 400 (DRJ). (Attachments: # <u>1</u> Exhibit # <u>2</u> Proposed Order) (King, Anabel) (Entered: 05/12/2023) |
| 05/12/2023 | | Receipt of Motion for Relief From Stay( <u>23-90020</u>) [motion,mrlfsty] ( 188.00) Filing Fee. Receipt number A24412063. Fee amount $ 188.00. (U.S. Treasury) (Entered: 05/12/2023) |
| 05/13/2023 | 🌐 <u>869</u><br>(631 pgs) | Notice *of Filing of Third Amended Plan Supplement in Connection with Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*. (Related document(s):<u>588</u> Notice, <u>667</u> Notice, <u>692</u> Notice, <u>796</u> Amended Chapter 11 Plan) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/13/2023) |
| 05/13/2023 | 🌐 <u>870</u><br>(100 pgs) | Notice *of Filing of Redlines of Third Amended Plan Supplement Exhibits*. (Related document(s):<u>588</u> Notice, <u>667</u> Notice, <u>692</u> Notice, <u>869</u> Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/13/2023) |
| 05/13/2023 | 🌐 <u>871</u><br>(292 pgs) | Notice */ Third Amended Notice of (I) Assumption of Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto in Connection With Confirmation of Plan*. (Related document(s):<u>540</u> Order Approving Disclosure Statement, <u>544</u> Chapter 11 Plan, <u>668</u> Notice, <u>692</u> Notice, <u>720</u> Notice, <u>788</u> Notice) Filed by |

| | | Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/13/2023) |
|---|---|---|
| 05/13/2023 | 🔴 872 (4 pgs) | Withdraw Document (Filed By Mattress Firm, Inc. ).(Related document(s):751 Objection) (Koster, Charles) (Entered: 05/13/2023) |
| 05/14/2023 | 🔴 873 (27 pgs) | Notice *of Filing of Fourth Amended Plan Supplement in Connection With Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors*. (Related document(s):588 Notice, 667 Notice, 692 Notice, 796 Amended Chapter 11 Plan, 869 Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔴 874 (72 pgs) | Amended Chapter 11 Plan Filed by Serta Simmons Bedding, LLC. (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔴 875 (78 pgs) | Notice *of Filing of Modified First Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors*. (Related document(s):28 Chapter 11 Plan, 425 Chapter 11 Plan, 526 Chapter 11 Plan, 544 Chapter 11 Plan, 796 Amended Chapter 11 Plan, 874 Amended Chapter 11 Plan) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔴 876 | Sealed Document */ Serta Simmons Bedding, LLC's Pre-Trial Memorandum of Law* (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔴 877 (29 pgs) | Exhibit List (Filed By c/o Citadel Limited Citadel Equity Fund Ltd. ). (Related document(s):828 Witness List) (Perry, Kristen) (Entered: 05/14/2023) |
| 05/14/2023 | 🔴 878 (10 pgs; 2 docs) | Motion *for Entry of an Order Authorizing Serta Simmons Bedding, LLC to File its Pre-Trial Memorandum of Law Containing Confidential Information Under Seal* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔴 879 (145 pgs) | Brief (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔴 880 (20 pgs) | Brief (Filed By Ad Hoc Priority Lender Group ).(Related document(s):545 Disclosure Statement, 810 Brief, 824 Objection to Confirmation of the Plan, 825 Statement, 874 Amended Chapter 11 Plan) (Ruzinsky, Bruce) (Entered: 05/14/2023) |
| 05/14/2023 | 🔴 881 (49 pgs) | Declaration re: */ Declaration of Michael J. Talarico in Support of Confirmation of Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔴 882 (17 pgs) | Declaration re: */ Declaration of Roopesh Shah in Support of Confirmation of Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔴 883 (30 pgs) | Transcript RE: Status Conference (Via Zoom) held on May 10, 2023 before Judge David R. Jones. Transcript is available for viewing in the |

| | | |
|---|---|---|
| | | Clerk's Office. Filed by Transcript access will be restricted through 08/14/2023. (mhen) (Entered: 05/14/2023) |
| 05/14/2023 | 🔘884 (24 pgs) | Declaration re: / *Declaration of John Linker in Support of Confirmation of Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔘885 (135 pgs; 2 docs) | Notice *of Filing of Proposed Findings of Fact, Conclusions of Law, and Order Confirming Modified First Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*. (Related document(s):874 Amended Chapter 11 Plan) Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit 1 - Proposed Confirmation Order) (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔘886 (15 pgs) | Amended Agenda for Hearing on 5/15/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔘887 (152 pgs; 5 docs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Related document(s):853 Exhibit List, Witness List) (Attachments: # 1 Debtors' Exhibit No. 354 # 2 Debtors' Exhibit No. 355 # 3 Debtors' Exhibit No. 356 # 4 Debtors' Exhibit No. 360) (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔘888 (23 pgs) | Statement / *Stipulated Protective Order* (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔘889 | Sealed Document / *Exhibits Filed Under Seal in Connection With Debtors' Amended Witness List and Joint Exhibit List for Hearing Beginning on May 15, 2023 (Exhibit Nos. 17, 104, 261, 357, 358, 359)* (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Debtors' Exhibit No. 104 # 2 Debtors' Exhibit No. 261 # 3 Debtors' Exhibit No. 357 # 4 Debtors' Exhibit No. 358 # 5 Debtors' Exhibit No. 359) (Morgan, Gabriel) (Entered: 05/14/2023) |
| 05/14/2023 | 🔘890 (50 pgs) | Witness List, Exhibit List (Filed By Ad Hoc Group of First Lien Lenders ). (Johnson, Michael) (Entered: 05/14/2023) |
| 05/15/2023 | 🔘891 (9 pgs) | Supporting Response (related document(s):826 Response, 849 Response). (Thierry, Cameron) (Entered: 05/15/2023) |
| 05/15/2023 | 🔘892 (15 pgs; 2 docs) | Opposition Response (related document(s):826 Response, 849 Response, 874 Amended Chapter 11 Plan, 875 Notice, 891 Response). (Attachments: # 1 Exhibit Ex. F. Brief in Support of Objection)(Thierry, Cameron) (Entered: 05/15/2023) |
| 05/15/2023 | 🔘893 (13 pgs) | Notice *of Filing Confirmation Hearing Demonstrative*. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/15/2023) |
| 05/15/2023 | 🔘894 (1 pg) | Notice *of Satisfaction and Withdrawal of the Louisiana Department of Revenue's Objection to Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization for Serta Simmons Bedding LLC and its Affiliated Debtors based on the objection cure language within the Proposed Findings of Fact and Conclusions of Law filed at Doc. No. 885-1 [at Section 68 at Page 47-48]*. (Related document(s):830 |

| | | Response/Objection) Filed by Louisiana Department of Revenue (Bonaccorso-Saenz, Florence) (Entered: 05/15/2023) |
|---|---|---|
| 05/15/2023 | 895 (2 pgs) | Withdraw Document (Filed By Cypress-Fairbanks ISD, Dallas County, Harris County ).(Related document(s):823 Objection to Confirmation of the Plan) (Dillman, John) (Entered: 05/15/2023) |
| 05/15/2023 | 896 (2 pgs) | Notice of Withdrawal. (Related document(s):829 Objection) Filed by Alan Humphries, Ruth Humphries (King, Anabel) (Entered: 05/15/2023) |
| 05/15/2023 | 897 (3 pgs) | Withdraw Document (Filed By WPG Legacy, LLC ).(Related document(s):721 Objection) (Gold, Ronald) (Entered: 05/15/2023) |
| 05/15/2023 | 898 (1 pg) | Order Granting Motion To Appear pro hac vice - James H. Millar (Related Doc # 809) Signed on 5/15/2023. (ElizabethMiller) (Entered: 05/15/2023) |
| 05/15/2023 | 899 (1 pg) | Order Granting Motion To Appear pro hac vice - Irve J. Goldman (Related Doc # 816) Signed on 5/15/2023. (ElizabethMiller) (Entered: 05/15/2023) |
| 05/15/2023 | 900 (1 pg) | Order Granting Motion To Appear pro hac vice - Florence Bonaccorso-Saenz (Related Doc # 818) Signed on 5/15/2023. (ElizabethMiller) (Entered: 05/15/2023) |
| 05/15/2023 | 901 (1 pg) | Notice of Filing of Official Transcript as to 883 Transcript. Parties notified (Related document(s):883 Transcript) (HeatherCarr) (Entered: 05/15/2023) |
| 05/15/2023 | 902 (1 pg) | ◀))) PDF with attached Audio File. Court Date & Time [ 5/15/2023 9:33:04 AM ]. File Size [ 69196 KB ]. Run Time [ 02:24:10 ]. (Confirmation Day 1. Morning Session.). (admin). Modified on 5/15/2023 (VrianaPortillo). (Entered: 05/15/2023) |
| 05/15/2023 | 903 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Debtor's Counsel / Gabriel A. Morgan. This is to order a transcript of Bankruptcy Proceeding on May 15, 2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) Audio Files Electronically forwarded on 5/16/2023. Estimated Completed Date: 5/17/2023. Modified on 5/16/2023 (EboneeMathis). (Entered: 05/15/2023) |
| 05/15/2023 | 904 (14 pgs; 3 docs) | Application for Administrative Expenses Pursuant to 11 U.S.C. § 503(b) (1)(A)(ii). Objections/Request for Hearing Due in 21 days. Filed by Creditor Joshua Brooks Hearing scheduled for 6/20/2023 at 01:00 PM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Exhibit 1 # 2 Proposed Order) (Clontz, Megan) (Entered: 05/15/2023) |
| 05/15/2023 | 905 (2 pgs) | Notice of Hearing. (Related document(s):904 Application for Administrative Expenses) Filed by Joshua Brooks (Clontz, Megan) (Entered: 05/15/2023) |
| 05/15/2023 | 906 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Citadel Equity Fund Ltd./Kristen L. Perry. This is to order a transcript of Trial 5/15/2023 before Judge David R. Jones. Court Reporter/Transcriber: |

| | | |
|---|---|---|
| | | Veritext Legal Solutions (Filed By c/o Citadel Limited Citadel Equity Fund Ltd. ). (Perry, Kristen) (Entered: 05/15/2023) |
| 05/15/2023 | 🔘 907 (5 pgs) | Courtroom Minutes. Time Hearing Held: 9:30 AM. Appearances: SEE ATTACHED. (Related document(s): 700 Courtroom Minutes) **Confirmation Day 1.** Witnesses: Roopesh Shah and Ken Prince. Mr. Goldman to file a proof of claim by 4:00 PM Central Time on 05/16/23. The testimonies of Mr. Roopesh Shah and Mr. Ken Prince were commenced and concluded. **Day 2 of Confirmation continued to 05/16/2023 at 12:30 PM by telephone and video conference.** (VrianaPortillo) (Entered: 05/15/2023) |
| 05/15/2023 | 🔘 908 | Sealed Document */ Corrected Exhibit Numbers 83 and 220 Filed Under Seal in Connection With Debtors' Amended Witness List and Joint Exhibit List for Hearing Beginning on May 15, 2023* (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Debtors' Exhibit No. 220) (Morgan, Gabriel) (Entered: 05/15/2023) |
| 05/15/2023 | 🔘 910 (2 pgs) | Certificate *of Service* (Filed By Cameron Thierry ).(Related document(s):745 Appellant Designation) (DarleneHansen) (Entered: 05/16/2023) |
| 05/16/2023 | 🔘 909 (111 pgs) | Transcript RE: Confirmation Day One - Morning Session (Via Zoom) held on May 15, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 08/14/2023. (mhen) (Entered: 05/16/2023) |
| 05/16/2023 | 🔘 911 (3 pgs) | Certificate *of Service of Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):795 Declaration, 798 Declaration) (Garabato, Sid) (Entered: 05/16/2023) |
| 05/16/2023 | 🔘 912 (7 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):796 Amended Chapter 11 Plan, 797 Notice) (Garabato, Sid) (Entered: 05/16/2023) |
| 05/16/2023 | 🔘 913 (2 pgs) | Withdrawal of Claim: *No. 20263 Filed By SAP America, Inc.* (Ludman, Donald) (Entered: 05/16/2023) |
| 05/16/2023 | 🔘 914 (5 pgs) | Notice *of Filing Debtors' Demonstrative No. 1.* Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/16/2023) |
| 05/16/2023 | 🔘 915 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/15/2023 1:01:31 PM ]. File Size [ 131639 KB ]. Run Time [ 04:34:15 ]. (Confirmation Day 1. Afternoon session.). (admin). (Entered: 05/16/2023) |
| 05/16/2023 | 🔘 916 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Debtors' Counsel / Gabriel A. Morgan. This is to order a transcript of Bankruptcy Proceeding on May 16, 2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/16/2023) |
| 05/16/2023 | 🔘 917 (61 pgs; 2 docs) | Objection to Confirmation of Plan Filed by State of Connecticut Department of Economic Community and Development. (Related document(s):874 Amended Chapter 11 Plan) (Attachments: # 1 |

| | | |
|---|---|---|
| | | Declaration of Kara Sene in Support of Limited Objection)(Goldman, Irve) (Entered: 05/16/2023) |
| 05/16/2023 | 918 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Citadel Equity Fund Ltd./Kristen L. Perry. This is to order a transcript of Trial 5/16/2023 before Judge David R. Jones. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By c/o Citadel Limited Citadel Equity Fund Ltd. ). (Perry, Kristen) (Entered: 05/16/2023) |
| 05/16/2023 | 919 (2 pgs) | Courtroom Minutes. Time Hearing Held: 12:30 PM. Appearances: SEE ATTACHED. (Related document(s):907 Courtroom Minutes) **Confirmation Day 2.** Witnesses: Harvey Tepner and Karn Chopra. The testimony of Mr. Tepner was commenced and concluded. The testimony of Mr. Karn Chopra was commenced but not concluded. Day 3 of confirmation to resume with Mr. Karn Chopra's testimony. **Day 3 of Confirmation is scheduled for 5/17/2023 at 09:00 AM by telephone and video conference.** (VrianaPortillo) (Entered: 05/16/2023) |
| 05/17/2023 | 920 (1 pg) | Notice of Filing of Official Transcript as to 909 Transcript. Parties notified (Related document(s):909 Transcript) (HeatherCarr) (Entered: 05/17/2023) |
| 05/17/2023 | 921 (5 pgs; 2 docs) | Certificate of No Objection *Regarding Debtors Motion for an Order (I) Extending The Deadline by Which the Debtors May Remove Civil Actions and (II) Granting Related Relief* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):695 Generic Motion) (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 05/17/2023) |
| 05/17/2023 | 922 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Debtors' Counsel / Gabriel A. Morgan. This is to order a transcript of Bankruptcy Proceeding on May 17, 2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) Electronically forwarded to JTT on 5/19/2023. Estimated date of completion 05/22/2023 (RebeccaBecknal). (Entered: 05/17/2023) |
| 05/17/2023 | 923 (1 pg) | PDF with attached Audio File. Court Date & Time [ 5/16/2023 12:32:52 PM ]. File Size [ 79748 KB ]. Run Time [ 02:46:08 ]. (Confirmation Day 2. First Session.). (admin). (Entered: 05/17/2023) |
| 05/17/2023 | 924 (1 pg) | PDF with attached Audio File. Court Date & Time [ 5/16/2023 3:33:01 PM ]. File Size [ 33058 KB ]. Run Time [ 01:08:52 ]. (Confirmation Day 2. Second Session.). (admin). (Entered: 05/17/2023) |
| 05/17/2023 | 925 (1 pg) | PDF with attached Audio File. Court Date & Time [ 5/17/2023 9:00:04 AM ]. File Size [ 79290 KB ]. Run Time [ 02:45:11 ]. (Confirmation Day 3. Morning session.). (admin). (Entered: 05/17/2023) |
| 05/17/2023 | 926 (9 pgs) | Certificate *of Service by David Mejia* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):808 Notice) (Garabato, Sid) (Entered: 05/17/2023) |
| 05/17/2023 | 927 (2 pgs) | Order (I) Authorizing Debtors to Extend the Deadline by Which the Debtors May Remove Civil Actions, and (II) Granting Related Relief |

23-20363.4209

| | | |
|---|---|---|
| | | (Related Doc # 695) Signed on 5/17/2023. (VrianaPortillo) (Entered: 05/17/2023) |
| 05/17/2023 | 928 (3 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):860 Declaration) (Garabato, Sid) (Entered: 05/17/2023) |
| 05/17/2023 | 929 (3 pgs) | Certificate *of Service of Janice Livingstone* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):755 Notice) (Garabato, Sid) (Entered: 05/17/2023) |
| 05/17/2023 | 930 (1 pg) | Courtroom Minutes. Time Hearing Held: 9:00 AM. Appearances: SEE ATTACHED. (Related document(s):919 Courtroom Minutes) **Confirmation Day 3.** Declaration of John Linker submitted at docket no. 884 admitted. Witnesses: Karn Chopra, Andrew Sveen, Michael Searles, Davis Meiering, Philip Yarrow, and John Linker. The testimonies of Mr. Karn Chopra, Andrew Sveen, Michael Searles, Philip Yarrow, and John Linker were commenced and concluded. **Day 4 of Confirmation is scheduled for 05/18/2023 at 9:00 AM by telephone and video conference.** (VrianaPortillo) Modified on 5/18/2023 (VrianaPortillo). (Entered: 05/17/2023) |
| 05/17/2023 | 931 (1 pg) | PDF with attached Audio File. Court Date & Time [ 5/17/2023 2:02:29 PM ]. File Size [ 94955 KB ]. Run Time [ 03:17:49 ]. (Confirmation Day 3. Afternoon session.). (admin). (Entered: 05/17/2023) |
| 05/17/2023 | 932 (142 pgs; 4 docs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Debtors' Exhibit No. 360 # 2 Debtors' Exhibit No. 362 # 3 Debtors' Exhibit No. 371) (Morgan, Gabriel) (Entered: 05/17/2023) |
| 05/17/2023 | 933 | Sealed Document */ Exhibits Filed Under Seal in Connection With Debtors' Second Amended Witness List and Joint Exhibit List for Hearing Commencing on May 15, 2023 (Exhibits 361, 363-370)* (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Debtors' Exhibit No. 363 # 2 Debtors' Exhibit No. 364 # 3 Debtors' Exhibit No. 365 # 4 Debtors' Exhibit No. 366 # 5 Debtors' Exhibit No. 367 # 6 Debtors' Exhibit No. 368 # 7 Debtors' Exhibit No. 369 # 8 Debtors' Exhibit No. 370) (Morgan, Gabriel) (Entered: 05/17/2023) |
| 05/17/2023 | 934 (5 pgs) | BNC Certificate of Mailing. (Related document(s):901 Notice of Filing of Official Transcript (Form)) No. of Notices: 68. Notice Date 05/17/2023. (Admin.) (Entered: 05/17/2023) |
| 05/17/2023 | 935 (18 pgs) | BNC Certificate of Mailing. (Related document(s):898 Order on Motion to Appear pro hac vice) No. of Notices: 68. Notice Date 05/17/2023. (Admin.) (Entered: 05/17/2023) |
| 05/17/2023 | 936 (5 pgs) | BNC Certificate of Mailing. (Related document(s):899 Order on Motion to Appear pro hac vice) No. of Notices: 68. Notice Date 05/17/2023. (Admin.) (Entered: 05/17/2023) |
| 05/17/2023 | 937 (5 pgs) | BNC Certificate of Mailing. (Related document(s):900 Order on Motion to Appear pro hac vice) No. of Notices: 68. Notice Date 05/17/2023. (Admin.) (Entered: 05/17/2023) |

| | | |
|---|---|---|
| 05/18/2023 | 🔵 938<br>(222 pgs) | Transcript RE: Confirmation Day One -- Afternoon Session (Via Zoom) held on May 15, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 08/16/2023. (mhen) (Entered: 05/18/2023) |
| 05/18/2023 | 🔵 939<br>(6 pgs) | Agreed Order and Certificate of Counsel (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/18/2023) |
| 05/18/2023 | 🔵 940<br>(54 pgs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/18/2023) |
| 05/18/2023 | 🔵 941 | Sealed Document / *Exhibits Filed Under Seal in Connection With Debtors' Third Amended Witness List and Joint Exhibit List for Hearing Commencing on May 15, 2023 (Exhibit 372 - Exhibit 374)* (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Debtors' Exhibit No. 373 # 2 Debtors' Exhibit No. 374) (Morgan, Gabriel) (Entered: 05/18/2023) |
| 05/18/2023 | 🔵 942<br>(14 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):869 Notice, 870 Notice, 871 Notice, 873 Notice, 875 Notice, 879 Brief, 881 Declaration, 882 Declaration, 884 Declaration, 885 Notice, 888 Statement, 893 Notice) (Garabato, Sid) (Entered: 05/18/2023) |
| 05/18/2023 | 🔵 943<br>(1 pg) | Courtroom Minutes. Time Hearing Held: 9:00 AM. Appearances: SEE ATTACHED. (Related document(s):930 Courtroom Minutes) **Confirmation day 4.** Witnesses: Theo Kwon and Michael Hanigan. Testimonies of Mr. Theo Kwon and Mr. Michael Hanigan were commenced and concluded. Ms. Barrington provided transcripts of deposition testimony of Mr. Gordon, Gamut, and North Star for the Courts review. **Closing arguments to be heard 5/25/2023 at 02:00 PM by telephone and video conference.** (VrianaPortillo) (Entered: 05/18/2023) |
| 05/18/2023 | 🔵 944 | Sealed Document / *Exhibit 315 Filed Under Seal in Connection With Debtors' Third Amended Witness List and Joint Exhibit List for Hearing Commencing on May 15, 2023* (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/18/2023) |
| 05/18/2023 | 🔵 945<br>(6 pgs) | Stipulated and Agreed Order Related to North Star's Status as Disqualified Institution Signed on 5/18/2023 (Related document(s):939 Agreed Order and Certificate of Counsel) (VrianaPortillo) (Entered: 05/18/2023) |
| 05/18/2023 | 🔵 946<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/18/2023 9:00:22 AM ]. File Size [ 92855 KB ]. Run Time [ 03:13:27 ]. (Confirmation Day 4. Morning session.). (admin). (Entered: 05/18/2023) |
| 05/18/2023 | 🔵 947<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/18/2023 12:35:36 PM ]. File Size [ 36462 KB ]. Run Time [ 01:15:58 ]. (Confirmation Day 4. Afternoon session.). (admin). (Entered: 05/18/2023) |
| 05/18/2023 | 🔵 948<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Debtors' Counsel / Gabriel A. Morgan. This is to order a transcript of Bankruptcy |

| | | |
|---|---|---|
| | | Proceeding on May 18, 2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/18/2023) |
| 05/18/2023 | ● 950 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Patrick McGrath. This is to order a transcript of Hearing, 5/17/2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas. (BrendaLacy) (Entered: 05/19/2023) |
| 05/18/2023 | ● 951 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Alejandra Palomo. This is to order a transcript of Hearing, 5/15/2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas. (BrendaLacy) (Entered: 05/19/2023) |
| 05/19/2023 | ● 949 (7 pgs; 2 docs) | Opposition Response (related document(s):826 Response, 849 Response, 891 Response, 892 Response). (Attachments: # 1 Exhibit Ex. G. Claim Computation of Damages [Amended 7])(Thierry, Cameron) (Entered: 05/19/2023) |
| 05/19/2023 | ● 952 (1 pg) | Notice of Filing of Official Transcript as to 938 Transcript. Parties notified (Related document(s):938 Transcript) (HeatherCarr) (Entered: 05/19/2023) |
| 05/19/2023 | ● 953 (9 pgs) | Debtors Master Service List (Filed By Epiq Corporate Restructuring, LLC ). (Garabato, Sid) (Entered: 05/19/2023) |
| 05/19/2023 | ● 954 (1 pg) | Withdrawal of Claim: *No: 20190 by Gartner, Inc.* (Garabato, Sid) (Entered: 05/19/2023) |
| 05/19/2023 | ● 955 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Patrick McGrath. This is to order a transcript of Proceedings held on 5/16/2023 before Judge David R. Jones. Court Reporter/Transcriber: Veritext Legal Solutions. (MarcelleLaBee) (Entered: 05/19/2023) |
| 05/19/2023 | ● 956 (2 pgs) | Withdraw Document (Filed By Cisco Systems Capital Corporation ). (Related document(s):742 Objection) (Prostok, Jeffrey) (Entered: 05/19/2023) |
| 05/19/2023 | ● 957 (204 pgs) | Transcript RE: Confirmation Day Two - AFTERNOON SESSION (VIA ZOOM) held on May 16, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 08/17/2023. (mhen) (Entered: 05/19/2023) |
| 05/19/2023 | ● 958 (6 pgs; 2 docs) | Notice *of Filing Proposed Order Setting Settlement Conference*. Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 05/19/2023) |
| 05/19/2023 | ● 959 (54 pgs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/19/2023) |
| 05/19/2023 | ● 960 | Sealed Document / *Exhibit No. 375 Filed Under Seal in Connection With Debtors' Fourth Amended Witness List and Joint Exhibit List for Hearing Commencing on May 15, 2023* (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/19/2023) |

| Date | Doc # | Description |
|---|---|---|
| 05/19/2023 | 961 (36 pgs) | Stipulation By Serta Simmons Bedding, LLC and Invesco Senior Secured Management, Inc., Boston Management and Research, Credit Suisse Asset Management, LLC, Eaton Vance Management, Barings LLC, and the Ad Hoc Group of Non-PTL Lenders, and LCM Defendants. Does this document include an agreed order or otherwise request that the judge sign a document? No. (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/19/2023) |
| 05/19/2023 | 962 (5 pgs) | BNC Certificate of Mailing. (Related document(s):920 Notice of Filing of Official Transcript (Form)) No. of Notices: 68. Notice Date 05/19/2023. (Admin.) (Entered: 05/19/2023) |
| 05/19/2023 | 963 (6 pgs) | BNC Certificate of Mailing. (Related document(s):927 Generic Order) No. of Notices: 68. Notice Date 05/19/2023. (Admin.) (Entered: 05/19/2023) |
| 05/20/2023 | 964 (128 pgs) | Transcript RE: Confirmation Day Three - Morning Session (Via Zoom) held on May 17, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 08/18/2023. (mhen) (Entered: 05/20/2023) |
| 05/20/2023 | 965 (10 pgs) | BNC Certificate of Mailing. (Related document(s):945 Generic Order) No. of Notices: 68. Notice Date 05/20/2023. (Admin.) (Entered: 05/20/2023) |
| 05/21/2023 | 966 (162 pgs) | Transcript RE: Confirmation Day Three - Afternoon Session (Via Zoom) held on May 17, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 08/21/2023. (mhen) (Entered: 05/21/2023) |
| 05/21/2023 | 967 (140 pgs) | Transcript RE: Confirmation Day Four - Morning Session (Via Zoom) held on May 18, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 08/21/2023. (mhen) (Entered: 05/21/2023) |
| 05/21/2023 | 968 (72 pgs) | Transcript RE: Confirmation Day Four - Afternoon Session (Via Zoom) held on May 18, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 08/21/2023. (mhen) (Entered: 05/21/2023) |
| 05/21/2023 | 969 (5 pgs) | BNC Certificate of Mailing. (Related document(s):952 Notice of Filing of Official Transcript (Form)) No. of Notices: 68. Notice Date 05/21/2023. (Admin.) (Entered: 05/21/2023) |
| 05/22/2023 | 970 (1 pg) | Notice of Filing of Official Transcript as to 957 Transcript, 964 Transcript, 966 Transcript, 967 Transcript, 968 Transcript. Parties notified (Related document(s):957 Transcript, 964 Transcript, 966 Transcript, 967 Transcript, 968 Transcript) (DarleneHansen) (Entered: 05/22/2023) |
| 05/22/2023 | 971 (11 pgs) | Notice of Rescheduled Hearing. (Related document(s):405 Motion for Relief From Stay) Filed by AW Industries, Inc., Dormae Products, Inc., Palu Bedding Co., Inc., Salt Lake Mattress & Mfg. Co., Serta Restokraft Mattress Company Inc. (Ralston, Mark) (Entered: 05/22/2023) |

| 05/22/2023 | ● | Certificate of Email Notice. Contacted Mark Ralston. Movant to notice all interested parties and file a certificate of service with the court (Related document(s):405 Motion for Relief From Stay) Hearing rescheduled for 6/28/2023 at 02:30 PM at Houston, Courtroom 400 (DRJ). (AlbertAlonzo) (Entered: 05/22/2023) |
|---|---|---|
| 05/22/2023 | ● 972 (13 pgs; 2 docs) | Motion *of Debtors for Authority to Extend Time to Assume or Reject Unexpired Leases of Non-Residential Real Property* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 05/22/2023) |
| 05/22/2023 | ● 973 (22 pgs; 2 docs) | Motion *of Debtors for Order Extending Exclusive Periods Pursuant to Section 1121(d) of the Bankruptcy Code* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 05/22/2023) |
| 05/22/2023 | ● 974 (24 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period ending 4/30/2023, $405011425 disbursed (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/22/2023) |
| 05/23/2023 | ● 975 (6 pgs) | Withdrawal of Claim: 53 (Averitt, Lorraine) (Entered: 05/23/2023) |
| 05/23/2023 | ● 976 (194 pgs) | Transcript RE: held on 05/16/2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 08/21/2023. (VeritextLegalSolutions) (Entered: 05/23/2023) |
| 05/23/2023 | ● 977 (72 pgs) | Second Amended Chapter 11 Plan Filed by Serta Simmons Bedding, LLC. (Morgan, Gabriel) (Entered: 05/23/2023) |
| 05/23/2023 | ● 978 (78 pgs) | Notice *of Filing of Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*. (Related document(s):28 Chapter 11 Plan, 425 Chapter 11 Plan, 526 Chapter 11 Plan, 544 Chapter 11 Plan, 796 Amended Chapter 11 Plan, 874 Amended Chapter 11 Plan, 977 Amended Chapter 11 Plan) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/23/2023) |
| 05/23/2023 | ● 979 (37 pgs) | Supplemental Brief (Filed By Serta Simmons Bedding, LLC ).(Related document(s):874 Amended Chapter 11 Plan, 879 Brief, 977 Amended Chapter 11 Plan) (Morgan, Gabriel) (Entered: 05/23/2023) |
| 05/23/2023 | ● 980 (132 pgs; 3 docs) | Notice *of Filing of Revised Proposed Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*. (Related document(s):885 Notice, 977 Amended Chapter 11 Plan) Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit 1 - Revised Proposed Confirmation Order # 2 Exhibit 2 - Redline) (Morgan, Gabriel) (Entered: 05/23/2023) |
| 05/23/2023 | ● 981 (206 pgs) | Proposed Findings of Fact and Conclusions of Law (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/23/2023) |
| 05/24/2023 | ● 982 (21 pgs) | Supplemental Reply Filed by Ad Hoc Priority Lender Group. (Related document(s):545 Disclosure Statement, 656 Statement, 657 Statement, 661 Notice, 725 Response, 789 Response, 810 Brief, 824 Objection to |

| | | Confirmation of the Plan, 825 Statement, 879 Brief, 880 Brief, 881 Declaration, 882 Declaration, 977 Amended Chapter 11 Plan) (Ruzinsky, Bruce) (Entered: 05/24/2023) |
|---|---|---|
| 05/24/2023 | 983 (1 pg) | Notice of Filing of Official Transcript as to 976 Transcript. Parties notified (Related document(s):976 Transcript) (MayraMarquez) (Entered: 05/24/2023) |
| 05/24/2023 | 984 (1 pg) | Withdrawal of Claim: *No. 20125 by Jacobs Hospitality Associates, LLC* (Garabato, Sid) (Entered: 05/24/2023) |
| 05/24/2023 | 985 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Alejandra Palomo. This is to order a transcript of Confirmation Hearing held on 5/15/2023 through 5/18/2023 before Judge David R. Jones. Court Reporter/Transcriber: JTT. (TerriHanniable) Modified on 5/26/2023 (HeatherCarr). Electronically forwarded to JTT on 5/26/2023. Estimated Completed Date: 5/29/2023. Modified on 5/26/2023 (RebeccaBecknal). (Entered: 05/24/2023) |
| 05/24/2023 | 986 (2 pgs) | Declaration re: */ Declaration and Disclosure Statement of Julie McDermott on Behalf of Boardman & Clark LLP* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 05/24/2023) |
| 05/24/2023 | 987 (8 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):914 Notice) (Garabato, Sid) (Entered: 05/24/2023) |
| 05/24/2023 | 988 (10 pgs) | Certificate *of Service of Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):921 Certificate of No Objection, 927 Generic Order) (Garabato, Sid) (Entered: 05/24/2023) |
| 05/24/2023 | 989 (20 pgs; 3 docs) | Motion *for Leave to Supplement its Supplemental Brief* Filed by Creditor c/o Citadel Limited Citadel Equity Fund Ltd. (Attachments: # 1 Exhibit Exhibit A to Motion for Leave # 2 Proposed Order Proposed Order) (Perry, Kristen) (Entered: 05/24/2023) |
| 05/24/2023 | 990 (11 pgs) | Proposed Findings of Fact and Conclusions of Law (Filed By c/o Citadel Limited Citadel Equity Fund Ltd. ). (Perry, Kristen) (Entered: 05/24/2023) |
| 05/24/2023 | 991 (9 pgs) | Certificate *of Service by Elli Petris* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):878 Generic Motion, 886 Agenda, 887 Exhibit List, Witness List) (Garabato, Sid) (Entered: 05/24/2023) |
| 05/24/2023 | 992 (497 pgs) | Notice *of Filing of Fifth Amended Plan Supplement in Connection With Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors.* (Related document(s):588 Notice, 667 Notice, 692 Notice, 869 Notice, 873 Notice, 977 Amended Chapter 11 Plan) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/24/2023) |
| 05/24/2023 | 993 (434 pgs) | Notice *of Filing of Redlines of Fifth Amended Plan Supplement Exhibits.* (Related document(s):588 Notice, 692 Notice, 869 Notice, 992 Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/24/2023) |

| 05/24/2023 | 994<br>(159 pgs) | Notice / *Fourth Amended Notice of (I) Assumption of Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto in Connection With Confirmation of Plan.* (Related document(s):540 Order Approving Disclosure Statement, 544 Chapter 11 Plan, 668 Notice, 692 Notice, 720 Notice, 788 Notice, 871 Notice, 992 Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/24/2023) |
| --- | --- | --- |
| 05/24/2023 | 995<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):970 Notice of Filing of Official Transcript (Form)) No. of Notices: 68. Notice Date 05/24/2023. (Admin.) (Entered: 05/24/2023) |
| 05/25/2023 | 996<br>(18 pgs) | Amended Agenda for Hearing on 5/25/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 05/25/2023) |
| 05/25/2023 | 997<br>(1 pg) | Order Granting Citadel's Motion for Leave to Supplement its Supplemental Brief (Related Doc # 989) Signed on 5/25/2023. (VrianaPortillo) (Entered: 05/25/2023) |
| 05/25/2023 | 998<br>(15 pgs) | Supplemental Brief (Filed By c/o Citadel Limited Citadel Equity Fund Ltd. ).(Related document(s):810 Brief) (Perry, Kristen) (Entered: 05/25/2023) |
| 05/25/2023 | 999<br>(3 pgs) | Statement *in Response to Debtors' Second Amended Notice of Agenda of Matters Set for Hearing Continued to May 25, 2023 at 2:00 p.m. (Central Time)* (Filed By State of Connecticut Department of Economic Community and Development ).(Related document(s):996 Agenda) (Goldman, Irve) (Entered: 05/25/2023) |
| 05/25/2023 | 1000<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Debtors' Counsel / Gabriel A. Morgan. This is to order a transcript of Bankruptcy Proceeding on May 25, 2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) Electronically forwarded to JTT on 5/26/2023. Estimated date of completion 05/29/2023. (RebeccaBecknal) (Entered: 05/25/2023) |
| 05/25/2023 | 1001<br>(124 pgs) | Notice *of Filing Confirmation Hearing Closing Demonstrative.* Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 05/25/2023) |
| 05/25/2023 | 1002<br>(2 pgs) | Courtroom Minutes. Time Hearing Held: 2:00 PM. Appearances: SEE ATTACHED. (Related document(s):943 Courtroom Minutes) Closing arguments held. The Court took it under advisement and will issue a ruling. (VrianaPortillo) (Entered: 05/25/2023) |
| 05/25/2023 | 1003<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/25/2023 2:19:08 PM ]. File Size [ 143664 KB ]. Run Time [ 04:59:18 ]. (Closing arguments hearing held May 25, 2023.). (admin). (Entered: 05/25/2023) |
| 05/25/2023 | 1004<br>(6 pgs) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):980 Notice) (Garabato, Sid) (Entered: 05/25/2023) |
| 05/25/2023 | 1005<br>(9 pgs) | Certificate *of Service of Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):981 Proposed Findings of Fact and Conclusions of Law) (Garabato, Sid) (Entered: 05/25/2023) |

| 05/25/2023 | ● 1006<br>(70 pgs) | Notice *of Filing Confirmation Hearing Closing Demonstrative*. Filed by Ad Hoc Priority Lender Group (Ruzinsky, Bruce) (Entered: 05/25/2023) |
| --- | --- | --- |
| 05/26/2023 | ● 1007<br>(12 pgs) | Certificate *of Service of Jack Lawrence* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):972 Generic Motion, 973 Generic Motion) (Garabato, Sid) (Entered: 05/26/2023) |
| 05/26/2023 | ● 1008<br>(8 pgs) | Certificate *of Service of Jack Lawrence* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):977 Amended Chapter 11 Plan, 978 Notice, 979 Brief) (Garabato, Sid) (Entered: 05/26/2023) |
| 05/26/2023 | ● 1009<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Patrick McGrath. This is to order a transcript of Hearing held on 5/25/2023 before Judge David R. Jones. Court Reporter/Transcriber: Veritext Legal Solutions. (MarcelleLaBee) Electronically forwarded to JTT. Estimated completion date /Modified on 5/27/2023 (RebeccaBecknal). (Entered: 05/26/2023) |
| 05/26/2023 | ● 1010<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):983 Notice of Filing of Official Transcript (Form)) No. of Notices: 68. Notice Date 05/26/2023. (Admin.) (Entered: 05/26/2023) |
| 05/27/2023 | ● 1011<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):997 Generic Order) No. of Notices: 68. Notice Date 05/27/2023. (Admin.) (Entered: 05/27/2023) |
| 05/30/2023 | ● 1012<br>(14 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):848 Agenda, 853 Exhibit List, Witness List, 855 Additional Attachments, 856 Additional Attachments, 857 Additional Attachments, 858 Additional Attachments, 859 Additional Attachments) (Garabato, Sid) (Entered: 05/30/2023) |
| 05/30/2023 | ● 1013<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Expedited (7 days)) by Mark Levine. This is to order a transcript of Proceedings held on 5/25/2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas. (MarcelleLaBee) (Entered: 05/30/2023) |
| 05/30/2023 | ● 1014<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Expedited (7 days)) by Mark Levine. This is to order a transcript of 5/25/2023 hearing before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas. (TerriHanniable) Electronically forwarded to JTT on 5/30/2023. Estimated date of completion 06/6/2023. Modified on 5/31/2023 (RebeccaBecknal). (Entered: 05/30/2023) |
| 05/30/2023 | ● 1015<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Expedited (7 days)) by Melanie Huet. This is to order a transcript of 5/25/2023 Hearing before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas. (TerriHanniable) Electronically forwarded to JTT on 5/30/2023. Estimated date of completion 06/6/2023. Modified on 5/31/2023 (RebeccaBecknal). (Entered: 05/30/2023) |
| 05/30/2023 | ● 1016<br>(204 pgs; 3 docs) | Notice *of Filing of Revised Proposed Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*. (Related document(s):885 Notice, 977 Amended Chapter 11 Plan, 980 Notice) Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit 1 - |

| | | Revised Proposed Confirmation Order # 2 Exhibit 2 - Redline) (Morgan, Gabriel) (Entered: 05/30/2023) |
|---|---|---|
| 05/30/2023 | 1017 (2 pgs) | Withdraw Document (Filed By Salesforce, Inc. ).(Related document(s):739 Objection) (Prostok, Jeffrey) (Entered: 05/30/2023) |
| 05/30/2023 | 1018 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Cameron M Thierry. This is to order a transcript of Testmony of Cameron M. Theirry at hearing held on 5/25/2023 before Judge Jones. before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas. (TerriHanniable) Electronically forwarded to JTT on 5/31/2023. Estimated date of completion 06/1/2023. Modified on 5/31/2023 (RebeccaBecknal). (Entered: 05/30/2023) |
| 05/30/2023 | 1019 (234 pgs) | Transcript RE: Confirmation Closing Arguments held on May 25, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 08/28/2023. (mhen) (Entered: 05/30/2023) |
| 05/30/2023 | 1020 (12 pgs; 2 docs) | Objection / Debtors' Objection and Reservation of Rights to Motion for Relief From Stay (related document(s):800 Motion for Relief From Stay). Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 05/30/2023) |
| 05/30/2023 | 1021 (3 pgs) | Statement /Joinder of the Official Committee of Unsecured Creditors to Debtors' Objection and Reservation of Rights to Motion for Relief From Stay (Filed By Official Committee Of Unsecured Creditors ).(Related document(s):1020 Objection) (Wilson, Sean) (Entered: 05/30/2023) |
| 05/31/2023 | 1022 (1 pg) | Notice of Filing of Official Transcript as to 1019 Transcript. Parties notified (Related document(s):1019 Transcript) (HeatherCarr) (Entered: 05/31/2023) |
| 05/31/2023 | 1023 (2 pgs) | Amended Notice of Hearing. (Related document(s):868 Motion for Relief From Stay) Filed by Alan Humphries, Ruth Humphries (King, Anabel) (Entered: 05/31/2023) |
| 05/31/2023 | 1024 (12 pgs) | Certificate of Service of Sharna Wilson (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):992 Notice, 993 Notice, 994 Notice) (Garabato, Sid) (Entered: 05/31/2023) |
| 05/31/2023 | 1025 (10 pgs) | Certificate of Service of Sharna Wilson (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):996 Agenda) (Garabato, Sid) (Entered: 05/31/2023) |
| 06/01/2023 | 1026 (27 pgs) | Notice of Filing of Sixth Amended Plan Supplement in Connection With Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors. (Related document(s):588 Notice, 667 Notice, 692 Notice, 869 Notice, 873 Notice, 977 Amended Chapter 11 Plan, 992 Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 06/01/2023) |
| 06/02/2023 | 1027 (9 pgs) | Certificate of Service by Panagiota Manatakis (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1001 Notice) (Garabato, Sid) (Entered: 06/02/2023) |

| | | |
|---|---|---|
| 06/02/2023 | ⬤ [1028](#)<br>(6 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):[1016](#) Notice) (Garabato, Sid) (Entered: 06/02/2023) |
| 06/02/2023 | ⬤ [1029](#)<br>(4 pgs) | Witness List, Exhibit List (Filed By Official Committee Of Unsecured Creditors ).(Related document(s):[800](#) Motion for Relief From Stay, [1021](#) Statement) (Wilson, Sean) (Entered: 06/02/2023) |
| 06/02/2023 | ⬤ [1030](#)<br>(113 pgs; 4 docs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Related document(s):[800](#) Motion for Relief From Stay) (Attachments: # [1](#) Debtors' Exhibit No. 1 # [2](#) Debtors' Exhibit No. 2 # [3](#) Debtors' Exhibit No. 3) (Morgan, Gabriel) (Entered: 06/02/2023) |
| 06/02/2023 | ⬤ [1031](#)<br>(2 pgs) | Exhibit List (Filed By Sally A Erickson ).(Related document(s):[800](#) Motion for Relief From Stay) (Barrett, Benjamin) (Entered: 06/02/2023) |
| 06/02/2023 | ⬤ [1032](#)<br>(1 pg) | Motion to Appear pro hac vice . Filed by Creditor Stephanie Finz (Kelley, Craig) (Entered: 06/02/2023) |
| 06/02/2023 | ⬤ [1033](#)<br>(4 pgs) | Notice *of Filing Amendment to Debtors Notice of (I) Assumption of Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto in Connection With Confirmation of Plan*. (Related document(s):[668](#) Notice, [720](#) Notice, [788](#) Notice, [871](#) Notice, [994](#) Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 06/02/2023) |
| 06/02/2023 | ⬤ [1034](#)<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):[1022](#) Notice of Filing of Official Transcript (Form)) No. of Notices: 68. Notice Date 06/02/2023. (Admin.) (Entered: 06/02/2023) |
| 06/03/2023 | ⬤ [1035](#)<br>(15 pgs) | Notice *of Filing of Seventh Amended Plan Supplement in Connection With Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*. (Related document(s):[588](#) Notice, [667](#) Notice, [692](#) Notice, [869](#) Notice, [873](#) Notice, [977](#) Amended Chapter 11 Plan, [992](#) Notice, [1026](#) Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 06/03/2023) |
| 06/05/2023 | ⬤ [1036](#)<br>(3 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):[986](#) Declaration) (Garabato, Sid) (Entered: 06/05/2023) |
| 06/05/2023 | ⬤ [1037](#)<br>(4 pgs) | Agenda for Hearing on 6/6/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 06/05/2023) |
| 06/05/2023 | ⬤ [1038](#)<br>(8 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):[932](#) Exhibit List, Witness List, [939](#) Agreed Order and Certificate of Counsel, [940](#) Exhibit List, Witness List) (Garabato, Sid) (Entered: 06/05/2023) |
| 06/05/2023 | ⬤ [1039](#)<br>(3 pgs) | Notice *of Withdrawal of Limited Objection and Reservation of Rights of Ratzon Realty (Interstate Park Logistics Center Florida) Limited Partnership to Proposed Assumption of Lease and Confirmation of the Plan*. (Related document(s):[752](#) Response/Objection) Filed by Ratzon Realty (Interstate Park Logistics Center Florida) Limited Partnership (Medina, Elias) (Entered: 06/05/2023) |

| 06/05/2023 | 🔘 1040<br>(7 pgs) | Certificate *of Service by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1026 Notice) (Garabato, Sid) (Entered: 06/05/2023) |
|---|---|---|
| 06/06/2023 | 🔘 1041<br>(1 pg) | Proposed Order RE: *Motion for Relief from Stay* (Filed By Sally A Erickson ).(Related document(s):800 Motion for Relief From Stay) (Barrett, Benjamin) (Entered: 06/06/2023) |
| 06/06/2023 | 🔘 1042<br>(23 pgs; 5 docs) | Exhibit List (Filed By Sally A Erickson ).(Related document(s):800 Motion for Relief From Stay) (Attachments: # 1 Debtors List of Insurers # 2 Arbitration Agreement # 3 Demand for Arbitration # 4 AAA Case Initiation Letter) (Barrett, Benjamin) (Entered: 06/06/2023) |
| 06/06/2023 | 🔘 1043<br>(31 pgs) | Witness List, Exhibit List (Filed By Official Committee Of Unsecured Creditors ).(Related document(s):1029 Witness List, Exhibit List) (Wilson, Sean) (Entered: 06/06/2023) |
| 06/06/2023 | 🔘 1044<br>(3 pgs) | Declaration re: */ Declaration and Disclosure Statement of Ramzi Tarazi on Behalf of Saba & Co. Intellectual Property* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 06/06/2023) |
| 06/06/2023 | 🔘 | Courtroom Minutes. Time Hearing Held: 2:30 PM. Appearances: Ben Barrett; Alexander Welch; Jason Adams (Related document(s):800 Motion for Relief From Stay) The Court heard from all interested parties. The Motion for Relief from Stay submitted at docket no. 800 was withdrawn without prejudice. (VrianaPortillo) (Entered: 06/06/2023) |
| 06/06/2023 | 🔘 1045<br>(17 pgs) | Memorandum Opinion Signed on 6/6/2023 (AlbertAlonzo) (Entered: 06/06/2023) |
| 06/06/2023 | 🔘 1046<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 6/6/2023 2:30:34 PM ]. File Size [ 9583 KB ]. Run Time [ 00:19:58 ]. (admin). (Entered: 06/06/2023) |
| 06/06/2023 | 🔘 1047<br>(12 pgs) | Certificate *of Service by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1030 Exhibit List, Witness List, 1033 Notice) (Garabato, Sid) (Entered: 06/06/2023) |
| 06/07/2023 | 🔘 1048<br>(8 pgs) | Notice of Appeal filed. (related document(s):1045 Opinion). Fee Amount $298. Appellant Designation due by 06/21/2023. (Perry, Kristen) (Entered: 06/07/2023) |
| 06/07/2023 | | Receipt of Notice of Appeal( 23-90020) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A24479639. Fee amount $ 298.00. (U.S. Treasury) (Entered: 06/07/2023) |
| 06/07/2023 | 🔘 1049<br>(8 pgs) | Corrected Notice *of Appeal*. (Related document(s):1048 Notice of Appeal) Filed by c/o Citadel Limited Citadel Equity Fund Ltd. (Perry, Kristen) (Entered: 06/07/2023) |
| 06/07/2023 | 🔘 1050<br>(50 pgs) | Emergency Motion *to Stay Order Confirming Debtors' Second Amended Joint Plan Pending Appeal* Filed by Creditor c/o Citadel Limited Citadel Equity Fund Ltd. (Perry, Kristen) (Entered: 06/07/2023) |

| 06/08/2023 | 1051<br>(5 pgs) | Stipulation By Serta Simmons Bedding, LLC and Joshua Brooks. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Serta Simmons Bedding, LLC ). (Related document(s):904 Application for Administrative Expenses, 905 Notice) (Morgan, Gabriel) (Entered: 06/08/2023) |
| --- | --- | --- |
| 06/08/2023 | 1052<br>(2 pgs) | Amended Notice of Hearing. (Related document(s):868 Motion for Relief From Stay) Filed by Alan Humphries, Ruth Humphries (King, Anabel) (Entered: 06/08/2023) |
| 06/08/2023 | | Certificate of Email Notice. Contacted Anabel King. Movant to notice all interested parties and file a certificate of service with the court (Related document(s):868 Motion for Relief From Stay) Hearing rescheduled for 6/21/2023 at 02:00 PM at Houston, Courtroom 400 (DRJ). (AlbertAlonzo) (Entered: 06/08/2023) |
| 06/08/2023 | 1053<br>(3 pgs; 2 docs) | Certificate of Service (Filed By Alan Humphries, Ruth Humphries ). (Related document(s):868 Motion for Relief From Stay, 1052 Notice) (Attachments: # 1 Exhibit) (King, Anabel) (Entered: 06/08/2023) |
| 06/08/2023 | 1054<br>(3 pgs) | Certificate of Service by Sharna Wilson (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1044 Declaration) (Garabato, Sid) (Entered: 06/08/2023) |
| 06/09/2023 | 1055<br>(211 pgs; 3 docs) | Notice of Filing of Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors. (Related document(s):885 Notice, 977 Amended Chapter 11 Plan, 980 Notice, 1016 Notice, 1045 Opinion) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 06/09/2023) |
| 06/09/2023 | 1056<br>(8 pgs; 2 docs) | Notice of Filing of Final Post-Trial Judgment. Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit 1 - Final Post-Trial Judgment) (Morgan, Gabriel) (Entered: 06/09/2023) |
| 06/09/2023 | 1057<br>(2 pgs) | Amended Notice of Hearing. (Related document(s):904 Application for Administrative Expenses) Filed by Joshua Brooks (Clontz, Megan) (Entered: 06/09/2023) |
| 06/09/2023 | 1058<br>(6 pgs; 2 docs) | Response, Additional Attachments Re: Objection to the Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan and Reassertion of Plan Objection (related document(s):1055 Notice) (Filed By Alan Humphries, Ruth Humphries ). (Related document(s):1055 Notice) (Attachments: # 1 Proposed Order) (King, Anabel) (Entered: 06/09/2023) |
| 06/09/2023 | 1059<br>(22 pgs) | BNC Certificate of Mailing. (Related document(s):1045 Opinion) No. of Notices: 69. Notice Date 06/09/2023. (Admin.) (Entered: 06/09/2023) |
| 06/12/2023 | 1060<br>(1 pg) | Order Granting Motion To Appear pro hac vice - Craig I. Kelley (Related Doc # 1032) Signed on 6/12/2023. (ElizabethMiller) (Entered: 06/12/2023) |
| 06/13/2023 | 1061<br>(19 pgs; 3 docs) | Motion for Relief from Stay to Proceed with State Court Personal Injury Litigation. Fee Amount $188. Filed by Creditor Stephanie Finz Hearing scheduled for 7/6/2023 at 01:00 PM at Houston, Courtroom 400 (DRJ). |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit "A" # 2 Proposed Order) (Kelley, Craig) (Entered: 06/13/2023) |
| 06/13/2023 | | Receipt of Motion for Relief From Stay( 23-90020) [motion,mrlfsty] ( 188.00) Filing Fee. Receipt number A24494446. Fee amount $ 188.00. (U.S. Treasury) (Entered: 06/13/2023) |
| 06/13/2023 | ⬤ 1062 (6 pgs; 2 docs) | Certificate of No Objection *to Motion of Debtors for Authority to Extend Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):972 Generic Motion) (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 06/13/2023) |
| 06/13/2023 | ⬤ 1063 (6 pgs; 2 docs) | Certificate of No Objection *to Motion of Debtors for Order Extending Exclusive Periods Pursuant to Section 1121(d) of the Bankruptcy Code* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):973 Generic Motion) (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 06/13/2023) |
| 06/13/2023 | ⬤ 1064 | Election to Appeal to District Court . (BrendaLacy) (Entered: 06/13/2023) |
| 06/13/2023 | ⬤ 1065 (1 pg) | Clerk's Notice of Filing of an Appeal. On June 07, 2023, Citadel Equity Fund Ltd. (Citadel) filed a notice of appeal. The appeal has been assigned to U.S. District Judge Judge Andrew S Hanen, Civil Action 4:23cv2173. Parties notified (Related document(s):1048 Notice of Appeal) (BrendaLacy) (Entered: 06/13/2023) |
| 06/13/2023 | ⬤ 1066 (6 pgs) | Certificate *of Service by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1055 Notice) (Garabato, Sid) (Entered: 06/13/2023) |
| 06/13/2023 | ⬤ 1067 (9 pgs) | Certificate *of Service by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1056 Notice) (Garabato, Sid) (Entered: 06/13/2023) |
| 06/14/2023 | ⬤ 1068 (6 pgs) | Objection - *Limited Objection to the Debtors' Proposed Finding of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors [ECF No. 1055]*. Filed by Ad Hoc Group of First Lien Lenders (Higgins, John) (Entered: 06/14/2023) |
| 06/14/2023 | ⬤ 1069 (1 pg) | Clerk's Notice of Filing of an AMENDED Appeal. On 06/07/2023, Citadel Equity Fund Ltd. filed a notice of appeal. The appeal has been assigned to U.S. District Judge Andrew S Hanen, Civil Action 23cv2173. Parties notified (Related document(s):1049 Notice) (BrendaLacy) (Entered: 06/14/2023) |
| 06/14/2023 | ⬤ 1070 (4 pgs) | Final Judgment Signed on 6/14/2023 (ElizabethMiller) (Entered: 06/14/2023) |
| 06/14/2023 | ⬤ 1071 (136 pgs) | Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors Signed on 6/14/2023 (Related document(s):1055 Notice) (ElizabethMiller) (Entered: 06/14/2023) |

| | | |
|---|---|---|
| 06/14/2023 | 🔘 1072<br>(3 pgs) | Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (Related Doc # 972) Signed on 6/14/2023. (ElizabethMiller) (Entered: 06/14/2023) |
| 06/14/2023 | 🔘 1073<br>(3 pgs) | Order Pursuant to Section 1121(d) of the Bankruptcy Code Extending Exclusive Periods (Related Doc # 973) Signed on 6/14/2023. (ElizabethMiller) (Entered: 06/14/2023) |
| 06/14/2023 | 🔘 1074<br>(3 pgs) | Declaration re: / *Declaration and Disclosure Statement of Katie Goulin on Behalf of AJ Park IP Limited* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 06/14/2023) |
| 06/14/2023 | 🔘 1075<br>(9 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1035 Notice, 1037 Agenda) (Garabato, Sid) (Entered: 06/14/2023) |
| 06/14/2023 | 🔘 1076<br>(8 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1051 Stipulation) (Garabato, Sid) (Entered: 06/14/2023) |
| 06/14/2023 | 🔘 1077<br>(17 pgs; 3 docs) | Objection / *Debtors' Limited Objection to Alan Humphries and Ruth Humphries' Motion for Relief From Stay to Proceed With Personal Injury State Court Litigation Involving Insurance* (related document(s):868 Motion for Relief From Stay). Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Declaration # 2 Exhibit B - Proposed Order) (Morgan, Gabriel) (Entered: 06/14/2023) |
| 06/14/2023 | 🔘 1078<br>(6 pgs) | Objection /*Joinder and Objection of the Official Committee of Unsecured Creditors to Debtors' Limited Objection to Alan Humphries and Ruth Humphries' Motion for Relief from Stay to Proceed with Personal Injury State Court Litigation Involving Insurance (related document: 1077)* (related document(s):868 Motion for Relief From Stay). Filed by Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 06/14/2023) |
| 06/14/2023 | 🔘 1079<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):1060 Order on Motion to Appear pro hac vice) No. of Notices: 68. Notice Date 06/14/2023. (Admin.) (Entered: 06/14/2023) |
| 06/15/2023 | 🔘 | Certificate of Email Notice. Contacted Kristen Perry. Movant to notice all interested parties and file a certificate of service with the court (Related document(s):1050 Emergency Motion) **Hearing scheduled for 6/21/2023 at 04:00 PM at Houston, Courtroom 400 (DRJ).** (AlbertAlonzo) (Entered: 06/15/2023) |
| 06/15/2023 | 🔘 | Certificate of Email Notice. Contacted Megan Clontz. Movant to notice all interested parties and file a certificate of service with the court (Related document(s):904 Application for Administrative Expenses) Hearing rescheduled for 7/18/2023 at 03:00 PM at Houston, Courtroom 400 (DRJ). (AlbertAlonzo) (Entered: 06/15/2023) |
| 06/15/2023 | 🔘 1080<br>(9 pgs) | Amended Notice of Appeal filed. (related document(s):1045 Opinion, 1071 Generic Order). Fee Amount $298. Appellant Designation due by 06/29/2023. (Perry, Kristen) (Entered: 06/15/2023) |

| 06/15/2023 | 🌐 1081<br>(14 pgs) | Certificate *Re: Amended Certificate of Service of Jack Lawrence* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1007 Certificate) (Garabato, Sid) (Entered: 06/15/2023) |
|---|---|---|
| 06/15/2023 | 🌐 1082<br>(3 pgs) | Notice *of Entry of Order Confirming Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors*. Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 06/15/2023) |
| 06/15/2023 | 🌐 1083<br>(2 pgs) | Notice *of hearing on June 21, 2023 re: Citadel's Emergency Mtn to Stay*. Filed by c/o Citadel Limited Citadel Equity Fund Ltd. (Perry, Kristen) (Entered: 06/15/2023) |
| 06/15/2023 | 🌐 1084<br>(4 pgs) | Motion to Extend Time *Citadel's Motion to Extend Stay of Effective Date of Confirmation Order* Filed by Creditor c/o Citadel Limited Citadel Equity Fund Ltd. Hearing scheduled for 6/21/2023 at 04:00 PM. (Perry, Kristen) (Entered: 06/15/2023) |
| 06/16/2023 | 🌐 1085<br>(214 pgs; 8 docs) | Witness List, Exhibit List (Filed By Official Committee Of Unsecured Creditors ).(Related document(s):1078 Objection) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7) (Wilson, Sean) (Entered: 06/16/2023) |
| 06/16/2023 | 🌐 1086<br>(4 pgs) | Witness List, Exhibit List (Filed By Official Committee Of Unsecured Creditors ).(Related document(s):1083 Notice) (Wilson, Sean) (Entered: 06/16/2023) |
| 06/16/2023 | 🌐 1087<br>(9 pgs) | Debtors Master Service List (Filed By Epiq Corporate Restructuring, LLC ). (Garabato, Sid) (Entered: 06/16/2023) |
| 06/16/2023 | 🌐 1088<br>(456 pgs; 13 docs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Related document(s):868 Motion for Relief From Stay) (Attachments: # 1 Debtors Exhibit No. 1 # 2 Debtors Exhibit No. 2 # 3 Debtors Exhibit No. 3 # 4 Debtors Exhibit No. 4 # 5 Debtors Exhibit No. 5 # 6 Debtors Exhibit No. 6 # 7 Debtors Exhibit No. 7 # 8 Debtors Exhibit No. 8 # 9 Debtors Exhibit No. 9 # 10 Debtors Exhibit No. 10 # 11 Debtors Exhibit No. 11 # 12 Debtors Exhibit No. 12) (Morgan, Gabriel) (Entered: 06/16/2023) |
| 06/16/2023 | 🌐 1089<br>(4 pgs) | Witness List, Exhibit List (Filed By Ad Hoc Priority Lender Group ). (Related document(s):1084 Motion to Extend Time) (Ruzinsky, Bruce) (Entered: 06/16/2023) |
| 06/16/2023 | 🌐 1090<br>(3 pgs) | Certificate *of Service by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1074 Declaration) (Garabato, Sid) (Entered: 06/16/2023) |
| 06/16/2023 | 🌐 1091<br>(16 pgs; 2 docs) | Emergency Motion *Excluded Lenders' (I) Emergency Motion to Stay and (II) Joinder to Citadel Equity Fund Ltd's Motion to Extend Stay of Effective Date of Confirmation Order* Filed by Interested Party Ad Hoc Group of First Lien Lenders Hearing scheduled for 6/21/2023 at 04:00 PM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Proposed Order) (Higgins, John) (Entered: 06/16/2023) |
| 06/16/2023 | 🌐 1092<br>(7 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1070 Judgment) (Garabato, |

| | | Sid) (Entered: 06/16/2023) |
|---|---|---|
| 06/16/2023 | ⬤ 1093<br>(6 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1077 Objection) (Garabato, Sid) (Entered: 06/16/2023) |
| 06/16/2023 | ⬤ 1094<br>(3 pgs) | Notice *of Withdrawal of Limited Objection to Debtors' Joint Chapter 11 Plan and Cure Notices Without Prejudice.* (Related document(s):726 Objection) Filed by Safety National Casualty Corporation (O'Donnell, Leanne) (Entered: 06/16/2023) |
| 06/16/2023 | ⬤ 1095<br>(234 pgs; 3 docs) | Exhibit List, Witness List (Filed By c/o Citadel Limited Citadel Equity Fund Ltd. ). (Attachments: # 1 Exhibit V # 2 Exhibit W) (Perry, Kristen) (Entered: 06/16/2023) |
| 06/16/2023 | ⬤ 1096<br>(154 pgs) | BNC Certificate of Mailing. (Related document(s):1071 Generic Order) No. of Notices: 68. Notice Date 06/16/2023. (Admin.) (Entered: 06/16/2023) |
| 06/16/2023 | ⬤ 1097<br>(8 pgs) | BNC Certificate of Mailing. (Related document(s):1072 Generic Order) No. of Notices: 68. Notice Date 06/16/2023. (Admin.) (Entered: 06/16/2023) |
| 06/16/2023 | ⬤ 1098<br>(8 pgs) | BNC Certificate of Mailing. (Related document(s):1073 Generic Order) No. of Notices: 68. Notice Date 06/16/2023. (Admin.) (Entered: 06/16/2023) |
| 06/16/2023 | ⬤ 1099<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):1065 Clerk's Notice of Filing of an Appeal) No. of Notices: 68. Notice Date 06/16/2023. (Admin.) (Entered: 06/16/2023) |
| 06/16/2023 | ⬤ 1100<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):1069 Clerk's Notice of Filing of an Appeal) No. of Notices: 68. Notice Date 06/16/2023. (Admin.) (Entered: 06/16/2023) |
| 06/19/2023 | | Receipt of Notice of Appeal( 23-90020) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A24509049. Fee amount $ 298.00. (U.S. Treasury) (Entered: 06/19/2023) |
| 06/19/2023 | ⬤ 1101<br>(2 pgs) | Notice *of Withdrawal Without Prejudice.* (Related document(s):868 Motion for Relief From Stay) Filed by Alan Humphries, Ruth Humphries (King, Anabel) (Entered: 06/19/2023) |
| 06/19/2023 | ⬤ 1102<br>(45 pgs; 2 docs) | Objection */ Debtors' Opposition to the Motion to Stay the Confirmation Order Pending Appeal* (related document(s):1050 Emergency Motion, 1091 Emergency Motion (with hearing date)). Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Linker Declaration) (Morgan, Gabriel) (Entered: 06/19/2023) |
| 06/20/2023 | ⬤ 1103<br>(31 pgs; 2 docs) | Reply *PTL Lenders' Memorandum of Law in Opposition to the Motions to Stay Confirmation Pending Appeal and Motion to Extend Stay of Effective Date of Confirmation Order* (related document(s):1050 Emergency Motion, 1091 Emergency Motion (with hearing date)). Filed by Ad Hoc Priority Lender Group (Attachments: # 1 Proposed Order) (Ruzinsky, Bruce) (Entered: 06/20/2023) |

| 06/20/2023 | 1104<br>(3 pgs) | Response /*Joinder in* (related document(s):1084 Motion to Extend Time, 1091 Emergency Motion (with hearing date)). Filed by LCM 26 LTD., LCM 27 LTD., LCM 28 LTD., LCM XXII LTD., LCM XXIII LTD., LCM XXIV LTD., LCM XXV Ltd. (Lieberman, Neil) (Entered: 06/20/2023) |
| --- | --- | --- |
| 06/20/2023 | 1105<br>(875 pgs; 8 docs) | Exhibit List, Witness List (Filed By Serta Simmons Bedding, LLC ). (Attachments: # 1 Debtors' Exhibit No. 1 # 2 Debtors' Exhibit No. 2 # 3 Debtors Exhibit No. 3 # 4 Debtors Exhibit No. 4 # 5 Debtors Exhibit No. 5 # 6 Debtors Exhibit No. 6 # 7 Debtors Exhibit No. 7) (Morgan, Gabriel) (Entered: 06/20/2023) |
| 06/20/2023 | 1106<br>(5 pgs) | Agenda for Hearing on 6/21/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 06/20/2023) |
| 06/20/2023 | 1107<br>(17 pgs) | Objection /*The Official Committee of Unsecured Creditors' Omnibus Objection and Joinder to the Debtors' Objection to the Emergency Motions of Citadel Equity Fund Ltd. And the Excluded Lenders for (I) A Stay Pending Appeal; and (II) Extension of the Stay of the Effective Date* (related document(s):1050 Emergency Motion, 1084 Motion to Extend Time, 1091 Emergency Motion (with hearing date)). Filed by Official Committee Of Unsecured Creditors (Wilson, Sean) (Entered: 06/20/2023) |
| 06/21/2023 | 1108<br>(9 pgs) | Reply *in Support of its Emergency Motion to Stay Order Confirming Debtors' 2nd Amended Joint Chapter 11 Plan*. Filed by c/o Citadel Limited Citadel Equity Fund Ltd. (Perry, Kristen) (Entered: 06/21/2023) |
| 06/21/2023 | 1109<br>(15 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):1080 Notice of Appeal). (Perry, Kristen) (Entered: 06/21/2023) |
| 06/21/2023 | 1110<br>(2 pgs) | Declaration re: / *Declaration and Disclosure Statement of Martin Sparkes on Behalf of Forresters IP LLP* (Filed By Serta Simmons Bedding, LLC ).(Related document(s):368 Generic Order) (Morgan, Gabriel) (Entered: 06/21/2023) |
| 06/21/2023 | 1111<br>(1 pg) | Clerk's Notice of Filing of a Second Amended Appeal. On 6/15/2023, Citadel Equity Fund Ltd. filed a second amended notice of appeal. The appeal has been assigned to U.S. District Judge Andrew S. Hanen, Civil Action 4:23cv2173. Parties notified (Related document(s):1080 Notice of Appeal) (RishonaSmith) (Entered: 06/21/2023) |
| 06/21/2023 | 1112<br>(5 pgs; 2 docs) | Notice *of Filing of Proposed Order Denying (A) Objectors' Stay Motions and (B) LCM Lenders' Joinder in (I) Excluded Lenders' Emergency Motion to Stay the Confirmation Order [ECF No. 1091] and (II) Citadel Equity Fund Ltd.'s Motion to Extend Stay of Effective Date of Confirmation Order [ECF No. 1084]*. (Related document(s):1102 Objection) Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit 1 - Proposed Order) (Morgan, Gabriel) (Entered: 06/21/2023) |
| 06/21/2023 | 1113<br>(15 pgs; 2 docs) | Opposition Response (related document(s):673 Motion to Reconsider, 826 Response, 891 Response, 949 Response, 977 Amended Chapter 11 Plan, 1055 Notice, 1084 Motion to Extend Time, 1091 Emergency Motion (with hearing date), 1104 Response). (Attachments: # 1 |

| | | Proposed Order Proposed Order on Emergency Motion to Stay & Joinder)(Thierry, Cameron) (Entered: 06/21/2023) |
|---|---|---|
| 06/21/2023 | 🔘 1114 (6 pgs) | Amended Agenda for Hearing on 6/21/2023 (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 06/21/2023) |
| 06/21/2023 | 🔘 1115 (7 pgs) | Joint Notice of Appeal filed. (related document(s):1071 Generic Order). Fee Amount $298. Appellant Designation due by 07/5/2023. (Higgins, John) (Entered: 06/21/2023) |
| 06/21/2023 | | Receipt of Notice of Appeal( 23-90020) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A24516909. Fee amount $ 298.00. (U.S. Treasury) (Entered: 06/21/2023) |
| 06/21/2023 | 🔘 1116 (9 pgs) | Statement *Second Amended Verified Statement of the Ad Hoc Priority Lender Group Pursuant to Bankruptcy Rule 2019* (Filed By Ad Hoc Priority Lender Group ). (Ruzinsky, Bruce) (Entered: 06/21/2023) |
| 06/21/2023 | 🔘 1117 (19 pgs; 2 docs) | Supporting Reply (related document(s):1113 Response, 1114 Agenda). (Attachments: # 1 Exhibit Emergency Motion to Stay and Joinder) (Thierry, Cameron) (Entered: 06/21/2023) |
| 06/21/2023 | 🔘 1118 (24 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period ending 5/31/2023, $143299264 disbursed (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 06/21/2023) |
| 06/21/2023 | 🔘 1119 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Debtors Counsel / Gabriel A. Morgan. This is to order a transcript of Bankruptcy Proceeding on June 21, 2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) Electronically Forwarded to Judicial Transcribers of Texas on 06/22/2023. Estimated Date of Completion: 06/23/2023. Modified on 6/22/2023 (BenjaminRomero). (Entered: 06/21/2023) |
| 06/21/2023 | 🔘 1120 (18 pgs) | Joint Notice of Appeal filed. (related document(s):1070 Judgment). Fee Amount $298. Appellant Designation due by 07/5/2023. (Higgins, John) (Entered: 06/21/2023) |
| 06/21/2023 | | Receipt of Notice of Appeal( 23-90020) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A24517707. Fee amount $ 298.00. (U.S. Treasury) (Entered: 06/21/2023) |
| 06/21/2023 | 🔘 1121 (2 pgs) | Courtroom Minutes. Time Hearing Held: 4:00 PM. Appearances: see attached. (Related document(s):1050 Emergency Motion, 1084 Motion to Extend Time) As stated on the record, all relief for stay has been denied. If a stay is granted, the bond should be no less than one billion dollars. The confirmation order is further stayed until 12PM noon on Friday, June 23, 2023. (AlbertAlonzo) Additional attachment(s) added on 6/21/2023 (AlbertAlonzo). (Entered: 06/21/2023) |
| 06/21/2023 | 🔘 1122 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 6/21/2023 3:58:55 PM ]. File Size [ 25630 KB ]. Run Time [ 00:53:24 ]. (admin). (Entered: 06/21/2023) |

| 06/21/2023 | 🔾 1123<br>(9 pgs; 3 docs) | Notice *of Filing of Revised Proposed Order Denying (A) Objectors Stay Motions, (B) LCM Lenders Joinder in (I) Excluded Lenders Emergency Motion to Stay the Confirmation Order [ECF No. 1091] and (II) Citadel Equity Fund Ltd.s Motion to Extend Stay of Effective Date of Confirmation Order [ECF No. 1084], and Joinders Thereto.* (Related document(s):1102 Objection, 1112 Notice) Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit 1 - Proposed Order # 2 Exhibit 2 - Redline) (Morgan, Gabriel) (Entered: 06/21/2023) |
| 06/21/2023 | 🔾 1124<br>(2 pgs) | Order Denying (A) Objectors Stay Motions, (B) LCM Lenders Joinder in (I) Excluded Lenders Emergency Motion to Stay the Confirmation Order [ECF No. 1091] and (II) Citadel Equity Fund Ltd.s Motion to Extend Stay of Effective Date of Confirmation Order [ECF No. 1084], and Joinders Thereto (Related Doc # 1050), Denying Motion to Extend Time (Related Doc # 1084), Denying Emergency Motion (Related Doc # 1091) Signed on 6/21/2023. (AlbertAlonzo) (Entered: 06/21/2023) |
| 06/22/2023 | 🔾 1125<br>(16 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):1080 Notice of Appeal, 1109 Appellant Designation). (Perry, Kristen) (Entered: 06/22/2023) |
| 06/22/2023 | 🔾 1126<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Debtors Counsel / Gabriel A. Morgan. This is to order a transcript of Bankruptcy Proceeding on June 6, 2023 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) Electronically Forwarded to Judicial Transcribers of Texas on 06/22/2023. Estimated Date of Completion: 06/23/2023. Modified on 6/22/2023 (BenjaminRomero). (Entered: 06/22/2023) |
| 06/22/2023 | 🔾 1127<br>(1 pg) | Clerk's Notice of Filing of an Appeal. On 6/21/2023, Excluded Lenders filed a notice of appeal. The appeal has been assigned to U.S. District Judge Andrew S. Hanen, Civil Action 4:23cv2296. Parties notified (Related document(s):1115 Notice of Appeal) (RishonaSmith) (Entered: 06/22/2023) |
| 06/22/2023 | 🔾 1128<br>(1 pg) | Clerk's Notice of Filing of an Appeal. On 6/21/2023, Excluded Lenders filed a notice of appeal. The appeal has been assigned to U.S. District Judge Andrew S. Hanen, Civil Action 4:23cv2296. Parties notified (Related document(s):1120 Notice of Appeal) (RishonaSmith) (Entered: 06/22/2023) |
| 06/22/2023 | 🔾 1129<br>(2 pgs) | Notice *of Withdrawal of Appearance of Amanda C. Glaubach and Request for Removal from Service Lists.* (Related document(s):299 Order on Motion to Appear pro hac vice) Filed by Advent International Corporation, on behalf of itself and funds managed by it (Galardi, Gregg) (Entered: 06/22/2023) |
| 06/22/2023 | 🔾 1130<br>(163 pgs; 2 docs) | Amended Notice of Appeal (related document(s):629 Order on Motion For Relief From Stay, 675 Notice of Appeal, 679 Motion to Set Hearing, 1045 Opinion, 1071 Generic Order). (Attachments: # 1 Exhibit Attachment A - Amended Notice of Appeal)(Thierry, Cameron) Modified on 6/26/2023 (RhondaMooreKonieczny). (Entered: 06/22/2023) |
| 06/22/2023 | 🔾 1131<br>(3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: STI (ABC), LLC, fka Soft-Tex International, Inc. To Hain Capital Investors |

| | | |
|---|---|---|
| | | Master Fund, Ltd Fee Amount $26 (Rapoport, Amanda) (Entered: 06/22/2023) |
| 06/22/2023 | | Receipt of Transfer of Claim( 23-90020) [claims,trclm] ( 26.00) Filing Fee. Receipt number A24521173. Fee amount $ 26.00. (U.S. Treasury) (Entered: 06/22/2023) |
| 06/22/2023 | 1132 (858 pgs) | Certificate *of Service by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1082 Notice) (Garabato, Sid) (Entered: 06/22/2023) |
| 06/22/2023 | 1133 (12 pgs) | Certificate *of Service by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1102 Objection, 1105 Exhibit List, Witness List, 1106 Agenda) (Garabato, Sid) (Entered: 06/22/2023) |
| 06/22/2023 | 1134 (3 pgs) | Certificate *of Service by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1110 Declaration) (Garabato, Sid) (Entered: 06/22/2023) |
| 06/23/2023 | 1135 (18 pgs; 3 docs) | Proposed Reply (related document(s):629 Order on Motion For Relief From Stay, 675 Notice of Appeal, 679 Motion to Set Hearing, 1045 Opinion, 1071 Generic Order, 1130 Reply). (Attachments: # 1 Proposed Order PROPOSED ORDER (B) - Amended Notice of Appeal and Request for Leave # 2 Proposed Order PROPOSED ORDER (C) - Amended Notice of Appeal and Request for Leave)(Thierry, Cameron) (Entered: 06/23/2023) |
| 06/23/2023 | 1136 (6 pgs) | BNC Certificate of Mailing. (Related document(s):1111 Clerk's Notice of Filing of an Appeal) No. of Notices: 67. Notice Date 06/23/2023. (Admin.) (Entered: 06/23/2023) |
| 06/24/2023 | 1137 (22 pgs) | BNC Certificate of Mailing. (Related document(s):1124 Order on Emergency Motion) No. of Notices: 67. Notice Date 06/24/2023. (Admin.) (Entered: 06/24/2023) |
| 06/24/2023 | 1138 (6 pgs) | BNC Certificate of Mailing. (Related document(s):1127 Clerk's Notice of Filing of an Appeal) No. of Notices: 67. Notice Date 06/24/2023. (Admin.) (Entered: 06/24/2023) |
| 06/24/2023 | 1139 (6 pgs) | BNC Certificate of Mailing. (Related document(s):1128 Clerk's Notice of Filing of an Appeal) No. of Notices: 67. Notice Date 06/24/2023. (Admin.) (Entered: 06/24/2023) |
| 06/25/2023 | 1140 (17 pgs) | BNC Certificate of Mailing. (Related document(s):1131 Transfer of Claim) No. of Notices: 1. Notice Date 06/25/2023. (Admin.) (Entered: 06/25/2023) |
| 06/26/2023 | 1141 | Election to Appeal to District Court . (HortenciaLerma) (Entered: 06/26/2023) |
| 06/26/2023 | 1142 (1 pg) | Clerk's Notice of Filing of an Appeal. The appeal has been assigned to U.S. District Judge Andrew S. Hanen, Civil Action No. 4:23-cv-01482. Parties notified (Related document(s):1130 Reply) (HortenciaLerma) Modified on 6/29/2023 (LaurenWebster). (Entered: 06/26/2023) |

| | | |
|---|---|---|
| 06/26/2023 | ● | Certificate of Email Notice. At the request of the Movant, Mark Ralston, the hearing on the motion for relief from stay has been adjourned. Movant to notice all interested parties and file a certificate of service with the court (Related document(s):405 Motion for Relief From Stay) **Hearing rescheduled for 7/26/2023 at 02:30 PM** (DRJ). (AlbertAlonzo) (Entered: 06/26/2023) |
| 06/26/2023 | ● 1143 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Cameron M. Thierry. This is to order a transcript of Hearing held on 6/21/23 before Judge David R. Jones. Court Reporter/Transcriber: Judicial Transcribers of Texas. (MarcelleLaBee) Copy Request Electronically Forwarded to Judicial Transcribers of Texas on 06/26/2023. Estimated Date of Completion: 06/27/2023. Modified on 6/26/2023 (BenjaminRomero). (Entered: 06/26/2023) |
| 06/26/2023 | ● 1144 (11 pgs) | *Notice of Continued Hearing.* (Related document(s):405 Motion for Relief From Stay) Filed by AW Industries, Inc., Dormae Products, Inc., Palu Bedding Co., Inc., Salt Lake Mattress & Mfg. Co., Serta Restokraft Mattress Company Inc. (Ralston, Mark) (Entered: 06/26/2023) |
| 06/27/2023 | ● 1145 (9 pgs) | *Certificate of Service by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1123 Notice, 1124 Order on Emergency Motion, Order on Motion to Extend Time, Order on Emergency Motion) (Garabato, Sid) (Entered: 06/27/2023) |
| 06/28/2023 | ● 1146 (6 pgs) | *Certificate of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1112 Notice, 1118 Debtor-in-Possession Monthly Operating Report) (Garabato, Sid) (Entered: 06/28/2023) |
| 06/28/2023 | ● 1147 (216 pgs; 7 docs) | Amended Motion to Set Hearing (related document(s):679 Motion to Set Hearing, 1130 Reply, 1141 Election to Appeal, 1142 Notice of Filing of an Appeal). (Attachments: # 1 Appendix Memorandum of Law in Support of Motion for Rehearing # 2 Proposed Order Proposed Order A # 3 Proposed Order Proposed Order B # 4 Exhibit Attachment A - Orders # 5 Exhibit Attachment B - Amended Notice of Appeal # 6 Exhibit Attachment C - May 5 U.S. EEOC)(Thierry, Cameron) Modified on 6/30/2023 (DMcKinnieRichardson). (Entered: 06/28/2023) |
| 06/28/2023 | ● 1148 (21 pgs) | BNC Certificate of Mailing. (Related document(s):1142 Clerk's Notice of Filing of an Appeal) No. of Notices: 57. Notice Date 06/28/2023. (Admin.) (Entered: 06/28/2023) |
| 06/29/2023 | ● 1149 (6 pgs; 2 docs) | *Response / Debtors' Response and Reservation of Rights to Stephanie Finz' Motion for Relief From the Automatic Stay to Proceed With State Court Litigation* (related document(s):1061 Motion for Relief From Stay). Filed by Serta Simmons Bedding, LLC (Attachments: # 1 Exhibit A - Proposed Order) (Morgan, Gabriel) (Entered: 06/29/2023) |
| 06/29/2023 | ● 1150 (4 pgs) | *Notice of Effective Date of Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors.* Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 06/29/2023) |
| 06/29/2023 | ● 1151 (2 pgs) | *Notice of Withdrawal of Creditor XTRA Lease's Objection.* (Related document(s):746 Response/Objection) Filed by XTRA Lease LLC (Hirsch, Kyle) (Entered: 06/29/2023) |

| | | |
|---|---|---|
| 06/29/2023 | 🌐 1152<br>(587 pgs) | Notice *of Filing of Eighth Amended Plan Supplement in Connection With Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*. (Related document(s):588 Notice, 667 Notice, 692 Notice, 869 Notice, 873 Notice, 977 Amended Chapter 11 Plan, 992 Notice, 1026 Notice, 1035 Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 06/29/2023) |
| 06/29/2023 | 🌐 1153<br>(598 pgs) | Notice *of Filing of Redlines of Eighth Amended Plan Supplement Exhibits*. (Related document(s):692 Notice, 869 Notice, 992 Notice, 1152 Notice) Filed by Serta Simmons Bedding, LLC (Morgan, Gabriel) (Entered: 06/29/2023) |
| 06/29/2023 | 🌐 1154<br>(4 pgs) | Notice of Appearance and Request for Notice Filed by Sean Thomas Wilson Filed by on behalf of The Serta Simmons Class 6B Trust (Wilson, Sean) (Entered: 06/29/2023) |
| 06/29/2023 | 🌐 1155<br>(4 pgs) | Objection */Joinder and Objection of the Serta Simmons Class 6B Trust to Debtors' Response and Reservation of Rights Stephanie Finz's Motion for Relief from the Automatic Stay to Proceed with State Court Litigation* (related document(s):1061 Motion for Relief From Stay). Filed by The Serta Simmons Class 6B Trust (Wilson, Sean) (Entered: 06/29/2023) |
| 06/30/2023 | 🌐 1156<br>(41 pgs; 5 docs) | Witness List, Exhibit List (Filed By The Serta Simmons Class 6B Trust ).(Related document(s):1061 Motion for Relief From Stay, 1155 Objection) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 3 # 4 Exhibit 4) (Wilson, Sean) (Entered: 06/30/2023) |
| 06/30/2023 | 🌐 1157<br>(2 pgs) | Motion to Withdraw Document (related document(s):1061 Motion for Relief From Stay). Filed by Creditor Stephanie Finz (Kelley, Craig) (Entered: 06/30/2023) |
| 06/30/2023 | 🌐 1158<br>(7 pgs) | Notice *OF CHANGE OF APPEARANCE IN LEAD COUNSEL FOR THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS AND REQUEST FOR NOTICE AND REQUEST TO BE ADDED TO MAILING MATRIX*. Filed by Texas Comptroller of Public Accounts, Revenue Accounting Division (Walsh, Kimberly) (Entered: 06/30/2023) |
| 06/30/2023 | 🌐 1159<br>(6 pgs) | Certificate *of Service re: Transfer Notice by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1131 Transfer of Claim) (Garabato, Sid) (Entered: 06/30/2023) |
| 07/02/2023 | 🌐 1160<br>(42 pgs) | Transcript RE: Motions Hearing held on June 21, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 10/2/2023. (mhen) (Entered: 07/02/2023) |
| 07/03/2023 | 🌐 1161<br>(1 pg) | Notice of Filing of Official Transcript as to 1160 Transcript. Parties notified (Related document(s):1160 Transcript) (HeatherCarr) (Entered: 07/03/2023) |
| 07/03/2023 | 🌐 1162<br>(825 pgs; 9 docs) | Appellant's Amended Designation of the Contents of the Record and Statement of Issues on Appeal(related document(s):1130 Reply, 1135 Reply, 1141 Election to Appeal, 1142 Clerk's Notice of Filing of an Appeal, 1147 Response). (Attachments: # 1 Appendix Attach. C # 2 Appendix Attach. D # 3 Appendix Attach. E # 4 Appendix Attach. F # 5 |

| | | Exhibit Ex. K # 6 Exhibit Ex. L # 7 Exhibit Ex. M. # 8 Exhibit Ex. N.) (Thierry, Cameron) Modified on 7/5/2023 (JacquelineMata). (Entered: 07/03/2023) |
|---|---|---|
| 07/03/2023 | ⬤ 1164 (1 pg) | Withdrawal of Claim: 58 *by North Dakota Office of State Tax Commissioner* (FrancesCarbia) (Entered: 07/05/2023) |
| 07/04/2023 | ⬤ 1163 (17 pgs) | Transcript RE: Motion Hearing (Via Zoom) held on June 6, 2023 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 10/2/2023. (mhen) (Entered: 07/04/2023) |
| 07/05/2023 | ⬤ 1165 (859 pgs) | Certificate *of Service by Panagiota Manatakis* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1150 Notice) (Garabato, Sid) (Entered: 07/05/2023) |
| 07/05/2023 | ⬤ 1166 (11 pgs) | Statement of Issues on Appeal (related document(s):1055 Notice). (Higgins, John) (Entered: 07/05/2023) |
| 07/05/2023 | ⬤ 1167 (8 pgs) | Stipulation By Serta Simmons Bedding, LLC and Parties in This Adversary Proceeding and Bankruptcy Proceeding. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Serta Simmons Bedding, LLC ). (Morgan, Gabriel) (Entered: 07/05/2023) |
| 07/05/2023 | ⬤ 1168 (16 pgs; 2 docs) | Emergency Motion */ Debtors' and PTL Lenders' Emergency Motion to Certify Pending Appeals to the Fifth Circuit* Filed by Debtor Serta Simmons Bedding, LLC (Attachments: # 1 Proposed Order) (Morgan, Gabriel) (Entered: 07/05/2023) |
| 07/05/2023 | ⬤ 1169 (21 pgs) | BNC Certificate of Mailing. (Related document(s):1161 Notice of Filing of Official Transcript (Form)) No. of Notices: 57. Notice Date 07/05/2023. (Admin.) (Entered: 07/05/2023) |
| 07/06/2023 | ⬤ 1170 (2 pgs) | Withdrawal of Claim: *Nos. 0174 and 0175 for Elite Comfort Solutions, LLC* (Parres, Lawrence) (Entered: 07/06/2023) |
| 07/06/2023 | ⬤ 1171 (2 pgs) | Withdrawal of Claim: *Nos. 0180 and 0181 for Leggett & Platt, Incorporated* (Parres, Lawrence) (Entered: 07/06/2023) |
| 07/06/2023 | ⬤ 1172 (2 pgs) | Withdrawal of Claim: *No. 0176 for Gribetz International* (Parres, Lawrence) (Entered: 07/06/2023) |
| 07/06/2023 | ⬤ 1173 (2 pgs) | Withdrawal of Claim: *Nos. 0177, 0178 and 0179 for Hanes Companies, Inc.* (Parres, Lawrence) (Entered: 07/06/2023) |
| 07/06/2023 | ⬤ 1174 (3 pgs) | Notice *of Joinder to Motion*. (Related document(s):1168 Emergency Motion) Filed by c/o Citadel Limited Citadel Equity Fund Ltd. (Perry, Kristen) (Entered: 07/06/2023) |
| 07/06/2023 | ⬤ 1175 (25 pgs) | Certificate *of Service by Sharna Wilson* (Filed By Epiq Corporate Restructuring, LLC ).(Related document(s):1149 Response, 1152 Notice, 1153 Notice) (Garabato, Sid) (Entered: 07/06/2023) |

| 07/06/2023 | ⬤ 1176<br>(7 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal (related document(s):1070 Judgment, 1080 Notice of Appeal, 1125 Appellant Designation). (Morgan, Gabriel) (Entered: 07/06/2023) |
|---|---|---|
| 07/06/2023 | ⬤ 1177<br>(4 pgs) | Order on Motion for Certification of Direct Appeal to the Fifth Circuit (Related Doc # 1168) Signed on 7/6/2023. (VrianaPortillo) (Entered: 07/07/2023) |
| 07/08/2023 | ⬤ 1178<br>(11 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):1166 Statement of Issues on Appeal). (Higgins, John) (Entered: 07/08/2023) |
| 07/09/2023 | ⬤ 1179<br>(9 pgs) | BNC Certificate of Mailing. (Related document(s):1177 Order on Emergency Motion) No. of Notices: 58. Notice Date 07/09/2023. (Admin.) (Entered: 07/09/2023) |
| 07/11/2023 | ⬤ 1180<br>(2 pgs) | Withdrawal of Claim: *for Elite Comfort Solutions, LLC* (Parres, Lawrence) (Entered: 07/11/2023) |
| 07/11/2023 | ⬤ 1181<br>(2 pgs) | Withdrawal of Claim: *for Leggett & Platt, Incorporated* (Parres, Lawrence) (Entered: 07/11/2023) |

# Tab 2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| SERTA SIMMONS BEDDING, LLC, et al., | Case No. 23-90020 (DRJ) |
| Debtors, | (Jointly Administered) |

## JOINT NOTICE OF APPEAL

**Part 1: Identity of the Appellants**

1. Names of the appellants: AG Centre Street Partnership L.P., AG Credit Solutions Non-ECI Master Fund, L.P., AG Super Fund Master, L.P., AG SF Master (L), L.P., Silver Oak Capital, L.L.C., Ascribe III Investments, LLC, Columbia Cent CLO 21 Limited, Columbia Cent CLO 27 Limited, Columbia Floating Rate Fund, a series of Columbia Funds Series Trust II, Columbia Strategic Income Fund, a series of Columbia Funds Series Trust I, Contrarian Capital Fund I, L.P., Contrarian Distressed Debt Fund, L.P., Contrarian Centre Street Partnership, L.P., Gamut Capital SSB, LLC, North Star Debt Holdings, L.P., Shackleton 2013-III CLO, Ltd., Shackleton 2013-IV-R CLO, Ltd., Shackleton 2014-V-R CLO, Ltd., Shackleton 2015-VII-R CLO, Ltd., Shackleton 2017-XI CLO, Ltd., Z Capital Credit Partners CLO 2018-1 Ltd., and Z Capital Credit Partners CLO 2019-1 Ltd. (collectively, the "Excluded Lenders").

2. Position of appellants in the bankruptcy case that is the subject of this appeal: Creditors

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:

   - Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors, ECF No. 1071.

2. State the date on which the judgment, order, or decree was entered: June 14, 2023

23-20363.22230

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Excluded Lenders Appellants

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Lawrence S. Robbins*
Eric Seiler*
Anne E. Beaumont*
Elizabeth Bierut*
Jamuna D. Kelley*
Blair R. Albom*
7 Times Square
New York, NY 11036-6516
(212) 833-1100
lrobbins@fklaw.com
eseiler@fklaw.com
abeaumont@fklaw.com
ebierut@fklaw.com
jkelley@fklaw.com
balbom@fklaw.com

*Attorneys for the Excluded Lenders*

-and-

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kenneth S. Ziman*
Brian S. Hermann*
Lewis R. Clayton*
Andrew J. Ehrlich*
Michael J. Colarossi*
Robert J. O'Loughlin*
Sarah J. Prostko*
Jackson Yates*
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000
kziman@paulweiss.com
bhermann@paulweiss.com
lclayton@paulweiss.com
aehrlich@paulweiss.com
mcolarossi@paulweiss.com

roloughlin@paulweiss.com
sprostko@paulweiss.com
jyates@paulweiss.com

*Attorneys for the Excluded
Lenders with respect to Plaintiffs'
Claims and Counterclaims Only*

-and-

**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
M. Shane Johnson (TX 24083263)
Megan N. Young-John (TX 24088700)
1000 Main Street, 36th Floor
Houston, TX 77002
(713) 226-6000
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

*Attorneys for the Excluded
Lenders with respect to Plaintiffs'
Claims and Counterclaims Only*


*\*admitted pro hac vice*

2. Appellees:

Serta Simmons Bedding, LLC

Dawn Intermediate, LLC

Serta Simmons Bedding, LLC

Serta International Holdco, LLC

National Bedding Company L.L.C.

SSB Manufacturing Company

The Simmons Manufacturing Co., LLC

Dreamwell, Ltd.

SSB Hospitality, LLC

SSB Logistics, LLC

Simmons Bedding Company, LLC

**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock (admitted *pro hac vice*)
David J. Lender (admitted *pro hac vice*)
Alexander W. Welch (admitted *pro hac vice*)
Luna N. Barrington (admitted *pro hac vice*)
Richard D. Gage (admitted *pro hac vice*)
Taylor B. Dougherty (admitted *pro hac vice*)
Joseph R. Rausch (admitted *pro hac vice*)
Michael P. Goodyear (admitted *pro hac vice*)
Nicholas J. Reade (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Tel:   (212) 310-8000
Fax:   (212) 310-8007
Email: Ray.Schrock@weil.com
          David.Lender@weil.com

Tuft & Needle, LLC

Tomorrow Sleep LLC

SSB Retail, LLC

World of Sleep Outlets, LLC

Alexander.Welch@weil.com
Luna.Barrington@weil.com
Richard.Gage@weil.com
Taylor.Dougherty@weil.com
Joseph.Rausch@weil.com
Michael.Goodyear@weil.com
Nick.Reade@weil.com

-and-

Gabriel A. Morgan
Stephanie N. Morrison
700 Louisiana Street, Suite 1700
Houston, TX 77002
Tel:  (713) 546-5040
Fax: (713) 224-9511
Email:  Gabriel.Morgan@weil.com
              Stephanie.Morrison@weil.com

3.  Other Interested Parties:

Citadel Equity Fund Ltd.

**FAEGRE  DRINKER  BIDDLE  &
  REATH LLP**
Vincent P. Slusher (TX 00785480)
Kristen L. Perry (TX 24090015)
1717 Main Street, Suite 5400
Dallas, TX 75201
Telephone: (469) 357-2500
Facsimile: (469) 327-0860
Email: vince.slusher@faegredrinker.com
              Kristen.perry@faegredrinker.com

-and-

James H. Millar (admitted *pro hac vice*)
Laura E. Appleby
1177 Avenue of the Americas
41st Floor
New York, NY 10036-2714
Telephone: (212) 248-3140
Facsimile (212) 248-3141
Email: james.millar@faegredrinker.com
              laura.appleby@faegredrinker.com

23-20451.22233

Dated: June 21, 2023      Respectfully submitted,
      Houston, Texas

**PORTER HEDGES LLP**

*/s/ John F. Higgins*
John F. Higgins (TX 09597500)
M. Shane Johnson (TX 24083263)
Megan N. Young-John (TX 24088700)
1000 Main Street, 36th Floor
Houston, TX 77002
(713) 226-6000
jhiggins@porterhedges.com
sjohnson@porterhedges.com
myoung-john@porterhedges.com

*Attorneys for the Excluded Lenders with respect to*
*Plaintiffs' Claims and Counterclaims Only*

-and -

Kenneth S. Ziman*
Brian S. Hermann*
Lewis R. Clayton*
Andrew J. Ehrlich*
Michael J. Colarossi*
Robert J. O'Loughlin*
Sarah J. Prostko*
Jackson Yates*
**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
1285 Avenue of the Americas New York, NY 10019
(212) 373-3000
kziman@paulweiss.com
bhermann@paulweiss.com
lclayton@paulweiss.com
aehrlich@paulweiss.com
mcolarossi@paulweiss.com
roloughlin@paulweiss.com
sprostko@paulweiss.com
jyates@paulweiss.com

*Attorneys for the Excluded Lenders with respect to Plaintiffs' Claims and Counterclaims Only*

-and -

Lawrence S. Robbins*
Eric Seiler*
Anne E. Beaumont*
Elizabeth Bierut*
Jamuna D. Kelley*
Blair R. Albom*
**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
7 Times Square
New York, NY 11036-6516
(212) 833-1100
lrobbins@fklaw.com
eseiler@fklaw.com
abeaumont@fklaw.com
ebierut@fklaw.com
jkelley@fklaw.com
balbom@fklaw.com

*Attorneys for the Excluded Lenders*

*admitted pro hac vice*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Appeal and Statement of Election was served by electronic delivery on all persons and entities receiving ECF notice on June 21, 2023.

*/s/ M. Shane Johnson*　　　　　
M. Shane Johnson

# Tab 3

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 14, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **SERTA SIMMONS BEDDING, LLC,** *et al.,* | § § § | Case No. 23-90020 (DRJ) |
| Debtors.[1] | § § § | Jointly Administered |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING SECOND AMENDED JOINT CHAPTER 11 PLAN OF SERTA SIMMONS BEDDING, LLC AND ITS AFFILIATED DEBTORS

Serta Simmons Bedding, LLC ("**Serta Simmons Bedding**"), and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") having:

a. commenced, on January 23, 2023 (the "**Petition Date**"), these chapter 11 cases by filing voluntary petitions in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

b. obtained, on January 24, 2023, entry of the *Order Directing Joint Administration of Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1* (Docket No. 46);

c. proposed and filed the *Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*, dated May 23, 2023 (Docket No. 977) (including any exhibits and schedules thereto and as may be modified, amended, or supplemented from time to time, the "**Plan**")[2] and filed the *Disclosure Statement for Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors*, dated March 23, 2023 (Docket No. 545) (including any exhibits and schedules thereto and as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan. The rules of interpretation set forth in Article I of the Plan and the rules of construction set forth in section 102 of the Bankruptcy Code shall apply to this Confirmation Order.

may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**");

d.  obtained, on February 8, 2023, after notice and hearing, entry of the *Order (I) Scheduling Certain Hearing Dates and Deadlines, (II) Establishing Certain Protocols in Connection with Such Hearings, and (III) Granting Related Relief* (Docket No. 267), which, among other things, set the deadline for filing objections to confirmation of the Plan and scheduled a hearing to consider confirmation of the Plan (the "**Confirmation Hearing**");

e.  obtained, on March 23, 2023, after notice and hearing, entry of the *Order (I) Approving Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures; (III) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan; (IV) Approving Notice Procedures for the Assumption or Rejection of Executory Contracts and Unexpired Leases; and (V) Granting Related Relief* (Docket No. 540) (the "**Disclosure Statement Order**"), which, among other things, (i) approved the Disclosure Statement and (ii) approved solicitation procedures related to the Disclosure Statement;

f.  served, through their claims, noticing, and solicitation agent, Epiq Corporate Restructuring, LLC ("**Epiq**"), the Disclosure Statement, the Plan, and related solicitation materials, including the ballots (the "**Ballots**"), notice of non-voting status, and notice of the Confirmation Hearing (collectively, the "**Solicitation Materials**") to holders of Claims and Interests in accordance with the Disclosure Statement Order, as described in the *Certificate of Service of Solicitation Materials* (Docket No. 758) filed on May 2, 2023 (the "**Solicitation Affidavit**") and the *Declaration of Emily Young of Epiq Corporate Restructuring, LLC Regarding Voting and Tabulation of Ballots Cast on Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors* (Docket No. 779), filed on May 4, 2023 (the "**Solicitation Declaration**");

g.  caused to be published in USA Today, on April 3, 2023, notice of the Confirmation Hearing as set forth in the *Verification of Publication*, filed by Epiq on April 3, 2023 (Docket No. 603) (the "**Certificate of Publication**");

h.  served, through Epiq, the *Notice of Adjournment of Hearing on Debtors' Request for Confirmation of Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 703), that provides notice of (i) the reset of the deadline for filing objections to confirmation of the Plan to May 11, 2023 at 12:00 p.m. (Central Time) and (ii) the adjournment of the commencement of the Confirmation Hearing to May 15, 2023 at 9:30 a.m. (Central Time), as set forth in the *Certificate of Service*, filed on May 1, 2023 (Docket No. 738);

i.  caused, through Epiq, (i) the *Notice of (I) Assumption of Executory Contracts and Unexpired Leases, and (II) Cure Claims Related Thereto In Connection with Confirmation of Plan* (Docket No. 668) on April 14, 2023, (ii) the *Amended Notice of (I) Assumption of Executory Contracts and Unexpired Leases, and (II) Cure Claims Related Thereto In Connection with Confirmation of Plan* (Docket No. 720) on April

27, 2023, (iii) the *Second Amended Notice of (I) Assumption of Executory Contracts and Unexpired Leases, and (II) Cure Claims Related Thereto In Connection with Confirmation of Plan* (Docket No. 788) on May 5, 2023, (iv) the *Third Amended Notice of (I) Assumption of Executory Contracts and Unexpired Leases, and (II) Cure Claims Related Thereto In Connection with Confirmation of Plan* (Docket No. 871) on May 13, 2023, (v) the *Fourth Amended Notice of (I) Assumption of Executory Contracts and Unexpired Leases, and (II) Cure Claims Related Thereto In Connection with Confirmation of Plan* (Docket No. 994) on May 24, 2023, and (vi) the *Notice of Filing Amendment to Debtors Notice of (I) Assumption of Executory Contracts and Unexpired Leases and (II) Cure Amounts Related Thereto in Connection With Confirmation of Plan* (Docket No. 1033) on June 2, 2023 (collectively, and as may be further amended or supplemented from time to time, the "**Cure Notice**") to be served on the counterparties to such executory contracts and unexpired leases as set forth in (i) the *Certificate of Service*, filed April 26, 2023 (Docket No. 707), (ii) the *Certificate of Service*, filed April 26, 2023 (Docket No. 714), (iii) the *Certificate of Service*, filed May 1, 2023 (Docket No. 731), (iv) the *Certificate of Service*, filed May 2, 2023 (Docket No. 762), (v) the *Certificate of Service*, filed May 8, 2023 (Docket No. 793), (vi) the *Certificate of Service*, filed May 18, 2023 (Docket No. 942), (vii) the *Certificate of Service*, filed May 31, 2023, and (viii) the *Certificate of Service*, filed June 6, 2023;

j.  filed, (i) on March 29, 2023, the *Notice of Filing of Plan Supplement in Connection with Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 588), (ii) on April 21, 2023, the *Notice of Filing of Second Amended Plan Supplement in Connection with Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 692), (iii) on May 13, 2023, the *Notice of Filing of Third Amended Plan Supplement in Connection with Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 869), (iv) on May 14, 2023, the *Notice of Filing of Fourth Amended Plan Supplement in Connection with Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 873), (v) on May 24, 2023, the *Notice of Filing of Fifth Amended Plan Supplement in Connection with Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 992), (vi) on June 1, 2023, the *Notice of Filing of Sixth Amended Plan Supplement in Connection With Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 1026), and (vii) on June 3, 2023, the *Notice of Filing of Seventh Amended Plan Supplement in Connection With Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 1035) (collectively, and as may be further amended or supplemented from time to time, the "**Plan Supplement**");

k.  filed, on May 14, 2023, the (i) *Debtors' Memorandum of Law in Support of Confirmation of Modified First Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 879), (ii) *Declaration of Michael J. Talarico in Support of Confirmation of Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 881) (the "**Talarico Declaration**"), (iii) *Declaration of Roopesh Shah in Support of Confirmation of Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket

No. 882) (the "**Shah Declaration**"), and (iv) *Declaration of John Linker in Support of Confirmation of Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 884) (the "**Linker Declaration**" and, together with the Solicitation Declaration, the Talarico Declaration, and the Shah Declaration, the "**Supporting Declarations**");

l.  filed, on May 23, 2023, the *Debtors' Supplemental Memorandum of Law in Support of Confirmation of Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 979); and

m.  filed, in the Adversary Proceeding, (i) on May 14, 2023, the *Serta Simmons Bedding, LLC's Pre-Trial Memorandum of Law* (Adv. Proc. No. 23-09001, Docket No. 242), (ii) on May 23, 2023, the *Debtors' and Plaintiffs' Findings of Fact and Conclusions of Law for Adversary Proceeding 23-09001 and in Support of the Confirmation of the Debtors' Modified Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Adv. Proc. No. 23-09001, Docket No. 302), and (iii) on June 9, 2023, the *Final Post-Trial Judgment* (filed contemporaneously herewith) (as amended, modified, and entered, the "**Judgment**").

This Court having:

a.  held the Confirmation Hearing on May 15, 2023 through May 18, 2023 and on May 25, 2023;

b.  heard the arguments and considered the evidence presented, proffered, and adduced at the Confirmation Hearing;

c.  considered the entire record of the Confirmation Hearing and the Adversary Proceeding;

d.  taken judicial notice of the entire record of these chapter 11 cases;

e.  entered, in the Adversary Proceeding, the *Order on Summary Judgment* on April 6, 2023 (Adv. Proc. No. 23-09001, Docket No. 142) (the "**Summary Judgment Order**"), which is incorporated herein by reference;

f.  issued the *Memorandum Opinion* (Docket No. 1045; Adv. Proc. No. 23-09001, Docket No. 324) on June 6, 2023 (the "**Memorandum Opinion**"), which is incorporated herein by reference; and

g.  overruled all objections to the Plan and Confirmation and all statements and reservations of rights not consensually resolved or withdrawn, except as expressly provided herein.

NOW, THEREFORE, after due deliberation and sufficient cause appearing therefor, this

Court hereby FINDS, DETERMINES, and CONCLUDES as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

a.      <u>Findings of Fact and Conclusions of Law</u>.  The findings and conclusions set forth (i) herein, (ii) in the Judgment, (iii) in the Memorandum Opinion, (iv) the Summary Judgment Order, and (v) in the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  All findings of fact and conclusions of law announced by this Court at the Confirmation Hearing in relation to confirmation of the Plan and the Adversary Proceeding are hereby incorporated into this Confirmation Order and are essential, inextricable, and nonseverable components and terms of this Confirmation Order and the treatment and distributions provided under the Plan.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  To the extent of any conflict between this Order and the Memorandum Opinion, the Memorandum Opinion shall control.

b.      <u>Jurisdiction, Venue, Core Proceeding</u>.  This Court has jurisdiction over these chapter 11 cases pursuant to 28 U.S.C. § 1334.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  To the extent necessary, the parties have impliedly consented to the entry of a final order by this Court with respect to confirmation of the Plan.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code and are proper plan proponents under section 1121(a) of the Bankruptcy Code.

c.      <u>Chapter 11 Petitions</u>.  On the Petition Date, the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  On January 24, 2023, this Court entered

an order authorizing the joint administration of the Debtors' chapter 11 cases in accordance with Bankruptcy Rule 1015(b).  *See* Docket No. 46.

        d.       Since the Petition Date, the Debtors have operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 9, 2023, the U.S. Trustee appointed an official committee of unsecured creditors (the "**Creditors' Committee**") in these chapter 11 cases pursuant to section 1102 of the Bankruptcy Code (Docket No. 274).  No trustee or examiner has been appointed in these chapter 11 cases.

        e.       <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of these chapter 11 cases maintained by the Clerk of this Court, including all pleadings and other documents filed and all orders entered in the main case and any related adversary proceeding, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before this Court during the pendency of these chapter 11 cases.  Any resolution of objections to confirmation of the Plan explained on the record at the Confirmation Hearing is hereby incorporated by reference. Except to the extent set forth herein, all unresolved objections, statements, informal objections, and reservations of rights, if any, related to the Plan or confirmation of the Plan are overruled on the merits and denied in their entirety.

        f.       <u>Burden of Proof</u>.  Based on the record of these chapter 11 cases, each of the Debtors has met the burden of proving by a preponderance of the evidence each applicable element of sections 1129(a) and (b) of the Bankruptcy Code, including all other sections of the Bankruptcy Code referenced therein or implicated thereby.

        g.       <u>Principal Purpose</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.

23-20451.103

h.    Solicitation.  As described in and evidenced by the Solicitation Affidavit and the Solicitation Declaration, transmittal and service of the Solicitation Materials (collectively, the "**Solicitation**") were timely, adequate, appropriate, and sufficient under the circumstances. The Solicitation (i) was conducted in good faith, (ii) complied with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the Disclosure Statement Order, and all other applicable non-bankruptcy rules, laws, and regulations applicable to the Solicitation, (iii) was open, transparent, and inclusive, and (iv) was appropriate and satisfactory based upon the circumstances of these chapter 11 cases.  The Released Parties, the Exculpated Parties, and the Global Settlement Parties (as defined below) acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including with respect to (1) the solicitation of acceptance or rejection of the Plan and (2) the participation in the offer, issuance, sale, or purchase of a security offered or sold under the Plan, and are entitled to the protections of section 1125(e) of the Bankruptcy Code and all other applicable protections and rights provided in the Plan and this Confirmation Order.

i.    Notice.  As evidenced by the Solicitation Affidavit, the Certificate of Publication, and the Solicitation Declaration, all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, adequate, timely, and sufficient notice of the Confirmation Hearing in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and all other applicable non-bankruptcy rules, laws, and regulations and such parties had an opportunity to appear and be heard with respect thereto.  No other or further notice is required with respect thereto.

23-20451.104

j.     <u>Voting Record Date</u>.  The Solicitation Materials and the Plan were distributed to holders in the Voting Classes that held a Claim or Interest as of March 20, 2023 (the "**Voting Record Date**").  The establishment and notice of the Voting Record Date were reasonable and sufficient.

k.     <u>Tabulation</u>.  As described in the Solicitation Declaration, the holders of Claims in Class 3 (FLFO Claims), Class 4 (FLSO Claims), and Class 6A (Ongoing General Unsecured Claims) are Impaired under the Plan and have voted to accept the Plan in the numbers and amounts required by section 1126 of the Bankruptcy Code.  All procedures used to tabulate the Ballots were fair, reasonable, and conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (effective as of January 1, 2023), the Disclosure Statement Order, and all other applicable non-bankruptcy rules, laws, and regulations.  Pursuant to the Disclosure Statement Order, the other Classes of Claims against and Interests in the Debtors are either deemed to reject or presumed to accept the Plan.

l.     <u>Bankruptcy Rule 3016</u>.  In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtors as proponents of the Plan.  The Debtors appropriately filed the Disclosure Statement and the Plan with this Court, thereby satisfying Bankruptcy Rule 3016(b).  The discharge, release, injunction, and exculpation provisions of the Plan are set forth in bold and with specific and conspicuous language, thereby complying with Bankruptcy Rule 3016(c).

m.     <u>Cram Down Requirements</u>.  With respect to those classes that rejected or are deemed to reject the Plan, the requirements of section 1129(b) of the Bankruptcy Code have been satisfied and the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code.  The Plan does not unfairly discriminate between similarly situated Classes of Claims or Interests

that rejected or are deemed to reject the Plan. Furthermore, the Plan is fair and equitable with respect to the Classes of Claims or Interests that rejected or are deemed to reject the Plan, as the Plan provides that no holder of any Claim or Interest that is junior to the Claims or Interests of such Classes will receive or retain any property under the Plan on account of such junior Claim or Interests.

n.  <u>Prepetition ABL Obligations</u>.  Dawn Intermediate, Serta Simmons Bedding, certain of the other Debtors (collectively, with the guarantors of the Prepetition ABL Facility, the "**Prepetition ABL Obligors**"), and the Prepetition ABL Agent, and the Prepetition ABL Lenders are party to the Prepetition ABL Agreement (collectively, with the Loan Documents (as defined in therein) and the Prepetition ABL Payoff Letter (as defined in the DIP Order), the "**Prepetition ABL Documents**" and the revolving facility thereunder, the "**Prepetition ABL Facility**").  Pursuant to the Prepetition ABL Documents, the Prepetition ABL Lenders provided revolving credit, certain banking products and other financial accommodations to, and issued letters of credit for the account of, the Prepetition ABL Obligors.  Under the Prepetition ABL Agreement, the Prepetition ABL Lenders provided the Prepetition ABL Obligors with, among other things, up to $200,000,000 in Revolving Commitments (as defined in the Prepetition ABL Agreement), including a $40,000,000 Letter of Credit Sublimit (as defined in the Prepetition ABL Agreement).  As of the Petition Date, there were (i) no outstanding revolving loans, (ii) $28 million in existing letters of credit, and (iii) other outstanding obligations under the Prepetition ABL Documents, including, without limitation, reimbursement obligations (contingent or otherwise) in respect of letters of credit, any fees, expenses and disbursements (including, without limitation, attorneys' fees, accountants' fees, auditor fees, appraisers' fees and financial advisors' fees, and related expenses and disbursements), treasury, cash management, bank product and derivative

obligations, indemnification obligations, guarantee obligations, and other charges, amounts and costs of whatever nature owing, whether or not contingent, whenever arising, accrued, due, owing or chargeable in respect of any of the Prepetition ABL Obligors' obligations pursuant to, or secured by, the Prepetition ABL Documents, in each case payable pursuant to the terms and conditions of the Prepetition ABL Agreement (collectively, the "**Prepetition ABL Obligations**"). The Prepetition ABL Obligations are secured by (a) first priority security interests in and liens on the ABL Priority Collateral (as defined in the ABL Intercreditor Agreement) and (b) second priority security interests in and liens on the Term Loan Priority Collateral (as defined in the ABL Intercreditor Agreement) (the ABL Priority Collateral and the Term Loan Priority Collateral together, the "**Prepetition Collateral**" and the liens and security interests in clauses (a) and (b), the "**Prepetition ABL Liens**").

o.     <u>PTL Obligations</u>.  Dawn Intermediate, Serta Simmons Bedding, and certain of the other Debtors as borrowers (together with the guarantors of the PTL Facility, collectively, the "**PTL Obligors**"), the PTL Agent, and the PTL Lenders are party to the PTL Credit Agreement (collectively, with the Loan Documents (as defined therein) the "**PTL Documents**" and the term loan facility thereunder, the "**PTL Facility**").  As of the Petition Date, the PTL Obligors were obligated under the PTL Documents to the PTL Lenders in the aggregate outstanding principal amount of not less than $1.027 billion, on account of Term Loans (as defined in the PTL Credit Agreement) plus all accrued, accruing, and unpaid interest with respect thereto and any additional fees, costs, premiums, expenses, charges and other obligations of whatever nature owing, whether or not contingent, whenever arising, accrued, due, owing or

chargeable in respect of any of the PTL Obligors' obligations pursuant to, or secured by, the PTL Documents, in each case constituting "Obligations" (as defined in the PTL Credit Agreement) and due and payable pursuant to the terms and conditions of the PTL Credit Agreement (the "**PTL Obligations**").  The PTL Obligations are secured by (a) first priority security interests in and liens on the Term Loan Priority Collateral, and (b) second priority security interests in and liens on the ABL Priority Collateral (the liens and security interest in clauses (a) and (b), the "**PTL Liens**").

   p. <u>Non-PTL Obligations</u>.  Dawn Intermediate, Serta Simmons Bedding, and certain of the other Debtors as borrowers (together with the guarantors, collectively, the "**Non-PTL Obligors**"), the Non-PTL Agent (together with the PTL Agent, the "**Prepetition Term Loan Agents**" and, together with the Prepetition ABL Agent, collectively, the "**Prepetition Agents**"), and the Non-PTL Lenders (together with the PTL Lenders, the "**Prepetition Term Loan Lenders**" and, together with the Prepetition ABL Lenders, collectively, the "**Prepetition Secured Creditors**") are party to the Non-PTL Term Loan Agreement (collectively with the Loan Documents (as defined therein), the "**Non-PTL Documents**" and the term loan facility thereunder, the "**Non-PTL Facility**" and together with the Prepetition ABL Facility and the PTL Facility, the "**Prepetition Loan Facilities**" and, the obligations under the Non-PTL Documents, the "**Non-PTL Obligations**" and, together with the PTL Obligations, collectively, the "**Prepetition Term Loan Obligations**" and, together with the Prepetition ABL Obligations, collectively, the "**Prepetition Secured Obligations**").  The Non-PTL Obligations are secured by (a) first priority security interests and liens on the Term Loan Priority Collateral, and (b) second priority security interests and liens on the ABL Priority Collateral (the liens and security interest in clauses (a) and (b), the "**Non-PTL Liens**" and, together with the PTL Liens, the "**Prepetition**

23-20451.108

**Term Loan Liens**" and, together with the Prepetition ABL Liens, collectively, the "**Prepetition Liens**"), subject in all respects to the Intercreditor Agreements.

q.       Intercreditor Agreements.    Pursuant to the ABL Intercreditor Agreement, the Prepetition Agents have agreed, among other things and as more specifically set forth therein, on the respective rights, interests, obligations, priority, and positions of the Prepetition Secured Creditors with respect to the Prepetition Collateral.

r.       Pursuant to the First Lien Intercreditor Agreement, the Prepetition Term Loan Agents have agreed, among other things and as more specifically set forth therein, on the respective rights, interests, obligations, priority and positions of the Prepetition Term Loan Creditors with respect to the Prepetition Collateral.    The Intercreditor Agreements are "subordination agreements" within the meaning of section 510(a) of the Bankruptcy Code.    The DIP Credit Agreement constitutes a "Refinancing" (as such term is defined in the applicable Intercreditor Agreement).    As a result thereof, the DIP Lenders' interests in the Prepetition Collateral and DIP Collateral (as defined in the DIP Order) shall be the same as the Prepetition ABL Agent's prior to such Refinancing and shall be governed by the Intercreditor Agreements unless otherwise expressly provided by the DIP Order.    The Intercreditor Agreements are, in each case, binding and enforceable against the Prepetition Secured Creditors in accordance with their terms.

s.       Prepetition Secured Obligations.    The Prepetition ABL Obligations and the PTL Obligations owing to the Prepetition ABL Lenders and the PTL Lenders, respectively, constitute legal, valid, and binding obligations of the Debtors and their applicable affiliates, enforceable against them in accordance with their respective terms (other than in respect of the stay of enforcement arising from section 362 of the Bankruptcy Code), and no portion of the Prepetition ABL Obligations and the PTL Obligations owing to the Prepetition ABL Lenders and the PTL

Lenders, respectively, is subject to avoidance, recharacterization, reduction, set-off, offset, counterclaim, cross-claim, recoupment, defenses, disallowance, impairment, recovery, subordination, or any other challenges pursuant to the Bankruptcy Code or applicable non-bankruptcy law or regulation.

t. <u>Prepetition Liens</u>. The Prepetition Liens granted to the Prepetition Secured Creditors constitute legal, valid, binding, enforceable (other than in respect of the stay of enforcement arising from section 362 of the Bankruptcy Code), and perfected security interests in and liens on the Prepetition Collateral, were granted to, or for the benefit of, the applicable Prepetition Secured Creditors for fair consideration and reasonably equivalent value, and are not subject to defense, counterclaim, recharacterization, subordination, avoidance, or recovery pursuant to the Bankruptcy Code or applicable non-bankruptcy law or regulation by any person or entity.                                                                                          , the Judgment

u. <u>2020 Transaction</u>. As determined by entry of the *Summary Judgment Order* |and the Memorandum Opinion, and as supported by the evidence at the Confirmation Hearing in support of Confirmation of the Plan, the 2020 Transaction complied with the terms of the Non-PTL Term Loan Agreement, the 2020 Transaction did not breach the Non-PTL Term Loan Agreement, and there was no evidence of bad faith or improper motive on behalf of the Debtors or the PTL Lenders in entering into the transaction. The Debtors, through their advisors, solicited and received multiple offers from a majority of their existing lenders, and negotiated multiple offers with those lenders to achieve the greatest economic benefit for the Debtors. The 2020 Transaction was negotiated in good faith and at arm's length by and among the Debtors and the PTL Lenders, and was the result of a highly competitive process amongst sophisticated financial actors. The 2020 Transaction was fair, equitable, and reasonable, and the Debtors and PTL Lenders each acted

in good faith. The obligations arising pursuant to the 2020 Transaction, including obligations under the PTL Credit Agreement, each of the Loan Documents (as defined in the PTL Credit Agreement), and First Lien Intercreditor Agreement, constitute legal, valid, and binding obligations of the Debtors and their applicable affiliates, enforceable against them in accordance with their respective terms.

v.

w. <u>Executory Contracts and Unexpired Leases</u>. The Debtors have exercised reasonable business judgment in determining whether to assume or reject executory contracts and unexpired leases pursuant to <u>Article VIII</u> of the Plan. Each assumption of an executory contract or unexpired lease pursuant to <u>Article VIII</u> of the Plan shall be legal, valid, and binding upon the Debtors or Reorganized Debtors and their successors and assigns and all non-Debtor parties and their successors and assigns to such executory contract or unexpired lease. Moreover, the Debtors have cured, or provided adequate assurance that the Debtors or Reorganized Debtors or their successors and assigns, as applicable, will cure, defaults (if any) under or relating to each of the executory contracts and unexpired leases that are being assumed by the Debtors pursuant to the Plan.

x. <u>Plan Supplement</u>. The documents contained in the Plan Supplement comply and are consistent with the Bankruptcy Code and the terms of the Plan, and the filing and notice of such documents were good and proper and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Disclosure Statement Order, and the facts and circumstances of these chapter 11 cases. All documents included in the Plan Supplement are

integral to, part of, and incorporated by reference into the Plan.  Subject to the terms of the Plan and the Restructuring Support Agreement, the Debtors, with the consent of the Requisite Consenting Creditors, reserve the right to alter, amend, update, or modify the Plan Supplement at any time before the Effective Date.

y.      <u>Best Interest of Creditors</u>.  The liquidation analysis provided in the Disclosure Statement as <u>Exhibit E</u>, and the other evidence presented, proffered, or adduced at the Confirmation Hearing, including the Talarico Declaration, (i) are persuasive and credible, (ii) have not been controverted by any evidence, and (iii) establish that each holder of an Impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

z.      <u>Value</u>.  Based on valuation analysis set forth in <u>Exhibit F</u> to the Disclosure Statement, and the testimony presented, proffered, or adduced at the Confirmation Hearing, including the Shah Declaration, which this Court has determined to be credible, persuasive, and based on appropriate assumptions and valid analysis and methodology, this Court finds that the valuation implied by the Restructuring, a range for which is set forth in the Disclosure Statement, is a reasonable and appropriate measure of the Reorganized Debtors' enterprise value given the facts and circumstances of these chapter 11 cases.

aa.      <u>Feasibility</u>.  The financial projections provided in the Disclosure Statement as <u>Exhibit H</u>, and the other evidence presented, proffered, or adduced at the Confirmation Hearing, including the Linker Declaration, (i) are persuasive and credible, (ii) have not been controverted

23-20451.112

by any evidence, and (iii) establish that confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization.

      bb.    <u>Directors, Officers, and Insiders</u>.  The officers, directors, and managers of the Debtors shall be relieved of any and all duties with respect to the Debtors as of the Effective Date of the Plan.  The identities and affiliations of the persons proposed to serve as the initial managers and officers of the Reorganized Debtors after the Effective Date have been fully disclosed to the extent such information is available, and the appointment to, or continuance in, such offices of such persons is consistent with the interests of holders of Claims against and Interests in the Debtors and with public policy.

      cc.    <u>Release, Exculpation, and Injunction Provisions</u>.  The injunction, release, and exculpation provisions contained in the Plan for the benefit of the Released Parties and Exculpated Parties, as applicable, are essential components of the Plan.  The releases of non-Debtors contained in the Plan are consensual in that all Releasing Parties were given due and adequate notice thereof and sufficient opportunity and instruction to elect to opt out of such releases.  Good and valid justifications have been demonstrated in support of the releases granted by the Debtors and their Estates and the Reorganized Debtors (the "**Debtor Releases**"), and the Debtors have satisfied the business judgment standard with respect to the Debtor Releases.  The Debtor Releases represent a valid exercise of the Debtors' business judgment.  Accordingly, as has been established based upon the record in these chapter 11 cases, the Supporting Declarations, and the evidence presented in connection with the Confirmation Hearing, the release provisions contained in <u>Article X</u> of the Plan (i) were an integral part of the Requisite Consenting Creditors' agreement to support the Plan and their entry into the Restructuring Support Agreement, as reflected in the Restructuring Support Agreement, and are essential to the formulation and implementation of the Plan, as required by

23-20451.113

section 1123 of the Bankruptcy Code, (ii) are consistent with and permissible under applicable law, (iii) were given in exchange for good and valuable consideration provided by the Released Parties, (iv) are in the best interests of the Debtors, their Estates, holders of Claims and Interests, and all other parties in interest, (v) were negotiated in good faith and at arm's length, (vi) confer substantial benefits on the Debtors' estate and their creditors, and (vii) are fair, equitable, and reasonable, and failure to implement the Debtor Releases, injunctions and exculpation provisions set forth in the Plan and approved in this Confirmation Order would seriously impair and jeopardize the Debtors' ability to confirm and implement the Plan, and the compromises and settlements provided therein.

dd.     The process described in the Solicitation Declaration and the Solicitation Affidavit that the Debtors and Epiq followed to identify the relevant parties on which to serve the applicable Ballot or notice containing an opportunity to opt out of the releases (each, a "**Release Opt-Out Form**") and to distribute the Release Opt-Out Forms (i) is consistent with the industry standard, and (ii) was reasonably calculated to ensure that each holder of Claims or Interests in each Class was informed of its ability to opt out of the releases and the consequences for failing to timely do so.  For the avoidance of doubt, any party that validly elected in the Release Opt-Out Form or in the Ballot to opt out of the releases prior to any deadline to submit a Ballot, whether under any original or extended deadline, shall be neither a Released Party nor a Releasing Party under the Plan.

ee.     The exculpation provisions contained in the Plan are appropriately tailored to the circumstances of these chapter 11 cases and are appropriate under applicable law, including In re *Highland Capital Mgmt., L.P.*, 48 F. 4th 419 (5th Cir. 2022), because they are supported by proper evidence, proposed in good faith, formulated following extensive good faith, arm's-length

negotiations with key constituents, and appropriately limited in scope. The Exculpated Parties reasonably relied upon the exculpation provisions as a material inducement to engage in postpetition negotiations with the Debtors and other key stakeholders that culminated in the Plan, the Creditors' Committee Global Settlement, and all other settlements and compromises therein that maximize value for the Debtors' Estates. The record in these chapter 11 cases supports the exculpation provisions are appropriately tailored to protect the Exculpated Parties from unnecessary litigation, and contain appropriate carve outs for actions determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence. For the avoidance of doubt, under *Highland Capital*, independent directors not appointed by this Court cannot receive a nonconsensual, third-party exculpation, and to that end the U.S. Trustee's Objection (Docket No. 820) is sustained.

ff.     The record in these chapter 11 cases further supports that the Debtors' independent managers (Harvey Tepner and Joan Hilson) exhibited the highest standards of professionalism and due diligence in the performance of their roles as independent directors and managers in these cases. Mr. Tepner and Ms. Hilson (i) were integral to the restructuring, (ii) exercised the highest level of prudent business judgment after exhaustive diligence in their decision making; (iii) owed duties only to the Debtors, the Debtors' Estates, and this Court in their roles as independent directors and managers; and (iv) satisfied such duties fully, completely, professionally and admirably at all times throughout these chapter 11 cases.

gg.     The injunction provisions contained in the Plan are essential to the Plan and are necessary to implement the Plan and to preserve and enforce the discharge, release, and exculpation provisions of the Plan. The injunction provisions are appropriately tailored to achieve those purposes. Subject in all respects to <u>Article XI</u> of the Plan, no entity or person may commence

or pursue a Claim or Cause of Action of any kind against any Released Party or Exculpated Party that arose or arises from, in whole or in part, a Claim or Cause of Action subject to Section 7.3, Section 7.4, or Section 7.5 of the Plan, without this Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim for actual fraud, gross negligence, or willful misconduct against such Released Party or Exculpated Party and (ii) specifically authorizing such Entity or Person to bring such Claim or Cause of Action against such Released Party or Exculpated Party.

hh.    The Indemnification Obligations contained in the Plan and the New Term Loan Credit Facility Agreement are essential to the Plan and are necessary to implement the Plan.  The Indemnification Obligations represent a valid exercise of the Debtors' business judgment. Accordingly, as has been established based upon the record in these chapter 11 cases, the Supporting Declarations, the evidence presented in connection with the Confirmation Hearing, and for the reasons set forth in the Memorandum Opinion, the indemnification provisions contained in Section 8.5 of the Plan and Section 9.03 of the New Term Loan Credit Facility Agreement (i) were an integral part of the Requisite Consenting Creditors' agreement to support the Plan and their entry into the Restructuring Support Agreement, as reflected in the Restructuring Support Agreement, and are essential to the formulation and implementation of the Plan, (ii) are consistent with and permissible under applicable law, (iii) were given in exchange for good and valuable consideration provided by the PTL Lenders, (iv) are in the best interests of the Debtors, their Estates, holders of Claims and Interests, and all other parties in interest, (v) were negotiated in good faith and at arm's length, (vi) confer substantial benefits on the Debtors' estate and their creditors, (vii) are fair, equitable, and reasonable, in part, because (x) this Court determined that the 2020 Transaction is valid and the Debtors have complied with the terms of the Non-PTL Term

Loan Agreement, including without limitation section 9.05(g) thereof and (y) the unrefuted testimony at the Confirmation Hearing that the Debtors' projections are realistic and feasible with regard to the Restructuring Transactions and the New Term Loan Credit Facility Agreement, and (viii) pursuant to the Restructuring Support Agreement and the Creditors' Committee Global Settlement, are part of an integrated, non-severable, and global good faith compromise and settlement of all Claims, Interests, and controversies relating to the contractual and legal rights of the PTL Lenders.

ii.    <u>Modifications to Plan</u>.  Pursuant to section 1127 of the Bankruptcy Code, the modifications to the Plan made after solicitation of the Plan or in this Confirmation Order (including those modifications announced on the record of the Confirmation Hearing) constitute technical or clarifying changes, changes with respect to particular Claims by agreement with holders of such Claims, or such modifications do not materially and adversely affect or change the treatment of any other Claim under the Plan.  Notice of these modifications was adequate and appropriate under the facts and circumstances of these chapter 11 cases.  In accordance with Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the resolicitation of votes under section 1126 of the Bankruptcy Code, and they do not require that holders of Claims or Interests be afforded any further opportunity to change previously cast acceptances or rejections of the Plan.  Accordingly, the Plan is properly before this Court, and all votes cast with respect to the Plan prior to such modification shall be binding and shall apply with respect to the Plan.

jj.    <u>Compromises and Settlements</u>.  The Plan is deemed to constitute a motion under section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019 with respect to all settlements provided for therein, including those set forth in <u>Section 5.1(a)</u> and <u>(b)</u>, (collectively,

the "**Plan Settlements**").  Entry of this Confirmation Order constitutes this Court's approval of the terms of the Plan Settlements provided for under the Plan, consistent with this Court's ruling in the Memorandum Opinion.  In accordance with section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the distributions, releases, and other benefits provided under the Plan and with the support of the various creditors, stakeholders, and other parties in interest, including the Consenting Parties and the Global Settlement Parties, the provisions of the Plan constitute a good faith compromise and settlement of all Claims, Causes of Action, disputes, and controversies released, settled, compromised, or otherwise resolved pursuant to the Plan.  In addition, the compromises and Plan Settlements embodied in the Plan are integral to the Plan and preserve value by enabling the Debtors to avoid extended, value-eroding litigation that could delay the Debtors' emergence from chapter 11.  Entry of this Confirmation Order constitutes this Court's approval of the Plan Settlements and compromises, including the releases in connection with the Plan Settlements, and a finding by this Court that the Plan Settlements are fair, equitable, and reasonable and in the best interests of the Debtors, their Estates, and holders of Claims and Interests because, among other things: (a) each of the Plan Settlements reflects a reasonable balance between the possible success of litigation with respect to each of the settled claims and disputes, on the one hand, and the benefits of fully and finally resolving such claims and disputes and allowing the Debtors to expeditiously exit chapter 11, on the other hand; (b) absent each of the Plan Settlements, there is a likelihood of complex and protracted litigation with the attendant expense, inconvenience, delay and uncertainty that has a possibility to derail the Debtors' reorganization efforts and would jeopardize the Debtors' ability to confirm and implement the Plan, and the compromises and settlements provided therein; (c) each of the parties supporting each of the Plan Settlements, including the Debtors, the Requisite Consenting

Creditors, the Consenting Equity Holders, and the Global Settlement Parties, are represented by counsel that is recognized as being knowledgeable, competent, and experienced; (d) each of the Plan Settlements is the product of arm's-length bargaining and good faith negotiations between sophisticated parties; and (e) each of the Plan Settlements will maximize the value of the Debtors' Estates by preserving and protecting the ability of the Reorganized Debtors to continue operating outside of bankruptcy protection and in the ordinary course of business, and is essential to the successful implementation of the Plan. Based on the foregoing, the Plan Settlements satisfy the requirements of applicable Fifth Circuit law for approval of settlements and compromises pursuant to section 1123(b) of the Bankruptcy Code and Bankruptcy Rule 9019, and the Plan Settlements are hereby approved. Payments to the Consenting Equity Holders under the Plan are being made on account of new value provided by virtue of the settlements and compromises agreed to under the Restructuring Support Agreement.

kk. The Creditors' Committee Global Settlement is the product of good faith arm's-length negotiations between the Debtors, the Requisite Consenting Creditors, and the Creditors' Committee. The Creditors' Committee Global Settlement, as incorporated into the Plan, resolves any and all claims and causes of action raised by the Creditors' Committee including all disputes raised or asserted by the Creditors' Committee in its letter dated April 4, 2023. The Creditors' Committee supports the Plan and Plan Settlements in accordance with the terms of the Creditors' Committee Global Settlement.

ll. <u>Exit Capital Structure, Exit Facilities, and New Debt</u>. The evidentiary record demonstrates that the exit capital structure contemplated by the Plan, Plan Supplement, and the Restructuring Support Agreement is reasonable and appropriate and sufficient to fully perform all of the Debtors' obligations under the Plan, as well as all obligations of the Reorganized Debtors

23-20451.119

under all assumed agreements.  The terms and structure of the New Term Loan and the Exit ABL
Facility (together, the "**Exit Facilities**"), as currently contemplated by the Plan (and any
commitments, engagements, or similar arrangements with respect to the provisions, arrangement
or structuring thereof), are fair and reasonable, reflect the Debtors' exercise of prudent business
judgment consistent with their fiduciary duties, are supported by reasonably equivalent value and
fair consideration, and are in the best interests of the Debtors' Estates and their creditors.

  mm. <u>Good Faith</u>.  The Debtors have proposed the Plan (and all documents necessary to
effectuate the Plan, including the Plan Supplement) in good faith and not by any means forbidden
by applicable law.  The Debtors' good faith is evident from the facts and record of these chapter 11
cases, the Solicitation Materials, the Supporting Declarations, the record of the Confirmation
Hearing, and other proceedings held before this Court in these chapter 11 cases.  The Plan
(including all documents necessary to effectuate the Plan, including the Plan Supplement) was
negotiated at arm's length among the Consenting Parties, the Global Settlement Parties, the
Released Parties, the Exculpated Parties and their respective advisors, each as applicable.  The
Debtors, the Consenting Parties, the Global Settlement Parties, the Released Parties, and the
Exculpated Parties have been and will be acting in good faith if they proceed to: (i) consummate
the Plan and the agreements, settlements, transactions, distributions, and other transfers
contemplated therein and in this Confirmation Order, including the funding or deemed funding (in
each case, to the extent applicable) of (a) the New Term Loan pursuant to the terms and conditions
of the New Term Loan Credit Facility Agreement and any other documentation with respect
thereto (the "**New Term Loan Documents**") and (b) the Exit ABL Facility pursuant to the terms
and conditions of the Exit ABL Facility Credit Agreement and any other documentation with
respect thereto (the "**Exit ABL Facility Documents**" and, together with the New Term Loan

Documents, the "**Exit Facilities Documents**"); and (ii) take any actions authorized by the Plan and this Confirmation Order.

      nn.    <u>Satisfaction of Confirmation Requirements</u>.  The Plan satisfies the requirements for confirmation by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation, as set forth in section 1129 of the Bankruptcy Code.

      oo.    <u>Likelihood of Satisfaction of Conditions Precedent to Effective Date</u>.  Each of the conditions precedent to the Effective Date, as set forth in <u>Article IX</u> of the Plan, has been or is reasonably likely to be satisfied or waived in accordance with the Plan.

<u>**ORDER**</u>

      **ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:**

**A.**    **Confirmation of Plan**

      1.    The Plan and each of its provisions is confirmed pursuant to section 1129 of the Bankruptcy Code.  The documents contained in or contemplated by the Plan, including the Plan Supplement (collectively, the "**Plan Documents**"), are hereby authorized and approved.  The terms of the Plan and the Plan Documents are incorporated herein by reference and are an integral part of this Confirmation Order.  The terms of the Plan, the Plan Documents, all exhibits thereto, and all other relevant and necessary documents shall be effective and binding as of the Effective Date.  Subject to the terms of the Plan and the DIP Documents, the Debtors reserve the right to alter, amend, update, or modify the Plan Documents prior to the Effective Date, consistent with the Restructuring Support Agreement.  The failure to specifically include or refer to any particular article, section, or provision of the Plan or the Plan Documents in this Confirmation Order shall not diminish or impair the effectiveness or enforceability of such article, section, or provision nor

23-20451.121

constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

## B.     Objections

2.      Except as set forth herein, any objections (including any reservations of rights contained therein) to confirmation of the Plan, including but not limited to, the Non-PTL Objection (Docket No. 824), the Citadel Objection (Docket No. 810), the LCM Joinder (Docket No. 825), and the Thierry Objection (Docket No. 826), or other responses or reservations of rights with respect thereto that have not been withdrawn or resolved prior to entry of this Confirmation Order shall be, and hereby are, overruled on the merits and denied, consistent with this Court's Memorandum Opinion.

## C.     No Action

3.      Pursuant to the appropriate provisions of any applicable State's general corporation or limited liability company laws, other applicable non-bankruptcy law, and section 1142(b) of the Bankruptcy Code, (i) no action of the respective directors, managers, members, stockholders, or other equity holders of the Debtors, as applicable, shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan and any contract, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan, including any Plan Document, and (ii) to the extent the Debtors determine any Person or Entity is a necessary party to execute and deliver or join in the execution or delivery of any instrument required to effect a transfer of property dealt with by the Plan, or perform any other act in furtherance of the transactions contemplated by the Plan (including entry into the New Term Loan Facility Agreement) and this Confirmation Order, and in furtherance of consummation of the Plan, and such Person or Entity is so informed by the Debtors, then such Person or Entity is directed to take such steps as necessary

23-20451.122

to comply with the foregoing and section 1142(b) of the Bankruptcy Code.  For the avoidance of doubt, each lender under the New Term Loan Credit Facility will be deemed to be bound by the terms of the New Term Loan Credit Facility Agreement regardless of whether such lender is a signatory to the agreement, except where such lender has in writing to the Debtors expressly and irrevocably disclaimed and abandoned any right to any benefit thereunder.

**D.      Governmental Approvals Not Required**

4.      Except as otherwise set forth herein, this Confirmation Order constitutes all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to the implementation and consummation of the Plan and the Plan Documents and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan or the Plan Documents to the fullest extent permitted by law and nothing herein to the contrary shall diminish the authority of section 1142 of the Bankruptcy Code.

**E.      Implementation and Effectiveness of Plan**

5.      On or before the Effective Date, the Debtors and the Reorganized Debtors, as applicable, and the appropriate officers, representatives, and members of the boards of managers or boards of directors thereof, as applicable, shall be authorized to and may issue, execute, deliver, file, or record such documents, securities, contracts, instruments, releases, and other agreements, including the Plan Documents, and take any other actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan, including the Restructuring Transactions and all other actions delineated in Article V of the Plan or otherwise contemplated by the Plan, including the conversion, merger, or dissolution of any Debtor, without the need for any further approvals (including, without limitation, by any stockholder, member, board of directors, or board of managers), authorization, or consents, except for those expressly required pursuant to the Plan.  All actions contemplated by the Plan, including all actions in

connection with any Plan Document, are hereby effective and authorized to be taken on, prior to, or after the Effective Date, as applicable, without further application to, or order of this Court, or further action by the respective officers, directors, managers, members, or equity holders of the Debtors or Reorganized Debtors.

## F. Restructuring Transactions

6.     On the Effective Date or as soon as reasonably practicable thereafter, the Debtors or Reorganized Debtors, as applicable, may take all actions consistent with this Confirmation Order and the Plan as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Restructuring Transactions and the issuance of the New Common Interests under and in connection with the Plan and the Plan Documents.

7.     This Confirmation Order shall, and shall be deemed to, pursuant to sections 363, 1123, 1142, 1145, and 1146 of the Bankruptcy Code, authorize, among other things, all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan, including the Restructuring Transactions, and, to the extent such actions were taken before the Confirmation Date, such actions are ratified in all respects, and, in each case, no further approvals, authorization, or consents, except those expressly required pursuant to the Plan or this Confirmation Order, or, to the extent applicable, the DIP Documents, shall be required.  All Consenting Parties, all Global Settlement Parties, and any other parties necessary to effectuate, to the full extent permitted under section 1142 of the Bankruptcy Code, any transactions approved by, contemplated by, or necessary to effectuate the Plan, shall be deemed to consent to any such transactions, subject to the terms of the Restructuring Support Agreement.

23-20451.124

### G.   Class 6B Trust

8.     The Class 6B Trust Agreement, substantially in the form filed in the Plan Supplement, is hereby approved in all respects.  The Class 6B Trust shall be established and funded pursuant to, and in accordance with, the terms of the Plan and the Class 6B Trust Agreement.  The Debtors, the Reorganized Debtors, and any of their Affiliates (or anyone acting on their behalf) shall not be responsible for any Class 6B Trust Expenses and shall incur no liability in connection with the Class 6B Trust (subject to any obligations of the Debtors or Reorganized Debtors, as applicable, pursuant to the Plan or Class 6B Trust Agreement).  The appointment of UMB Bank, N.A. as Class 6B Trustee pursuant to the terms of the Class 6B Trust Agreement is hereby approved.

### H.   Authorization and Issuance of Plan Securities

9.     The Reorganized Debtors are authorized to issue all Plan-related securities, including the New Common Interests, in accordance with the terms of the Plan; provided that nothing herein shall deem anything that is not a security to be a security; provided further that nothing herein or in the Plan Documents shall deem the Class 6B Trust Interests to be securities. All New Common Interests shall be, upon issuance, duly authorized, validly issued, fully paid and non-assessable.

### I.   Securities Registration Exemption

10.     The offer, issuance and distribution under the Plan of the New Common Interests to holders of FLSO Claims and Non-PTL Claims will, in each case, be exempt from registration under the Securities Act and any other applicable securities laws pursuant to section 1145 of the Bankruptcy Code.

11.     The New Common Interests may be resold without registration under the Securities Act or other federal securities laws pursuant to the exemption provided by section 4(a)(1) of the

23-20451.125

Securities Act, subject to: (i) the provisions of section 1145(b)(1) of the Bankruptcy Code relating to the definition of an underwriter in section 2(a)(11) of the Securities Act of 1933; (ii) compliance with any rules and regulations of the Securities and Exchange Commission, if any, applicable at the time of any future transfer of such securities or instruments; and (iii) applicable regulatory approval.

12.     The availability of the exemption under section 1145 of the Bankruptcy Code or any other applicable securities laws shall not be a condition to the occurrence of the Effective Date.

**J.     Authorization and Entry into Exit Facilities**

13.     The Reorganized Debtors are authorized to enter into, execute, and deliver the Exit Facilities Documents on the terms consistent with the Plan (including the consent rights thereunder).

14.     On and after the Effective Date, the Exit Facilities Documents shall constitute legal, valid, and binding obligations of the applicable Reorganized Debtors and be enforceable in accordance with their respective terms and such obligations shall not be enjoined or subject to discharge, impairment, release, avoidance, recharacterization, or subordination under applicable law, the Plan or this Confirmation Order, and the Reorganized Debtors, as applicable, shall be authorized to incur the obligations under the Exit Facilities and use the proceeds of such debt, in each case, in accordance with the terms of the Plan and the Exit Facilities Documents without further notice to or order of this Court, act or action under applicable law, regulation, order, or rule, or the vote, consent, authorization, or approval of any Person or Entity.  The terms and conditions of the Exit Facilities Documents shall bind the Reorganized Debtors and each other Entity that enters into the Exit Facilities Documents.

15.     This Confirmation Order approves the Exit Facilities Documents (including the transactions and related agreements contemplated thereby, all actions to be taken, undertakings to

be made, and obligations to be incurred, and fees, expenses, indemnities and other amounts paid and/or obligated to be paid by the Debtors or Reorganized Debtors, as applicable, in connection therewith), any commitment letters, engagement letters, fee letters, or similar arrangements in connection with the structuring, arranging, negotiation, or implementation of the Exit Facilities (including the transactions contemplated thereby, all actions to be taken, undertakings to be made, and obligations and guarantees to be incurred, and fees, expenses, indemnities, and other amounts paid and/or obligated to be paid in connection therewith (including any payments under any such commitment letter, engagement letter, fee letter or similar agreement)), and, to the extent not approved by this Court previously, each Reorganized Debtor is authorized to, without further notice to this Court, (i) execute and deliver those documents necessary or appropriate to obtain the Exit Facilities, including the Exit Facilities Documents, and incur and pay any fees, expenses, indemnities, and other amounts paid and/or obligated to be paid in connection therewith, and (ii) in connection with the Exit Facilities, make any act or take any action under applicable law, regulation, order or rule or vote, consent, authorization, or approval of any Person or Entity, subject to such modifications as the applicable Reorganized Debtor may deem to be necessary to enter into the Exit Facilities Documents.

16. On the Effective Date, all of the claims, liens, and security interests to be granted in accordance with the terms of the Exit Facilities Documents, as applicable (i) shall be legal, binding, and enforceable liens on, and security interests in, the collateral granted thereunder, in accordance with the terms of the Exit Facilities Documents, (ii) shall be deemed automatically attached and perfected on the Effective Date, subject only to such liens and security interests as may be permitted under the Exit Facilities Documents with the priorities established in respect thereof under applicable non-bankruptcy law and any intercreditor agreement entered into in

connection with the Exit Facilities Documents, and (iii) shall not be subject to avoidance, recharacterization, or subordination (including equitable subordination) for any purposes whatsoever and shall not constitute preferential transfers, fraudulent conveyances, or other voidable transfers under the Bankruptcy Code or applicable non-bankruptcy law.  To the extent provided in the Exit Facilities Documents, the New Term Loan Agent, the Exit ABL Agent, or any agent, trustee, or other representative of the relevant debtholders acting in a similar capacity, as applicable, under the Exit Facilities Documents, as applicable, are authorized, but not required, to file with the appropriate authorities mortgages, financing statements, and other documents and to take any other action in order to evidence, validate, and perfect such liens or security interests.

17.     Following the Effective Date, the PTL Lenders shall be indemnified by the Reorganized Debtors with respect to all present and future actions, suits, and proceedings against the PTL Lenders or their respective Related Parties in connection with or related to the Adversary Proceeding, the Prepetition Adversary Actions, and/or any other claims, proceedings, actions, or causes of action in connection with or related to the PTL Credit Agreement, the Exchange Agreement, the Intercreditor Agreements, and/or the 2020 Transaction on the same terms and limitations as afforded under the PTL Credit Agreement and New Term Loan Credit Facility Agreement (including, without limitation, section 9.03 thereof).

K.     **Distributions**

18.     The Debtors, the Reorganized Debtors, the Class 6B Trust, and the Disbursing Agents, as applicable, are authorized and directed to make all distributions under the Plan pursuant to the terms of the Plan and the Class 6B Trust Agreement and to pay, as applicable, any fees and expenses approved by this Confirmation Order, including by incorporation and adoption of the Judgment, or any other order of this Court.

23-20451.128

19.     Any presentment or surrender of a security or the performance of any other act as a condition to participation in distribution under the Plan from the Debtors or Reorganized Debtors shall be taken not later than one year after the date of the entry of this Confirmation Order.  Any entity that has not within such time presented or surrendered such entity's security or taken any such other action that the Plan requires may not participate in distribution under the Plan.

**L.     Executory Contracts and Unexpired Leases**

20.     Pursuant to <u>Section 8.1</u> of the Plan, as of and subject to the occurrence of the Effective Date (except as otherwise provided herein or in the Plan) and the payment of any applicable claim for Cure, all executory contracts and unexpired leases to which any of the Debtors are parties, and which have not expired by their own terms on or prior to the Confirmation Date shall be deemed assumed by the applicable Reorganized Debtor(s) except for any executory contract or unexpired lease that: (a) with the reasonable consent of the Requisite Consenting Creditors, previously has been assumed, assumed or assigned, or rejected pursuant to a Final Order of this Court; (b) with the reasonable consent of the Requisite Consenting Creditors, is the subject of a separate (i) assumption motion filed by the Debtors or (ii) rejection motion filed by the Debtors under section 365 of the Bankruptcy Code before the Confirmation Date; (c) with the reasonable consent of the Requisite Consenting Creditors, is specifically designated as a contract or lease to be rejected on the Schedule of Rejected Contracts; or (d) is the subject of a pending Cure Dispute.

21.     Each executory contract and unexpired lease assumed or assumed and assigned pursuant to the Plan shall vest in and be fully enforceable by the applicable Reorganized Debtor or assignee in accordance with its terms, except as modified by the provisions of the Plan, any order of this Court authorizing and providing for its assumption or assumption and assignment, or applicable law.

23-20451.129

22.     To the extent any provision in any executory contract or unexpired lease assumed pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption of such executory contract or unexpired lease (including any "change of control" provision), then such provision shall be deemed to be modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such executory contract or unexpired lease or to exercise any other default-related rights with respect thereto.

23.     If a counterparty to any executory contract or unexpired lease that the Debtors or Reorganized Debtors, as applicable, intend to assume or assume and assign is not listed on a Cure Notice, the proposed Cure amount for such executory contract or unexpired lease is deemed to be zero dollars ($0).

24.     If there is a Cure Dispute pertaining to assumption or assumption and assignment of an executory contract or unexpired lease, such dispute shall be heard by this Court prior to such assumption or assumption and assignment, as applicable, being effective; provided that, on the Effective Date or as soon as reasonable practicable thereafter, or on such other terms as the parties to such executory contract or unexpired lease may otherwise agree, the Debtors or the Reorganized Debtors, as applicable (with the reasonable consent of the Requisite Consenting Creditors), may settle any dispute regarding the Cure amount or the nature thereof without any further notice to any party, other than the Class 6B Trust, or any action, order, or approval of this Court.

25.     Any counterparty to an executory contract or unexpired lease that fails to object timely to the notice of the proposed assumption or assumption and assignment, as applicable, of such executory contract or unexpired lease or the relevant Cure amount within fifteen (15) days of the service of the applicable Cure Notice, (i) shall be deemed to have assented to (A) such Cure

amount and the nature thereof, (B) assumption or assumption and assignment, as applicable, of the applicable executory contract or unexpired lease notwithstanding any provision thereof that purports to (1) prohibit, restrict, or condition the transfer or assignment of such contract or lease, or (2) terminate or permit the termination of a contract or lease as a result of any direct or indirect transfer or assignment of the rights of the Debtors under such contract or lease or a change, if any, in the ownership or control to the extent contemplated by the Plan, and shall forever be barred and enjoined from asserting such objection against the Debtors or terminating or modifying such contract or lease on account of transactions contemplated by the Plan, and (ii) shall be forever barred, estopped, and enjoined from challenging the validity of such assumption or assumption and assignment, as applicable, or the Allowed amount of such Cure amount thereafter.

26. Upon an agreement between the Debtors and the counterparty to the relevant executory contract or unexpired lease, any Cure Dispute or any other unresolved objection regarding the assumption of such executory contract or unexpired lease may be adjourned to a hearing after the Confirmation Hearing.

27. If there is a Cure Dispute or a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption or rejection under the Plan, the Debtors or Reorganized Debtors, as applicable, shall have sixty (60) days following entry of a Final Order resolving such Cure Dispute to alter their treatment of such contract or lease by filing a notice indicating such altered treatment.

**M. 6A Trade Agreements**

28. Except as otherwise provided in the Plan, to receive treatment and a distribution under Class 6A, each holder of an Ongoing General Unsecured Claim (Class 6A) must execute a 6A Trade Agreement, except as expressly provided below, and deliver a copy of the fully executed 6A Trade Agreement to Epiq Corporate Restructuring, LLC by e-mail at

SertaSimmons6ATA@epiqglobal.com by no later than the Effective Date (or such later date as agreed to by the Debtors). If a holder of an Ongoing General Unsecured Claim (Class 6A) fails to execute and deliver a 6A Trade Agreement in accordance with the foregoing sentence, unless otherwise expressly agreed in writing by the Debtors or the Reorganized Debtors in their sole discretion, such holder will receive the treatment provided to such claims under Class 6B.

29. Notwithstanding anything to the contrary in this Confirmation Order or the Plan, any counterparty to (i) an executory contract or unexpired lease assumed pursuant to Article VIII of the Plan or (ii) an existing CV Trade Agreement (provided that such CV Trade Agreement is in effect as of the Effective Date) shall not be required to execute a 6A Trade Agreement in order to receive treatment under Class 6A.

**N.      Compromises and Settlements**

30. The Plan is a good faith compromise and settlement of all Claims, Interests, and controversies relating to the contractual and legal rights that a holder of a Claim or Interest may have with respect to any Allowed Claim or Interest, or any distribution to be made on account of such Allowed Claim or Interest.

31. The entry of this Confirmation Order constitutes this Court's approval of the compromise or settlement of all such Claims, Interests, and controversies referenced in paragraph 30 above, as well as a finding by this Court that such compromise or settlement is in the best interests of the Debtors, their Estates, and holders of Claims and Interests and is fair, equitable, and reasonable. The compromises, settlements, and releases described herein and in the Plan are nonseverable from each other and from all other terms of the Plan. In accordance with and subject to the provisions of the Plan (including the consent rights thereunder), pursuant to Bankruptcy Rule 9019, without any further notice to or action, order, or approval of this Court, after the Confirmation Date, (i) the Reorganized Debtors or the Class 6B Trust, as applicable and subject

to the Class 6B Trust Agreement, may compromise and settle any Claims against, and Interests in, the Debtors and their Estates, and (ii) the Reorganized Debtors or the Class 6B Trust, as applicable and subject to the Class 6B Trust Agreement, may compromise and settle Causes of Action against other Persons or Entities.

32.     Certain Claims and Causes of Action may exist between one or more of the Debtors and one or more of their Affiliates, which Claims and Causes of Action have been settled, and such settlement is reflected in the treatment of the Intercompany Claims and the Claims against and Interests in each Debtor entity.  The Plan shall be deemed a motion to approve the good faith compromise and settlement of such Claims and Causes of Action pursuant to Bankruptcy Rule 9019.

33.     The provisions of the Plan Settlements constitute a good faith compromise and settlement among the Debtors and the Consenting Parties of all Claims, Causes of Action, Interests, and controversies among such parties, including all potential Claims, Causes of Action, Interests, and controversies between the Debtors and the Consenting Parties, and are in consideration of the value provided to the Estates by the Consenting Parties pursuant to the Plan Settlements.  The Plan shall be deemed a motion to approve the Plan Settlements as a good faith compromise and settlement of all of the Claims, Interests, Causes of Action and controversies described in the foregoing sentence pursuant to sections 363 and 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.  Entry of this Confirmation Order constitutes this Court's approval of the Plan Settlements, as well as a finding by this Court that the Plan Settlements are in the best interests of the Debtors, their Estates, and holders of Claims and Interests and are fair, equitable, and reasonable.

23-20451.133

34.     <u>Creditors' Committee Global Settlement</u>.   The provisions of the Creditors'
Committee Global Settlement constitute a good faith compromise and settlement among the
Debtors, the Consenting Parties, and the Creditors' Committee (collectively, the "**Global
Settlement Parties**") of all Claims, Causes of Action, Interests, and controversies among such
parties, including all potential Claims, Causes of Action, Interests, and controversies between the
Global Settlement Parties, and are in consideration of the value provided to the Estates by the
Global Settlement Parties pursuant to the Creditors' Committee Global Settlement.  The Plan shall
be deemed to be a motion to approve the Creditors' Committee Global Settlement as a good faith
compromise and settlement of all of the Claims, Interests, Causes of Action and controversies
described in the foregoing sentence pursuant to sections 363 and 1123(b)(3) of the Bankruptcy
Code and Bankruptcy Rule 9019. Entry of this Confirmation Order constitutes this Court's
approval of the Creditors' Committee Global Settlement in all respects, as well as a finding by this
Court that the Creditors' Committee Global Settlement is in the best interests of the Debtors, their
Estates, and Holders of Claims and Interests and is fair, equitable, and reasonable.

35.     Solely with respect to the exculpation provisions in the Plan, notwithstanding
anything to the contrary in the Plan or Plan Supplement, the Debtors, the Global Settlement Parties,
and the Consenting Parties shall not incur liability for any Cause of Action or Claim related to any
act or omission in connection with, relating to, or arising out of, in whole or in part, (1) the
solicitation of acceptance or rejection of the Plan in good faith and in compliance with the
applicable provisions of the Bankruptcy Code, or (2) the participation, in good faith and in
compliance with the applicable provisions of the Bankruptcy Code, in the offer, issuance, sale, or
purchase of a security offered or sold under the Plan.  No entity or person may commence or pursue
a Claim or Cause of Action of any kind against any Debtor, Global Settlement Party, or Consenting

23-20451.134

Party that arose or arises from, in whole or in part, a Claim or Cause of Action subject to this paragraph 35 of this Confirmation Order, without this Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim that is not otherwise inconsistent with the terms and provisions of the Plan and this Confirmation Order or the Restructuring Transactions implemented by the Plan for actual fraud, gross negligence, or willful misconduct against any such Debtor, Global Settlement Party, or Consenting Party and such party is not exculpated pursuant to this provision; and (ii) specifically authorizing such Entity or Person to bring such Claim or Cause of Action against such Debtor, Global Settlement Party, or Consenting Party.

**O.      Conditions Precedent to Effective Date**

36.      The Plan shall not become effective unless and until all conditions set forth in Section 9.1 of the Plan have been satisfied or waived pursuant to Section 9.3 of the Plan.

**P.      Release, Exculpation, and Injunction Provisions**

37.      As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan or any Plan Document, all injunction, release, discharge, and exculpation provisions embodied in the Plan, including those contained in Article X, are hereby approved and shall be effective and binding on all Persons and Entities, to the extent provided in the Plan, without further order or action by this Court.  For the avoidance of doubt, any holder of a Claim that abstained from voting to accept or reject the Plan but timely opted out of the releases set forth in the Plan shall not be a "Releasing Party" under the Plan. Notwithstanding the language of the following specified provisions of the Plan, nothing in Section 10.6(a) (Releases by Debtors), Section 10.6(b) (Releases by Holders of Claims and Interests), or Section 10.7 (Exculpation) shall be construed to release any Person from willful misconduct, intentional fraud, or gross negligence as determined by a Final Order.

38.     No party may assert a claim on any basis against either of the Debtors' independent managers (Harvey Tepner or Joan Hilson) arising out of or related to their roles in these cases without first seeking authority from this Court.  Any such request shall be made in writing with notice to all affected parties and shall include a proposed complaint setting forth any alleged claims and the detailed factual basis in support of such claims.  Further, any such request shall include a proposed attorney fee reserve, subject to court modification, that will be deposited to the Court's registry to indemnify Mr. Tepner and Ms. Hilson against costs associated with the successful defense of any claim that is allowed to proceed.  The Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by applicable law.

## Q.     Dissolution of Official Committees

39.     On the Effective Date, any official committees appointed in these chapter 11 cases, including the Creditors' Committee, shall dissolve; <u>provided</u> that, following the Effective Date, any such committees, including the Creditors' Committee, shall continue in existence solely for the purposes of (i) filing and prosecuting applications for allowance of Professional Fee Claims, (ii) seeking removal of the committee as a party in interest in any proceeding on appeal, and (iii) any appeals of this Confirmation Order.  Upon the dissolution of any official committees appointed in these chapter 11 cases, including the Creditors' Committee, such committee members and their respective Professionals shall cease to have any duty, obligation, or role arising from or related to these chapter 11 cases and shall be released and discharged from all rights and duties from or related to these chapter 11 cases; <u>provided</u> that, for the avoidance of doubt, any Claims or Causes of Action asserted by the Creditors' Committee, whether direct or derivative (including any Claims seeking declaratory judgments) shall be withdrawn with prejudice and/or vest in the Debtors' Estates, to be immediately fully and indefensibly released in accordance with <u>Section 10.6</u> of the Plan.

### R.     Retention of Jurisdiction

40.     Subject to Article XI of the Plan, pursuant to sections 105(a) and 1142 of the Bankruptcy Code, this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to these chapter 11 cases, the Plan, the Adversary Proceeding, and the implementation of this Confirmation Order, including those matters set forth in Article XI of the Plan.

### S.     Statutory Fees

41.     All fees due and payable pursuant to 28 U.S.C. § 1930(a) prior to the Effective Date shall be paid by the Debtors in full in Cash on the Effective Date.  The Debtors shall file all monthly operating reports through the Effective Date.  On and after the Effective Date, the Reorganized Debtors or any Disbursing Agent shall pay any and all such fees in full in Cash when due and payable, and shall file with this Court quarterly reports in a form reasonably acceptable to the U.S. Trustee.  Each Debtor shall remain obligated to pay quarterly fees to the U.S. Trustee until the earliest of that particular Debtor's case being closed, dismissed, or converted to a case under chapter 7 of the Bankruptcy Code.  Notwithstanding anything to the contrary herein, the U.S. Trustee shall not be required to file a Proof of Claim or any other request for payment of quarterly fees.

### T.     Documents, Mortgages, and Instruments

42.     Each federal, State, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents, mortgages, and instruments necessary or appropriate to effectuate, implement, or consummate the transactions, including the Restructuring Transactions, contemplated by the Plan and this Confirmation Order and directed pursuant to section 1142 of the Bankruptcy Code to take such steps with respect to the foregoing to implement the transactions necessary to consummate the Plan.

23-20451.137

U.     **Exemption from Certain Transfer Taxes**

43.     Pursuant to section 1146 of the Bankruptcy Code, (a) the issuance, transfer or exchange of any securities, instruments or documents, (b) the creation, filing or recording of any Lien, mortgage, deed of trust, or other security interest, (c) the making, assignment, filing or recording of any lease or sublease or the making or delivery of any deed, bill of sale, assignment or other instrument of transfer under, pursuant to, in furtherance of, or in connection with the Plan, including any deeds, bills of sale, or assignments executed in connection with any of the transactions contemplated under the Plan or the reinvesting, transfer, or sale of any real or personal property of the Debtors pursuant to, in implementation of or as contemplated in the Plan and Restructuring Transactions Exhibit (whether to one or more of the Reorganized Debtors or otherwise), (d) the grant of collateral under the New Term Loan Credit Facility Agreement, (e) the issuance, renewal, modification, or securing of indebtedness by such means, and the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including, without limitation, this Confirmation Order, and (f) the transfer of Class 6B Trust Assets to the Class 6B Trust, shall constitute a "transfer under a plan" within the purview of section 1146 of the Bankruptcy Code and shall not be subject to or taxed under any law imposing any document recording tax, stamp tax, conveyance fee, or other similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, sales tax, use tax, or other similar tax or governmental assessment.  Consistent with the foregoing, each recorder of deeds or similar official for any county, city, or governmental unit in which any instrument hereunder is to be recorded shall, pursuant to this Confirmation Order, be ordered and directed to accept such instrument without requiring the payment of any filing fees, documentary stamp tax, deed stamps, stamp tax, transfer tax, intangible tax, or similar tax.

23-20451.138

## V.      Reversal/Stay/Modification/Vacatur of Order

44.      Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court, or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or Lien incurred or undertaken by the Debtors, the Reorganized Debtors, the Creditors' Committee, the Class 6B Trust, or any other Person or Entity authorized or required to take action to implement the Plan, as applicable, prior to the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Plan, the Plan Documents, or any amendments or modifications to the foregoing.

## W.      Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependent

45.      The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

## X.      Headings

46.      Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

## Y.      Governing Law

47.      Except to the extent that the Bankruptcy Code or other federal law is applicable or to the extent that a Plan Document provides otherwise with respect to such document, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of New York, without giving effect to the principles

23-20451.139

of conflicts of laws thereof (other than section 5-1401 and section 5-1402 of the New York General Obligations Law). The rights, duties, and obligations arising under the Plan Documents shall be governed by the applicable law set forth therein.

**Z.     Applicable Non-Bankruptcy Law**

48.     Pursuant to sections 1123(a) and 1142 of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan, the Plan Documents, and any other related documents or any amendments or modifications thereto, shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

**AA.     Professional Fee Claims**

49.     Subject to <u>Section 2.2</u> of the Plan, all Professionals seeking approval by the Bankruptcy Court of Professional Fee Claims may file, on or before the date that is forty-five (45) days after the Effective Date (unless extended by the Reorganized Debtors), their respective applications for combined interim and final allowances of compensation for services rendered and reimbursement of expenses incurred.

**BB.     Notice of Entry of Confirmation Order and Effective Date**

50.     In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Confirmation Date, the Debtors shall serve notice of the entry of this Confirmation Order, substantially in the form attached as **<u>Exhibit B</u>** hereto (the "**Confirmation Notice**"), on all parties who hold a Claim or Interest in these cases, the U.S. Trustee, and any other parties in interest. Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Confirmation Order.

51.     As soon as reasonably practicable after the Effective Date, the Reorganized Debtors shall serve notice of the occurrence of the Effective Date, substantially in the form attached as **<u>Exhibit C</u>** hereto (the "**Consummation Notice**"), on all parties who hold a Claim or Interest in

23-20451.140

these cases, the U.S. Trustee, and any other parties in interest.  Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of occurrence of the Effective Date.

## CC.    Final Order

52.    This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

## DD.    Waiver of Stay

53.    The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after entry of the order are hereby modified as follows: Unless otherwise stayed, this Confirmation Order shall take effect seven (7) days after entry hereof and shall not be stayed pursuant to the Bankruptcy Code, Bankruptcy Rules 3020(e), 6004(h), 6006(d), or 7062 or otherwise.

## EE.    Inconsistency

54.    The provisions of the Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effectuate the purposes of each, however, if there is determined to be any inconsistency between any provision of the Plan and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern, and any such provisions of this Confirmation Order shall be deemed a modification of the Plan.

## FF.    Valid and Binding

55.    All documents necessary to implement the Plan and all other relevant and necessary documents have been negotiated in good faith and at arm's length and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements.

## GG.    Term of Injunctions or Stays

56.    Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays arising under or entered during these chapter 11 cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.

## HH.    Substantial Consummation

57.    On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101(2) and 1127(b) of the Bankruptcy Code.

## II.    Closure of these Chapter 11 Cases

58.    The Reorganized Debtors shall, in consultation with the Class 6B Trust, after the full administration of these chapter 11 cases, file with this Court all documents required by Bankruptcy Rule 3022 and any applicable order of this Court to close these chapter 11 cases.  As of the Effective Date, the Reorganized Debtors, in consultation with the Class 6B Trust, may submit separate orders to this Court under certification of counsel closing certain individual chapter 11 cases and changing the caption of these chapter 11 cases accordingly.  Matters concerning Claims may be heard and adjudicated in a Debtor's chapter 11 case that remains open regardless of whether the applicable Claim is against a Debtor in a chapter 11 case that is closed.

## JJ.    Miscellaneous Provisions.

59.    *Epiq Services*.  The Debtors are hereby authorized to employ Epiq to implement the Restructuring, including as a distribution and paying agent.

60.    *Texas Comptroller*.  Nothing provided in the Plan or this Confirmation Order shall impair any valid statutory or common law setoff rights of the Texas Comptroller of Public Accounts (the "**Texas Comptroller**"), in accordance with section 553 of the Bankruptcy Code.

Further, nothing provided in the Plan or this Confirmation Order shall preclude the payment of interest at the statutory rate on the Texas Comptroller's Priority Tax Claim(s) or Administrative Expense Claim(s) after the later of the due date of the liabilities or the Effective Date in accordance with the Bankruptcy Code. In connection with the foregoing, any defenses, claims, counterclaims, affirmative defenses, and other rights that exist under applicable law in favor of the Debtors, Reorganized Debtors, or the Texas Comptroller, as applicable, are preserved.

61. The following paragraphs 62 through 65 of this Confirmation Order will govern the treatment of the Texas Comptroller concerning the duties and responsibilities of the Debtors and the Reorganized Debtors relating to all unclaimed property presumed abandoned (the "**Texas Unclaimed Property**") under Texas Property Code, Title 6, Chapters 72-76 and other applicable Texas laws (the "**Texas Unclaimed Property Laws**").

62. Notwithstanding section 362 of the Bankruptcy Code and/or any injunction contained in Section 10.5 of the Plan, after the Effective Date, the Texas Comptroller and its agents may commence an audit of the Debtors in accordance with the Texas Unclaimed Property Laws (the "**Texas Unclaimed Property Audit**"). Upon completion of the Texas Unclaimed Property Audit, the Texas Comptroller will promptly inform the Debtors or the Reorganized Debtors, as applicable, that such audit is complete and the results. The Debtors, the Reorganized Debtors, and the Texas Comptroller shall retain and reserve, and nothing in the Plan or this Confirmation Order shall prejudice such party's right to argue, all rights, defenses, claims, counterclaims, and affirmative defenses that exist under applicable law arising from or relating to Texas Unclaimed Property, the Texas Unclaimed Property Audit, and/or any action to recover Texas Unclaimed Property, including but not limited to arguments that Texas Unclaimed Property is or is not property of the Debtors' Estates that vests in the Reorganized Debtors' Estates, that alleged Texas

Unclaimed Property is held in trust for the State of Texas, and that claims asserted against the Debtors or the Reorganized Debtors are or are not unsecured claims subject to discharge in these chapter 11 cases.

63. Upon agreement between the Debtors or the Reorganized Debtors and the Texas Comptroller or a final nonappealable determination by a court or other tribunal with jurisdiction as to the amount of unremitted Texas Unclaimed Property, if any, that is due in connection with the Texas Unclaimed Property Audit, the Debtors or the Reorganized Debtors shall turn over such unremitted Texas Unclaimed Property and all known information about absent owners of the Texas Unclaimed Property to the Texas Comptroller.

64. The Texas Comptroller may amend any timely filed Proofs of Claim in these chapter 11 cases following the Effective Date (i) to reflect a pending audit or the results of an audit that may be performed with respect to alleged Texas Unclaimed Property, (ii) following the filing of any property reports by the Debtors or Reorganized Debtors in connection with Texas Unclaimed Property, or (iii) to liquidate an unliquidated claim in connection with Texas Unclaimed Property; provided that the foregoing does not prejudice the Debtors' or Reorganized Debtors' rights to object to such Proofs of Claim in accordance with the Bankruptcy Code.

65. Nothing herein or in the Plan exempts the Debtors from compliance from and after the Effective Date with obligations pursuant to the Texas Unclaimed Property Laws. The Texas Comptroller of Public Accounts reserves all rights relating to any unclaimed property presumed abandoned by the Reorganized Debtors from and after the Effective Date pursuant to the Texas Unclaimed Property Laws and any defenses, claims, counterclaims, and affirmative defenses that exist under applicable law in favor of the Debtors, to contest any action of the Texas Comptroller to recover Texas Unclaimed Property are preserved.

66.     *Maricopa County*.  Notwithstanding anything to the contrary contained in the Plan or Disclosure Statement, any taxes due by any of the Debtors to the Maricopa County Treasurer in the State of Arizona ("**MCT**") for the 2023 tax year shall be paid in the ordinary course.  Any secured claims of MCT shall be entitled to interest to the extent provided under sections 506(b), 1129 and/or 511 of the Bankruptcy Code.  Any valid and perfected liens securing MCT's claims shall retain the same force and effect and priority pursuant to state law until such claims are satisfied in full.  In connection with the foregoing, any defenses, claims, counterclaims, affirmative defenses, and other rights that exist under applicable law in favor of the Debtors, Reorganized Debtors, or MCT, as applicable, are preserved.

67.     *Texas Taxing Authorities*.  Notwithstanding anything to the contrary contained in the Plan or Disclosure Statement, any secured ad valorem taxes due by any of the Debtors to Cypress-Fairbanks Independent School District, Dallas County and Harris County (each, a "**Texas Taxing Authority**") for tax years 2022 and prior shall be paid on or before the Effective Date, or when such claim is Allowed, subject to the applicable time limitations, if any, under the Bankruptcy Code.  Any 2023 ad valorem taxes due by any of the Debtors to any Texas Taxing Authority shall be paid in the ordinary course.  Any secured claims of each Texas Taxing Authority shall be entitled to interest to the extent provided under sections 506(b), 1129 and/or 511 of the Bankruptcy Code.  Any valid and perfected liens securing each Texas Taxing Authority's claims shall retain the same force and effect and priority pursuant to state law until such claims are satisfied in full.  In connection with the foregoing, any defenses, claims, counterclaims, affirmative defenses, and other rights that exist under applicable law in favor of the Debtors, Reorganized Debtors, or each Texas Taxing Authority, as applicable, are preserved.  Each Texas Taxing Authority may amend any timely filed Proof of Claim to liquidate an unliquidated claim; provided

23-20451.145

that the foregoing does not prejudice the Debtors' or Reorganized Debtors' rights to object to such Proofs of Claim in accordance with the Bankruptcy Code.

68.     *Mississippi Department of Revenue*.   Nothing provided in the Plan or this Confirmation Order shall impair any valid statutory or common law setoff rights of the Mississippi Department of Revenue (the "**MDOR**"), in accordance with section 553 of the Bankruptcy Code. Nothing provided in the Plan or Confirmation Order shall be construed to preclude the payment of any administrative expense tax claims held by the MDOR.   The MDOR may amend any timely filed Proof of Claim (a) to reflect a pending audit or an audit that may be performed with respect to any pre- or post-petition tax return, (b) following the filing of a tax return, or (c) to liquidate an unliquidated claim.   Nothing in the Plan or this Confirmation Order shall preclude the payment of interest on any valid Claim of MDOR in accordance with the Bankruptcy Code.   In connection with the foregoing, any defenses, claims, counterclaims, affirmative defenses, and other rights that exist under applicable law in favor of the Debtors, Reorganized Debtors, or the MDOR, as applicable, are preserved.

69.     *Louisiana Department of Revenue*.   Notwithstanding anything to the contrary in the Plan or this Confirmation Order: (i) the Louisiana Department of Revenue ("**LDR**") shall not be deemed a Releasing Party under the terms of the Plan irrespective of the withdrawal of LDR's objection to the Plan; (ii) LDR shall not be required to file any request for any payment of Administrative Expense Claims for such expenses to be Allowed expenses and paid in the ordinary course of business; (iii) any postpetition tax returns and taxes due to LDR by the Debtors or the Debtors' Estate shall be filed and paid in the ordinary course of business when due pursuant to Louisiana law, and all delinquent prepetition returns shall be filed and paid as soon as practicable before any order on a motion for final decree is entered by this Court; (iv) any administrative tax

expenses due to LDR shall be paid with interest and penalties to the extent provided for in sections 503(b)(1)(B) and (C) and 1129(a)(9)(A) of the Bankruptcy Code at the rate required by section 511 of the Bankruptcy Code; (v) any Allowed Priority Tax Claims of LDR shall be paid with interest to the extent provided for in section 1129(a)(9)(C) at the rate required by section 511 of the Bankruptcy Code not later than the time required by section 1129(a)(9)(C) of the Bankruptcy Code; (vi) payments received by LDR shall not be deemed paid on any date other than the date of receipt by LDR and such payments are not a settlement or compromise pursuant to Bankruptcy Rule 9019; (vii) no payment distribution due to LDR by the Debtors or the Debtors' Estates shall be deemed unclaimed property of the Estates and all distributions due to LDR shall remain due until received by LDR; (viii) the valid statutory or common law setoff rights and recoupment rights of the LDR are fully preserved; and (ix) LDR may amend any timely filed Proof of Claim (a) to reflect a pending audit or an audit that may be performed with respect to any pre- or post-petition tax return, (b) following the filing of a tax return, or (c) to liquidate an unliquidated claim.

70.     *AIG.*   All insurance policies that have been issued (or provided coverage) by National Union Fire Insurance Company of Pittsburgh, Pa. and/or each of the affiliates and successors (collectively, "**AIG**") to which any Debtor is a party as of the Effective Date and any agreements, endorsements, addenda, schedules, documents or instruments relating thereto (the "**AIG Insurance Contracts**") shall be assumed in their entirety under the Plan and nothing herein shall alter, modify, waive or otherwise amend the terms and conditions of (or the coverage provided by) the AIG Insurance Contracts or the Debtors' obligations thereunder, regardless of when they arise.  In lieu of Cure, all obligations due and unpaid under such agreements accruing prior to the Effective Date shall be unimpaired and reinstated; <u>provided</u> that, in connection with each assumption and the related obligations (if any), any defenses, claims, counterclaims,

50

affirmative defenses, and other rights that exist under such agreement and applicable law in favor of the Debtors, Reorganized Debtors, or AIG, as applicable, are preserved. For the avoidance of doubt, all parties' rights are reserved regarding the enforceability of the arbitration provisions under the AIG Insurance Contracts.

71.      *Life Insurance Company of North America*.  Notwithstanding anything to the contrary in this Confirmation Order, the Plan, or any notice related thereto, the Employee Benefits Agreements (as defined in the *Objection of Life Insurance Company of North America to Disclosure Statement for Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 489)) shall be assumed under the Plan and, in lieu of Cure, all obligations due and unpaid under such agreements accruing prior to the Effective Date shall be unimpaired and reinstated; <u>provided</u> that, in connection with each assumption and the related obligations (if any), any defenses, claims, counterclaims, affirmative defenses, and other rights that exist under such agreement and applicable law in favor of the Debtors, Reorganized Debtors, or the Life Insurance Company of North America, as applicable, are preserved.

72.      *SIR Policy Claims*.  For the avoidance of doubt, nothing in the Plan or this Confirmation Order, including <u>Section 5.1(b)(iv)</u> and <u>Section 8.7(d)</u> of the Plan, shall (i) require any payment on account of an SIR for an Insured Litigation Claim before such holder of an Insured Litigation Claim can pursue recovery in excess of an applicable SIR from any applicable insurance policy; and (ii) limit the amount a holder of an Insured Litigation Claim can pursue against any applicable insurance policy above any applicable SIR; <u>provided</u> that any recovery on account of the Insured Litigation Claim in excess of an applicable SIR shall be recoverable solely from the Debtors' or Reorganized Debtors' (as applicable) insurance coverage, if any, and only to the extent of available insurance coverage and any proceeds thereof.

23-20451.148

73. *McCormick Carve-Out*. With regard to the plaintiffs, their successors and assigns, (collectively, the "**McCormick Claimants**") in the products liability personal injury suit styled *Lashan McCormick et al. v. Serta Simmons Holding, LLC a/k/a Serta Simmons Bedding, LLC, et al.*, Case No. CC21CV968 (the "**McCormick Action**"), pending in the Circuit Court of Montgomery County, Tennessee, for the Nineteenth Judicial District at Clarksville (the "**TN State Court**"), against certain Debtors, as described in the McCormick Claimants' timely filed proofs of claim (claim numbers: 20165, 20167, 20168, 20169, 20170, 20171, and 20175), as such proofs of claim may be revised or amended from time to time (the "**McCormick POCs**"):

a. For a period of 75 days following the Effective Date, the McCormick Action will remain subject to the injunction provisions of the Plan, during which time, the McCormick Claimants, the Reorganized Debtors and the Class 6B Trust shall confer in good faith regarding the consensual reconciliation of the McCormick Action and, to the extent such reconciliation cannot be accomplished, an appropriate mechanism for the reconciliation of the McCormick POCs.

b. Upon the expiration of such 75-day period, the McCormick Claimants, shall, by stipulation amongst the McCormick Claimants, the Reorganized Debtors and the Class 6B Trust in form reasonably satisfactory to the parties, be granted limited relief from the injunction provisions of the Plan that: (i) allows the McCormick Claimants to pursue the McCormick Action in TN State Court nominally against the Debtors solely to recover from proceeds of the Debtors' or Reorganized Debtors' (as applicable) applicable insurance policies (ii) waives any right of recovery against the Debtors and their estates, the Reorganized Debtors, or the Class 6B Trust other than on account of any applicable SIR; (iii) provides that the McCormick Claimants assume all risks with respect to coverage under any applicable insurance policies to the extent coverage is not confirmed by an applicable insurance provider during the 75-day period; and (iv) provides that neither the Reorganized Debtors nor the Class 6B Trustee shall have any obligation to participate or otherwise expend any resources, financially or otherwise, in connection with the McCormick Action. The Reorganized Debtors and the Class 6B Trust, as applicable, shall provide the McCormick Claimants reasonable access to such information as is reasonably appropriate to identify the extent of coverage available under any applicable insurance policy.

c. To the extent the parties are unable to agree to the stipulation set forth in (b) above, the McCormick Parties shall have the right to seek relief from the

injunction provisions of the Plan with all rights of the Reorganized Debtors and the Class 6B Trust reserved.

74.     Nothing in this Confirmation Order or the Plan, including <u>Section 7.3</u> of the Plan, shall, with respect to a party to the McCormick Action, increase or diminish any rights of any party with regard to any request to estimate the McCormick POCs under section 502(c) of the Bankruptcy Code including, without limitation, the McCormick Claimant's right to challenge the jurisdiction or constitutional authority of a court to estimate the McCormick POCs and the McCormick Claimant's rights to seek reconsideration of any estimation of the McCormick POCs under section 502(j) of the Bankruptcy Code.

75.     *Continuum*.  Notwithstanding anything to the contrary in this Confirmation Order or the Cure Notice subject to and upon the assumption of the CMS Agreements (as defined below), the Debtors shall, in accordance with <u>Article VIII</u> of the Plan and section 365 of the Bankruptcy Code, pay any undisputed outstanding, past-due invoices (both pre- and postpetition), <u>provided</u> that, to the extent a disputed invoice contains amounts that are not in dispute, Debtors shall pay all such undisputed amounts, pursuant to the following agreements: (i) that certain *Master Services Agreement*, dated as of December 17, 2021, by and between Continuum Marketing Services LLC ("**CMS**") and Serta Simmons Bedding and (ii) that certain *SOW Pop & Marketing Print Managed Services Agreement*, dated as of December 17, 2021, by and between CMS and Serta Simmons Bedding (collectively, the "**CMS Agreements**"); <u>provided</u> that nothing herein shall effect CMS's right to assert an administrative claim for unpaid, post-petition services provided by CMS to the Debtors.

76.     *Ratzon Realty*.  Nothing in this Confirmation Order shall be construed to release, waive, or enjoin any Claims that Ratzon Realty (Interstate Park Logistics Center Florida) Limited Partnership ("**Ratzon Realty**") may assert against the Debtors' applicable insurance providers

with respect to third-party claims related to the Debtors' use and occupancy of the applicable premises prior to the Effective Date, as long as such pursuit does not result in any liability to the Debtors or their estates, provided, however, for the avoidance of doubt, nothing herein (a) creates a direct right of action if one does not otherwise exist under applicable law, and (b) shall be deemed to modify, amend, waive, or otherwise prejudice any of the insurance providers' rights or defenses under or with respect to the insurance policies. All rights of Ratzon Realty to payment of attorney's fees under its unexpired lease are reserved and any dispute regarding such fees will be adjourned to a date to be agreed between the Debtors and Ratzon Realty.

77. *Unexpired Leases of Ratzon Realty and WPG.*  Notwithstanding anything to the contrary in the Plan or this Confirmation Order, with respect to any unexpired leases of non-residential real property of Ratzon Realty or WPG Legacy, LLC ("**WPG**") assumed under the Plan, the Debtors or Reorganized Debtors, as applicable, shall be obligated to pay any undisputed accrued but unbilled amounts under such assumed unexpired lease as any such amounts become due in accordance with the terms of the applicable unexpired lease.  Nothing in the Plan or this Confirmation Order shall modify the respective rights, if any, of Ratzon Realty and WPG, each as a counterparty to an assumed unexpired lease, to assert any right of indemnification, setoff, subrogation or recoupment that such counterparty may have under applicable law except to the extent modified by the Plan (including the injunction set forth in Section 10.5 of the Plan) or under such party's unexpired lease.   In connection with the foregoing, any defenses, claims, counterclaims, affirmative defenses, and other rights that exist under applicable law in favor of the Debtors, Reorganized Debtors, Ratzon Realty, or WPG, as applicable, are preserved.

78. *Humphries Carve-Out.*  With regard to the plaintiffs, their successors and assigns, (collectively, the "**Humphries Claimants**") in the automobile collision related personal injury suit

styled *Ruth Ann Humphries and Alan Humphries v Reginald Jervon Pauley and SSB Logistics, LLC*, Cause No. 2023-CP-46-01106, (the "**Humphries Action**"), pending in the in the Court of Common Pleas, County of York, South Carolina (the "**SC State Court**"), against SSB Logistics, LLC and Reginald Jervon Pauley, as described in the Humphries Claimants' proofs of claim, which are deemed timely (claim numbers 20408, 20409, 20410 and 20411) (collectively, the "**Humphries POCs**"):

   a. For a period of 75 days following the Effective Date, the Humphries Action will remain subject to the Plan Injunction, during which time, the Humphries Claimants, the Reorganized Debtors and the Class 6B Trust shall confer in good faith regarding the consensual reconciliation of the Humphries Action and, to the extent such reconciliation cannot be accomplished, an appropriate mechanism for the reconciliation of the Humphries POCs.

   b. Upon the expiration of such 75-day period, the Humphries Claimants, shall, by stipulation amongst the Humphries Claimants, the Reorganized Debtors and the Class 6B Trust in form reasonably satisfactory to the parties, be granted limited relief from the Plan Injunction that: (i) allows the Humphries Claimants to pursue the Humphries Action in SC State Court nominally against the Debtors solely to recover from proceeds of the Debtors' or Reorganized Debtors' (as applicable) applicable insurance policies; (ii) waives any right of recovery against the Debtors and their estates, the Reorganized Debtors, or the Class 6B Trust other than on account of any applicable SIR; (iii) provides that the Humphries Claimants assume all risks with respect to coverage under any applicable insurance policies to the extent coverage is not confirmed by an applicable insurance provider during the 75-day period; and (iv) provides that neither the Reorganized Debtors nor the Class 6B Trustee shall have any obligation to participate or otherwise expend any resources, financially or otherwise, in connection with the Humphries Action. The Reorganized Debtors and the Class 6B Trust, as applicable, shall provide the Humphries Claimants reasonable access to such information as is reasonably appropriate to identify the extent of coverage available under any applicable insurance policy.

   c. To the extent the parties are unable to agree to the stipulation set forth in (b) above, the Humphries Claimants shall have the right to seek relief from the injunction provisions of the Plan with all rights of the Reorganized Debtors and the Class 6B Trust reserved.

79.     The Humphries Claimants are deemed to have opted out of the third party releases contained in <u>Section 10.6</u> of the Plan.

80.     Nothing in this Confirmation Order or the Plan, including <u>Section 7.3</u> of the Plan, shall, with respect to a party to the Humphries Action, increase or diminish any rights of any party with regard to any request to estimate the claims asserted in the Humphries POCs under section 502(c) of the Bankruptcy Code including, without limitation, the Humphries Claimant's right to challenge the jurisdiction or constitutional authority of a court to estimate the Humphries POCs and the Humphries Claimant's rights to seek reconsideration of any estimation of the Humphries POCs under section 502(j) of the Bankruptcy Code.  The Humphries Claimants acknowledge and agree that any such request to estimate or reconsider the related rights and defenses shall be brought in and decided by this Court.

81.     *Minority Licensees*.  Nothing provided in the Plan or this Confirmation Order shall impair beyond the scope of the Bankruptcy Code any and all defenses or counterclaims of the Minority Licensees with respect to claims that may be asserted by any of the Reorganized Debtors, including any statutory or common law rights of setoff and recoupment preserved in accordance with section 553 of the Bankruptcy Code.

82.     *State of Connecticut*.  In accordance with the Plan, the Class 6B Cash Contribution Allocation may be reallocated; <u>provided</u> that any such reallocation will become effective only upon further order of this Court after notice and an opportunity for parties to be heard.

**Signed:  June 14, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

23-20451.153

# Tab 4

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 06, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-90020** |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § | **CHAPTER 11** |
| | § | **David R. Jones** |
| Debtors. | § | **Jointly Administered** |

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-90020** |
| **SERTA SIMMONS BEDDING, LLC,** *et al.*, | § | |
| | § | **CHAPTER 11** |
| Debtors. | § | |
| | § | |
| **SERTA SIMMONS BEDDING LLC,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 23-9001** |
| | § | |
| **AG CENTRE STREET PARTNERSHIP,** *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION</u>

Before the Court for consideration are (i) confirmation of Debtors' Second Amended Joint Chapter 11 Plan, as supplemented and amended; and (ii) adjudication of the remaining unresolved claims, counterclaims, and crossclaims in Adversary No. 23-9001. Due to the interrelationship between the proceedings, the Court conducted a joint trial on all matters. After considering the evidence adduced and arguments made over five days, the Court grants relief as set forth below. A copy of this memorandum opinion will be entered in both the main bankruptcy case and the adversary proceeding. The Court understands that the proposed confirmation order submitted by the Debtors at Docket No. 1016 contains agreements and modified language that resolved many of the outstanding confirmation objections which the Court does not wish to disturb. Accordingly, the Debtors are instructed to conform their proposed order and judgment to reflect this memorandum opinion and submit revised versions as soon as possible. The Debtors may include (i) additional proposed findings of fact and conclusions of law for the Court's review that are not inconsistent with this memorandum opinion; and (ii) additional language necessary for the efficient implementation of the Plan.

23-20451.80

## Background

### The Debtors

The Debtors are one of the largest bedding manufacturers and distributors in North America. [Debtor Ex. 77, Docket No. 862-21 at 7]. For the ten years prior to 2020, the Debtors held the largest percentage of industry market share. [Docket No. 967, Tr. at pg. 12:24-13:5, *Kwon*]. The Debtors' main operating entity was formed in 2010 following the combination of the Serta® and Simmons® brands. [Docket No. 529 at 18]. Today, the Debtors employ approximately 3,600 employees and operate 21 bedding manufacturing facilities across the United States and Canada. [Docket No. 529 at 17-18]. Included within the Debtors' product umbrella are iconic brands such as Serta®, icomfort®, Beautyrest®, Simmons®, and Tuft & Needle®. [Debtor Ex. 77, Docket No. 862-21 at 10]. The Debtors distribute their products through national, regional, and independent retail channels, as well as through direct-to-consumer channels. [Debtor Ex. 77, Docket No. 862-21]. The Debtors also license their intellectual property to third-party manufacturers of bedding products. [Docket No. 529 at 18].

### The Post-2008 Credit Market and the 2016 Credit Agreement

The syndicated commercial loan market is a 1.4 trillion-dollar business. [Docket No. 964, Tr. at pg. 90:24-91:16, *Sveen*]. Following the 2008 financial crisis, commercial borrowers were able to negotiate more flexibility in their loan documents. [Docket No. 964, Tr. at pg. 96:16-97:2, *Sveen*; Docket No. 966, Tr. at pg. 103:15-22, *Yarrow*]. This flexibility or "looseness," provides less protection for lenders and more opportunity for borrowers to manage their capital structure. [Docket No. 964, Tr. at pg. 94:16-95:8, *Sveen*; Docket No. 966, Tr. at pg. 103:8-22, *Yarrow*]. A typical example of "looseness" evaluated by lenders is the degree to which the borrower can subsequently take on additional debt on a priority basis. [Docket No. 964, Tr. at pg. 94:18-24, *Sveen*].

In November 2016, certain of the Debtors entered into three credit facilities which provided for (i) $1.95 billion in first lien term loans (the "2016 Credit Agreement"); (ii) $450 million in second lien term loans; and (iii) a $225 million asset-based revolving loan. [Debtor Ex. 6, Docket No. 853-6 at 6; Adversary Docket No. 148 at 19]. The 2016 Credit Agreement is a "loose" document. [Docket No. 964, Tr. at pg. 96:12-15, *Sveen*; Docket No. 966, Tr. at pg. 32:10-15, *Searles*; Docket No. 966, Tr. at pg. 103:6-13, *Yarrow*; Docket No. 967, Tr. at pg. 56:23-25, *Kwon*]. The 2016 Credit Agreement contains multiple provisions providing the Debtors, as borrowers, a great deal of flexibility to engage in liability management transactions. [Docket No. 967, Tr. at pg. 57:1-4, *Kwon*].

Section 9.05(g) of the 2016 Credit Agreement addresses the assignment of loans to "Affiliated Lenders" and the Debtors (defined in the 2016 Credit Agreement as the "Top Borrower"). [Debtor Ex. 6 at §1.01, Docket No. 853-6 at 6, 58]. Section 9.05(g) states, in relevant part, that:

> Notwithstanding anything to the contrary contained herein, any Lender may, at any time, assign all or a portion of its rights and obligations under this Agreement in respect of its Term Loans to any Affiliated Lender on a non-pro rata basis (A) **through Dutch Auctions open to all Lenders holding the relevant Term Loans**

**on a pro rata basis or (B) through open market purchases**, in each case with respect to clauses (A) and (B), without the consent of the Administrative Agent;

[Debtor Ex. 6 at § 9.05(g), Docket No. 853-6 (emphasis added)].  Thus, the 2016 Credit Agreement expressly permitted the Debtors to repurchase their debt from their Lenders on a non-pro rata basis through either a Dutch auction open to all Lenders or through open market purchases involving fewer than all Lenders.

Section 2.18 of the 2016 Credit Agreement provides that the agreement's pro rata sharing rights are "[s]ubject in all respects to the provisions of each applicable Intercreditor Agreement." [Debtor Ex. 6 at § 2.18(b), Docket No. 853-6 at 81].  The section also provides that the pro rata sharing does not apply to "any payment obtained by any Lender as consideration for the assignment of or sale of a participation in any of its Loans to any permitted assignee or participant, including any payment made or deemed made in connection with <u>Sections 2.22</u>, <u>2.23</u>, <u>9.02(c)</u> and/or <u>Section 9.05</u>." [Debtor Ex. 6 at § 2.18(c), Docket No. 853-6].  These exceptions were generally known to all lenders.  [*See* Docket No. 967, Tr. at pg. 83:12-85:24, *Kwon*].

The 2016 Credit Agreement also provides great flexibility for future amendments.  Section 9.02(b) provides that "neither this Agreement nor any other Loan Document or any provision hereof or thereof may be waived, amended or modified, except (i) in the case of this Agreement, pursuant to an agreement or agreements in writing entered into by the Top Borrower and the Required Lenders[1] . . . ." [Debtor Ex. 6 at § 9.02(b), Docket No. 853-6 at 142 (footnote added)].  Amendments could therefore be freely made with the consent of only a simple majority of the Lenders unless the amendment involved a so-called "sacred right."  Sacred rights, however, were subject to an express exception for purchases under § 9.05(g):

[T]he consent of each Lender directly and adversely affected thereby (but not the consent of the Required Lenders) shall be required for any waiver, amendment or modification that: . . . waives, amends or modifies the provisions of Sections <u>2.18(b)</u> or <u>(c)</u> of this Agreement in a manner that would by its terms alter the pro rata sharing of payments required thereby **(except in connection with any transaction permitted under <u>Sections 2.22</u>, <u>2.23</u>, <u>9.02(c)</u> and/or <u>9.05(g)</u> or as otherwise provided in this <u>Section 9.02</u>)**.

[Debtor Ex. 6 at § 9.02(b)(A)(6), Docket No. 853-6 at 142-43 (emphasis added); *see* Docket No. 967, Tr. at pg. 92:15-25, *Kwon*].

### The Debtor Faces Financial Challenges in 2019-2020

The Debtors began to experience financial challenges even prior to the onset of the COVID-19 public health emergency in March 2020.  [Docket No. 957, Tr. at pg. 15:24-16:13, *Tepner*; Docket No. 964, Tr. at pg. 97:14-98:19, *Sveen*].  Direct-to-consumer sales competition and wholesale customer demands for more favorable payment terms placed increased pressure on the Debtors' liquidity.  [Docket No. 957, Tr. at pg. 16:1-10, *Tepner*].  Mandated closures of over half of the Debtors' manufacturing facilities caused by governmental responses to the COVID-19

---

[1]  "'Required Lenders' means, at any time, Lenders having Loans or unused Commitments representing more than 50% of the sum of the total Loans and such unused commitments at such time."  [Debtor Ex. 6 at § 9.02(b), Docket No. 853-6].

pandemic caused additional strain on the Debtors' liquidity. [Docket No. 957, Tr. at pg. 16:18-17:1, *Tepner*]. Further, the Debtors faced an upcoming maturity date on its ABL credit facility in 2021. [Docket No. 957, Tr. at pg. 14:4-9, *Tepner*; Debtor Ex. 51, Docket No. 861-45 at 43]. The Debtors forecasted a sales to budget shortfall of $50 million for the month of March 2020 alone. [Debtor Ex. 51, Docket No. 861-45 at 8]. The Debtors' March 31, 2020, forecast reflected a total lack of liquidity by early July. [Debtor Ex. 51, Docket No. 861-45 at 8; Docket No. 938, Tr. at pg. 10:9-11, *Shah*].

Faced with those uncertainties, the Debtors engaged Evercore, Inc. ("Evercore"), an investment bank, in late 2019 "to evaluate both liquidity enhancement alternatives and liability management alternatives designed to capture, discount, or otherwise manage their liabilities." [Docket No. 938, Tr. at pg. 9:17-23, *Shah*]. The Debtors also engaged FTI Consulting, Inc. ("FTI") to provide forecasting and cash management support. [Debtor Ex. 51, Docket No. 861-45 at 8]. At the time, the Debtors had outstanding approximately $1.9 billion of first lien debt, $420 million of second lien debt, $225 million of ABL facility debt and $80 million in capital lease obligations. [Docket No. 957, Tr. at pg. 13:6-10, *Tepner*]. The Debtors' "objective was to raise new liquidity in order to make sure that the company could survive, as well as potentially right-size the balance sheet through achieving discount." [Docket No. 938, Tr. at pg. 133:23-134:4, *Prince*]. The failure to obtain relief by June 2020 meant that the company "might have been forced to file for bankruptcy or, worse, liquidate." [Docket No. 957, Tr. at pg. 41:12-19, *Tepner*].

Evercore immediately contacted eleven different lending groups regarding financing opportunities with seven expressing an interest. [Debtor Ex. 51, Docket No. 861-45 at 17]. The Debtor also established a Finance Committee on March 11, 2020, consisting of two independent managers to:

> (i) consider, evaluate, and recommend to the Board to pursue a restructuring transaction on behalf of the Company, and (ii) oversee discussions with the Company's stakeholders and the implementation and execution of any transaction that has been approved by the Board. On June 3, 2020, the Board delegated additional transaction authority to the Finance Committee with respect to a restructuring transaction process, including with respect to: (i) approval of any transaction, action or agreement or transaction in furtherance thereof on behalf of the Board; (ii) discussions and negotiations with stakeholders of Dawn Intermediate and its subsidiaries in respect of a transaction; (iii) implementation and execution of a transaction and all related documentation thereto, including with respect to the marketing of Dawn Intermediate's assets and any bids or proposals submitted in connection with the transaction; (iv) analysis and, if applicable, resolution of claims or causes of action in favor of Dawn Intermediate in connection with a transaction; (v) authorizing or instructing the Company's advisors to discuss and negotiate the terms of a transaction with potential counterparties and Dawn Intermediate's stakeholders; and (vi) such other actions as the Finance Committee considers necessary or desirable in order to carry out its mandate.

[Docket No. 545 at 22, 28].

**The 2020 Transaction**

The Debtors' increased leverage, unmet expectations and profitability shortfalls as well as the bankruptcy of a major customer and the ongoing uncertainty caused by the COVID-19 public health emergency motivated a group of the Debtors' lenders to form an ad hoc group (the "PTL Lenders") and contact the Debtors on April 7, 2020, to discuss ongoing liquidity needs and potential options. [Docket No. 964, Tr. at pg. 97:14-100:25, *Sveen*; Docket No. 966, Tr. at pg. 33:14-34:24, *Searles*; Docket No. 966, Tr. at pg. 105:3-6, *Yarrow*; Debtor No. Ex. 59, Docket No. 862-3 at 3]. When they received no response, the PTL Lenders sent a second communication on April 24, 2020, along with the outline of a priority financing proposal that allowed for participation by all the Debtors' first and second lien lenders. [Docket No. 964, Tr. at pg. 101:17-105:11, *Sveen*; Docket No. 966, Tr. at pg. 106:1-5, *Yarrow*; Debtor Ex. 87, Docket No. 862-31 at 3]. The Debtors again failed to respond. [Docket No. 964, Tr. at pg. 105:12-106:8, *Sveen*].

Approximately a week later, the PTL Lenders learned for the first time that at least one other group of first lien lenders (the "Objecting Lenders") had presented the Debtors with a proposed financing alternative using a "drop-down" structure in early March 2020. [Docket No. 964, Tr. at pg. 105:24-106:15, *Sveen*; Docket No. 941, Depo. at pg. 63:3-66:24, *Gladstone*]. This group consisted of Angelo Gordon Management LLC ("Angelo Gordon"), Gamut Capital Management LP ("Gamut") and Apollo Management Holdings, L.P. ("Apollo"). [Docket No. 966, Tr. at pg. 84:1-3, *Meiering*]. The Objecting Lenders recognized that the "looseness" of the 2016 Credit Agreement allowed for (i) a liability management solution; and (ii) the stripping of first lien lender protections. [Debtor Ex. 8, Docket No. 861-3 at 6; Debtor Ex. 43, Docket No. 861-37 at 1]. Angelo Gordon had been working on crafting a proposed structure for the Debtors since January 2020. [Debtor Ex. 8, Docket No. 861-3 at 2-3, 12]. Under a drop-down structure, a borrower moves its most valuable assets to a new unrestricted subsidiary. [Docket No. 964, Tr. at pg. 106:16-107:3, *Sveen*]. The participating lenders then advance new money secured by the assets and provide a discount on existing debt that is then repurchased. [Docket No. 964, Tr. at pg. 106:16-107:4, *Sveen*]. The effect of a drop-down is to remove a borrower's most valuable assets from the non-participating lenders' collateral base. [Docket No. 964, Tr. at pg. 109:11-110:15, *Sveen*]. In their proposal, the Objecting Lenders utilized the open market provision under § 9.05(g) for the Debtors to repurchase their loans. [Debtor Ex. 65, Docket No. 862-9 at 6; Docket No. 966, Tr. at pg. 79:20-80:16, *Meiering*]. In anticipation of implementing this structure, the Objecting Lenders acquired approximately $575 million of the Debtors' first lien debt at substantial discounts. [Debtor Ex. 94, Docket No. 862-38 at 1].

One original member of the PTL Lender group, Barings, LLC ("Barings"), withdrew from the group to propose its own transaction with the Debtors. [Docket No. 966, Tr. at pg. 34:25-35:2, *Searles*]. At the time, Barings knew that the process would be competitive and that the credit agreement had "significant flexibility with respect to a liability management transaction." [Docket No. 966, Tr. at pg. 35:2-36:1, *Searles*]. Barings submitted its initial proposal to the Debtors on or about May 8, 2020. [Debtor Ex. 116, Docket No. 863-9 at 1]. The proposal utilized a drop-down of all the Debtors' intellectual property rights, involved new financing of $390-450 million and the repurchase of Barings' existing debt at a discount. [Docket No. 966, Tr. at pg. 39:1-11, *Searles*; Debtor Ex. 116, Docket No. 863-9 at 4-5]. The ensuing negotiations between the parties were characterized "as being fairly typical for any competitive process, auction or competitive financing." [Docket No. 966, Tr. at pg. 39:20-21, *Searles*]. Barings submitted its last proposal on June 4, 2020. [Debtor Ex. 195, Docket No. 864-38 at 1].

The Debtors invited the PTL Lender group to submit a competing proposal using a set of general guidelines. [Docket No. 964, Tr. at pg. 107:14-23, *Sveen*]. After unsuccessfully attempting to get the Objecting Lenders to work together to submit a joint proposal, the PTL Lenders submitted their own proposal to the Debtors on May 26, 2020. [Docket No. 964, Tr. at pg. 111:22-114:1, *Sveen*]. Multiple negotiations occurred with the primary focus on the amount of discount to be applied to the existing first and second lien debt. [Docket No. 964, Tr. at pg. 116:1-6, *Sveen*]. On June 5, 2020, the Debtors accepted the PTL Lenders' final proposal (the "2020 Transaction"). [Docket No. 964, Tr. at pg. 118:4-13, *Sveen*]. The 2020 Transaction involved the creation of a priority tranche of debt consisting of $200 million of new money plus $875 million of exchanged loans with the first lien loans exchanged at 74% and the second lien loans exchanged at 39%.[2] [Debtor Ex. 210, Docket No. 865-3 at 1]. When Barings learned that the Debtors had accepted the PTL Lenders' proposal, Barings analyzed the 2020 Transaction and agreed to participate. [Docket No. 966, Tr. at pg. 40:21-42:18, *Searles*]. In agreeing to participate, Barings noted that the economic effects of the 2020 Transaction were similar to the drop-down structure that it had proposed but was "a cleaner more efficient transaction." [Docket No. 966, Tr. at pg. 42:6-16, *Searles*]. Barings noted that its analysis determined that the 2016 Credit Agreement allowed for the 2020 Transaction and that it participated in the 2020 Transaction in good faith. [Docket No. 966, Tr. at pg. 48:2-7, *Searles*].

Immediately after learning that the Debtors had accepted the PTL Lenders' proposal, the Objecting Lenders circulated the following internal email:

1. Advent[3] has played our two groups off of each other and continues to do so

   a. We concede that the Gibson/Centerview[4] group has outmaneuvered our group

   b. However, we don't want to let Advent be the winners

   c. We are concerned about two outcomes:

      i. [Race to the bottom - while we would rather not, we are being encouraged/are being forced to underbid you]

---

[2]  The parties refer to the 2020 Transaction as an "uptier transaction." Generally, an uptier transaction involves the issuance of new debt by a borrower that is secured by a priming lien on the borrower's assets with the existing debt of the participating lenders purchased at a discount with a portion of the proceeds. As with a drop-down, the effect of an uptier transaction is to effectively remove a borrower's most valuable assets from the non-participating lenders' collateral base until the participating lenders are paid in full. As discussed on the record by the Court, the names ascribed to these transactions have no legal significance. They are just words. [Docket No. 968, Tr. at pg. 47:24-48:3, *J. Jones*]. The Court is more concerned with the effects of these transactions and whether the undertaken actions were permitted under the 2016 Credit Agreement. The fact that one person says they know drop-downs but not uptiers is to suggest that financial transactions fit nicely into static "buckets." In the modern world of commercial finance, they simply do not. The Court has referred to these transactions in the aggregate as "Position Enhancement Transactions" ("PETs") between lenders.

[3]  Advent was the Debtor's equity sponsor.

[4]  Gibson/Centerview refers to the PTL Lenders' retained professionals.

23-20451.85

ii. Litigation - risk that any transaction will result in significant litigation for all parties involved

[Debtor Ex. 212, Docket No. 865-5 at 1].    The email then outlines a proposed offer to the PTL Lenders:

2. Outline of offer

a. We will sign a lock-up that ties us all together that Gibson can draft

i. The group will only pursue transactions that treat all parties the same and are supported by the group

ii. We wait to properly restructure this business

b. Payment to Gibson/Centerview Group. Option:

i. Ad Hoc Group purchase of $200mm of face value at 65 cents, or

ii. $30 million fee paid directly to ad hoc group members

[Debtor Ex. 212, Docket No. 865-5 at 1-2].  Angelo Gordon also contacted other lenders to garner support to stop the PTL Lenders' transaction. [Docket No. 941, Depo. at pg. 176:21-177:3, *Gladstone*].  When those efforts proved unsuccessful, the Objecting Lenders and LCM—first lien loan holders—filed lawsuits in New York state court to enjoin the transaction. *See N. Star Debt Holdings L.P. v. Serta Simmons Bedding LLC*, No. 652243/2020, 2020 WL3411267 (N.Y. Sup. Ct. June 19, 2020); *LCM Asset Mgmt. LLC v. Serta Simmons Bedding, LLC*, No. 652555/2020 (N.Y. Sup. Ct. 2020).  The New York state court denied the Objecting Lenders' request for a preliminary injunction based on their failure to establish a likelihood of success on the merits. *North Star*, 2020 WL3411267, at *5.   After abandoning the lawsuit, the Objecting Lenders filed a second almost identical lawsuit two years later. *AG Ctr. St. P'ship L.P. v. Serta Simmons Bedding, LLC*, No. 654181/2022, NYSCEF 11 (N.Y. Sup. Ct. Nov. 16, 2022).

The Court finds the foregoing to be reflective of the true motives of the Objecting Lenders in these proceedings, including an objective lack of good faith.

**<u>The Bankruptcy Case</u>**

Prior to filing these chapter 11 cases, the Debtors entered into a Restructuring Support Agreement ("RSA") supported by a majority of the Debtors' lenders. [Docket No. 545 at 133]. Under the RSA, the Debtors' balance sheet liabilities would decrease from approximately $1.9 billion to $315 million.  [Docket No. 545 at 11, 56].

The Debtors filed voluntary chapter 11 cases on January 23, 2023. [Docket No. 1].  The Court entered an order for joint administration on January 24, 2023. [Docket No. 46].  The United States Trustee appointed an official committee of unsecured creditors on February 9, 2023. [Docket No. 274].

The Debtors filed their Disclosure Statement for Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and its Affiliated Debtors on March 23, 2023. [Docket No. 545]. The Debtors filed their Second Amended Joint Chapter 11 Plan of Serta Simmons Bedding LLC and its Affiliated Debtors (the "Plan") on May 23, 2023.[5] [Docket No. 977].

Under the Plan, the PTL Lenders agreed to equitize their first lien debt thereby deleveraging the reorganized debtors by almost $1.6 billion. [Docket Nos. 454, 977]. In addition, the PTL Lenders agreed to provide exit financing to enable the Debtors to emerge from bankruptcy and operate with sufficient liquidity. [Docket No. 977 at 14, 35]. In exchange, the PTL Lenders received a basket of consideration, including a new indemnity from the Reorganized Debtors against any liability in connection with the 2020 Transaction.

By notice filed May 9, 2023, the Debtors and the Unsecured Creditors' Committee reached a global settlement of all issues. [Docket No. 797]. Under the proposed settlement embodied in the Plan, Class 6A general unsecured creditors are paid in full. [Docket No. 977 at 29-30]. Class 6B claims share pro-rata in a cash pool of $5.75 million and certain litigation proceeds. [Docket No. 977 at 8-9, 30]. The Committee supports the Plan. [Docket No. 832 at 4].

## Adversary Proceeding No. 23-9001 (the "Adversary")

On January 24, 2023, Serta Simmons Bedding, LLC ("SSB"), Barings, Credit Suisse Asset Management, LLC ("Credit Suisse"), and Invesco Senior Secured Management, Inc. ("Invesco") filed their original complaint against certain lenders, including the Objecting Lenders, seeking a determination that (i) the 2020 Transaction was permitted under the 2016 Credit Agreement; (ii) the plaintiffs did not violate the implied covenant of good faith and fair dealing under the 2016 Credit Agreement by entering into the 2020 Transaction; and (iii) Apollo is a disqualified institution under the 2016 Credit Agreement. [Adversary Docket No. 1]. The plaintiffs filed an amended complaint on February 14, 2023, adding Boston Management and Research ("BMR") and Eaton Vance Management ("Eaton" as plaintiffs and together with BMR, SSB, Barings, Credit Suisse and Invesco, the "Adversary Plaintiffs"). [Adversary Docket No. 38].

The Excluded Lenders[6] filed their answer, counterclaims and third-party claims on February 23, 2023. [Adversary Docket No. 66]. A corrected answer, counterclaims and third-party claims was filed on February 24, 2023. [Adversary Docket No. 68]. In their counterclaims and third-party claims, the Excluded Lenders seek (i) a determination that the 2020 Transaction violates the 2016 Credit Agreement and is *void ab initio* or voidable and rescinded; (ii) money damages for breach of the 2016 Credit Agreement; (iii) money damages for breach of the implied covenant of good faith and fair dealing under the 2016 Credit Agreement; and (iv) a determination that Apollo is not a disqualified institution and its purchases of Serta loans were valid. [Adversary Docket No. 68].

On February 24, 2023, SSB filed its motion for summary judgment [Adversary Docket No. 69] and statement of uncontroverted facts [Adversary Docket No. 70]. Also on February 24, 2023,

---

[5]  At the Court's request, the Debtors removed the "deathtrap provision" in the Plan for Class 5. While such provisions are appropriate in some cases and in accord with the Bankruptcy Code, the Court made the request to avoid any distraction in the subsequent review of the Plan.

[6]  This term refers to the parties identified in Adversary No. 23-9001, Docket No. 66 at 48.

the Adversary Lenders filed their own motion for summary judgment. [Adversary Docket No. 73]. The Adversary Lenders filed their amended motion for summary judgment on March 15, 2023. [Adversary Docket No. 77]. Multiple responses, briefs, statements and declarations were filed in opposition on March 16, 2023, and March 17, 2023. [Adversary Docket Nos. 79, 80, 81, 82, 83, 84, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102 and 103].

SSB filed its answer to the Excluded Lenders' counterclaims on March 16, 2023 [Adversary Docket No. 85] and its reply to the opposition responses to its summary judgment motion on March 24, 2023. [Adversary Docket No. 110]. The Adversary Lenders likewise filed their reply on March 24, 2023. [Docket No. 114].

The Court conducted a hearing on the summary judgment motions on March 28, 2023. At the conclusion of the hearing, the Court granted partial summary judgment declaring that the term "open market purchase" in Section 9.05(g) of the 2016 Credit Agreement was clear and unambiguous, and that the 2020 Transaction constituted an "open market purchase" under Section 9.05(g) of the 2016 Credit Agreement. The Court denied the balance of the requested relief. A written order was entered on April 6, 2023. [Adversary Docket No. 142]. The summary judgment order is currently before the Fifth Circuit Court of Appeals on direct appeal pursuant to 28 U.S.C. § 158(d). [Adversary Docket No. 262].

On April 8, 2023, LCM XXII Ltd., LCM XXIII Ltd., LCM XXIV Ltd., LCM XXV Ltd., LCM 26 Ltd., LCM 27 Ltd. and LCM 28 Ltd. (the "LCM Defendants"), filed their answer and counterclaims. [Adversary Docket No. 146]. In their counterclaims, the LCM Defendants assert that the 2020 Transaction is not an "open market purchase" and seek money damages for (i) breach of contract; and (ii) breach of the implied covenant of good faith and fair dealing. [Docket No. 146].

**The Trial**

On May 15, 2023, the Court commenced a joint trial to consider confirmation of the Plan and to resolve the remaining claims in the Adversary. Throughout the trial, the Debtors announced the resolution of multiple confirmation objections by agreeing to certain language changes in the proposed confirmation order. The Court accepts and incorporates those resolutions. At the beginning of the afternoon session on May 17, 2023, Debtors' counsel announced an agreement with Apollo[7] resolving the disqualification count in the Adversary. [Docket No. 966, Tr. at pg. 5:14-107:8]. The Court entered a Stipulation and Agreed Order embodying the agreement on May 18, 2023. [Docket No. 945].

The Court closed the evidentiary record on May 18, 2023. The parties made closing arguments on May 25, 2023.

**Jurisdiction and Authority**

The Court has jurisdiction over both confirmation and the Adversary pursuant to 28 U.S.C. § 1334(b). Confirmation is a core proceeding under 11 U.S.C. § 157(b)(2)(L). The Adversary is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (I), (K), (L) and (O) as its resolution is

---

[7] The actual entity is North Star Debt Holdings, L.P.

integral to the claims adjudication process, inextricably intertwined with the Plan and significantly impacts property of the estate. The Court has constitutional authority to enter final orders and judgments in these proceedings. *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011). To the extent necessary, the parties have impliedly consented to the entry of a final order by the Court with respect to confirmation of the Debtors' proposed plan. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 683-85 (2015) (holding that a party impliedly consents to adjudication when the party "voluntarily appear[s] to try the case" with knowledge of the need for consent and without affirmatively refusing to provide it. (citing *Roell v. Withrow*, 538 U.S. 580, 588 (2003))). The Excluded Lenders have also impliedly consented to this Court's authority to enter final judgment in the Adversary Proceeding by requesting summary judgment from this Court. *See, e.g.*, *Haley v. Barclays Bank Del. (In re Carter)*, 506 B.R. 83, 88 (Bankr. D. Ariz. 2014). The Court questions the Excluded Lenders' lack of consent arguments regarding the Adversary when (i) no objection was made at the summary judgment stage; (ii) the parties proceeded to trial while voicing no objection; and (iii) the only basis for nonconsent is found in a pleading filed prior to one or both of the foregoing.[8]

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors are eligible debtors under 11 U.S.C. § 109 and are proper plan proponents under 11 U.S.C. § 1121(a) of the Bankruptcy Code.

To the extent that the Court does not have the requisite constitutional authority to enter either a final order on confirmation of the Debtors' proposed plan of reorganization or a final judgment in the Adversary, then this Memorandum Opinion and all associated orders and judgments shall constitute the Court's report and recommendation to the District Court.

## **Confirmation**

In considering a request to confirm a plan, the Court must undertake an independent analysis that the Plan meets the requirements of 11 U.S.C. § 1123(a). The Court must also ensure that the requirements of 11 U.S.C. § 1129 are satisfied.

Based on the record, the Court finds that the solicitation and voting process (i) was conducted in good faith, (ii) complied with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas,

---

[8] As explained by the *Carter* court:

> One of the underlying reasons for the doctrine of waiver or forfeiture by litigation conduct is to prevent litigation conduct that would be described as sandbagging, "heads I win; tails you lose," or second bite at the apple strategy. If a *Stern* objection were not deemed waived by the party making it seeking summary judgment, then the party could seek or permit a substantive ruling by the Bankruptcy Court, and then waive that objection if the ruling is favorable but insist on it if unfavorable, and get a second bit at the apple. To avoid the possibility of that kind of litigation conduct by virtually any defendant in a bankruptcy adversary proceeding or contested matter, the Court must conclude that [*Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2013)] necessarily implies that a *Stern* objection is waived or forfeited whenever the party making it requests a substantive ruling from the Bankruptcy Court.

506 B.R. at 88 (citations omitted).

23-20451.89

the Disclosure Statement Order, and all other applicable non-bankruptcy rules, laws, and regulations, (iii) was open, transparent and inclusive; and (iv) was appropriate and satisfactory based upon the circumstances of these chapter 11 cases. All parties received adequate notice of the proceedings and had an opportunity to be heard at their election in person or by video.

Under the Plan, the holders of Claims in Class 3, Class 4, Class 5, Class 6A and Class 6B are impaired and entitled to vote on the Plan. [Docket No. 977 at 27]. The Voting Tabulation reflects the following vote:

| Class | Number Accepting | Number Rejecting | Amount Accepting | Amount Rejecting | Result |
|-------|------------------|------------------|------------------|------------------|--------|
| 3 | 73 | 1 | $182,468,961.96 | $23,505.83 | Accept |
| | 98.65% | 1.35% | 99.99% | .01% | |
| 4 | 145 | 3 | $764,341,349.88 | $34,947,213.22 | Accept |
| | 97.97% | 2.03% | 95.63% | 4.37% | |
| 5 | 33 | 54 | $100,283,720.58 | $751,876,332.45 | Reject |
| | 37.93% | 62.07% | 11.77% | 88.23% | |
| 6A | 112 | 0 | $117,121,370.76 | 0 | Accept |
| | 100% | 0% | 100% | 0% | |
| 6B | 10 | 22 | $954,082.87 | $3,799,524.23 | Reject |
| | 31.25% | 68.75% | 20.07% | 79.93% | |

The holders of Claims in Class 3, Class 4 and Class 6A voted to accept the Plan in the numbers and amounts required by 11 U.S.C. § 1126. Classes 5 and 6B voted to reject the Plan.

In connection with confirmation, the Debtors received several formal objections to the Plan. The majority of these objections were resolved by the Debtors before and during the confirmation hearing. The following table represents the status of the filed objections:

| Docket No. | Objecting Party(ies) | Status/Docket |
|------------|----------------------|---------------|
| 617 | Maricopa County Treasurer | WD - 817 |
| 676 | Microsoft Corporation | WD - 719 |
| 702 | RLIF Riviera Beach SPE, LLC | WD - 757 |
| 718 788 | LIT Gateway Portfolio LLC | WD - 815 |
| 721 | WPG Legacy, LLC | WD - 897 |
| 726 | Safety National Casualty Corp. | Cure - adjourned |
| 739 | Salesforce, Inc. | Cure - adjourned |
| 742 | Cisco Systems Capital Corp. | WD - 956 |
| 743 | Six Continents Hotels, Inc. | WD - 814 |
| 746 | XTRA Lease, LLC | Cure - adjourned |
| 751 | Mattress Firm | WD - 872 |
| 752 | Ratzon Realty Limited Partnership | WD - Record |
| 753 | HP Assembly I, LLC | WD - 794 |
| 754 | Continuum Marketing Services LLC | WD - Record |
| 810 | Citadel Equity Fund Ltd. | Outstanding |
| 820 | United States Trustee | Outstanding |
| 821 | Texas Comptroller of Public Accounts | WD - Record |

| Docket No. | Objecting Party(ies) | Status/Docket |
|---|---|---|
| 823 | Cypress-Fairbanks ISD, Dallas Country, Harris Country | WD - 895 |
| 824 | Objecting Lenders | Outstanding |
| 825 | LCM Defendants (joinder to 824) | Outstanding |
| 826 891 | Cameron Thierry | Outstanding |
| 827 | Dormae Products, Inc., Serta Restokraft Mattress Company Inc.; Palu Bedding Co., Inc., Salt Lake Mattress & Mfg. Co.; AW Industries, Inc. | WD - Record |
| 829 | Alan and Ruth Humphries | WD - 896 |
| 830 | The Secretary of the Louisiana Depart. of Rev. | WD - 894 |
| 917 | State of CT | WD - Record |

**Legend**
WD – Withdrawn.
WD-Record – Withdrawn by announcement.
Cure-adjourned – Objection to contract cure amount only.  Objection adjourned.
Outstanding – Objection unresolved.

Each of the outstanding objections is addressed below.

**The Objection of the United States Trustee (Docket No. 820).**

The United States Trustee asserts that the Plan violates the Fifth Circuit's decision in *Highland Capital Management* by providing for a broad exculpation of the Debtors' independent directors/managers with their inclusion in the definition of "Exculpated Parties." [Docket No. 820 at 5; *see NexPoint Advisors, L.P. v. Highland Capital Management L.P. (In re Highland Capital Management, L.P.)*, 48 F.4th 419, 437-38 (5th Cir. 2022)].  Upon review of the Plan, the Court notes that total relief provided to "Exculpated Parties" encompasses multiple paragraphs of the Plan but is limited "in each case, to the maximum extent permitted by law."  [Docket No. 977]. Given that the scope of exculpation remains a much discussed and developing topic, the Court finds this limitation appropriate, and that the exculpation provision does not technically violate *Highland*.  For purposes of clarity, however, the Court agrees that, under *Highland*, independent directors not appointed by the Court cannot receive a nonconsensual, third-party exculpation.  To that end, the United States' Trustee is sustained.

Based, however, on the Court's review of the record in this case and the specific evidence adduced at trial, the Court makes the following findings of fact and conclusions of law.  The Court finds that Harvey Tepner and Joan Hilson exhibited the highest standards of professionalism and due diligence in the performance of their roles as independent directors and managers in these cases.  The Court further finds that Mr. Tepner and Ms. Hilson exercised the highest level of prudent business judgment after exhaustive diligence in their decision making.  The Court further finds that Mr. Tepner and Ms. Hilson owed duties only to the bankruptcy estates, the Court and the debtors in possession in their roles as independent directors and managers and that such duties have been fully, completely, professionally and admirably satisfied.  No party may assert a claim on any basis against either Mr. Tepner or Ms. Hilson arising out of or related to their roles in these

cases without first seeking authority from this Court. Any such request shall be made in writing with notice to all affected parties and shall include a proposed complaint setting forth any alleged claims and the detailed factual basis in support of such claims. Further, any such request shall include a proposed attorney fee reserve, subject to court modification, that will be deposited to the Court's registry to indemnify Mr. Tepner and Ms. Hilson against costs associated with the successful defense of any claim that is allowed to proceed. The Court reserves jurisdiction to adjudicate any such claims to the maximum extent provided by applicable law.

### The Objections of the Objecting Lenders (Docket No. 824) and the Joinder of the LCM Defendants (Docket No. 825)

The Objecting Lenders raise two objections. First, the Objecting Lenders assert that the Plan impermissibly allows the Debtors' pre-petition indemnity in favor of the PTL Lenders to pass through the Plan unaffected in violation of 11 U.S.C. §§ 502 (e)(1)(B) and 509(c). [Docket No. 824]. Second, the Objecting Lenders assert that the Plan violates the absolute priority rule by allowing a $1.5 million payment to equity prior to their claims being paid in full. The Court finds no merit in either objection.

Although the Plan has changed several times in its implementation of the post-confirmation indemnity granted to the PTL Lenders, the Objecting Lenders misconstrue the Plan currently before the Court. Under the current Plan, the PTL Lenders agreed to equitize almost a billion dollars in secured claims plus provide the Reorganized Debtors with financing on a go-forward basis. In return, the PTL Lenders received a basket of consideration, including an indemnification, from the Reorganized Debtors for any liability related to the 2020 Transaction. This indemnity replaced the pre-petition indemnity lost due to the bankruptcy filing. Indeed, when asked by the Court, counsel for the PTL Lenders and the Debtors affirmed the disallowance of the pre-petition indemnity. [Docket No. 1019, Tr. at pg. 176:11-177:11]. The Objecting Lenders appropriately admit that if the plan indemnity is a new indemnity, their argument fails. [Docket No. 1019, Tr. at pg. 178:6-22]. In support of their objection that no new indemnity exists, however, the Objecting Lenders point to multiple modifications in the Plan to the indemnity implementation and that the final language is virtually identical to the pre-petition indemnity. Given that the potential liability from the 2020 Transaction remains the same, the Court would expect the new indemnity language to be identical. With respect to the multiple changes regarding the implementation of the indemnity, the Court finds that the Plan is extraordinarily complex and required multiple modifications along the way to reach the version currently before the Court. While history is certainly relevant, making something better or correcting an error should never be discouraged.

The Court views the fundamental issue as the Debtors' application of its business judgment. A proposed plan may contain one or more settlements. 11 U.S.C. § 1123(b)(3). Such settlements are evaluated under the same criteria as settlements under Bankruptcy Rule 9019. *In re Bigler LP*, 442 B.R. 537, 543 n.6 (Bankr. S.D. Tex. 2010). The evidence adduced at trial reflects the Debtors applied their independent business judgment within the bounds of reason and made an informed decision that results in a properly capitalized company exiting from bankruptcy that has a chance of success. *See Conn. Gen. Life Ins. Co. v. United Companies Fin. Corp. (In re Foster Mort. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995); *Am. Can Co. v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 605, 609 (5th Cir. 1980). The compromise between the Debtors and the PTL Lenders is fair, equitable, and in the best interests of the estates. The fact that the Debtors' decision interferes with the Objecting Lenders' litigation strategy is irrelevant. The objection is overruled.

The Objecting Lenders' second objection is that a $1.5 million dollar payment is being made to equity solely because of their status as equity in violation of 11 U.S.C. § 1129(b)(2). The Debtors represent that the payment is being made in exchange for a potential $54 million tax benefit held by equity. The Objecting Lenders acknowledge that if sufficient new value is being provided in exchange for the payment, the objection has no merit. [Docket No. 1019, Tr. at pg. 179:10-181:13]. Again, the issue examined by the Court is the proper exercise of the Debtors' business judgment. The Debtors agreed to pay $1.5 million to certain existing equity holders to try and preserve a $54 million tax benefit. Based on the available record and the confirmation of Debtors' counsel of new value, the Court finds this decision to be in the range of reasonable business judgment. [*See* Docket No. 1019, Tr. at pg. 181:14-21; *Foster Mort.*, 68 F.3d at 917; *Jackson Brewing*, 624 at 609]. The objection is overruled.

Although not formally asserted, the LCM Defendants spent the majority of their time at the lectern eliciting testimony that no one formally asked them to join the PTL Lender group. Each witness that was questioned confirmed that the LCM Defendants were not asked to participate in the 2020 Transaction. Accepting these statements at face value, the Court finds the issue to be irrelevant. Absent a contractual or legal duty to do so, the failure of the LCM Defendants to receive an invitation is just a fact of commercial life. The LCM Defendants adduced no evidence that established an obligation that such an invitation was required. To the extent that this area of inquiry is the basis of an informal objection, it is overruled.

## The Objection of Citadel Equity Fund Ltd. ("Citadel") (Docket No. 810)

Citadel raised the same objection as the Objecting Lenders regarding the Plan indemnity in favor of the PTL Lenders. The objection is overruled for the reasons set forth above. Citadel also asserts that because the Debtors failed to value the indemnity, the Debtors failed to establish feasibility of the Plan pursuant to 11 U.S.C. § 1129(a)(11). While purporting not to criticize the Court's ruling in the Adversary, Citadel's argument is based solely on the fact that the Court's summary judgment was incorrect.

The 2016 Credit Agreement is governed by New York law. [Debtors' Ex. 6, Docket No. 853-6, § 9.10(a)]. In granting summary judgment, the Court found that the term "open market purchase" was not ambiguous and that the 2020 Transaction fell within the parameters of an open market purchase. The Court must therefore enforce the 2016 Credit Agreement according to the plain meaning of its terms. *See Greenfield v Philles Recs.*, 98 N.Y.2d 562, 569 (N.Y. 2002). If the parties omit terms in one place of a contract and not in others, the rule of contract interpretation *expressio unius est exclusio alterius* suggests that the omission was intentional. *Quadrant Structured Prods. Co. v. Vertin*, 23 N.Y.3d 549, 560 (2014). A common sense reading of § 9.05(g) of the 2016 Credit Agreement leads to the same conclusion. The paragraph deals with two different sales processes: first, the Dutch Auction with its pages of implementation rules open to all lenders; and second, an open market purchase between a buyer and a seller.

The parties do not genuinely dispute what a "purchase" means. Merriam-Webster defines a purchase as "something obtained especially for a price in money or its equivalent." *Purchase*, MERRIAM-WEBSTER ONLINE, https://www.merriam-webster.com/dictionary/purchase (last visited June 5, 2023). Merriam-Webster likewise defines "open market" as an economic market in which prices are based on competition among private businesses and not controlled by a government.

*Open Market*, MERRIAM-WEBSTER ONLINE, https://www.merriam-webster.com/dictionary/open%20market (last visited June 5, 2023). An open market purchase is therefore defined as something obtained for value in competition among private parties. The 2016 Credit Agreement defines the scope of the market as it limits buyers to existing holders of the Debtors' loans. The process utilized by Evercore to solicit interest from these existing lenders, the receipt and negotiation of multiple offers by the Debtors to achieve the greatest benefit for the Debtors, the attempts by various lenders to "outmaneuver" one other with an ultimate winner announced, and the Objecting Lenders subsequent attempts to undermine the announced winning deal is the quintessential "Wall Street" open market purchase.

The Court finds that based on the overwhelming evidence adduced at trial, the 2020 Transaction was the result of good-faith, arm's length negotiations by economic actors acting in accordance with the duties owed to their respective creditors, investors and owners. The Court further finds that the 2020 Transaction is binding and enforceable in all respects.

Citadel's complaint that the indemnity wasn't valued finds no traction in the feasibility analysis. The unrefuted testimony is that the Debtors' projections are realistic and feasible. [Docket No. 966, Tr. at pg. 137:3-142:7, *Linker*]. Citadel's objection is overruled.

## The Objection of Cameron Thierry (Docket No. 826)

Cameron Thierry filed an objection pro se asserting that (i) the Plan treated his general unsecured claim in the same manner as other unsecured creditors; and (ii) the Plan bars him from continuing his employment discrimination lawsuit against the Debtors. [Docket No. 826]. The Court agrees that the Plan does exactly what Mr. Thierry asserts. Mr. Thierry's claim is treated the same as other unsecured claims as required by 11 U.S.C. § 1123(a)(4). Further, the Plan implements an injunction against further collection efforts by holders of pre-petition claims in accordance with 11 U.S.C. §§ 524 and 1141. Mr. Thierry's objection is overruled.

The Court finds that the Plan satisfied the mandatory requirements of 11 U.S.C. § 1123(a). The Plan does not violate any of the permissive requirements of 11 U.S.C. § 1123(b) or other applicable law.

With respect to confirmation of the Plan, the court finds that the Plan satisfied the requirements of 11 U.S.C. § 1129(a)(1), (a)(2), (a)(3), (a)(4), (a)(5), (a)(7), (a)(9), (a)(10), (a)(11), (a)(12), (a)(13) and (a)(16). The Court finds that the requirements of 11 U.S.C. § 1129(a)(6), (a)(14) and (a)(15) are inapplicable in these cases. As the Court finds that all the requirements of 11 U.S.C. § 1129(a) have been satisfied or are inapplicable other than 11 U.S.C. § 1129(a)(8), the Court finds pursuant to 11 U.S.C. § 1129(b) that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan. The Court finds that the Plan satisfies the requirements of 11 U.S.C. §§ 1129(c) and (d). The Court finds that the requirements of 11 U.S.C. § 1129(e) are inapplicable to these cases.

Subject to the submission of a conforming order, the Court confirms the Plan.

**Partial Waiver of Stay**

The requirement under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of fourteen days after entry of the order is hereby modified for cause to shorten the time to seven days. The Court stands ready to conduct a hearing on an emergency basis to consider any motion to stay and to establish an appropriate bond. Unless otherwise stayed, the Court's confirmation order shall take effect seven days after entry and shall not be stayed pursuant to the Bankruptcy Code, Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, or otherwise.

**The Adversary Proceeding**

New York law implies a covenant of good faith and fair dealing in the performance of every contract. *See Cordero v. Transamerica Annuity Serv. Corp.*, -- N.E.3d --, 2023 WL 3061503, at *5 (N.Y. Apr. 25, 2023) (citing *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 773 N.E.2d 496, 500 (2002)). "[T]he implied duty must arise from the contract and the promisee's reasonable expectations," at the time of the transaction. *Id.* (citing *Jennifer Realty*, 773 N.E.2d at 501). "[T]o plead a valid cause of action for breach of the covenant of good faith, a plaintiff must allege facts sufficient to demonstrate that the plaintiff reasonably understood the contract or contractual provision at issue to state a duty to take or refrain from taking a particular action." *Id.* (internal quotations omitted). One party's assertion that the counter-party's actions "drastically undermined a fundamental objective of the parties' contract" is insufficient. *Id.* (citing *Cordero v. Transamerica Annuity Serv. Corp.*, 34 F.4th 994, 1001 (11th Cir. 2022), *certified question accepted*, 38 N.Y.3d 1050, 190 N.E.3d 1173 (2022) *and certified question answered*, No. 21, 2023 WL 3061503 (N.Y. Apr. 25, 2023)).

The Court's inquiry is an objective one focused on the plaintiff's reasonable expectations at the time of entry into the agreement. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F.Supp. 3d 430, 605 (S.D.N.Y. 2018); *Cordero*, 2023 WL 3061503, at *5. Courts should provide a level of deference in reviewing agreements negotiated and executed by sophisticated parties. *ELBT Realty, LLC v. Mineola Garden City Co., Ltd.*, 144 A.D.3d 1083, 1084 (N.Y. App. Div. 2016) (quoting *S. Rd. Assoc., LLC v Int'l Bus. Machs. Corp.*, 4 N.Y.3d 272, 277 (N.Y. 2005)). The Court may not insert contractual terms where none exist. *Wilmington Tr. Co. v. Solutia, Inc. (In re Solutia, Inc.)*, No. 03-17949 PCB, 2007 WL 1302609, at *10 (Bankr. S.D.N.Y. May 1, 2007) ("Nothing in the doctrine of good faith and fair dealing allows a court to create contract terms that the parties have not negotiated for.").

The Court's inquiry is further constrained by the entirety of the terms in the agreement. *Singh v. City of New York*, --- N.E.3d ----, 2023 WL 3098734, at *2 (N.Y. Apr. 27, 2023) (quoting *Murphy v. Am. Home Prods. Corp.*, 448 N.E.2d 86, 91 (N.Y. 1983)). Conduct that is expressly permitted under an agreement does not violate the implied covenant. *Ability Ins. Co. v. ST Paper, LLC*, 2022 WL 912927, at *6 (S.D.N.Y. Mar. 29, 2022); *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 507 F. Supp. 3d 490, 505 (S.D.N.Y. 2020). Finally, actions taken for a "legitimate business purpose," even if self-interested, do not violate the covenant of good faith and fair dealing. *See Plans, Inc. v. CUNA Mut. Ins. Soc.*, 769 F.3d 807, 817 (2d Cir. 2014); *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 170 (2d Cir. 2004); *Lykins v. IMPCO Tech., Inc.*, 2018 WL 3231542, at *11 (S.D.N.Y. Mar. 6, 2018); *Bonady Apartments Inc. v. Columbia Banking Fed. Sav. & Loan Ass'n*, 119 Misc.2d 923, 928 (N.Y. Sup. Ct. 1983). Signing a contract does not "oblige [one] to become an altruist towards the other party." *Fasolino Foods*

*Co. v. Banca Nazionale del Lavaro*, 961 F.2d 1052, 1057 (2d Cir. 1992) (quoting *Mkt. St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 594 (7th Cir.1991)).

The evidence adduced at trial is undeniable. The parties were keenly aware that the 2016 Credit Agreement was a "loose document" and understood the implications of that looseness. The Objecting Lenders acquired the majority of their loan holdings long after the original issuance and in anticipation of negotiating and executing a PET to the exclusion of the PTL Lenders—exactly what they complain was done to them using the same provisions of the 2016 Credit Agreement. No evidence of an improper motive on behalf of either the Debtors or the PTL Lenders was presented. The Debtors always remained transparent in their goals. Likewise, the PTL Lenders acted defensively and in good faith. On the scale of equity, it is the conduct of the Objecting Lenders that raises an eyebrow. There is no evidence of a breach of the implied duty of good faith and fair dealing by either the Debtors, the PTL Lenders or any of the other counter-defendants. There is no evidence of a breach of the 2016 Credit Agreement. The parties could have easily avoided this entire situation with the addition of a sentence or two to the 2016 Credit Agreement. They did not. And this litigation ends with each party receiving the bargain they struck—not the one they hoped to get. *See Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A. (In re Lehman Bros. Holdings Inc.)*, 541 B.R. 551, 570 (S.D.N.Y. 2015) ("The Court will not now rewrite the parties' contractual text—with express or implied terms—to provide Lehman with language more beneficial than what it negotiated.").

PETs may or may not be a good thing. Lender exposure to these types of transactions can be easily minimized with careful drafting of lending documents. While the result may seem harsh, there is no equity to achieve in this case. Sophisticated financial titans engaged in a winner-take-all battle. There was a winner and a loser. Such an outcome was not only foreseeable, it is the only correct result. The risk of loss is a check on unrestrained behavior. As set forth above in connection with confirmation of the Plan, the Court finds that based on the overwhelming evidence adduced at trial, the 2020 Transaction was the result of good-faith, arm's length negotiations by economic actors acting in accordance with the duties owed to their respective creditors, investors and owners. The Court further finds that the 2020 Transaction was not prohibited by the 2016 Credit Agreement. The Court further finds that the 2020 Transaction is binding and enforceable in all respects. All claims for breach of the implied duty of good faith and fair dealing are denied. All claims for breach of the 2016 Credit Agreement are denied. All other requested relief is denied.

The Debtors are instructed to submit a proposed form of judgment consistent with this Memorandum Opinion. The proposed judgment may also be accompanied by proposed findings of fact and conclusions of law for the Court's review that are not inconsistent with this Memorandum Opinion.

**SIGNED: June 6, 2023.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

23-20451.96

# Tab 5

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
IN RE:                          § CASE NO. 23-90020-11
                                § JOINTLY ADMINISTERED
                                § HOUSTON, TEXAS
SERTA SIMMONS BEDDING, LLC,     § THURSDAY,
ET AL,                          § MAY 25, 2023
               DEBTORS.         § 2:19 P.M. TO 7:18 P.M.
*************************************************************
SERTA SIMMONS BEDDING, LLC,     § CASE NO. 23-9001-ADV
ET AL,                          § JOINTLY ADMINISTERED
                                § HOUSTON, TEXAS
VERSUS                          § THURSDAY,
                                § MAY 25, 2023
AG CENTRE STREET PARTNERSHIP,   §
ET AL                           § 2:19 P.M. TO 7:18 P.M.
```

**CONFIRMATION CLOSING ARGUMENTS**

BEFORE THE HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:                          SEE NEXT PAGE

(Recorded via CourtSpeak.)

TRANSCRIPTION SERVICE BY:

JUDICIAL TRANSCRIBERS OF TEXAS, LLC
935 Eldridge Road, #144
Sugar Land, TX 77478
281-277-5325
www.judicialtranscribers.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

Case 23-20363 Document 1110 File 12/10/23 Page 201 of 235
Case 23-20363 Document 310 Filed 12/20/2023 Date Filed: 12/20/2023

176

1                    THE COURT:  Right.

2                    MR. HERMANN:  Right.  Because they knew -- the whole

3        goal here -- the indemnity sits at the top of the capital

4        structure.  Okay.  So if you wanted to do this right, you

5        would have treated it.  But they didn't want to treat it

6        because they didn't want -- the lenders who were parties in

7        2020 no longer held the debt to walk away with the

8        consideration that's going to the lenders that continue to

9        hold the debt.

10                   THE COURT:  Right.  So watch this.

11                   So, Mr. Greenberg, assuming that the plan is

12       approved, do you agree that any pre-petition indemnity claim

13       that your clients held is disallowed?

14                   MR. GREENBERG:  Your Honor, Scott Greenberg, Gibson

15       Dunn & Crutcher, for the Record.  I think we're thinking about

16       it exactly the same way.  We had pre-petition indemnity

17       claims, which I think is what Mr. Hermann's --

18                   THE COURT:  Right.

19                   MR. GREENBERG:   -- focused on, and those will get

20       deal with in the plan.

21                   THE COURT:  But you didn't answer the question.

22                   MR. GREENBERG:  Right.  I haven't answered the

23       question.  And, yes, and then there's a new indemnity that is

24       part of the consideration as I talked about in my opening

25       remarks as part of the overall plan settlement that our

1    clients have been negotiating with Mr. Schrock and the Debtors

2    since the fall of this year.

3              THE COURT:  Got it.

4              Mr. Schrock?

5              MR. SCHROCK:  Yeah, Judge, the pre-petition

6    indemnity will be disallowed.  It's a new indemnity, that's

7    why we have the provision in 8.5(b) granting new indemnity as

8    part of the overall settlement.  We could certainly do that.

9    There's nothing that prohibits the Debtor from, as part of the

10   basket of consideration, giving a new indemnity.  That's the

11   condition that's necessary to get this done.

12             Mr. Hermann has, you know, been doing an admiral job

13   trying to get the lenders carved out and just go against the

14   lenders.  This is just another extension of the argument.

15             THE COURT:  No, I got all of that.  I knew this was

16   out there, and I knew this was coming, this is why I want to

17   give you an opportunity to tell me how does that change your

18   argument with respect to the indemnity?

19             MR. HERMANN:  Again --

20             THE COURT:  They've stood up and said it's gone.

21             MR. HERMANN:  Yeah, well, again, I think that all

22   they've done -- and, listen, it's creative, but if you follow

23   the bouncing ball, this indemnity has lived in the plan

24   through an executory contact, then it lived somewhere else,

25   now it's going to the exit financing, it's the same indemnity.

# Tab 6

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| SERTA SIMMONS BEDDING, LLC, *et al.,* | § § § | Case No. 23-90020 (DRJ) |
| Debtors.[1] | § § § § | (Joint Administration Requested) |

THIS PLAN IS BEING SUBMITTED FOR APPROVAL BUT HAS NOT BEEN APPROVED BY THE BANKRUPTCY COURT. THIS IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF THE PLAN. ACCEPTANCE OR REJECTION MAY NOT BE SOLICITED UNTIL A DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE BANKRUPTCY COURT. THE INFORMATION IN THE PLAN IS SUBJECT TO CHANGE. THIS PLAN IS NOT AN OFFER TO SELL ANY SECURITIES AND IS NOT SOLICITING AN OFFER TO BUY SECURITIES.

## JOINT CHAPTER 11 PLAN OF
## SERTA SIMMONS BEDDING, LLC AND ITS AFFILIATED DEBTORS

**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock (*pro hac vice* pending)
Alexander W. Welch (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Counsel for the Debtors
and Debtors in Possession*

Dated:  January 23, 2023
        Houston, Texas

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

4.1.     ***FLFO Claims (Class 3)***.

(a)     *Classification*:  Class 3 consists of FLFO Claims.

(b)     *Allowance*:  The FLFO Claims are Allowed pursuant to section 506(a) of the Bankruptcy Code in the aggregate amount of no less than $195,000,000.  Holders of FLFO Claims and the PTL Agent shall not be required to file proofs of Claim on account of their FLFO Claims.

(c)     *Treatment*:  Except to the extent that a holder of an Allowed FLFO Claim agrees to a less favorable treatment of such Claim, each such holder shall receive, in full and final satisfaction of such Claim and in accordance with Section 5.5 of the Plan, on the Effective Date or as soon as reasonably practicable thereafter, such holder's Pro Rata share of $195,000,000 in aggregate principal amount of New Term Loans.

(d)     *Impairment and Voting*:  Class 3 is Impaired, and the holders of FLFO Claims in Class 3 are entitled to vote to accept or reject the Plan.

4.2.     ***FLSO Claims (Class 4)***.

(a)     *Classification*:  *Class* 4 consists of FLSO Claims.

(b)     *Allowance*:  The FLSO Claims are Allowed pursuant to section 506(a) of the Bankruptcy Code in the aggregate amount of no less than $832,012,999.  Holders of FLSO Claims and the PTL Agent shall not be required to file proofs of Claim on account of their FLSO Claims.

(c)     *Treatment*:  Except to the extent that a holder of an Allowed FLSO Claim agrees to a less favorable treatment of such Claim, each such holder shall receive, in full and final satisfaction of such Claim and in accordance with Section 5.5 of the Plan, on the Effective Date, or as soon as reasonably practicable thereafter, such holder's Pro Rata share of (i) one hundred percent (100%) of the New Common Interests issued on the Effective Date*, less* any New Common Interests distributed to holders of Class 5 Non-PTL Claims under the Plan and subject to dilution by the New Common Interests distributed pursuant to the Management Incentive Plan, and (ii) $105,000,000 in aggregate principal amount of New Term Loans.  Receipt of such consideration shall be effected as described in the Restructuring Transactions Exhibit.

(d)     *Impairment and Voting*:  Class 4 is Impaired, and the holders of FLSO Claims in Class 4 are entitled to vote to accept or reject the Plan.

4.3.     ***Non-PTL Claims (Class 5)***.

(a)     Classification: Class 5 consists of Non-PTL Claims.

(b)     *Treatment*: On the Effective Date, all Non-PTL Claims will be cancelled, released, and extinguished and will be of no further force and effect.  Each Holder of such Allowed Non-PTL Claims will receive:

(i)     **If Class 5 votes to accept the Plan**: Its Pro Rata share of 4% of New Common Interests issued on the Effective Date, subject to dilution by the New Common Interests distributed pursuant to the Management Incentive Plan.

8.5.    *Survival of the Debtors' Indemnification Obligations*.

(a)    Notwithstanding anything in the Plan (including Section 10.3 of the Plan), any Indemnification Obligation to indemnify current officers, directors, members, managers, agents, or employees with respect to all present and future actions, suits, and proceedings against the Debtors or such officers, directors, members, managers, agents, or employees based upon any act or omission for or on behalf of the Debtors shall (a) remain in full force and effect, (b) not be discharged, impaired, or otherwise affected in any way, including by the Plan, the Plan Supplement, or the Confirmation Order, (c) not be limited, reduced or terminated after the Effective Date, and (d) survive unimpaired and unaffected irrespective of whether such Indemnification Obligation is owed for an act or event occurring before, on or after the Petition Date, *provided*, that the Reorganized Debtors shall not indemnify officers, directors, members, or managers, as applicable, of the Debtors for any claims or Causes of Action that are not indemnified by such Indemnification Obligation. All such obligations shall be deemed and treated as executory contracts to be assumed by the Debtors under the Plan and shall continue as obligations of the Reorganized Debtors. Any claim based on the Debtors' obligations under the Plan shall not be a Disputed Claim or subject to any objection, in either case, by reason of section 502(e)(1)(B) of the Bankruptcy Code. Any obligation to indemnify former officers, directors, members, managers, agents, or employees with respect to all present and future actions, suits, and proceedings against the Debtors or such officers, directors, members, managers, agents, or employees based upon any act or omission for or on behalf of the Debtors shall be discharged and all such obligations shall be deemed and treated as executory contracts to be rejected by the Debtors under the Plan.

(b)    Notwithstanding anything in the Plan (including Section 10.3 of the Plan), any Indemnification Obligation to indemnify the PTL Lenders with respect to all present and future actions, suits, and proceedings against the PTL Lenders or their respective Related Parties in connection with or related to the Adversary Proceeding, the Apollo Proceeding, the LCM Proceeding, and/or any other claims, proceedings, actions, or causes of action in connection with or related to the PTL Credit Agreement, the Exchange Agreement, the Intercreditor Agreements, and/or the 2020 Transaction shall (a) remain in full force and effect, (b) not be discharged, impaired, or otherwise affected in any way, including by the Plan, the Plan Supplement, or the Confirmation Order, (c) not be limited, reduced or terminated after the Effective Date, and (d) survive unimpaired and unaffected irrespective of whether such Indemnification Obligation is owed for an act or event occurring before, on or after the Petition Date. All such obligations shall be deemed and treated as executory contracts to be assumed by the Debtors under the Plan and shall continue as obligations of the Reorganized Debtors. Any claim based on the Debtors' obligations under the Plan shall not be a Disputed Claim or subject to any objection.

8.6.    *Employee Arrangements*.

(a)    Notwithstanding anything to the contrary herein, on the Effective Date, Employee Arrangements in effect as of the Petition Date shall be deemed to be, and shall be treated as if they were, executory contracts that are to be assumed under the Plan; *provided* that if an Employee Arrangement (other than key employee retention agreements) provides in part for a payment, premium, or other award upon the occurrence of a change of control, change in control, or other similar event, then such Employee Arrangement shall only be assumed to the extent that the restructuring, including consummation of the Plan, shall not be treated as a change of control, change in control, or other similar event under such Employee Arrangement.

(b)    Any Interest (or right to obtain or receive any Interest) granted to a current or former employee, officer, director or contractor under an Employee Arrangement or otherwise, shall

# Tab 7

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **SERTA SIMMONS BEDDING, LLC,** | § | Case No. 23-90020 (DRJ) |
| *et al.,* | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

## SECOND AMENDED JOINT CHAPTER 11 PLAN
## OF SERTA SIMMONS BEDDING, LLC AND ITS AFFILIATED DEBTORS

**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Stephanie N. Morrison (24126930)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock (admitted *pro hac vice*)
Alexander W. Welch (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Debtors
and Debtors in Possession*

Dated:  May 23, 2023
        Houston, Texas

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957). The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

## ARTICLE IV.    TREATMENT OF CLAIMS AND INTERESTS.

### 4.1.    *Other Secured Claims (Class 1)*.

(a)    *Classification*:  Class 1 consists of the Other Secured Claims.  To the extent that Other Secured Claims are secured by different collateral or different interests in the same collateral, such Claims shall be treated as separate subclasses of Class 1 for purposes of voting to accept or reject the Plan and receiving distributions under the Plan.

(b)    *Treatment*:  The legal, equitable, and contractual rights of the holders of Other Secured Claims are unaltered by the Plan.  Except to the extent that a holder of an Allowed Other Secured Claim agrees to less favorable treatment, in full and final satisfaction of such Allowed Other Secured Claim, at the option of the Debtors or the Reorganized Debtors, in consultation with the Requisite Consenting Creditors, (i) each such holder shall receive payment in Cash in an *amount* equal to such Claim, (ii) such holder's Allowed Other Secured Claim shall be Reinstated, or (iii) such holder shall receive such other treatment so as to render such holder's Allowed Other Secured Claim Unimpaired pursuant to section 1124 of the Bankruptcy Code.

(c)    *Impairment and Voting*:  Class 1 is Unimpaired, and the holders of Other Secured Claims are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, holders of Other Secured Claims are not entitled to vote to accept or reject the Plan, and the votes of such holders will not be solicited with respect to such Other Secured Claims.

### 4.2.    *Priority Non-Tax Claims (Class 2)*.

(a)    *Classification*:  Class 2 consists of Priority Non-Tax Claims.

(b)    *Treatment*:  The legal, equitable, and contractual rights of the holders of Other Secured Claims are unaltered by the Plan.  Except to the extent that a holder of an Allowed Priority Non-Tax Claim agrees to a less favorable treatment, in full and final satisfaction of such Allowed Priority Non-Tax Claim, at the option of the Debtors or the Reorganized Debtors, in consultation with the Requisite Consenting Creditors, (i) each such holder shall receive payment in Cash in an amount equal to such Claim, (ii) such holder's Allowed Priority Non-Tax Claim shall be Reinstated, or (iii) such holder shall receive such other treatment so as to render such holder's Allowed Priority Non-Tax Claim Unimpaired pursuant to section 1124 of the Bankruptcy Code.

(c)    *Impairment and Voting*:  Class 2 is Unimpaired, and the holders of Priority Non-Tax Claims are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, holders of Priority Non-*Tax* Claims are not entitled to vote to accept or reject the Plan, and the votes of such holders will not be solicited with respect to Priority Non-Tax Claims.

### 4.3.    FLFO Claim*s (Class 3)*.

(a)    *Classification*:  Class 3 consists of FLFO Claims.

(b)    *Allowance*:  The FLFO Claims are Allowed pursuant to section 506(a) of the Bankruptcy Code in the aggregate amount of no less than $197,658,283.32.  Holders of FLFO Claims and the PTL Agent shall not be required to file proofs of Claim on account of their FLFO Claims.

(c)     *Treatment*:  Except to the extent that a holder of an Allowed FLFO Claim agrees to a less favorable treatment of such Claim, each such holder shall receive, in full and final satisfaction of such Claim and in accordance with Section 5.5 of the Plan, on the Effective Date or as soon as reasonably practicable thereafter, such holder's Pro Rata share of New Term Loans equal in amount to the aggregate amount of their Allowed FLFO Claims.

(d)     *Impairment and Voting*:  Class 3 is Impaired, and the holders of FLFO Claims in Class 3 are entitled to vote to accept or reject the Plan.

### 4.4.     *FLSO Claims (Class 4)*.

(a)     *Classification*:  *Class* 4 consists of FLSO Claims.

(b)     *Allowance*:  The FLSO Claims are Allowed pursuant to section 506(a) of the Bankruptcy Code in the aggregate amount of no less than $832,012,999.  Holders of FLSO Claims and the PTL Agent shall not be required to file proofs of Claim on account of their FLSO Claims.

(c)     *Treatment*:  Except to the extent that a holder of an Allowed FLSO Claim agrees to a less favorable treatment of such Claim, each such holder shall receive, in full and final satisfaction of such Claim and in accordance with Section 5.5 of the Plan, on the Effective Date, or as soon as reasonably practicable thereafter, such holder's Pro Rata Share of (i) one hundred percent (100%) of the New Common Interests issued on the Effective Date*, less* any New Common Interests distributed to holders of Class 5 Non-PTL Claims under the Plan and subject to dilution by the New Common Interests distributed pursuant to the Management Incentive Plan, and (ii) the aggregate amount of New Term Loans less amounts distributed on account of Class 3.  Receipt of such consideration shall be effected as described in the Restructuring Transactions Exhibit.

(d)     *Impairment and Voting*:  Class 4 is Impaired, and the holders of FLSO Claims in Class 4 are entitled to vote to accept or reject the Plan.

### 4.5.     *Non-PTL Claims (Class 5)*.

(a)     Classification: Class 5 consists of Non-PTL Claims.

(b)     *Treatment*: On the Effective Date, all Non-PTL Claims will be cancelled, released, and extinguished and will be of no further force and effect.  Each holder of such Allowed Non-PTL Claims will receive, with a carve out from the collateral (or the value of such collateral) securing the FLSO Claims, its Pro Rata Share of 1% of New Common Interests issued on the Effective Date, subject to dilution by any New Common Interests distributed pursuant to the Management Incentive Plan.

(c)     *Impairment and Voting*:  Class 5 is Impaired, and the holders of Non-PTL Claims in Class 5 are entitled to vote to accept or reject the Plan.

### 4.6.     *Ongoing General Unsecured Claims (Class 6A)*.

(a)     *Classification*:  Class 6A consists of Ongoing General Unsecured Claims.

(b)     *Treatment*:  Except to the extent that a holder of an Allowed Ongoing General Unsecured Claim agrees to less favorable treatment, if a holder of an Allowed Ongoing General Unsecured Claim executes a 6A Trade Agreement or a CV Trade Agreement (provided that such CV

challenging the validity of such assumption or assumption and assignment, as applicable, or the Allowed amount of such Cure amount thereafter.

8.3. ***Payments Related to Assumption or Assignment of Contracts and Leases***.

Subject to resolution of any Cure Dispute, all Cure amounts shall be satisfied promptly, or otherwise as soon as practicable, by the Debtors or Reorganized Debtors, as the case may be, upon assumption or assumption and assignment, as applicable, of the underlying contracts and unexpired leases. Assumption or assumption and assignment, as applicable, of any executory contract or unexpired lease pursuant to the Plan, or otherwise, shall result in the full release and satisfaction of any Claims or defaults, subject to satisfaction of the Cure amount, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed executory contract or unexpired lease at any time before the effective date of the assumption or assumption and assignment, as applicable. Any Proofs of Claim filed with respect to an executory contract or unexpired lease that has been assumed shall be deemed disallowed and expunged, without further notice to or action, order or approval of the Bankruptcy Court or any other Entity, upon the deemed assumption of such contract or unexpired lease.

8.4. ***Rejection Claims***.

In the event that the rejection of an executory contract or unexpired lease by any of the Debtors results in damages to the other party or parties to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Debtors or the Reorganized Debtors or their respective properties or interests in property as agents, successors, or assigns, unless a Proof of Claim is filed with the Bankruptcy Court and served upon counsel for the Debtors and the Reorganized Debtors no later than thirty (30) days after the later of (i) the Effective Date or (ii) the effective date of rejection of such executory contract or unexpired lease. Any such Claims, to the extent Allowed, shall be classified in Class 6B (Other General Unsecured Claims).

8.5. ***Survival of the Debtors' Indemnification Obligations***.

(a) Notwithstanding anything in the Plan (including Section 10.3 of the Plan), any Indemnification Obligation to indemnify current officers, directors, members, managers, agents, or employees with respect to all present and future actions, suits, and proceedings against the Debtors or such officers, directors, members, managers, agents, or employees based upon any act or omission for or on behalf of the Debtors shall (a) remain in full force and effect, (b) not be discharged, impaired, or otherwise affected in any way, including by the Plan, the Plan Supplement, or the Confirmation Order, (c) not be limited, reduced or terminated after the Effective Date, and (d) survive unimpaired and unaffected irrespective of whether such Indemnification Obligation is owed for an act or event occurring before, on or after the Petition Date, *provided*, that the Reorganized Debtors shall not indemnify officers, directors, members, or managers, as applicable, of the Debtors for any claims or Causes of Action that are not indemnified by such Indemnification Obligation. All such obligations shall be deemed and treated as executory contracts to be assumed by the Debtors under the Plan and shall continue as obligations of the Reorganized Debtors. Any claim based on the Debtors' obligations under the Plan shall not be a Disputed Claim or subject to any objection, in either case, by reason of section 502(e)(1)(B) of the Bankruptcy Code. Any obligation to indemnify former officers, directors, members, managers, agents, or employees with respect to all present and future actions, suits, and proceedings against the Debtors or such officers, directors, members, managers, agents, or employees based upon any act or omission for or on behalf of the Debtors shall be discharged and all such

obligations shall be deemed and treated as executory contracts to be rejected by the Debtors under the Plan.

(b)     Following the Effective Date, holders of FLFO Claims in Class 3 and holders of FLSO Claims in Class 4 as of the Effective Date shall be indemnified by the Reorganized Debtors with respect to all present and future actions, suits, and proceedings against such holders of FLFO Claims in Class 3 and holders of FLSO Claims in Class 4 or their respective Related Parties in connection with or related to the Adversary Proceeding, the Prepetition Adversary Actions, and/or any other claims, proceedings, actions, or causes of action in connection with or related to the PTL Credit Agreement, the Exchange Agreement, the Intercreditor Agreements, and/or the 2020 Transaction on the same terms and limitations as afforded under the PTL Credit Agreement and New Term Loan Credit Facility.

8.6.     ***Employee Arrangements***.

(a)     Notwithstanding anything to the contrary herein, on the Effective Date, Employee Arrangements in effect as of the Petition Date shall be deemed to be, and shall be treated as if they were, executory contracts that are to be assumed under the Plan; *provided* that if an Employee Arrangement (other than key employee retention agreements) provides in part for a payment, premium, or other award upon the occurrence of a change of control, change in control, or other similar event, then such Employee Arrangement shall only be assumed to the extent that the restructuring, including consummation of the Plan, shall not be treated as a change of control, change in control, or other similar event under such Employee Arrangement.

(b)     Any Interest (or right to obtain or receive any Interest) granted to a current or former employee, officer, director or contractor under an Employee Arrangement or otherwise, shall be deemed cancelled on the Effective Date.  For the avoidance of doubt, if an Employee Arrangement provides in part for an award or potential award of Interests or consideration based on the value of Interests that have not vested as of the Petition Date, such Employee Arrangement shall be assumed in all respects other than the provisions of such agreement relating to Interest awards.  For the avoidance of doubt, any provision that guarantees or provides for an employee's right to participate in the Management Incentive Plan of the Reorganized Debtors shall not be cancelled.

(c)     As of the Effective Date, the Debtors and the Reorganized Debtors shall continue to honor their obligations under all applicable Workers' Compensation Programs and in accordance with all applicable workers' compensation Laws in states in which the Reorganized Debtors operate. Any Claims arising under Workers' Compensation Programs shall be deemed withdrawn once satisfied without any further notice to or action, order, or approval of the Bankruptcy Court; *provided* that nothing in this Plan shall limit, diminish, or otherwise alter the Debtors' or Reorganized Debtors' defenses, Causes of Action, or other rights under applicable Law, including non-bankruptcy Law, with respect to any such Workers' Compensation Programs; *provided, further,* that nothing herein shall be deemed to impose any obligations on the Debtors in addition to what is provided for under applicable state Law.

8.7.     ***Insurance Policies/Claims Payable By Third Parties***.

(a)     All insurance policies to which any Debtor is a party as of the Effective Date, including any D&O Policy, shall be deemed to be and treated as executory contracts and shall be assumed by the applicable Debtors or the Reorganized Debtors and shall continue in full force and effect thereafter in accordance with their respective terms, and all such insurance policies shall vest in

# Tab 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **SERTA SIMMONS BEDDING, LLC,** | § | **Case No. 23-90020 (DRJ)** |
| *et al.,* | § | |
| | § | **Jointly Administered** |
| Debtors.[1] | § | **Re: Docket Nos. 588, 692, 869, 992** |

## NOTICE OF FILING OF REDLINES OF
## FIFTH AMENDED PLAN SUPPLEMENT EXHIBITS

**PLEASE TAKE NOTICE** that, on May 13, 2023, the Debtors filed the *Notice of Filing of Third Amended Plan Supplement in Connection with Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 869) (the "**May 13 Plan Supplement**"), including revised copies of (i) the New Term Loan Credit Facility Agreement, (ii) the Exit ABL Facility Agreement, and (iii) the Schedule of Assumed Contracts.

**PLEASE TAKE FURTHER NOTICE** that, on May 24, 2023, the Debtors filed the *Notice of Filing of Fifth Amended Plan Supplement in Connection with Joint Chapter 11 Plan of Serta Simmons Bedding, LLC and Its Affiliated Debtors* (Docket No. 992), including further revised copies of (i) the New Term Loan Credit Facility Agreement, (ii) the Exit ABL Facility Agreement, and (iii) the Schedule of Assumed Contracts (collectively, the "**Plan Supplement Exhibits**").

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Dawn Intermediate, LLC (6123); Serta Simmons Bedding, LLC (1874); Serta International Holdco, LLC (6101); National Bedding Company L.L.C. (0695); SSB Manufacturing Company (5743); The Simmons Manufacturing Co., LLC (0960); Dreamwell, Ltd. (2419); SSB Hospitality, LLC (2016); SSB Logistics, LLC (6691); Simmons Bedding Company, LLC (2552); Tuft & Needle, LLC (6215); Tomorrow Sleep LLC (0678); SSB Retail, LLC (9245); and World of Sleep Outlets, LLC (0957).  The Debtors' corporate headquarters and service address for these chapter 11 cases is 2451 Industry Avenue, Doraville, Georgia 30360.

## **Exhibit A**

**Redline of New Term Loan Credit Facility Agreement**

held by any Defaulting Lender shall be excluded from any vote hereunder that requires the consent of any Lender, except as expressly provided in Section 2.21(b)).

Section 9.03.    Expenses; Indemnity.

(a)    Subject to Section 9.05(f), the Borrowers shall jointly and severally pay (i) all reasonable and documented out-of-pocket expenses incurred by the Administrative Agent and the Lenders and their respective Affiliates (but limited, in the case of legal fees and expenses, to the actual reasonable and documented out-of-pocket fees, disbursements and other charges of one firm of outside counsel to the Administrative Agent and one separate counsel for the Lenders collectively, and, if necessary, of one local counsel in any relevant jurisdiction to all such Persons, taken as a whole in connection with the syndication and distribution (including via the Internet or through a service such as Intralinks) of the Term Loan Facility, the preparation, execution, delivery and administration of the Loan Documents and any related documentation, including in connection with any amendment, modification or waiver of any provision of any Loan Document (whether or not the transactions contemplated thereby are consummated, but only to the extent the preparation of any such amendment, modification or waiver was requested by the Top Borrower and except as otherwise provided in a separate writing between the Top Borrower and the Administrative Agent) and (ii) all reasonable and documented out-of-pocket expenses incurred by the Administrative Agent and the Lenders or any of their respective Affiliates (but limited, in the case of legal fees and expenses, to the actual reasonable and documented out-of-pocket fees, disbursements and other charges of one firm of outside counsel the Administrative Agent and one separate counsel for the Lenders collectively, and, if necessary, of one local counsel in any relevant jurisdiction to all such Persons, taken as a whole) in connection with the enforcement, collection or protection of their respective rights in connection with the Loan Documents, including their respective rights under this Section, or in connection with the Loans made hereunder.  Except to the extent required to be paid on the Closing Date, all amounts due under this paragraph (a) shall be payable by any Borrower within 30 days of receipt by the Top Borrower of an invoice setting forth such expenses in reasonable detail, together with backup documentation supporting the relevant reimbursement request.

(b)    The Borrowers shall jointly and severally indemnify the Administrative Agent and each Lender, and each Related Party of any of the foregoing Persons (each such Person being called an "Indemnitee") against, and hold each Indemnitee harmless from, any and all losses, claims, damages and liabilities (but limited, in the case of legal fees and expenses, to the actual reasonable and documented out-of-pocket fees, disbursements and other charges of one counsel to all Indemnitees taken as a whole, and, if reasonably necessary, one local counsel in any relevant jurisdiction to all Indemnitees, taken as a whole and solely in the case of an actual or perceived conflict of interest, (x) one additional counsel to all affected Indemnitees, taken as a whole, and (y) one additional local counsel to all affected Indemnitees, taken as a whole), incurred by or asserted against any Indemnitee arising out of, in connection with, or as a result of (i) the execution or delivery of the Loan Documents or any agreement or instrument contemplated thereby, the performance by the parties hereto of their respective obligations thereunder or the consummation of the Term Loan Facility or any other transactions contemplated hereby or thereby and/or the enforcement of the Loan Documents, (ii) the use of the proceeds of the Loans, (iii) any actual or alleged Release or presence of Hazardous Materials on, at, under or from any property currently or formerly owned or operated by the Top Borrower, any of its Restricted Subsidiaries or any other Loan Party or any Environmental Liability related to the Top Borrower, any of its Restricted Subsidiaries or any other Loan Party and/or (iv) any actual or prospective claim, litigation, investigation or proceeding relating to any of the foregoing, whether based on contract, tort or any other theory and regardless of whether any Indemnitee is a party thereto (and regardless of whether such matter is initiated by a third party or by the Top Borrower, any other Loan Party or any of their respective Affiliates); provided that such indemnity shall not, as to any Indemnitee, be available to the extent that any such loss, claim, damage, or liability (i) is determined by a final and non-appealable judgment of a court of competent

145

jurisdiction (or documented in any settlement agreement referred to below) to have resulted from the gross negligence, bad faith or willful misconduct of such Indemnitee or, to the extent such judgment finds (or any such settlement agreement acknowledges) that any such loss, claim, damage, or liability has resulted from such Person's material breach of the Loan Documents or (ii) arises out of any claim, litigation, investigation or proceeding brought by such Indemnitee against another Indemnitee (other than any claim, litigation, investigation or proceeding that is brought by or against the Administrative Agent, acting in its capacity as the Administrative Agent) that does not involve any act or omission of Holdings, the Top Borrower or any of its subsidiaries.  Each Indemnitee shall be obligated to refund or return any and all amounts paid by any Borrower pursuant to this <u>Section 9.03(b)</u> to such Indemnitee for any fees, expenses, or damages to the extent such Indemnitee is not entitled to payment thereof in accordance with the terms hereof.  All amounts due under this <u>paragraph (b)</u> shall be payable by any Borrower within 30 days (x) after receipt by the Top Borrower of a written demand therefor, in the case of any indemnification obligations and (y) in the case of reimbursement of costs and expenses, after receipt by the Top Borrower of an invoice setting forth such costs and expenses in reasonable detail, together with backup documentation supporting the relevant reimbursement request.  This <u>Section 9.03(b)</u> shall not apply to Taxes other than any Taxes that represent losses, claims, damages or liabilities in respect of a non-Tax claim.  ~~Notwithstanding anything in the Plan of Reorganization (including Section 10.3 thereof), any indemnification obligation to indemnify the lenders pursuant to the Pre-Petition Credit Agreements (the "PTL Lenders") with respect to all present and future actions, suits, and proceedings against the PTL Lenders or their respective Related Parties in connection with or related to the Adversary Proceeding, the Apollo Proceeding, the LCM Proceeding, and/or any other claims, proceedings, actions, or causes of action in connection with or related to the Pre-Petition Credit Agreements, the Exchange Agreement, the Intercreditor Agreements, and/or the 2020 Transaction shall (a) remain in full force and effect, (b) not be discharged, impaired, or otherwise affected in any way, including by the Plan of Reorganization, the Plan Supplement, or the Confirmation Order, (c) not be limited, reduced or terminated after the Effective Date, and (d) survive unimpaired and unaffected irrespective of whether such indemnification obligation is owed for an act or event occurring before, on or after the Petition Date.  All such obligations shall be deemed and treated as executory contracts to be assumed by the Debtors under the Plan of Reorganization and shall continue as obligations of the Reorganized Debtors.  Any claim based on the Debtors' obligations under the Plan of Reorganization shall not be a Disputed Claim or subject to any objection.  For the purposes of this Section 9.03(b), capitalized terms which are not otherwise defined pursuant to this Agreement shall have the meanings given to them in the Plan of Reorganization.~~

(c)     <u>Notwithstanding anything in the Plan of Reorganization (including Section 10.3 thereof), the Borrowers shall jointly and severally indemnify each Lender, who is a Lender on the Closing Date, and each such Lender's Indemnitee Related Parties (each such Lender and applicable Indemnitee Related Party being called an "Initial Lender Indemnitee") against, and hold each Initial Lender Indemnitee harmless from, any and all losses, claims, damages and liabilities (but limited, in the case of legal fees and expenses, to the actual reasonable and documented out-of-pocket fees, disbursements and other charges of one counsel to all Initial Lender Indemnitees taken as a whole and, if reasonably necessary, one local counsel in any relevant jurisdiction to all Initial Lender Indemnitees, taken as a whole and solely in the case of an actual or perceived conflict of interest, (x) one additional counsel to all affected Initial Lender Indemnitees, taken as a whole, and (y) one additional local counsel to all affected Initial Lender Indemnitees, taken as a whole), incurred by or asserted against any Initial Lender Indemnitee arising out of, in connection with, or as a result of any actual or prospective claim, litigation, investigation or proceeding relating to, whether based on contract, tort or any other theory and regardless of whether any Initial Lender Indemnitee is a party thereto (and regardless of whether such matter is initiated by or against a third party or by or against the Top Borrower, any other Loan Party or any of their respective Affiliates) or a party to this Agreement at such time, in connection with the Adversary Proceeding (as defined in the Plan of Reorganization), the Prepetition Adversary Actions (as defined in the Plan of Reorganization)</u> and/or any other claims, proceedings, actions, or causes of action in

connection with or related to the PTL Credit Agreement, the Exchange Agreement, the Intercreditor Agreements, and/or the 2020 Transaction (each as defined in the Plan of Reorganization); provided that such indemnity shall not (i) (A) as to any Initial Lender Indemnitee, be available to the extent that any such loss, claim, damage, or liability is determined by a final and non-appealable judgment of a court of competent jurisdiction (or documented in any settlement agreement referred to below) to have resulted from the gross negligence, bad faith or willful misconduct of such Initial Lender Indemnitee or (B) as to any Initial Lender Indemnitee, be available to the extent such judgment finds (or any such settlement agreement acknowledges) that any such loss, claim, damage, or liability has resulted from such Person's material breach of the Loan Documents (as defined in the PTL Credit Agreement) (excluding, in each case, for the avoidance of doubt, any Initial Lender Indemnitee's participation in the 2020 Transaction) or (ii) as to any Initial Lender Indemnitee, be available to the extent that any such loss, claim, damage, or liability arises out of any claim, litigation, investigation or proceeding brought by such Initial Lender Indemnitee against another Initial Lender Indemnitee (other than any claim, litigation, investigation or proceeding that is brought by or against UBS AG, Stamford Branch or WSFS, acting in its respective capacity as the administrative agent under the PTL Credit Agreement) that does not involve any act or omission of Dawn, the Top Borrower or any of its subsidiaries. Each Initial Lender Indemnitee shall be obligated to refund or return any and all amounts paid by any Borrower pursuant to this Section 9.03(c) to such Initial Lender Indemnitee for any fees, expenses, or damages to the extent such Initial Lender Indemnitee is not entitled to payment thereof in accordance with the terms hereof. All amounts due under this paragraph (c) shall be payable by any Borrower within 30 days (x) after receipt by the Top Borrower of a written demand therefor, in the case of any indemnification obligations and (y) in the case of reimbursement of costs and expenses, after receipt by the Top Borrower of an invoice setting forth such costs and expenses in reasonable detail, together with backup documentation supporting the relevant reimbursement request. This Section 9.03(c) shall not apply to Taxes other than any Taxes that represent losses, claims, damages or liabilities in respect of a non-Tax claim.

(d)      (e) The Top Borrower shall not be liable for any settlement of any proceeding effected without the written consent of the Top Borrower (which consent shall not be unreasonably withheld, delayed or conditioned), but if any proceeding is settled with the written consent of the Top Borrower, or if there is a final judgment against any Indemnitee or any Initial Lender Indemnitee in any such proceeding, the Borrowers agree to indemnify and hold harmless each Indemnitee or any Initial Lender Indemnitee to the extent and in the manner set forth above. The Top Borrower shall not, without the prior written consent of the affected Indemnitee (or any Initial Lender Indemnitee (in each case, which consent shall not be unreasonably withheld, conditioned or delayed), effect any settlement of any pending or threatened proceeding in respect of which indemnity could have been sought hereunder by such Indemnitee or such Initial Lender Indemnitee unless (i) such settlement includes an unconditional release of such Indemnitee from all liability or claims that are the subject matter of such proceeding and (ii) such settlement does not include any statement as to any admission of fault or culpability.

Section 9.04.      Waiver of Claim. To the extent permitted by applicable Requirements of Law, no party to this Agreement nor any Secured Party shall assert, and each hereby waives, any claim against any other party hereto, any Loan Party and/or any Related Party of any thereof, on any theory of liability, for special, indirect, consequential or punitive damages (as opposed to direct or actual damages) arising out of, in connection with, or as a result of, this Agreement or any agreement or instrument contemplated hereby, any Loan or the use of the proceeds thereof, except, in the case of any claim by any Indemnitee or any Initial Lender Indemnitee against any Borrower, to the extent such damages would otherwise be subject to indemnification pursuant to, and in accordance with, the terms of Section 9.03.